## AFFIDAVIT IN SUPPORT OF APPLICATION FOR ARREST WARRANT

I, Justin C. Garrick, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1.  I am a Special Agent with the Federal Bureau of Investigation ("FBI") assigned to the Atlanta division, and have been since 2008. During this time, I have received training at the FBI Academy located at Quantico, Virginia, specific to counterintelligence and espionage investigations. I currently am assigned to investigate counterintelligence and espionage matters. Based on my experience and training, I am familiar with efforts used to unlawfully collect and disseminate sensitive government information, including national defense information.

2.  Your affiant is currently investigating the activities of REALITY LEIGH WINNER ("WINNER"), whom your affiant believes willfully retained and transmitted classified national defense information to a person not entitled to receive it in violation of 18 U.S.C. § 793(e). These acts occurred in Augusta, Georgia, which is located within the Southern District of Georgia. Your affiant submits this complaint in support of the arrest of WINNER.

3.  The facts in this affidavit come from your affiant's personal observations, training and experience, and information obtained from other U.S. Government officers, agents, and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for WINNER's arrest and does not set forth all of your affiant's knowledge about this matter.

### STATUTORY AUTHORITY AND DEFINITIONS

4.  For the reasons set forth below, I believe that there is probable cause to believe that WINNER committed a violation of Title 18, United States Code, Section 793(e).

1

*Affidavit in support of arrest of REALITY LEIGH WINNER*

5. Under 18 U.S.C. § 793(e), "whoever having unauthorized possession of, access to, or control over any document . . . or information relating to the national defense which information the possessor has reason to believe could be used to the injury of the United States or to the advantage of any foreign nation, willfully communicates, delivers, transmits or causes to be communicated, delivered, or transmitted" or attempts to do or causes the same "to any person not entitled to receive it, or willfully retains the same and fails to deliver it to the officer or employee of the United States entitled to receive it" shall be fined or imprisoned not more than ten years, or both.

6. Under Executive Order 13526, information in any form may be classified if it: (1) is owned by, produced by or for, or is under the control of the United States Government; (2) falls within one or more of the categories set forth in the Executive Order [Top Secret, Secret, and Confidential]; and (3) is classified by an original classification authority who determines that its unauthorized disclosure reasonably could be expected to result in damage to the national security.

7. Where such unauthorized disclosure could reasonably result in damage to the national security, the information may be classified as "Confidential" and must be properly safeguarded. Where such unauthorized disclosure could reasonably result in serious damage to the national security, the information may be classified as "Secret" and must be properly safeguarded. Where such unauthorized disclosure could reasonably result in exceptionally grave damage to the national security, the information may be classified as "Top Secret" and must be properly safeguarded.

8. Classified information of any designation may be shared only with persons determined by an appropriate United States Government official to be eligible for access, and who possess a "need to know." Among other requirements, in order for a person to obtain a security clearance allowing that person access to classified United States Government information, that person is required to and must agree to properly protect classified information by not disclosing such information to persons not entitled to receive it, by not unlawfully removing classified information from authorized storage facilities, and by not storing classified information in unauthorized locations. If a person is not eligible to receive classified information, classified information may not be disclosed to that person. In order for a foreign government to receive access to classified information, the originating United States agency must determine that such release is appropriate.

9. Pursuant to Executive Order 13526, classified information contained on automated information systems, including networks and telecommunications systems, that collect, create, communicate, compute, disseminate, process, or store classified information must be maintained in a manner that: (1) prevents access by unauthorized persons; and (2) ensures the integrity of the information.

10. 32 C.F.R. Parts 2001 and 2003 regulate the handling of classified information. Specifically, 32 C.F.R. § 2001.43, titled "Storage," regulates the physical protection of classified information. This section prescribes that Secret and Top Secret information "shall be stored in a GSA-approved security container, a vault built to Federal Standard (FHD STD) 832, or an open storage area constructed in accordance with § 2001.53." It also requires periodic inspection of the

container and the use of an Intrusion Detection System, among other things.

## PROBABLE CAUSE

11.     WINNER is a contractor with Pluribus International Corporation assigned to a U.S. Government Agency facility in Georgia. She has been employed at the facility since on or about February 13, 2017, and has held a Top Secret clearance during that time. As set forth in further detail below, on or about May 9, 2017, WINNER printed and improperly removed classified intelligence reporting, which contained classified national defense information and was dated on or about May 5, 2017 (the "intelligence reporting") from an Intelligence Community Agency (the "U.S. Government Agency") and unlawfully retained it. Approximately a few days later, WINNER then unlawfully transmitted the intelligence reporting to an online news outlet (the "News Outlet").

12.     On June 1, 2017, the FBI was notified by the U.S. Government Agency that the U.S. Government Agency had been contacted by the News Outlet on May 30, 2017, regarding an upcoming story. The News Outlet informed the U.S. Government Agency that it was in possession of what it believed to be a classified document authored by the U.S. Government Agency. The News Outlet provided the U.S. Government Agency with a copy of this document. Subsequent analysis by the U.S. Government Agency confirmed that the document in the News Outlet's possession is the intelligence reporting. The intelligence reporting is classified at the Top Secret level, indicating that its unauthorized disclosure could reasonably result in exceptionally grave damage to the national security, and is marked as such. The U.S. Government Agency has since confirmed that the reporting contains information that was

classified at that level at the time that the reporting was published on or about May 5, 2017, and that such information currently remains classified at that level.

13. The U.S. Government Agency examined the document shared by the News Outlet and determined the pages of the intelligence reporting appeared to be folded and/or creased, suggesting they had been printed and hand-carried out of a secured space.

14. The U.S. Government Agency conducted an internal audit to determine who accessed the intelligence reporting since its publication. The U.S. Government Agency determined that six individuals printed this reporting. WINNER was one of these six individuals. A further audit of the six individuals' desk computers revealed that WINNER had e-mail contact with the News Outlet. The audit did not reveal that any of the other individuals had e-mail contact with the News Outlet.

15. On June 3, 2017, your affiant spoke to WINNER at her home in Augusta, Georgia. During that conversation, WINNER admitted intentionally identifying and printing the classified intelligence reporting at issue despite not having a "need to know," and with knowledge that the intelligence reporting was classified. WINNER further admitted removing the classified intelligence reporting from her office space, retaining it, and mailing it from Augusta, Georgia, to the News Outlet, which she knew was not authorized to receive or possess the documents. WINNER further acknowledged that she was aware of the contents of the intelligence reporting and that she knew the contents of the reporting could be used to the injury of the United States and to the advantage of a foreign nation.

## CONCLUSION

16. Your affiant submits that the facts set forth in this affidavit establish probable cause to believe WINNER committed a violation of 18 U.S.C. Section 793(e). Therefore, your affiant respectfully requests this Court issue an arrest warrant for WINNER.

Respectfully submitted,

_____
Justin C. Garrick
Special Agent
Federal Bureau of Investigation

Subscribed and sworn to before me
on June 5, 2017:

_____
THE HONORABLE BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE