**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**AUGUSTA DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CR 117-34** |
| | * | |
| **v.** | * | |
| | * | |
| **REALITY LEIGH WINNER,** | * | |
| | * | |
| **Defendant.** | * | |
| | * | |
| | * | |
| | * | |
| | ******* | |

**MOTION FOR PROTECTIVE ORDER**
**PURSUANT TO SECTION 3 OF THE CLASSIFIED INFORMATION PROCEDURES**
**ACT**

The United States respectfully moves this Court, pursuant to the authority granted under

Section 3 of the Classified Information Procedures Act, 18 U.S.C. App. III (CIPA); the Security

Procedures established pursuant to Pub. L. 96-456, 94 Stat. 2025, by the Chief Justice of the

United States for the Protection of Classified Information (reprinted following CIPA § 9)

(hereinafter the "Security Procedures"); the Federal Rules of Criminal Procedure 16(d) and 57;

the general supervisory authority of the Court; and to protect the national security, to enter the

attached proposed Protective Order regarding the disclosure and dissemination of classified

national security information that will be made available to the defense by the government.

On June 19, 2017, the government filed a Motion for Pretrial Conference Pursuant to

Classified Information Procedures Act and Supporting Memorandum of Law Regarding

Statutory Procedures for Handling of Classified Information ("CIPA Section 2 Motion").   Also

on June 19, 2017, the government sent to defense counsel a proposed Protective Order pursuant

to Section 3 of CIPA, to prevent the unauthorized use, disclosure, or dissemination of classified information that the government will provide to the defense in this case.

On June 27, 2017, the Court held a planning conference.   At that conference, defense counsel indicated that it was amenable to the proposed Protective Order, but requested the following addition to the Order:   "Information drawn from unclassified sources does not become classified information because similar information also happens to appear in classified documents."   The government understood that the defense, through this language, sought to ensure that the defense would not be in violation of the Order, or held criminally liable, for repeating information that they had learned through public sources without ever knowing that the information was classified.[1]   Although the government was open to adding language to clarify what would constitute a violation of the Protective Order, the government explained that it could not agree to the defense's proposed language—which would essentially redefine or render ambiguous what constitutes classified information—for the reasons set forth below.

---

[1]In an email sent the evening of Saturday, July 8, 2017, counsel raised a second issue, relating to the process of obtaining security clearances for possible defense expert witnesses.   There is not sufficient time for the parties to resolve this new issue before the Court's filing deadline for this motion.   Accordingly, the government respectfully requests that the Court enter the proposed Protective Order so the government can provide classified discovery as soon as defense counsel applies for and obtains the necessary clearances.   After the Court issues a Section 3 protective order, the parties can continue to discuss the new issue the defense has raised and attempt to present a joint recommendation to the Court.

Based on defense counsel's comments before the Court and to the government, aside from the issue set forth in their July 8 email and their initial concern at the June 27 hearing resulting in their specific request for the language set forth in the text above, counsel consents to the proposed Protective Order in general.   This motion therefore focuses exclusively on the issue defense counsel raised before the Court on June 27 (and which they have continued to discuss with the government).   If counsel or the Court have additional questions or concerns, the government respectfully requests the opportunity to respond in writing before any Order issues.

2

The Court directed the parties to agree upon a modification of the proposed Protective Order within two weeks, or, if no agreement was reached, to file a motion. On June 29, 2017, the government sent an email to the defense, proposing a modification to the proposed Protective Order to address counsel's concern, and then followed up with the defense multiple times. On July 7, 2017, the defense rejected the government's proposed modification and reiterated its desire to include in the Protective Order the language set forth above. Accordingly, the parties have not reached an agreement, and the government respectfully requests that the Court enter the proposed Protective Order attached hereto. The government respectfully submits that the proposed Order accurately defines classified information and clearly conveys the scope of the Order.

The defense's proposed language would exclude from the definition of "classified information" information that appears in the news media, which the defense refers to as "unclassified sources." The definition of classified information is established by Executive Order and statute, *see* CIPA § 1(a) (defining classified information as "any information or material that has been determined by the United States Government pursuant to an Executive order, statute, or regulation, to require protection against unauthorized disclosure for reasons of national security"); Exec. Order 13526 § 1.1(a) (defining classification standards), and the government unilaterally determines what constitutes classified information. *See United States v. Smith*, 750 F.2d 1215, 1217 (4th Cir. 1984) ("It is apparent, therefore, that the government pursuant to the authority mentioned in section 1 may determine what information is classified. A defendant cannot challenge this classification. A court cannot question it.").

Further, as described to the Court and counsel at the June 27, 2017 conference, classified information that is reported in the news media remains classified unless and until it is declassified by the appropriate Executive Branch authority.   *See, e.g.,* Exec. Order 13526 § 1.1(c) ("Classified information shall not be declassified automatically as a result of any unauthorized disclosure of identical or similar information."); *Shaffer v. Defense Intelligence Agency*, 102 F. Supp. 3d 1, 9 & n.7 (D.D.C. 2015); *United States v. Kim*, 808 F. Supp. 2d 44, 54 (D.D.C. 2011); Protective Order Regarding Classified Information, *United States v. Sterling*, No. 1:10-cr-485, para. 3 (E.D. Va. Feb. 11, 2011) (hereinafter "*Sterling* Protective Order").   Indeed, "if classified information is reported in the press or other form of media or otherwise enters the public domain, the information does not lose its classified status merely because it is in the public domain."   *Sterling* Protective Order para. 3; *see also, e.g.,* Protective Order, *United States v. Karmilowicz*, No. 1:08-cr-463, para. 3 (E.D. Pa. Feb. 27, 2009).   Accordingly, the Court should not countenance any request to treat information as unclassified because it has appeared in the news media.

To address defense counsel's concern that it could unknowingly violate the Protective Order by repeating information counsel learned exclusively from news reporting, the government proposes to add the following paragraph, which is contained in the proposed Protective Order attached hereto:

> It shall not violate this Order for an individual subject to this Order to disclose information that the individual did not know, and reasonably should not have known based on information provided by the government in this case, is classified.   Any individual subject to this Order who intends to disclose

information and is not certain whether that information is classified should
consult with the CISO.[2]

The addition of this paragraph clearly explains the scope of the Protective Order, and is also

consistent with relevant statutes and laws concerning the definition of classified information.

To the extent that defense counsel's concern relates to an uncertainty with respect to identifying

whether specific information within a classified document is classified, the government notes

that information within documents should be portion-marked, and again reiterates that the

Classified Information Security Officer (CISO) could be consulted with such a question.

        The government emphasizes, however, that a security clearance and access to classified

information come with an important, lifelong obligation to protect classified information from

unauthorized access or disclosure.   Putting aside any protective order entered in this case, the

breach of such obligation can lead to sanctions including termination of security clearances and

access to classified information.   The CISO assigned to this case has discussed with counsel,

and is available to further discuss, the obligations attending security clearances and accesses.

As the government stated on and off the record at the June 27, 2017 conference, and as provided

in the proposed Protective Order attached hereto, counsel should consult the CISO if they have

any question regarding whether information is classified and how it should be handled.

        WHEREFORE, the Government respectfully requests that the Court issue the attached

Protective Order.

---

[2] The government provided this same language, with the exception of the phrase "based on
information provided by the government in this case," to the defense in the government's June
29, 2017 email, and provided this exact wording to counsel by telephone and email on July 7,
2017.

Respectfully submitted,


JAMES D. DURHAM
ACTING UNITED STATES ATTORNEY


By:    ***/s/ Jennifer G. Solari***
       Jennifer G. Solari
       Assistant United States Attorney
       Southern District of Georgia

       ***/s/ Julie A. Edelstein***
       Julie A. Edelstein
       Trial Attorney
       U.S. Department of Justice
       National Security Division

       ***/s/ David C. Aaron***
       David C. Aaron
       Trial Attorney
       U.S. Department of Justice
       National Security Division

## CERTIFICATE OF SERVICE

This is to certify that I have on this day served all the parties in this case in accordance with the notice of electronic filing ("NEF") which was generated as a result of electronic filing in this Court.

This 11th day of July, 2017.

JAMES D. DURHAM
ACTING UNITED STATES ATTORNEY

*/s/ Jennifer G. Solari*

Jennifer G. Solari
Assistant United States Attorney

Post Office Box 8970
Savannah, Georgia 31401
Telephone No: 912-652-4422