IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR 117-034 |
| | ) | |
| REALITY LEIGH WINNER | ) | |

**ORDER**

Before the Court is the government's Motion for Protective Order to prevent the unauthorized use, disclosure, or dissemination of classified national security information. (Doc. no. 42.) Defendant objects to the government's draft protective order because it: (1) protects classified information already in the public domain; (2) prohibits Defendant from reviewing classified information with her legal counsel in preparation for trial; and (3) requires identity disclosure to the government of experts retained by Defendant whose work will require access to classified information. (Doc. nos. 45, 53.) As explained below, the Court rejects the first objection as contrary to established law regarding classified information. The second objection is well-founded and will require the preparation of a separate protective order, as the parties have previously mentioned. The third objection is also availing and easily remedied by the Court's revision to the draft protective order.

1. **Classified Information in the Public Domain**

Paragraphs 19(G) and (H) of the government's draft protective order provides as follows:

      19.    <u>Access to Classified Information</u>. The Defense shall have access to classified information only as follows:

    . . . .

    G. Information that is classified that also appears in the public domain is not thereby automatically declassified unless it appears in the public domain as the result of an official statement by a U.S. Government Executive Branch official who is authorized to declassify the information. Individuals who by virtue of this Order or any other court order are granted access to the classified information may not confirm or deny classified information that appears in the public domain. Prior to any attempt by the Defense to have such information confirmed or denied at trial or in any public proceeding in this case, the Defense must comply with the notification requirements of section 5 of CIPA and all the provisions of this Order.

    H. In the event that classified information enters the public domain, the Defense is precluded from making private or public statements where the statements would reveal personal knowledge from non-public sources regarding the classified status of the information, or would disclose that the Defense had personal access to classified information confirming, contradicting, or otherwise relating to the information already in the public domain. The Defense is not precluded from citing or repeating information in the public domain that counsel does not know or have reason to believe to be classified information, or derived from classified information.

(Doc. no. 42-1, pp. 11-12.)

Defendant proposes the protective order provide *carte blanche* authority for the defense to cite information in the public domain that discusses classified information, claiming information in the public domain is not classified merely because it is delineated as such by the Executive Branch. (Doc. no. 45, pp. 1-2, 7-9.) However, "[i]t is an Executive function to classify information, not a judicial one." <u>United States v. Collins</u>, 720 F.2d 1195, 1198 n.2 (11th Cir. 1983). Classified information available in the public domain remains classified until the Executive Branch, in its discretion, declassifies the information. <u>Shaffer v. Def. Intelligence Agency</u>, 102 F. Supp. 3d 1, 8 (D.D.C. 2015), <u>appeal dismissed</u>,

No. 15-5180, 2015 WL 9008153 (D.C. Cir. Nov. 10, 2015). For these reasons, the government's draft protective order appropriately balances the need to protect classified information with Defendant's right to use such information in her defense.

Defendant claims there is great peril lurking in the government's draft protective order's statement the defense may cite or quote "information in the public domain that counsel does not know or have reason to believe to be classified information, or derived from classified information." (Doc. no. 42-1, p. 12; doc. no. 45, p. 7.) Defendant fears her counsel may, for example, forget information within the government's discovery is classified and inadvertently cite a published article discussing the same information. Defense counsel's generalized fears of accidentally mishandling classified information is no reason for the Court to relax otherwise strict and well-settled procedures in cases involving classified information.

Importantly, the government's draft protective order does not preclude the defense from using classified information in this case. Instead, it merely requires the defense to comply with the Classified Information Procedures Act, 18 U.S.C. App. 3, ("CIPA"), which establishes standard procedures for protecting classified information in the context of criminal cases. All parties must be hypervigilant in handling classified information.

2.    **Defendant Access to Classified Information**

At the status conference on June 27, 2017, defense counsel agreed the terms and conditions governing Defendant's access to classified information would be determined at a later date, coordinated with the Classified Information Security Officer, and specifically addressed as necessary by a separate protective order. Court's Recording System, *For the*

3

*Record*, 3:37.50-:39.23. The government shall have seven days from the date of this Order to submit for review and comment by defense counsel a draft protective order concerning Defendant's access to classified information. Defense counsel shall respond in writing to the government's counsel within three days with any proposed edits. If no agreement is reached, each party shall file their competing drafts of the protective order, supported by briefing, by no later than August 16, 2017.

3.     **Defendant Expert Identity Disclosure to the Government**

Defendant has a legitimate concern regarding disclosure to the prosecution team of consultants and experts retained by defense counsel. However, the government is correct that the Executive Branch, and particularly the authority designating the information at issue as classified, has a "legitimate interest in knowing who is accessing classified information," as well as a right to object on the basis of security concerns. (Doc. no. 49, p. 17.) Both concerns are legitimate and easily addressed, as set forth in Paragraphs 12 and 18 of the Court's Protective Order entered simultaneously with this Order.

In sum, the Court **GRANTS** the government's Motion for Protective Order, as modified in the simultaneously entered Protective Order. (Doc. no. 42.)

SO ORDERED this 3rd day of August, 2017, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA