IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | CR 117-34 |
| v. | * | |
| | * | |
| REALITY LEIGH WINNER, | * | |
| | * | |
| Defendant. | * | |
| | * | |
| | * | |
| | ******* | |

**GOVERNMENT'S REQUEST TO EXCLUDE TIME FROM SPEEDY TRIAL CALCULATION**

COMES NOW the United States of America, by and through James D. Durham, Acting United States Attorney for the Southern District of Georgia, and shows as follows:

**PROCEDURAL BACKGROUND**

1. On June 7, 2017, a grand jury in the Southern District of Georgia returned a one-count indictment charging the Defendant with violation of Title 18, United States Code, Section 793(e) (Willful Retention and Transmission of National Defense Information). Doc. 13. On June 8, 2017, the Defendant entered a plea of not guilty to the charge. Doc. 26. After a detention hearing in which the Court found the defendant to be both a flight risk and a danger to the community, the Court ordered the Defendant detained pending trial. Docs. 26-27. Because of the nature of the prosecution and the difficulties inherent in producing and reviewing classified discovery, the Court granted the Government's oral motion on the same date to designate the case "complex." Doc. 26.

2. On June 30, 2017, the Court entered a Scheduling Order and set the trial of this matter for October 23, 2017. Doc. 33. Following a hearing on August 30, 2017, in which the Defendant requested various adjustments to the Scheduling Order,[1] the Court issued an Amended Scheduling Order and set the trial of this matter for March 19, 2018. Doc. 66. In particular, based upon the justifications articulated by defense counsel, the Court found it necessary to extend the time for filing pursuant to CIPA § 5 from September 15, 2017 until November 1, 2017 (or until 30 days after Messrs. Chester and Whitley obtain TS//SCI clearances, whichever is later). Id. The Court also adjusted the deadlines for the Government's response to Defendant's CIPA § 5 motion and for a hearing pursuant to CIPA § 6. Id. Finally, the Court set the trial of this matter for March 19, 2018, approximately four and one-half months after the anticipated CIPA § 5 filing date. Id. The Government filed a Motion to Modify the Amended Scheduling Order on September 1, 2017, which proposed modifications that would set filing deadlines pursuant to CIPA § 6 but would not delay the trial date. Doc. 68.

3. To ensure that the appropriate periods of delay are excluded from calculation pursuant to Title 18, United States Code, Section 3161(h), the Government now moves the Court to make specific findings that the ends of justice served by granting the delays set forth in its Amended Scheduling Order outweigh the best interest of the public and the Defendant in a speedy trial.

[1] Defense counsel requested that the CIPA § 5 notice and pretrial motions filing date be set one month after Messrs. Chester and Whitley obtain TS//SCI clearances, which the Classified Information Security Officer ("CISO") estimated to be approximately 45-60 days from August 30, 2017. Defense counsel also requested that trial be set for no sooner than four months after the CIPA § 5 filing deadline. In support of its requests, defense counsel articulated the need for senior counsel to review classified materials and make informed judgments about pretrial motions; the Defendant's presumed need for expert assistance during evidence review, motions preparation, and pretrial preparation; and defense counsel's need to conduct extensive research into the elements of 18 U.S.C. § 793(e).

## ARGUMENT AND LEGAL CITATION

4. The Speedy Trial Act requires that the Defendant's trial commence within 70 days of her initial appearance or indictment, but excludes from the 70–day period days lost to certain types of delay. Title 18, United States Code, Section 3161(h) specifies the types of delays that are excludable from the calculation. Some of these delays are excludable only if the court makes certain findings enumerated in the statute. See 18 U.S.C. § 3161(h)(7). Other delays are automatically excludable and may be excluded without specific findings. See, e.g., 18 U.S.C. § 3161(h)(1).

5. In Bloate v. United States, 559 U.S. 196, 204 (2010), the Supreme Court held that time granted to file pretrial motions is not automatically excludable pursuant to 18 U.S.C. § 3161(h)(1)(D). Rather, delay "'from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of' the motion," is automatically excluded. Id. at 206 (emphasis in original). To exclude pretrial motions preparation time to and other justifiable delays, the court must enter on the record specific findings. Id. at 213 ("An exclusion under subsection (h)(7) is not automatic . . . and requires specific findings."). In particular, the court must set forth on the record a finding "that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." Id. at 214.

6. Based upon the foregoing information and the facts articulated by the parties on August 30, 2017, the Government respectfully requests the Court make the following findings on the record:

a. On June 8, 2017, after considering the nature and complexity of the prosecution of this matter and the type of discovery at issue, the Court granted the Government's oral motion to designate the case "complex" pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii), Doc. 26.

b. On June 30, 2017, the Court issued a Scheduling Order granting the Defendant until September 15, 2017 to file pretrial motions and a notice pursuant to CIPA § 5, Doc. 33.

c. On August 30, 2017, the Court held a status conference in which it heard from the parties regarding the Scheduling Order.

d. During the status conference, defense counsel requested additional time to file pretrial motions and notice pursuant to CIPA § 5. In support of the request, defense counsel stated they could not adequately review classified discovery and make informed decisions regarding the filing of CIPA § 5 notice and other pretrial motions without Messrs. Chester and Whitley possessing TS//SCI clearances. Defense counsel also stated they would presumably need one or more cleared experts, as well, to assist in reviewing discovery and advising about pretrial motions. Finally, defense counsel stated they needed additional time to conduct research regarding the elements of 18 U.S.C. § 793(e).

e. The CISO advised that TS//SCI clearances for Messrs. Chester and Whitley would likely require another 45-60 days from the date of the status conference.

f. Defense counsel requested a period of four months between the filing of pretrial motions and the trial of the case. In support of the request, defense counsel cited once again the need to consult with cleared experts, as well as the complexity of the remaining CIPA litigation prior to trial.

g. The Government did not oppose the Defendant's request for additional time to file pretrial motions, and reiterated the challenges and complexities inherent in CIPA litigation. The Government asked for three weeks to respond to the Defendant's CIPA § 5 notice and pretrial motions, and a period of six weeks between Defendant filing a proper CIPA § 5 notice and its filing deadline under CIPA § 6.

h. The Government did not oppose the defendant's request for a period of four months between the filings of its pretrial motions and the trial of the case.

i. On August 31, 2017, the Court issued an Amended Scheduling Order granting the Defendant additional time to file pretrial motions and notice pursuant to CIPA § 5, and setting the trial of the case for March 19, 2018.

j. The Court finds that failure to grant the periods of continuance requested by the Defendant would be likely to make continuation of the proceedings impossible or result in a miscarriage of justice. See 18 U.S.C. § 3161(h)(7)(B)(i). The Court further finds that the complex nature of the evidence and the prosecution in the case – particularly the clearances required to review discovery and the iterative litigation process required by CIPA – makes it unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by the Speedy Trial Act. See 18 U.S.C. § 3161(h)(7)(B)(ii).

k. Thus, the Court finds that the ends of justice served by granting the delays set forth in its Amended Scheduling Order outweigh the best interest of the public and the Defendant in a speedy trial.[2] Accordingly, the periods of delay granted to file pretrial motions in

[2] Should the Court grant the Government's pending Motion to Modify Amended Scheduling Order, Doc. 68, the Government respectfully requests the Court include the same findings.

both the Court's original and Amended Scheduling Orders (Docs. 33 and 66), as well as the period of delay granted between the filing of pretrial motions and the trial of this matter on March 19, 2018, are excluded from calculation under the Speedy Trial Act.

**CONCLUSION**

Notwithstanding any excludable delay, the Government is sensitive to the Defendant's and the public's right to a speedy trial of this matter and will continue to exercise due diligence in its provision of discovery, pretrial filings, and preparation for trial.

Respectfully submitted,

JAMES D. DURHAM
ACTING UNITED STATES ATTORNEY

***//s// Jennifer G. Solari***

Jennifer G. Solari
Assistant United States Attorney

***//s// David C. Aaron***

David C. Aaron
Trial Attorney
U. S. Department of Justice
National Security Division

***//s// Julie Edelstein***

Julie Edelstein
Trial Attorney
U. S. Department of Justice
National Security Division

**CERTIFICATE OF SERVICE**

This is to certify that I have on this day served all the parties in this case in accordance with the notice of electronic filing ("NEF") which was generated as a result of electronic filing in this Court.

This 5th day of September, 2017.

JAMES D. DURHAM
ACTING UNITED STATES ATTORNEY

***//s// Jennifer G. Solari***

Jennifer G. Solari
Assistant United States Attorney

Post Office Box 8970
Savannah, Georgia 31401
Telephone No: 912-652-4422