UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| | * | |
| v. | * | CR 117-34 |
| | * | |
| **Reality Leigh Winner** | * | |
| | * | |
| **Defendant** | * | |
| | ********** | |

# ORDER

Having considered the Government's Motion to Exclude Time From Speedy Trial Calculation, Doc. 69, the motion is hereby **GRANTED** and the Court makes the following findings:

a. On June 8, 2017, after considering the nature and complexity of the prosecution of this matter and the type of discovery at issue, the Court granted the Government's oral motion to designate the case "complex" pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii), Doc. 26.

b. On June 30, 2017, the Court issued a Scheduling Order granting the Defendant until September 15, 2017 to file pretrial motions and a notice pursuant to CIPA § 5, Doc. 33.

c. On August 30, 2017, the Court held a status conference in which it heard from the parties regarding the Scheduling Order.

d. During the status conference, defense counsel requested additional time to file pretrial motions and notice pursuant to CIPA § 5. In support of the request, defense counsel stated they could not adequately review classified discovery and make informed decisions regarding the filing of CIPA § 5 notice and other pretrial motions without Messrs. Chester and Whitley possessing TS//SCI clearances. Defense counsel also stated they would presumably

need one or more cleared experts, as well, to assist in reviewing discovery and advising about pretrial motions. Finally, defense counsel stated they needed additional time to conduct research regarding the elements of 18 U.S.C. § 793(e).

  e. The CISO advised that TS//SCI clearances for Messrs. Chester and Whitley would likely require another 45-60 days from the date of the status conference.

  f. Defense counsel requested a period of four months between the filing of pretrial motions and the trial of the case. In support of the request, defense counsel cited once again the need to consult with cleared experts, as well as the complexity of the remaining CIPA litigation prior to trial.

  g. The Government did not oppose the Defendant's request for additional time to file pretrial motions, and reiterated the challenges and complexities inherent in CIPA litigation. The Government asked for three weeks to respond to the Defendant's CIPA § 5 notice and pretrial motions, and a period of six weeks between Defendant filing a proper CIPA § 5 notice and its filing deadline under CIPA § 6.

  h. The Government did not oppose the defendant's request for a period of four months between the filings of its pretrial motions and the trial of the case.

  i. On August 31, 2017, the Court issued an Amended Scheduling Order granting the Defendant additional time to file pretrial motions and notice pursuant to CIPA § 5, and setting the trial of the case for March 19, 2018.

  j. The Court finds that failure to grant the periods of continuance requested by the Defendant would be likely to make continuation of the proceedings impossible or result in a miscarriage of justice. <u>See</u> 18 U.S.C. § 3161(h)(7)(B)(i). The Court further finds that the complex nature of the evidence and the prosecution in the case – particularly the clearances

required to review discovery and the iterative litigation process required by CIPA – makes it unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by the Speedy Trial Act.  See 18 U.S.C. § 3161(h)(7)(B)(ii).

     k.     Thus, the Court finds that the ends of justice served by granting the delays set forth in its Amended Scheduling Order outweigh the best interest of the public and the Defendant in a speedy trial.

     Accordingly, it is **ORDERED** that the periods of delay granted to file pretrial motions in both the Court's original and Amended Scheduling Orders (Docs. 33 and 66), as well as the period of delay granted between the filing of pretrial motions and the trial of this matter on March 19, 2018, are excluded from calculation under the Speedy Trial Act.

_____
HON. BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE

_____
Date