IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | SUPERSEDING INDICTMENT |
|  | * | CR 1:17-34 |
| v. | * |  |
|  | * | Willful Retention and Transmission of |
| REALITY LEIGH WINNER, | * | National Defense Information, 18 U.S.C. |
|  | * | § 793(e) |
| Defendant. | * |  |

**THE GRAND JURY CHARGES THAT:**

At all times material to this Indictment:

### General Allegations
### The Defendant

1. Defendant **Reality Leigh Winner ("WINNER")** was a resident of Augusta, Georgia.

2. Beginning in or about February 2017, and continuing through in or about June 2017, **WINNER** was employed as a contractor with Pluribus International Corporation assigned to a U.S. Government Agency facility in Georgia. In connection with her employment, **WINNER** held a TOP SECRET//SCI security clearance and had access to classified national defense information.

### Classified Information

3. Pursuant to Executive Order 12958 signed on April 17, 1995, as amended by Executive Order 13292 on March 25, 2003, and Executive Order 13526 on December 29, 2009, national security information was classified as "TOP SECRET," "SECRET," or

1

"CONFIDENTIAL." National security information was information owned by, produced by, produced for, and under the control of the United States government that was classified as follows:

      a.    Information was classified as TOP SECRET if the unauthorized disclosure of that information reasonably could be expected to cause exceptionally grave damage to the national security that the original classification authority was able to identify and describe.

      b.    Information was classified as SECRET if the unauthorized disclosure of that information reasonably could be expected to cause serious damage to the national security that the original classification authority was able to identify and describe.

      c.    Information was classified as CONFIDENTIAL if the unauthorized disclosure of that information reasonably could be expected to cause damage to the national security that the original classification authority was able to identify and describe.

4.    Access to national security information classified at any level could be further restricted through compartmentation in Sensitive Compartmented Information (SCI) categories. Only individuals with the appropriate security clearance and additional SCI permissions could have authorized access to such classified national security information.

5.    Classified information, including SCI, was marked according to its classification and applicable SCI compartments, following standard formats for different types of media, including headers and footers stating the highest classification level and SCI compartments of information a document contained and individual classifications markings for each paragraph.

6.    Information classified at any level could only be lawfully accessed by persons determined by an appropriate United States government official to be eligible for access to classified information, who had signed an approved non-disclosure agreement, who received a security clearance, and who had a "need to know" the classified information. Classified information could only be stored in an approved facility and container.

### WINNER's Access to National Defense and Classified Information

7. From in or about December 2010 through in or about December 2016, **WINNER** was affiliated with the United States Air Force. During various times during this period, **WINNER** held a TOP SECRET//SCI security clearance.

8. From in or about February 2017 through in or about June 2017, **WINNER** was employed as a contractor with Pluribus International Corporation, assigned to a U.S. Government Agency facility in Georgia. In connection with her employment, **WINNER** held a TOP SECRET//SCI security clearance.

9. **WINNER** received training regarding classified information, including the definitions of classified information, the levels of classification, and SCI, as well as the proper handling, marking, transportation, and storage of classified materials. **WINNER** received training on her duty to protect classified materials from unauthorized disclosure, which included complying with handling, transportation, and storage requirements. **WINNER** knew that unauthorized removal of classified materials and transportation and storage of those materials in unauthorized locations risked disclosure and transmission of those materials, and therefore could endanger the national security of the United States and the safety of its citizens. In particular, **WINNER** had been advised that unauthorized disclosure of TOP SECRET information reasonably could be expected to cause exceptionally grave damage to the national security of the United States, and that violation of rules governing the handling of classified information could result in criminal prosecution.

### WINNER's Removal and Transmission of National Defense Information

10. Because **WINNER** held a security clearance and was assigned as a contractor to a U.S. Government Agency, the United States government entrusted **WINNER** with access to

sensitive government materials, including information relating to the national defense that was closely held by the government ("National Defense Information") and classified documents and materials.

11. On or about May 9, 2017, **WINNER** printed and improperly removed classified intelligence reporting, which contained classified National Defense Information and was dated on or about May 5, 2017 (the "intelligence reporting") from an Intelligence Community Agency (the "U.S. Government Agency") and unlawfully retained it. The intelligence reporting describes intelligence activities by a foreign government directed at targets within the United States.

12. WINNER did not have a "need to know" the information contained in the intelligence reporting.

13. On or about May 9, 2017, **WINNER** unlawfully transmitted the intelligence reporting to an online news outlet (the "News Outlet").

14. The intelligence reporting that **WINNER** removed, retained, and transmitted bore standard markings indicating that it contained highly classified information of the United States, including TOP SECRET, as well as SCI, information.

15. **WINNER** knew that the intelligence reporting contained classified information that related to the national defense.

16. **WINNER** was never authorized to remove the intelligence reporting from the U.S. Government Agency and retain and transmit it.

17. **WINNER** knew that she was not authorized to remove the intelligence reporting from the U.S. Government Agency and retain and transmit it.

18. The News Outlet to which **WINNER** transmitted the intelligence reporting was not entitled to receive or possess it.

19. **WINNER** knew that the News Outlet was not entitled to receive or possess the intelligence reporting.

## COUNT ONE
### 18 U.S.C. § 793(e)
### (Willful Retention and Transmission of National Defense Information)

20. Paragraphs 1-19 of this Indictment are incorporated by reference and realleged as if set forth fully herein.

21. On or about May 9, 2017, in Richmond County, in the Southern District of Georgia, the defendant,

**REALITY LEIGH WINNER,**

having unauthorized possession of, access to, and control over a document containing information relating to the national defense, willfully retained the document and failed to deliver it to the officer or employee of the United States entitled to receive it, and willfully transmitted the same to a person not entitled to receive it: to wit, **WINNER** retained the intelligence reporting and transmitted it to the News Outlet.

All in violation of 18 U.S.C. § 793(e).

_____
Foreperson

James D. Durham
Acting United States Attorney

Brian R. Rafferty
Assistant United States Attorney

Jennifer G. Solari*
Assistant United States Attorney

*Lead counsel