UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA * * * | |
| v.                               * | NO. 1:17-CR-00034 |
|                                  * | |
| REALITY LEIGH WINNER             * * * | |

* * * * * * * * * * * * * * * * *

**MEMORANDUM IN OPPOSITION TO GOVERNMENT'S MOTION TO MODIFY
AMENDED SCHEDULING ORDER**

NOW INTO COURT, through undersigned counsel, comes Defendant Reality Leigh Winner ("Winner" or the "Defendant") who respectfully files the instant Memorandum in Opposition to the Government's Motion to Modify Amended Scheduling Order (Rec. Doc. No. 68). For the reasons set forth below, this Court should modify the Government's proposed scheduling order relating to the Classified Information Procedures Act (CIPA) to provide equal and adequate time for both sides to properly respond to the various issues that are likely to arise during the CIPA process or, alternatively, set CIPA deadlines *after* it has had an opportunity to review and decide certain threshold matters related to CIPA and Winner's pending discovery requests and thereby significantly streamline the process and reduce the necessity for the Court to hold multiple CIPA hearings..

**I.    INTRODUCTION AND SUMMARY OF ARGUMENT**

As set forth in more detail below, the Government has proposed a scheduling order under CIPA allowing itself several additional, precious weeks under the current trial schedule to prepare and file certain CIPA filings while not providing the Defendant with equal time. At a minimum, as set forth in further detail below, those inequities should be rectified. Separately,

however, in an abundance of caution, Winner notes that beginning the CIPA process in the next month or so (as the proposed schedule provides) will almost certainly introduce inefficiencies into the process, requiring all parties involved, and the Court alike, to engage in *multiple rounds* of complicated CIPA briefing and litigation, as opposed to addressing all CIPA-related issues (regarding, for example, certain classes of documents, elements of the charge, or defenses) in a more concerted effort in a single episode after the entire scope of discoverable information has been determined.

The Defendant has transmitted one lengthy discovery letter to the Government, requesting numerous documents that are undoubtedly relevant to this case and Ms. Winner's defenses and anticipates a second request.[1] This request was drafted before the defense had an opportunity to review any of the classified discovery. It is likely that defense counsel's review of the classified discovery will generate additional discovery requests. Notably, as articulated in Winner's requests, the Espionage Act does not apply to the disclosure of information that was already in the public domain—whether disclosed by the Government or otherwise—or information that the Government has not "thought it necessary" to keep secret.[2] Of course, Ms. Winner's pending request also seeks records relating to the Government's assessment of alleged "harm" to the national security by the alleged disclosure in this case (as well as similar disclosures of nearly identical information).[3]

---

[1] *See, e.g. United States v. Rosen*, 445 F. Supp. 2d 602, 620-21 (E.D. Va. 2006) (requiring that, under Section 793, "information relating to the national defense" must mean that the "information be closely held by the government" and where such information is "widely circulated and is so generally believed to be true," it may not be "closely held") (citing *United States v. Gorin*, 312 U.S. 19, 28 (1941); *United States v. Heine*, 151 F.2d 813 (2d Cir. 1945) & quoting *Alfred A. Knopf, Inc. v. Colby*, 509 F.2d 1362, 1370-71 (4th Cir. 1975)).

[2] *Heine*, 151 F.2d at 816; *see also United States v. Campa*, 529 F.3d 980, 1005 (11th Cir. 2008); *Rosen*, 445 F. Supp. 2d at 620–21.

[3] *See, e.g. Rosen*, 445 F. Supp. 2d at 620-22 (under Section 793(e) of the Espionage Act, Government must demonstrate that the alleged document could actually "threaten the national security of the United States" if disclosed and that the information contained in the document at issue was "closely held").

Until the Government decides whether to produce those records or until such time as the Court rules on a motion to compel these relevant materials, engaging in the CIPA process is arguably premature because such an approach will inevitably require multiple rounds of complicated CIPA briefing and hearings as additional documents are produced.  In other words, proceeding with the Government's proposed schedule will inevitably lead to a piecemeal approach -- deciding issues related to one limited set of documents in a vacuum, only to revisit additional documents involving the same issues at some later time.

While the Defendant is happy to proceed within the timeframes contemplated by the current scheduling order,[4] Winner raises this issue simply to alert the Court as to anticipated disputes and potential related inefficiencies as the parties proceed through the discovery and CIPA process and, alternatively, respectfully suggests that the Court rule on certain threshold discovery and CIPA issues first, and then undertake to resolve further CIPA matters contemplated by the Government's proposed schedule later, as appropriate.  In other words, it is foreseeable that the Government's proposed schedule will actually lead to *additional* delays.

## II. GOVERNMENT'S PROPOSED CIPA SCHEDULE

The Government, in its September 1, 2017 filing, asks the Court to adopt the following schedule for the CIPA process:

| | |
|---|---|
| Later of November 1, 2017 or 30 days after clearances for Messrs. Chester and Whitley | Defense deadline for filing all pretrial motions and any notice pursuant to § 5 of CIPA |
| Three weeks from defense deadline for filing pretrial motions and § 5 notice | Deadline for government response to defense motions and any objections to the adequacy of defense CIPA § 5 notice |
| One week from government response to defense motions and any objections to the adequacy of defense CIPA § 5 notice | Deadline for defense reply to government response to defense motions and response to any objections to the adequacy of defense CIPA § 5 notice |
| One week from defense response to any objections to the adequacy of defense § 5 | Deadline for government to file reply to defense response to any objections to the |

---

[4] *See* Rec. Doc. No. 66 (the "Scheduling Order").

3

| CIPA notice | adequacy of defense CIPA § 5 notice |
|---|---|
| Three weeks from Court rendering decision as to the adequacy of the § 5 notice, or the parties indicating to the Court that they have resolved issues of notice without the requirement of a decision from the Court | Deadline for government to file CIPA § 6(a) Motion |
| Two weeks after the government CIPA § 6(a) Motion | Deadline for defense to file response to government CIPA § 6(a) Motion |
| One week after the defense response to CIPA § 6(a) Motion | Deadline for government to file reply to CIPA § 6(a) Motion |
| One week after government reply to CIPA § 6(a) Motion | CIPA § 6(a) Hearing |
| March 19, 2018 | Trial[5] |

### III. DEFENDANT'S SUGGESTED CHANGES TO THE GOVERNMENT'S PROPOSED TIMETABLE

Setting aside any issues related to efficiency (which are discussed below, *see infra*, Part IV), there are two specific problems with the Government's proposed CIPA schedule. First, the Government allows itself 3 weeks from the Defendant's Section 5 deadline to file objections to the adequacies of the Defendant's Section 5 notice (second line entry above), but the Defendant is only allowed 1 week to file a response to the Government's objections (third line entry above). The Defendant respectfully submits she should be provided the same amount of time to respond to the Government's objections -- 3 weeks.[6]  Second, the Government's proposed schedule allows 3 weeks from the date of a Court decision on a Section 5 adequacy issue to file a Section 6(a) motion (fifth line entry above), but only allows 2 weeks for the Defendant to respond to the anticipated Section 6(a) motion (sixth line entry above). The Defendant respectfully suggests that she should, again, get the same amount of time to respond -- 3 weeks.

---

[5] *See* Rec. Doc. No. 68 at pp. 1-2.
[6] Interestingly, the applicable local rules provide that, even in routine motion practice (of which CIPA is not), parties are provided 14 days to submit responses to motions, and 14 days to submit replies to responses. *See* LCrR. 12.1 (14 days for responses to motions) & L.R. 7.6 (14 days for reply briefs), LCrR. 1.1 (noting that L.R. 7.6 addressing reply briefs are supplemental to the local criminal rules).

Operating within the current schedule, the Defendant accordingly requests the following CIPA timetable:

| | |
|---|---|
| Later of November 1, 2017 or 30 days after clearances for Messrs. Chester and Whitley | Defense deadline for filing all pretrial motions and any notice pursuant to § 5 of CIPA |
| Three weeks from defense deadline for filing pretrial motions and § 5 notice | Deadline for government response to defense motions and any objections to the adequacy of defense CIPA § 5 notice |
| ~~One week~~ Three weeks from government response to defense motions and any objections to the adequacy of defense CIPA § 5 notice | Deadline for defense reply to government response to defense motions and response to any objections to the adequacy of defense CIPA § 5 notice |
| One week from defense response to any objections to the adequacy of defense § 5 CIPA notice | Deadline for government to file reply to defense response to any objections to the adequacy of defense CIPA § 5 notice |
| Three weeks from Court rendering decision as to the adequacy of the § 5 notice, or the parties indicating to the Court that they have resolved issues of notice without the requirement of a decision from the Court | Deadline for government to file CIPA § 6(a) Motion |
| ~~Two weeks~~ Three weeks after the government CIPA § 6(a) Motion | Deadline for defense to file response to government CIPA § 6(a) Motion |
| One week after the defense response to CIPA § 6(a) Motion | Deadline for government to file reply to CIPA § 6(a) Motion |
| One week after government reply to CIPA § 6(a) Motion | CIPA § 6(a) Hearing |
| March 19, 2018 | Trial[7] |

## IV.     INEFFICIENCIES IN THE GOVERNMENT'S PROPOSED SCHEDULE

More broadly, as noted above, while the Government's proposed CIPA schedule operates within the timeframes contemplated by the current Scheduling Order, there will undoubtedly be inefficiencies in proceeding this way. For example, at present, according to the Government, there are 400 pages of classified documents awaiting review. The Defendant has propounded one set of lengthy discovery requests to the Government -- addressing many of the elements of

---

[7] *See* Rec. Doc. No. 68 at pp. 1-2.

5

the offense with which she has been charged -- to which the Government has yet to respond and anticipates serving further discovery requests. Of course, the Defense may determine that it needs to submit additional, supplemental requests once it reviews the classified discovery.

Assuming the Government has not yet produced a substantial portion of the records requested by the Defendant in her discovery request, and assuming the Government is ordered to produce additional discovery relevant to this case, any such additional discovery will need to be reviewed by counsel, and the CIPA process will need to begin anew for those records *after* it has begun for the already disclosed 400 pages. In other words, the complicated CIPA issues will be litigated at least twice – perhaps months apart -- for similar documents implicating the same issues. The Defendant respectfully suggests that, to the extent there are disagreements about redactions on documents implicating the same issues, the CIPA process, which often requires a line-by-line analysis of every single document in a classified production setting, should take place as a part of one comprehensive effort -- not in a piecemeal approach. Only then will the parties and the Court have a full appreciation as to the implications of certain relief to be requested under the applicable Sections of CIPA.[8]

An example helps to illustrate Defendant's concerns. The Defendant may find, for instance, two documents in the Government's currently-produced batch of 400 pages of classified materials that she wishes to use at trial to demonstrate that disclosure of the document at issue in this case could *not* have been used to injure the United States, an element of the offense at issue.[9] The Government may object to the Defendant using these two documents without heavy redactions or substitute language. Under the current proposed schedule, that dispute could be

---

[8] The complicated CIPA process is discussed at length in the Government's Motion for Pretrial Conference Pursuant to CIPA and Supporting Memorandum of Law Regarding Statutory Procedures for Handling of Classified Information (Rec. Doc. No. 30) and the Defendant's Objection and Response to Government's Notice of Filing Regarding Section 4 of CIPA.
[9] 18 U.S.C. § 793(e) (requiring the Government to prove that the possessor had reason to believe that the information at issue "could be used to the injury of the United States or to the advantage of any foreign nation…").

brought before the Court now for a hearing and decision under CIPA as to whether such redactions/substitute language are appropriate for those documents as to that element. However, two months from now, the Court may order the Government to produce an additional 250 pages of materials in response to the Defendant's currently-pending discovery request, within which there might be five documents the Defendant seeks to use to illustrate the same point -- that the disclosure of the document at issue could *not* have been used to injure the United States. At that time, the parties would again engage in the lengthy CIPA process and the Court, having already determined the adequacies of governmental redactions for the two prior documents on the same issue months earlier, would be faced with the prospect of revising proposed redactions in light of newly-produced records. In essence, engaging in the CIPA process now -- before the Government has responded to Winner's discovery requests, before the Court has yet to review the propriety of those requests, and before the Court has ruled on other threshold issues like the Defendant's CIPA Section 4 Objection – would likely require the parties to engage in multiple rounds of complicated CIPA briefing and litigation, as opposed to undertaking this process one time. For that reason, Defendant notes that the Government's proposed schedule is inefficient for all involved and, as an alternative, requests that the Court set CIPA deadlines *after* it has ruled on the Defendant's discovery requests and other relevant CIPA procedural matters, such as the Defendant's CIPA Section 4 Objection.

## V.   CONCLUSION

WHEREFORE, for the reasons set forth above, Defendant Reality Leigh Winner respectfully requests that the Court (a) insert her requested changes to the Government's proposed CIPA timetable (*see supra*, Part III); or, alternatively, (b) set new CIPA deadlines *after* it rules on Defendant's discovery requests and other relevant CIPA procedural matters, including

Defendant's objections to the Government's proposed *ex parte* processes under Section 4 of CIPA.

          Respectfully submitted,

BY: */s/ John C. Bell Jr.*
    John C. Bell, Jr. (Bar No. 048600)
    Titus T. Nichols (Bar No. 870662)
    **BELL & BRINGHAM**
    PO Box 1547
    Augusta, GA  30903-1547
    (706) 722-2014
    John@bellbrigham.com
    Titus@bellbrigham.com

    Joe D. Whitley (Bar No. 756150)
    Admitted *Pro Hac Vice*
    Brett A. Switzer (Bar No. 554141)
    **BAKER, DONELSON, BEARMAN,**
    **CALDWELL & BERKOWITZ, P.C.**
    3414 Peachtree Rd., NE Suite 1600
    Atlanta, GA  30326
    (404) 577-6000
    JWhitley@bakerdonelson.com
    BSwitzer@bakerdonelson.com

    Matthew S. Chester (La. Bar No. 36411)
    Admitted *Pro Hac Vice*
    **BAKER, DONELSON, BEARMAN,**
    **CALDWELL & BERKOWITZ, P.C.**
    201 St. Charles Ave., Suite 3600
    New Orleans, LA  70170
    (504) 566-5200
    MChester@bakerdonelson.com

    Jill E. McCook (Tn. Bar No. 033813)
    Admitted *Pro Hac Vice*
    **BAKER, DONELSON, BEARMAN,**
    **CALDWELL & BERKOWITZ, P.C.**
    265 Brookview Centre Way, Suite 600
    Knoxville, TN  37919
    (865) 549-7129
    JMCook@bakerdonelson.com

                    Thomas H. Barnard (Az. Bar No. 27488)
                    Admitted *Pro Hac Vice*
                    **BAKER, DONELSON, BEARMAN,**
                    **CALDWELL & BERKOWITZ, P.C.**
                    100 Light Street.
                    Baltimore, MD  21202
                    (410) 685-1120
                    TBarnard@bakerdonelson.com

                    **ATTORNEYS FOR DEFENDANT**
                    **REALITY LEIGH WINNER**

## **CERTIFICATE OF SERVICE**

  I hereby certify that on September 8, 2017, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which sent notification of such filing to counsel of record for all parties.

*/s/ John C. Bell, Jr.*
JOHN C. BELL, JR.
