UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| | * | |
| | * | |
| v. | * | NO. 1:17-CR-00034 |
| | * | |
| REALITY LEIGH WINNER | * | |
| | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### DEFENDANT'S OBJECTION TO THE GOVERNMENT PROCEEDING *EX PARTE*, RESPONSE TO GOVERNMENT'S NOTICE OF FILING [DOC. 62], AND REQUEST FOR A HEARING

NOW INTO COURT, through undersigned counsel, comes Defendant Reality Leigh Winner ("Winner" or "the defendant"), who respectfully files her Objection to the Government Proceeding *Ex Parte* and Response to the Government's Notice of Filing [Doc. 62], which gives notice that the Government filed with the Court, through the Classified Information Security Officer, a pleading entitled the "Government's *Ex Parte*, *In Camera*, Under Seal Motion and Memorandum of Law for a Protective Order Pursuant to CIPA § 4 and Fed. R. Crim. P. 16(d)(1)." For the reasons set forth below, the Defendant (1) objects to the Government unilaterally proceeding *ex parte*, and (2) requests an opportunity to challenge any assertion by the Government that proceeding *ex parte* is justified. In the alternative, if the Court permits the Government to proceed *ex parte* over the Defense's objection and without providing the Defense an opportunity to challenge any assertion of the Government that proceeding *ex parte* is justified, the Defense requests that the Court follow precedent and defer ruling on the Government's motion until the Court receives an *ex parte*, *in camera* submission from the Defendant describing her Defense. In addition, the Defense requests that the Court conduct a hearing on these issues.

1

## I.    INTRODUCTION

The Classified Information Procedures Act ("CIPA") "provides a procedural framework for 'protecting classified information without running afoul of a defendant's right to fair trial.'" *United States v. Brown*, No. 5:14-cr-58-FL, 2014 WL 1572553, at *1 (E.D.N.C. Apr. 18, 2014) (quoting *United States v. Maoussaoui*, 591 F.3d 263, 281 (4th Cir. 2010)). "CIPA is a flexible act, and it vests the court with 'wide latitude to deal with thorny problems of national security in the context of criminal proceedings.'" *Id.* (quoting *United States v. Abu Ali*, 528 F.3d 210, 247 (4th Cir. 2008)).

To that end, § 4 of CIPA permits *ex parte* proceedings, but it does not require them, and the Court is statutorily vested under CIPA with discretion to grant or deny a request to proceed *ex parte*.  Nothing in § 4 of CIPA entitles the Government to file a motion *ex parte* without leave, which incorporates and comports with the general disfavor toward *ex parte* proceedings. The defense therefore objects to the Government unilaterally proceeding *ex parte*.

To proceed *ex parte*, the Government should have first sought leave of the Court—with service of its motion on the defense.  Had the Government proceeded in this manner, the defense would have had an opportunity to respond with its view on the appropriateness of proceeding *ex parte*.  The Government should not submit a discovery motion to the Court *ex parte* unless and until the threshold question of whether the Government may proceed *ex parte* is first resolved. That threshold question is a demanding one, especially where, as in this case, Defense Counsel has received security clearances that are appropriate for the classified information at issue (or are in the process of obtaining security clearances).  Moreover, consistent with, among others, her constitutional rights to due process and confrontation, the Defendant should be afforded an opportunity to respond to the Government's assertion for why *ex parte* proceedings are justified.

To the extent the Court finds the Government may proceed *ex parte* over the Defense's objection, however, the Defense submits that the Court should follow precedent and defer ruling on the Government's motion until after allowing the Defendant to articulate her defenses in an *ex parte*, *in camera* submission.   Only with the benefit of that information may the Court adequately evaluate whether the information subject to the Government's *ex parte* motion is relevant and helpful to the Defense and should be produced to the Defendant.  Given the early stages of this prosecution—when the Court (understandably) may not have a full understanding of each party's legal theories regarding the elements and defenses—hearing from the defense before any ruling on the motion is necessary to secure Winner's right to a fair trial.

## II.    ARGUMENT

### A.    The Defendant objects to the Government proceeding *ex parte*.

Section 4 of CIPA addresses restrictions that may be placed upon the Government's production of classified information to the Defendant.  Nothing in § 4 of CIPA, however, *entitles* the Government to proceed *ex parte* in seeking to restrict production of classified information to the Defendant.  Section 4 merely permits the Court to conduct *ex parte* proceedings to determine whether the Government has made a sufficient showing to restrict production:

> The court, upon a sufficient showing, may authorize the United States to delete specified items of classified information from documents to be made available to the defendant through discovery under the Federal Rules of Criminal Procedure, to substitute a summary of the information for such classified documents, or to substitute a statement admitting relevant facts that the classified information would tend to prove. ***The court may*** permit the United States to make a request for such authorization in the form of a written statement to be inspected by the court alone.  If the court enters an order granting relief following such an ex parte showing, the entire text of the statement of the United States shall be sealed and preserved in the records of the court to be made available to the appellate court in the event of an appeal.

18 U.S.C. App. III § 4 (emphasis added).

In using the phrase, "the court may," the statute plainly contemplates that the decision of whether to proceed *ex parte* is left to the discretion of the Court, and cannot be unilaterally arrogated by the Government. This discretion to permit an *ex parte* proceeding is in accord with the purpose of CIPA, which is "to harmonize a defendant's right to obtain and present exculpatory material . . . and the government's right to protect classified material." *United States v. Rosen*, 487 F. Supp. 2d 703, 706 (E.D. Va. 2007) (citations and omission omitted). Moreover, as a general matter, it is well understood that *ex parte* hearings are disfavored. *See, e.g., In re Paradyne Corp.*, 803 F.2d 604, 612 (11th Cir. 1986) ("*Ex parte* communications generally are disfavored because they conflict with a fundamental precept of our system of justice: a fair hearing requires a reasonable opportunity to know the claims of the opposing party and to meet them." (citation omitted)).

Moreover, because § 4 of CIPA does not entitle the Government to proceed *ex parte*, the Government should have first sought leave of the Court to proceed *ex parte*, and served its motion on the Defense. If the Government had proceeded in this manner, the Defense would have had an opportunity to respond. As set forth below, *see infra* Part II.B., the Government can proceed *ex parte* only if it meets the demanding burden to do so, and the Defense submits that *ex parte* proceedings are not justified in this case. *See United States v. Rezaq*, 899 F. Supp. 697, 706–07, 710–11 (D.D.C. 1995) (requiring the government to file motions for leave to file submissions *ex parte*, and serve them on the defendant).

Accordingly, because the Government is not entitled to proceed *ex parte* under § 4 of CIPA and because the Government did not seek leave to proceed *ex parte*, the Defendant objects to the filing of the Government's *Ex Parte, In Camera*, Under Seal Motion and Memorandum of Law for a Protective Order Pursuant to CIPA § 4 and Fed. R. Crim. P. 16(d)(1) [Doc. 62].

**B.**   **The Government must justify its request to proceed *ex parte*, and the Defendant requests the opportunity to challenge any justification asserted by the Government.**

The Defense should have an opportunity to litigate the appropriateness of proceeding *ex parte*. *See United States v. James Daniel Good Real Prop.*, 510 U.S. 43, 55 (1993) ("[F]airness can rarely be obtained by secret, one-sided determination of facts decisive of rights." (alteration in original and citation omitted)). Indeed, "adversarial proceedings contribute to a balanced and fair process." *United States v. Libby*, 429 F. Supp. 2d 18, 24 (D.D.C. 2006), *reconsidered in part by United States v. Libby*, 429 F. Supp. 2d 46 (D.D.C. 2006).

Where defense counsel has obtained security clearances, as here, courts have determined that the Government must "justify, as part of any *ex parte* filing pursuant to Section 4, that an *ex parte* filing is *necessary*." *Id.* at 25 (emphasis added).   To make that justification, the Government must submit a "declaration or affidavit, executed by an intelligence community official with the requisite classification review authority" that explains: (1) "the reasons for the classification of the information at issue"; (2) "the potential harm to national security that could result from its disclosure"; and (3) "why the defense, based upon appropriate classification guidelines, does not have a 'need-to-know the information' in its unaltered form." *Id.*  "This showing must detail why the classified documents the government is producing *ex parte* are of a nature and quality distinguishable from the classified documents already produced to the defendant." *Id.* at 25 (footnote and citation omitted).  Only after the government provides such information can the Court determine "whether the filing should remain *ex parte*, or whether all or some portions of it should [be] provided to the defendant." *Id.* (citations omitted). *See also Pollard v. United States Parole Comm'n*, No. 15-cv-9131 (KBF), 2016 WL 3167229, at *8

(S.D.N.Y. June 6, 2016) (utilizing *Libby* test); *Bostan v. Obama*, 674 F. Supp. 2d 9, 27 (D.D.C. 2009) (same).

In addition, it is questionable whether the Defense has not seen the Government's *ex parte* filing, it cannot assert whether the Government has justified its desire to proceed *ex parte*. The Government may have asserted that the Defense does not have a "need-to-know" the information that is the subject of its motion in unaltered form, but as explained below, *see infra* Part II.C., only the Defense can know what is helpful to the defense of the case—the Government is not entitled to make that determination. *See United States v. Ahmad*, Nos. 3:04CR031(JCH), 3:06CR194 (JCH), 2013 WL 1899792, at *2–3 (D. Conn. May 1, 2013) (addressing whether the classified information is helpful and relevant to the defense under the third prong of the *Libby* test).

In addition, it is questionable whether the Government can satisfy the third prong because Defense Counsel have security clearances (or are in the process of obtaining security clearances), and the Court has issued protective orders regarding access to and disclosure of classified information [*See* Docs. 58, 60]. These factors "weigh in favor of more complete disclosure of information" and in favor of denying the Government's request to proceed *ex parte*. *Brown*, 2014 WL 1572553, at *4 (citations omitted). Indeed, the *burden is on the Government* to demonstrate why these factors (i.e., security clearances and protective orders), and other factors, such as restricting the defendant's access to the information[1] or supplementing the protective orders to impose additional conditions upon the defense, are not sufficient to protect the information that is the subject of the motion. Even further, the Government must explain why

---

[1] While the Defendant should also have access to the information that is the subject of the Government's motion, if the Court is inclined to allow only Defense Counsel to access the information, Defense Counsel would discuss with the Defendant whether she consents to that limitation.

the information that is the subject of the motion is different from the classified information that has already been produced.

Accordingly, the Defense respectfully requests that the Court require the Government to justify its request to proceed *ex parte*, and further, that the Court permit the Defense—in accordance with the Defendant's constitutional rights to due process, a fair trial, and open proceedings—to participate in any § 4 CIPA proceedings so as to challenge any argument made by the Government that *ex parte* proceedings are justified.  It is the Defense's position that *ex parte* proceedings under § 4 of CIPA are not justified in this case, in large part because Defense Counsel possess security clearances (or will so possess security clearances) and there are adequate measures in place to protect the classified information that will be produced in this case.

**C.    If the Court allows the Government to proceed *ex parte* over the Defense's objection, then the Defense requests that it be permitted to explain why the information sought to be protected should be disclosed to the Defense in unaltered form.**

To the extent the Court permits the Government to file its motion *ex parte* over the Defense's objection, if the information that is the subject of the motion meets the test for production of classified information to the defense, it must be disclosed.   "Under that test, the reviewing court must first find that the information "crosse[s] the low hurdle of relevance." *United States v. Yunis*, 867 F.2d 617, 623 (D.C. Cir. 1989).  Next, "the court must determine whether 'the assertion of privilege by the government is at least a colorable one.'" *United States v. Mejia*, 448 F.3d 436, 455–56 (D.C. Cir. 2006) (quoting *Yunis*, 867 F.2d at 623).  Finally, and most importantly, the court must determine "that [the information be] . . . at least 'helpful to the defense of [the] accused.'" *Id.* at 456 (alteration and  omission in original) (emphasis omitted) (quoting *Roviaro v. United States*, 353 U.S. 53, 60–61 (1957)).  "To be helpful or material to the

defense, evidence need not rise to the level that would trigger the Government's obligation under [*Brady*] to disclose exculpatory information." *United States v. Aref*, 533 F.3d 72, 80 (2d Cir. 2008); *see also Mejia*, 448 F.3d at 456–57. Moreover, courts "have applied the 'at least helpful' test in a fashion that gives the defendants the benefit of the doubt." *Mejia*, 448 F.3d at 458 (citations omitted).

Given the procedural posture, the Defense cannot articulate whether the classified information that is the subject of the Government's motion is relevant and helpful to the Defense. Even so, as a matter of logic, the Defendant is "in the best position to know whether information would be helpful to [Winner's] defense." *Mejia*, 448 F.3d at 458. Because "the determination of what may be useful to the defense can properly and effectively be made only by an advocate,'" *Libby*, 429 F. Supp. 2d at 26 (quoting *Dennis v. United States*, 384 U.S. 855, 875 (1966)), courts frequently permit defendants "the opportunity to submit an *ex parte* affidavit from counsel detailing the defense so that the Court will be in a more informed position to determine whether the government's proposed redactions or substitutions for a particular document adequately provide the defendant with what he needs to pursue his defense," *Libby*, 429 F. Supp. 2d at 26 (collecting cases); *see also Mejia*, 448 F.3d at 458 ("[T]he defendant[] and [his] counsel, who are in the best position to know whether information would be helpful to their defense, are disadvantaged by not being permitted to see the information—and thus to assist the court in its assessment of the information's helpfulness."). Courts have also permitted defendants to present their defenses in forms other than an affidavit, including orally at a conference and by proffer. *See, e.g., United States v. Amawi*, 695 F.3d 457, 472 (6th Cir. 2012) (explaining that the district court "held ex parte hearings with defense counsel in order to learn about their theories and prepare for ex parte hearings with the government"); *Aref*, 533 F.3d at 76–77 (noting that the

district court held an *ex parte, in camera* conference with defense counsel during § 4 CIPA proceedings "to assist the court in deciding what information would be helpful to the defense"); *United States v. McConnell*, No. 13-00273 (SRN/FLN), 2017 WL 210231, at *2 (D. Minn. Jan. 18, 2017) (granting the defendant's request to make an *ex parte* proffer regarding the details of his defense so that the court could make an "informed decision about the discoverability, relevance, and usefulness of the Classified Documents"); *United States v. Velentzas*, No. 15 CR 213 (SJ), 2016 WL 4250304, at *2 (E.D.N.Y. Aug. 10, 2016) (granting the defendant's request "to make an ex parte presentation to the Court regarding how classified material may be helpful and material to the defense" (underlining omitted)); *Brown*, 2014 WL 1572553, at *5 (explaining that the court would "endeavor to conduct as much of [the § 2 CIPA conference] in defendants' presence as possible"); *United States v. Kim*, Case No. 1:10-cr-225-CKK (D.D.C. December 10, 2012) (permitting "the Defendant to make his own *ex parte* filing detailing, to the extent he deems appropriate, his defense for the Court to consider in deciding the Government's motion").[2]  Simply put, accepting the Government's unilateral, *ex parte* determination about what is relevant and helpful to the Defense is not only inconsistent with the law, but defies logic as well.

Accordingly, to the extent the Court permits the Government to file its motion *ex parte* over the Defense's objection and without providing the Defense an opportunity to challenge any assertion of the Government that proceeding *ex parte* is justified, the Defense respectfully requests that the Court defer ruling on the Government's motion and allow Winner to file an *ex*

---

[2] While the Defense recognizes there is authority to suggest a motion to compel is a sufficient vehicle to address whether any redactions or substitutes are inadequate, *see United States v. Campa*, 529 F.3d 980, 995 (11th Cir. 2008), the Defense asserts that denying the Defendant the opportunity to present her defenses in opposition to the Government's motion through an *ex parte, in camera* submission (or whatever form the Court allows) will not only work to deprive the Defendant of her constitutional rights to prepare her defense, but will serve to encourage delay of this proceeding, as the filing of any motion to compel could impact the trial date.

9

*parte, in camera* submission, which would include a memorandum describing her defense and all discovery requests submitted to the Government (or otherwise appear *ex parte* as the Court deems appropriate). This submission will aid the Court in making an informed decision regarding the production of classified information to the Defendant, and a decision that secures Winner's right to a fair trial. Further, to the extent the Court finds that classified information that is the subject of the Government's motion should be made available to the Defendant because it is relevant and helpful to the Defense, the Defense respectfully requests that the Court exercise its discretion to require the Government to produce the classified information in unaltered form.[3]

## III.   CONCLUSION

The Defendant submits that that § 4 of CIPA does not entitle the Government to file a motion *ex parte* without prior leave of court after the Defendant has been heard. The Defense therefore objects to the filing of the Government's *Ex Parte, In Camera,* Under Seal Motion and Memorandum of Law for a Protective Order Pursuant to CIPA § 4 and Fed. R. Crim. P. 16(d)(1) [Doc. 62] because the Government did not seek leave from the Court to make an *ex parte* filing. Moreover, because *ex parte* proceedings are generally disfavored and pose the risk of compromising a defendant's right to a fair trial, the Defense requests an opportunity to challenge any assertion by the Government that it is justified in proceeding *ex parte*. Alternatively, to the extent the Court permits the Government to file its motion *ex parte*, the Defense respectfully requests that the Court defer ruling on the Government's motion so that the Defense may file an *ex parte, in camera* submission, which will allow the Court to make an informed decision as to

---

[3] Even if the Government makes a "sufficient showing" for deletion or substitution, the Court is not required to delete or substitute classified information; rather, the statute is plainly discretionary. *See* 18 U.S.C. App. III § 4 (providing that the court "*may* authorize" a deletion or substitution (emphasis added)). Also, the Defense notes that if the Government refuses to disclose information that the Court determines is material to the Defendant's case, then the Court may impose sanctions upon the Government. *See* 18 U.S.C. App. III § 6(c)–(e).

the production of information.  Finally, the Defendant requests that the Court conduct a hearing

on these issues.

Respectfully submitted,

BY:   */s/ John C. Bell, Jr.*
John C. Bell, Jr. (Bar No. 048600)
Titus T. Nichols (Bar No. 870662)
**BELL & BRINGHAM**
PO Box 1547
Augusta, GA  30903-1547
(706) 722-2014
John@bellbrigham.com
Titus@bellbrigham.com

Joe D. Whitley (Bar No. 756150)
Admitted *Pro Hac Vice*
Brett A. Switzer (Bar No. 554141)
**BAKER, DONELSON, BEARMAN,**
**CALDWELL & BERKOWITZ, P.C.**
3414 Peachtree Rd., NE Suite 1600
Atlanta, GA  30326
(404) 577-6000
JWhitley@bakerdonelson.com
BSwitzer@bakerdonelson.com

Matthew S. Chester (La. Bar No. 36411)
Admitted *Pro Hac Vice*
**BAKER, DONELSON, BEARMAN,**
**CALDWELL & BERKOWITZ, P.C.**
201 St. Charles Ave., Suite 3600
New Orleans, LA  70170
(504) 566-5200
MChester@bakerdonelson.com

Jill E. McCook (Tn. Bar No. 033813)
Admitted *Pro Hac Vice*
**BAKER, DONELSON, BEARMAN,**
**CALDWELL & BERKOWITZ, P.C.**
265 Brookview Centre Way, Suite 600
Knoxville, TN  37919
(865) 549-7129
JMCook@bakerdonelson.com

11

Thomas H. Barnard (Az. Bar No. 27488)
Admitted *Pro Hac Vice*
**BAKER, DONELSON, BEARMAN,**
**CALDWELL & BERKOWITZ, P.C.**
100 Light Street.
Baltimore, MD  21202
(410) 685-1120
TBarnard@bakerdonelson.com

**ATTORNEYS FOR DEFENDANT**
**REALITY LEIGH WINNER**

## CERTIFICATE OF SERVICE

I hereby certify that on September 12, 2017, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which sent notification of such filing to counsel of record for all parties.

/s/ John C. Bell, Jr.
JOHN C. BELL, JR.