UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

|  |  |  |
|---|---|---|
|  | * |  |
| **UNITED STATES OF AMERICA** | * |  |
|  | * |  |
| **v.** | * | **CR 117-34** |
|  | * |  |
| **Reality Leigh Winner** | * |  |
|  | * |  |
| **Defendant** | * |  |
|  | *********** |  |

## GOVERNMENT'S SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF MOTION TO MODIFY AMENDED SCHEDULING ORDER

The United States of America, by and through its undersigned counsel, hereby supplements its request, set forth in the Government's Motion to Modify Amended Scheduling Order (Dkt. No. 68, hereinafter "Government Motion" or "Gov. Mot."), for the Court to include in its Scheduling Order a timetable for the government to object, if necessary, to the adequacy of the Defendant's notice pursuant to Section 5 of the Classified Information Procedures Act, 18 U.S.C. App. III ("CIPA"), and for the government to receive adequate notice of the classified information the Defendant intends to disclose at trial before the government files its motion for a hearing concerning such classified information under CIPA Section 6(a). *See* Dkt. No. 30 at 9-15 (detailing Section 5 and Section 6 proceedings); *see also* Gov. Mot. at 1-2; Government's Response to Defendant's Opposition to Motion to Modify Amended Scheduling Order (Dkt. No. 81) at 3.

The Eleventh Circuit has stated explicitly that "no Section 6 hearing should be held until the sufficiency of the 5(a) notice, if questioned, has been determined." *United States v. Collins,* 720 F.2d 1195, 1200 (11th Cir. 1983). In that regard, the distinction between CIPA Sections 5 and 6(a) is important. To protect against any unexpected disclosure of classified information at trial, Section 6(a) provides a vehicle for the trial court to hear the government's objections (such as

objections based on relevance or hearsay) and make rulings *before* trial as to whether classified information is admissible as evidence.  For the government to be able to make objections under Section 6(a), a defendant's notice under Section 5 must first clearly inform the government and the court what classified evidence the defense intends to disclose at trial.  Sufficient notice is necessary for the government to decide whether to object to the admission of a defendant's proposed evidence and for the government to present well-founded objections.  If a defendant's Section 5 notice does not identify information specifically enough for the government to know what the defendant intends to offer, or if a defendant's Section 5 notice lists a large volume of information beyond what the defendant could "reasonably expect[] to disclose or cause the disclosure of," the government cannot effectively make, and a court cannot efficiently adjudicate, a motion regarding its admissibility.[1]  *See generally id.*; *United States v. North*, 708 F. Supp. 389 (D.D.C. 1988); *see also United States v. Zettl*, 835 F.2d 1059, 1065 (4th Cir. 1987) (referring to "days" of "detailed" Section 6(a) hearings necessary to cure defendant's imprecise Section 5 notice).

Congress enacted CIPA to preserve a defendant's due process rights while providing the government with sufficient advance knowledge of what classified information will be disclosed in the course of a prosecution.  It provides a "comprehensive procedural framework" to resolve questions of discoverability, admissibility, and use of classified information before trial.  *United States v. Reward*, 889 F.2d 836, 847 (9th Cir. 1989) (also referring to Section 6 proceedings as

---

[1] In such situations, it is common for a court to order the defense to amend its Section 5 notice.

"following" Section 5 notice).  This enables the government to decide whether to proceed with a case.  *See* S. Rep. No. 96-823 at 1 (1980), *reprinted in* 1980 U.S.C.C.A.N. 4294.[2]

Section 6 of CIPA, the "heart" of the law, *id.* at 7, establishes a pretrial procedure for the government to move, before trial, for a judicial determination regarding the relevance, use, and admissibility of classified information.  *Id.*; *see* 18 U.S.C. App. III § 6(a).  In other words, to protect classified information, the same types of objections and rulings ordinarily made during trial occur instead at a pretrial hearing.  The government cannot make such an essential motion unless it has received adequate notice of what classified information the defendant proposes to use at trial. Accordingly, Section 5 of CIPA requires that if a defendant "reasonably expects to disclose or to cause the disclosure of classified information," the defendant must notify the government in writing and "include a brief description of the classified information."  18 U.S.C. App. III. § 5(a). Section 5 "attempts to deal with the 'graymail' problem" by requiring such pretrial disclosure.  S. Rep. No. 96-823 at 4.  That disclosure must include enough detail for the government to know what classified information the defendant intends to offer, and must be sufficiently narrow that it does not unduly burden the government and the court.  Indeed, the Eleventh Circuit has held that a defendant's Section 5 notice cannot be permitted to "itself[] constitute 'gr[a]ymail'" by providing only a "vague, non-specific" description of the classified evidence that the defendant anticipates disclosing at trial.  *Collins*, 720 F.2d at 1199.  Rather, notice must be specific and limited to

---

[2] Before CIPA was enacted, the government was often left to speculate regarding the defendant's use of classified information and the admissibility of such information at trial.  S. Rep. No. 96-823 at 4; *see Collins*, 720 F.2d at 1196.  Moreover, defendants were able to use the threat of disclosure of classified information (known as "graymail") to deter the government from prosecuting cases. S. Rep. 96-823 at 4.

information that the defendant "reasonably expects to disclose" or of which the defendant reasonably expects to cause disclosure. *Id.*

The proper sequence of Sections 5 and 6 is critical to the operation of CIPA as Congress intended.[3]  The government cannot make a well-founded motion regarding the admissibility of evidence if it does not know what that evidence is.  As the Eleventh Circuit has clearly stated, "sufficient [Section 5(a)] notice is essential to put into motion the other CIPA procedures." *Collins*, 720 F.2d at 1198.  "The Section 5(a) notice is the central document in CIPA," and the defendant's notice must be "good and adequate" for the case to proceed. *Id.* at 1199.

Notice is not "good and adequate" unless it is "particularized." *Id.*; *see also United States v. Badia*, 827 F.2d 1458, 1465 (11th Cir. 1987) ("The objective of CIPA is to provide the government with both notice of the defendant's intent to introduce sensitive information at trial, *and a particularized description of the classified information prior to trial.*" (emphasis in original)).  Indeed,  the government's belief that the defendant will use classified information "cannot substitute for the formal notice mandated by § 5(a)," the timing of which "is intended to give the government the opportunity to ascertain the potential harm to national security, and to consider various means of minimizing the cost of disclosure." *Badia*, 827 F.29 at 1465.   Similar

---

[3] As intended by Congress, after receiving sufficient notice under Section 5, the "government can *then* move for a hearing" regarding relevance, use, and admissibility of the classified evidence.  S. Rep. No. 96-823 at 4 (emphasis added); *see id.* at 6 ("The court should set a time limit for the government to move for an in camera hearing after it has received notification pursuant to Section 5."), 7 ("Once the government learns that the defendant may disclose or cause to be disclosed classified information, it may move for a hearing."); H.R. Conf. Rep. 96-1436 at 11 1980), *reprinted in* 1980 U.S.C.C.A.N. 4307 ("The government could request a hearing on issues involving classified information brought to the attention of the government by the defendant pursuant to the provisions of Section 5."); *see also United States v. Giffen*, 473 F.3d 30, 38 (2d Cir. 2006) (in dicta, approving deferral of Section 6 hearing until after "complete" Section 5 notice); *United States v. Rezaq*, 899 F. Supp. 697, 708 (D.D.C. 1995) (referring to government basing its Section 6(a) motion on Section 5 notice).

to alibi evidence in criminal cases, the problem of inadequate notice is so significant that CIPA provides for insufficiently noticed evidence to be precluded.  18 U.S.C. App. III § 5(b) ("If the defendant fails to comply with the requirements of subsection (a) the court may preclude disclosure of any classified information not made the subject of notification and may prohibit the examination by the defendant of any witness with respect to any such information."); S. Rep. No. 96-823 at 9-10.

Completing Section 5 before proceeding to Section 6 is consistent with Congressional intent and mandated by the structure of CIPA.  It is also efficient.  First, it enables an intelligent, streamlined procedure under Section 6(a) that focuses only on classified evidence that the defendant reasonably expects to offer, without using courtroom time and resources to determine what information is the subject of the hearing.  Moreover, it is conceivable that proper Section 5 proceedings could entirely obviate the need for the government to request a Section 6(a) hearing, as the government could consider it unnecessary to make such a motion with respect to a sufficiently specific defense filing.  *See Collins*, 720 F.2d at 1201 n.4; *see also North*, 708 F. Supp. at 392, 397 n.16 (finding "common-sense" basis to require sufficient Section 5 notice to avoid wasting time, and observing that "CIPA is structured both for the efficiency reasons underpinning the alibi and insanity notice rules, and also for the more important reason that the government must learn, *pretrial*, the cost of the prosecution to national security") (emphasis in original).  Conversely, failing to address notice issues at the Section 5 stage leads to delay at the Section 6 stage.  *Zettl*, 835 F.2d at 1065.

Finally, although Section 5(b) offers a preclusion remedy for inadequate notice, it is not uncommon for courts to instead provide defendants with the opportunity to amend inadequate Section 5(a) notices before proceeding to Section 6.  *See, e.g., Collins*, 720 F.2d at 1198 (describing

district court's order for defendant to supplement Section 5 notice and affirming preclusion of evidence when defendant refused). As a result, and as reflected in the cases cited herein and in the government's prior filings, courts consistently and routinely resolve Section 5 issues before proceeding to Section 6.

In sum, the government can submit a motion under CIPA Section 6(a) only after it has received adequate notice under CIPA Section 5. The Court's schedule should not combine the two sections, but rather should follow the standard practice of proceeding in sequence as Congress intended. Specifically, as proposed in greater detail in the Government's Motion to Modify Amended Scheduling Order, the Court should include in its Scheduling Order time for the government to object to the adequacy of the defendant's CIPA Section 5 notice and for the parties and the Court to resolve issues of adequacy of notice before proceeding to Section 6. The Court's Scheduling Order should further establish the government's deadline for filing a motion under CIPA Section 6(a) as three weeks from the Court rendering a decision as to the adequacy of such notice or from the parties indicating to the Court that they have resolved any issues regarding such notice without requiring a decision from the Court.

Respectfully submitted,

James D. Durham
Acting United States Attorney

By:       /s/
Jennifer G. Solari
Assistant United States Attorney

       /s/
David C. Aaron
Julie Edelstein
Trial Attorneys
U. S. Department of Justice
National Security Division

6

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have on this day served all the parties in this case in accordance with the notice of electronic filing ("NEF") which was generated as a result of electronic filing in this Court.

This 20th day of September 2017.

JAMES D. DURHAM
ACTING UNITED STATES ATTORNEY

*//s// **Julie A. Edelstein***

Julie A. Edelstein
Trial Attorney

600 E Street, N.W.
Washington, D.C. 20004
(202) 233-2260

7