GOVERNMENT'S EXHIBIT
NO. **1**

CASE NO. 1:17-CR-034

*UNITED STATES OF AMERICA*
vs.
**REALITY LEIGH WINNER**

MARKED FOR IDENTIFICATION
09|29|2017

FILED IN EVIDENCE 09|29|2017

SCOTT L. POFF
*CLERK, UNITED STATES DISTRICT COURT*
*SOUTHERN DISTRICT OF GEORGIA*



# Acknowledgement of Training

I _____Reallty Winner_____ acknowledge having completed my

initial new hire Security Training on _____09 Feb 2017_____.

Training was accomplished through my review and understanding of

Pluribus' new hire Security Briefing.

Signature: _____

*"Excellence with Integrity"*

Contains Business and Proprietary Information
Exempt from Disclosure under 5 U.S.C. § 552(b)(4)

Privacy Act Statement: ... requesting Info: 50 U.S.C. 402 note; 50 U.S.C. 401-3(d)(4); 18 U.S.C. 798; and E.O. 10450, 10865, 12333, 12958, and 12956. Auth. or collecting your SSN is E.O. 9397. NSA's Blanket Routine Uses found at 58 Fed. Reg. 10531 (1993) and the specific uses found in GNSA01 and GNSA10 apply to this information. Information you provide will be used (principally) to document your access to protected information and your continuing obligation not to disclose protected information without authorization. Your disclosure of information requested by this form is voluntary but refusal to provide information, other than your SSN, may prevent you from obtaining access to protected information. Refusal to provide your SSN may delay you from obtaining access to protected information.

**NATIONAL SECURITY AGENCY**
Fort George G. Meade, MD 20755-6000

# CONTRACTOR SECURITY AGREEMENT

I understand that access to protected information under a U.S. Government agency contract is subject to statutory requirements and penalties and involves a special trust and confidence regarding the national security. Intending to be legally bound, I hereby accept the obligations set forth in this Agreement in consideration of my being granted such access.

1.   I have been advised that protected information is information obtained as a result of my relationship with NSA which is classified or in the process of a classification determination pursuant to the standards of Executive Order 12958, or any successor order, and implementing regulations. It includes, but is not limited to, intelligence and intelligence-related information, sensitive compartmented information *(information concerning or derived from intelligence sources and methods)*, and cryptologic information *(information concerning communications security and signals intelligence, including information which is also sensitive compartmented information)* protected by Section 798 of Title 18, United States Code.

2.   I understand that the burden is upon me to determine whether information or materials within my control are considered by the NSA to be protected information and whether the person(s) to whom disclosure is to be made is/are authorized to receive it.

3.   I understand that all protected information to which I may obtain access hereafter, is and will remain the property of the United States Government unless and until otherwise determined by an appropriate official or final ruling of a court of law. Subject to such determination, I do not now, nor will I ever, possess any right, interest, title or claim whatsoever to such information. I agree that upon demand by an authorized representative of the NSA or upon the conclusion of my authorized access to protected information, I shall return all material containing such protected information in my possession, or for which I am responsible because of such access. I understand that failure to return such materials may be a violation of Section 793 of Title 18, United States Code, and may constitute a crime for which I may be prosecuted.

4.   I understand that the unauthorized disclosure of protected information may invoke the criminal sanctions prescribed by one or more of the following statutes:  Sections 793, 794, 798, 952, and 1924 of Title 18, United States Code, and Sections 421 through 426 and 783(b) of Title 50, United States Code.

5.   I understand that any breach of this Agreement by me may, in accordance with applicable law, result in termination by the NSA of my access to protected information at any time it determines such action to be in the interest of national security.

6.   I agree not to discuss matters pertaining to protected information except when necessary for the proper performance of my duties and only with persons who are currently authorized to receive such information and have a need-to-know.

7.   I agree I will report, without delay, to my company security officer or to an NSA security representative the details and circumstances of any possible unauthorized disclosure of protected information or of *any* unauthorized person obtaining or attempting to obtain protected information.

8.   I understand that the United States Government may seek any remedy available to it to enforce this Agreement including, but not limited to, application for a court order prohibiting disclosure of information in breach of this Agreement. I have been advised that the action may be brought against me in any of the several appropriate United States District Courts where the United States Government may elect to file the action. Court costs and reasonable attorneys fees incurred by the United States Government may be assessed against me if I lose such action.

9.   I agree that I will submit for security review in accordance with NSA/CSS Policy 1 - 30 "Review of NSA/CSS Information for Public Dissemination" all information or materials, including works of fiction, that I have prepared for public disclosure which contain or purport to contain, refer to, or are based upon protected information, as defined in paragraph 1 of this Agreement. I understand that the term "public disclosure" includes any disclosure of protected information to one or more persons not authorized to have access to it. In addition, I agree:

     (a) to submit such information and materials for prepublication review during the course of my access to protected information under a contract with the NSA and thereafter;

     (b) to make any required submissions prior to discussing the information or materials with, or showing them to anyone who is not authorized to have access to them;

     (c) not to disclose such information or materials to any person who is not authorized to have access to them until I have received written authorization from the NSA that such disclosure is permitted; and

     (d) to assign to the United States Government all rights, title and interest and all royalties, remuneration, or emoluments of whatever form that have resulted, will result, or may result from any disclosure, publication, or revelation of protected information not consistent with the terms of this agreement.

USAO-000934

I understand that the purpose of the prepublication review procedure is to determine whether material contemplated for public disclosure contains protected information and if so, to give the NSA an opportunity to prevent the public disclosure of such information. I understand that the NSA is obligated pursuant to this Agreement, and in accordance with the terms of NSA/CSS Policy 1 - 30, to conduct the prepublication review in a reasonable time, consult, as necessary, with me through the review process, and to provide an opportunity for me to appeal initial review determinations.

10. In addition to other conditions imposed on me as a result of my access to protected information under a contract with the NSA, I agree to.

(a) Notify the Associate Directorate for Security and Counterintelligence, NSA, of any unofficial foreign travel by me during the period of my access to protected information under a contract with the NSA;

(b) Accept such restrictions on unofficial foreign travel during the period of my access to protected information under a contract with the NSA as may be deemed necessary to prevent unacceptable risk to national security, to the NSA, to personnel associated with the NSA or to protected information;

(c) Report foreign national associations that are close and continuing. Close and continuing associations are characterized by ties of affection, kinship, obligation or capacity to influence;

(d) Report, in advance, all visits to foreign embassies.

11. I understand that each of the provisions of this Agreement is severable, i.e., all other provisions of this Agreement will remain in full force should it be determined that any provision of this Agreement does not apply to me or is not otherwise unenforceable. I also understand that this Agreement applies to me even though I may have executed a similar government non-disclosure agreement.

12. This Agreement shall be interpreted under and in conformance with the law of the United States.

13. I have read this Agreement and my questions, if any, have been answered. I acknowledge that the briefing officer has made available Sections 793, 794, 798, and 952 of Title 18, United States Code, Section 421 through 426 and 783(b) of Title 50, United States Code; Public Law 88-290; pertinent sections of Executive Order 12958 or any successor order; and NSA/CSS Policy 1 - 30 "Review of NSA/CSS Information for Public Dissemination" so that may read them at this time, if I so choose. I understand and accept that unless I am released in writing by an authorized representative of the NSA, this Agreement applies during the time I am granted access to protected information and at all times thereafter, and applies to all protected information to which may be granted access.

14. I make this Agreement without any mental reservation or purpose of evasion.

15. These restrictions are consistent with and do not supersede, conflict with or otherwise alter the employee obligations, rights or liabilities created by Executive Order 12958; Section 7211 of Title 5; United States Code (governing disclosures to Congress), Section 1034 of Title 10, United States Code, as amended by the Military Whistleblower Protection Act (governing disclosure to Congress by members of the military); Section 2302(b)(8) of Title 5, United States Code, as amended by the Whistleblower Protection Act (governing disclosures of illegality, waste, fraud, abuse or public health or safety threats); the Intelligence Identities Protection Act of 1982 (50 USC421 et seq.) (governing disclosures that could expose confidential Government agents; and the statutes which protect against disclosures that may compromise national security, including Sections 641, 793, 794, 798, and 952 of Title 18, United States Code, and Section 4(b) of the Subversive Activities Act of 1950 (50 USC Section 783(b)). The definitions, requirements, obligations, rights, sanctions and liabilities created by said Executive Order and listed statutes are incorporated into this Agreement and are controlling.          Civ/Cont

| SIGNATURE | COMPANY | ORG |
|---|---|---|
| *(signature)* | PLURIBUS INTER | CONT |
| **TYPED OR PRINTED NAME** | **SOCIAL SECURITY NUMBER** | **DATE** |
| WINNER, Reality L | ▬▬▬▬▬▬ | 13 FEB 2017 |

**The execution of this Agreement was witnessed by the undersigned who accepted it on behalf of the National Security Agency as a prior condition of access to Protected Information.**

| SIGNATURE | PRINTED NAME | DATE |
|---|---|---|
| | | 13 FEB 2017 |

FORM G1368 REV JAN 2010- PAGE 2
NSN: 7540-FM-001-2991

PAGE



USAO-000935

## Addendum to NSA/CSS Nondisclosure Agreement (Form G170/G170B)

These provisions are consistent with and do not supersede, conflict with, or otherwise alter the employee obligations, rights, or liabilities created by existing statue or Executive order relating to (1) classified information, (2) communications to Congress, (3) the reporting to an Inspector General of a violation of any law, rule, or regulation, or mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety, or (4) any other whistleblower protection. The definitions, requirements, obligations, rights, sanctions, and liabilities created by controlling Executive orders and statutory provisions are incorporated into this agreement and are controlling.

These restrictions are consistent with and do not supersede, conflict with, or otherwise alter the employee obligations, rights, or liabilities created by Executive Order No. 13526, 75 Fed. Reg. 707, or any successor thereto; Section 7211 of Title 5, United States Code (governing disclosures to Congress); Section 1034 of Title 10, United States Code, as amended by the Military Whistleblower Protection Act (governing disclosure to Congress by members of the military); Section 2302(b)(8) of Title 5, United States Code, as amended by the Whistleblower Protection Act of 1989 (governing disclosures of illegality, waste, fraud, abuse or public health or safety threats); the Intelligence Identities Protection Act of 1982 (50 U.S.C. 421 et seq.) (governing disclosures that could expose confidential Government agents); Sections 7(c) and 8H of the Inspector General Act of 1978 (5 U.S.C. App.) (relating to disclosures to an inspector general, the inspectors general of the Intelligence Community, and Congress); Section 103H(g)(3) of the National Security Act of 1947 (50 U.S.C. 403-3h(g)(3) (relating to disclosures to the inspector general of the Intelligence Community); Sections 17(d)(5) and 17(e)(3) of the Central Intelligence Agency Act of 1949 (50 U.S.C. 403q(d)(5) and 403q(e)(3)) (relating to disclosures to the Inspector General of the Central Intelligence Agency and Congress); and the statutes which protect against disclosures that may compromise the national security, including Sections 641, 793, 794, 798, and 952 of Title 18, United States Code, and Section 4(b) of the Subversive Activities Control Act of 1950 (50 U.S.C. 783(b)). The definitions, requirements, obligations, rights, sanctions, and liabilities created by said Executive Order and listed statutes are incorporated into this agreement and are controlling.

Signature

Date   13 FEB 2017

Witness

# POLICY ACKNOWLEDGEMENT STATUS REPORT

**CLIENT NAME**
Pluribus International

**CLIENT ID**
pluribus

**EMPLOYEE NAME**
Winner, Reality

**ASSOCIATE ID**
J5RS28K3J

**USER ID**
REEZLE3

| | |
|---|---|
| **TOTAL POLICIES** | 48 |
| **TOTAL ACKNOWLEDGED POLICIES** | 12/19 |
| **TOTAL VIEWED POLICIES** | 16/48 |
| **DATE OF REPORT** | 06/06/2017 |
| **REPORT TIME** | 14:05:39 EDT |

| POLICY NAME | VERSION | REQUIRED | ACKNOWLEDGED | ACKNOWLEDGE DATE | VIEWED | UPLOADED BY |
|---|---|---|---|---|---|---|
| 2016 Annual Ethics Training | 1 | Yes | Yes | 02/13/2017 12:43:31 PM | Yes | Pluribus International |
| 2016 Annual Security Insider Threat Awareness Training | 1 | Yes | Yes | 02/13/2017 12:44:06 PM | Yes | Pluribus International |
| 2016 Annual Security NATO Training | 1 | Yes | Yes | 02/13/2017 12:44:13 PM | Yes | Pluribus International |
| 2016 Annual Security Refresher Training | 1 | Yes | Yes | 02/13/2017 12:44:19 PM | Yes | Pluribus International |
| 2016 Annual Timekeeping Training | 1 | Yes | Yes | 02/13/2017 12:44:24 PM | Yes | Pluribus International |
| BEN-WELL-1000 Military Leave | Rev 5 | No | No | | | |
| BEN-WELL-1001 Leave Policy | 16 | No | No | | Yes | Pluribus International |
| BEN-WELL-1003 FMLA | 11 | No | No | | | |
| BEN-WELL-1004 Education Assistance | 7 | No | No | | | |
| BEN-WELL-1005 Professional Training | 4 | No | No | | | |
| BEN-WELL-1006 Professional Society Membership | 2 | No | No | | | |
| BEN-WELL-1007 Workers Compensation | 3 | No | No | | | |
| BEN-WELL-1008 Breastfeeding Lactation | 2 | No | No | | | |

Contains Business and Proprietary Information
Exempt from Disclosure under 5 U.S.C. § 552(b)(4)

## CLASSIFIED INFORMATION NONDISCLOSURE AGREEMENT

AN AGREEMENT BETWEEN   *Reality Winner*   AND THE UNITED STATES

*(Name of Individual - Printed or typed)*

1. Intending to be legally bound, I hereby accept the obligations contained in this Agreement in consideration of my being granted access to classified information. As used in this Agreement, classified information is marked or unmarked classified information, including oral communications, that is classified under the standards of Executive Order 13526, or under any other Executive order or statute that prohibits the unauthorized disclosure of information in the interest of national security; and unclassified information that meets the standards for classification and is in the process of a classification determination as provided in sections 1.1, 1.2, 1.3 and 1.4(e) of Executive Order 13526, or under any other Executive order or statute that requires protection for such information in the interest of national security. I understand and accept that by being granted access to classified information, special confidence and trust shall be placed in me by the United States Government.

2. I hereby acknowledge that I have received a security indoctrination concerning the nature and protection of classified information, including the procedures to be followed in ascertaining whether other persons to whom I contemplate disclosing this information have been approved for access to it, and that I understand these procedures.

3. I have been advised that the unauthorized disclosure, unauthorized retention, or negligent handling of classified information by me could cause damage or irreparable injury to the United States or could be used to advantage by a foreign nation. I hereby agree that I will never divulge classified information to anyone unless: (a) I have officially verified that the recipient has been properly authorized by the United States Government to receive it; or (b) I have been given prior written notice of authorization from the United States Government Department or Agency (hereinafter Department or Agency) responsible for the classification of information or last granting me a security clearance that such disclosure is permitted. I understand that if I am uncertain about the classification status of information, I am required to confirm from an authorized official that the information is unclassified before I may disclose it, except to a person as provided in (a) or (b), above. I further understand that I am obligated to comply with laws and regulations that prohibit the unauthorized disclosure of classified information.

4. I have been advised that any breach of this Agreement may result in the termination of any security clearances I hold; removal from any position of special confidence and trust requiring such clearances; or termination of my employment or other relationships with the Departments or Agencies that granted my security clearance or clearances. In addition, I have been advised that any unauthorized disclosure of classified information by me may constitute a violation, or violations, of United States criminal laws, including the provisions of sections 641, 793, 794, 798, *952 and 1924, title 18, United States Code; *the provisions of section 783(b), title 50, United States Code; and the provisions of the Intelligence Identities Protection Act of 1982. I recognize that nothing in this Agreement constitutes a waiver by the United States of the right to prosecute me for any statutory violation.

5. I hereby assign to the United States Government all royalties, remunerations, and emoluments that have resulted, will result or may result from any disclosure, publication, or revelation of classified information not consistent with the terms of this Agreement.

6. I understand that the United States Government may seek any remedy available to it to enforce this Agreement including, but not limited to, application for a court order prohibiting disclosure of information in breach of this Agreement.

7. I understand that all classified information to which I have access or may obtain access by signing this Agreement is now and will remain the property of, or under the control of the United States Government unless and until otherwise determined by an authorized official or final ruling of a court of law. I agree that I shall return all classified materials which have, or may come into my possession or for which I am responsible because of such access: (a) upon demand by an authorized representative of the United States Government; (b) upon the conclusion of my employment or other relationship with the Department or Agency that last granted me a security clearance or that provided me access to classified information; or (c) upon the conclusion of my employment or other relationship that requires access to classified information. If I do not return such materials upon request, I understand that this may be a violation of sections 793 and/or 1924, title 18, United States Code, a United States criminal law.

8. Unless and until I am released in writing by an authorized representative of the United States Government, I understand that all conditions and obligations imposed upon me by this Agreement apply during the time I am granted access to classified information, and at all times thereafter.

9. Each provision of this Agreement is severable. If a court should find any provision of this Agreement to be unenforceable, all other provisions of this Agreement shall remain in full force and effect.

10. These provisions are consistent with and do not supersede, conflict with, or otherwise alter the employee obligations, rights, or liabilities created by existing statute or Executive order relating to (1) classified information, (2) communications to Congress, (3) the reporting to an Inspector General of a violation of any law, rule, or regulation, or mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety, or (4) any other whistleblower protection. The definitions, requirements, obligations, rights, sanctions, and liabilities created by controlling Executive orders and statutory provisions are incorporated into this agreement and are controlling.

*(Continue on reverse.)*

NSN 7540-01-280-5499
Previous edition not usable.

STANDARD FORM 312 (Rev. 7-2013)
Prescribed by ODNI
32 CFR PART 2001.80  E.O. 13526

Contains Business and Proprietary Information
Exempt from Disclosure under 5 U.S.C. § 552(b)(4)

11. These restrictions are consistent with and do not supersede, conflict with, or otherwise alter the employee obligations, rights, or liabilities created by Executive Order No. 13526 (75 Fed. Reg. 707), or any successor thereto section 7211 of title 5, United States Code (governing disclosures to Congress); section 1034 of title 10, United States Code, as amended by the Military Whistleblower Protection Act (governing disclosure to Congress by members of the military); section 2302(b) (8) of title 5, United States Code, as amended by the Whistleblower Protection Act of 1989 (governing disclosures of illegality, waste, fraud , abuse or public health or safety threats); the Intelligence Identities Protection Act of 1982 (50 U.S.C. 421 et seq.) (governing disclosures that could expose confidential Government agents); sections 7(c) and 8H of the Inspector General Act of 1978 (5 U.S.C. App.) (relating to disclosures to an inspector general, the inspectors general of the Intelligence Community. and Congress); section 103H(g)(3) of the National Security Act of 1947 (50 U.S.C. 403-3h(g)(3) (relating to disclosures to the inspector general of the Intelligence Community); sections 17(d)(5) and 17(e)(3) of the Central Intelligence Agency Act of 1949 (50 U.S.C. 403g(d)(5) and 403q(e)(3)) (relating to disclosures to the Inspector General of the Central Intelligence Agency and Congress); and the statutes which protect against disclosure that may compromise the national security, including sections 641, 793, 794, 798, *952 and 1924 of title 18, United States Code, and *section 4 (b) of the Subversive Activities Control Act of 1950 (50 U.S.C. section 783(b)). The definitions, requirements, obligations, rights, sanctions, and liabilities created by said Executive Order and listed statutes are incorporated into this agreement and are controlling.

12. I have read this Agreement carefully and my questions, if any, have been answered. I acknowledge that the briefing officer has made available to me the Executive Order and statutes referenced in this agreement and its implementing regulation (32 CFR Part 2001 , section 2001 .80(d)(2) ) so that I may read them at this time, if I so choose.

---

\* NOT APPLICABLE TO NON-GOVERNMENT PERSONNEL SIGNING THIS AGREEMENT.

| SIGNATURE | DATE | SOCIAL SECURITY NUMBER *(See Notice below)* |
|---|---|---|
| *[signature]* | 15 FEB 2017 | *[redacted]* |

ORGANIZATION (IF CONTRACTOR, LICENSEE, GRANTEE OR AGENT, PROVIDE:  NAME, ADDRESS, AND, IF APPLICABLE, FEDERAL SUPPLY CODE NUMBER) *(Type or print)*

Pluribus Intl

| WITNESS | ACCEPTANCE |
|---|---|
| THE EXECUTION OF THIS AGREEMENT WAS WITNESSED BY THE UNDERSIGNED. | THE UNDERSIGNED ACCEPTED THIS AGREEMENT ON BEHALF OF THE UNITED STATES GOVERNMENT. |

| SIGNATURE | DATE | SIGNATURE | DATE |
|---|---|---|---|
| *[signature]* | 15 FEB 17 | | |

| NAME AND ADDRESS *(Type or print)* | NAME AND ADDRESS *(Type or print)* |
|---|---|
| Terry L. Jones<br><br>Pluribus International<br>5285 Shawnee Road, Suite 550<br>Alexandria, VA 22312 | |

---

### SECURITY DEBRIEFING ACKNOWLEDGEMENT

I reaffirm that the provisions of the espionage laws, other federal criminal laws and executive orders applicable to the safeguarding of classified information have been made available to me; that I have returned all classified information in my custody; that I will not communicate or transmit classified information to any unauthorized person or organization; that I will promptly report to the Federal Bureau of Investigation any attempt by an unauthorized person to solicit classified information, and that I (have) (have not) (strike out inappropriate word or words) received a security debriefing.

| SIGNATURE OF EMPLOYEE | DATE |
|---|---|
| | |

| NAME OF WITNESS *(Type or print)* | SIGNATURE OF WITNESS |
|---|---|
| | |

---

NOTICE: The Privacy Act, 5 U.S.C. 552a, requires that federal agencies inform individuals, at the time information is solicited from them, whether the disclosure is mandatory or voluntary, by what authority such information is solicited, and what uses will be made of the information. You are hereby advised that authority for soliciting your Social Security Number (SSN) is Public Law 104-134 (April 26, 1996). Your SSN will be used to identify you precisely when it is necessary to certify that you have access to the information indicated above or to determine that your access to the information indicated has been terminated. Furnishing your Social Security Number, as well as other data, is voluntary, but failure to do so may delay or prevent you being granted access to classified information.

STANDARD FORM 312 BACK (Rev. 7-2013)

Contains Business and Proprietary Information
Exempt from Disclosure under 5 U.S.C. § 552(b)(4)

UNC...ASSIFIED//~~FOR OFFICIAL USE ONL~~   541392

## RESTRICTED/PROHIBITED ITEMS AND MISHANDLED CLASSIFIED INFORMATION COUNSELING ACKNOWLEDGEMENT

On _____2/15/17_____, I received a special briefing/counseling regarding the following:

_____ The unauthorized introduction of the restricted/prohibited item listed below into NSA/CSS controlled areas in violation of NSA/CSS Policy 5-23, "Physical Security Requirements for Controlled Areas," dated 24 August 2007, and NSA/CSS Policy Manual 5-23, "Physical Security Requirements for Controlled Areas Manual," dated 24 August 2007, as revised 20 May 2013; and/or

_RW_ The mishandling of classified information into or out of NSA/CSS controlled areas in violation of NSA/CSS Policy 1-52, "Classified National Security Information," dated 16 November 2012, and NSA/CSS Policy Manual 1-52, "NSA/CSS Classification Guide," dated 30 September 2013, as revised 2 June 2015.

**I understand that the unauthorized introduction of restricted/prohibited items into NSA/CSS controlled areas and/or the mishandling of classified information into/out of NSA/CSS controlled areas may result in adverse clearance and/or assignment actions, or additionally, adverse personnel actions for NSA/CSS employees, per NSA/CSS Policy 5-33, "Security Incidents, Infractions, and Violations," dated 21 July 2015.**

SIGNATURE: _Reality Winner_

PRINTED NAME: _Reality Winner_

SSN: _034.36.0594_

ORGANIZATION: _____

AFFILIATION: _CTR   CACI_
(Employee/Military/Assignee/Contractor)

Special Agent: _

PRIVACY ACT STATEMENT: Authority for collecting information is contained in 50 U.S.C. 831-835, 50 U.S.C. 3605, Executive Orders 10450, 10865, 12333, 12968, 13467, 13526, and 13587, DoD Directive 5100.20, DoD Instruction 5210.45, and ICD 704. DoD's Blanket Routine Uses (found at Appendix C of 32 CFR Part 310), as well as the specific uses enumerated in GNSA 10, apply to this information. Authority for requesting your Social Security Number (SSN) is Executive Order 9397 as amended. Disclosure of the requested information (i.e. name and/or social security number) is voluntary, and failure to provide the requested information will have no adverse consequence. This form will nevertheless be placed in your personnel security file.

AGENT COMMENTS/RESTRICTED/PROHIBITED ITEM: _____Mishandled Clas_____

UNCLASSIFIED//~~FOR OFFICIAL USE ONLY~~



GOVERNMENT'S EXHIBIT
NO. 2

CASE NO. 1:17-CR-034

*UNITED STATES OF AMERICA*
vs.
**REALITY LEIGH WINNER**

MARKED FOR IDENTIFICATION

FILED IN EVIDENCE

*SCOTT L. POFF*
*CLERK, UNITED STATES DISTRICT COURT*
*SOUTHERN DISTRICT OF GEORGIA*

