UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| VERSUS | * | NO. 1:17-CR-0034 |
| | * | |
| REALITY LEIGH WINNER | * | |
| | * | |
| * * * * * * * * * * * * * * * * * * | * | |

### DEFENDANT'S OBJECTION TO MAGISTRATE JUDGE'S SEPTEMBER 22, 2017 ORDER [DOC. NO. 94] AND REQUEST FOR A HEARING

NOW INTO COURT, through undersigned counsel, comes Defendant Reality Leigh Winner ("Ms. Winner" or the "Defendant"), who respectfully appeals the September 22, 2017 Order of Magistrate Judge Brian K. Epps [Doc. No. 94] pursuant to Federal Rule of Criminal Procedure 59(a) and 18 U.S.C. § 636(b).  For the reasons set forth below, Ms. Winner requests that the Court consider the Magistrate Judge's September 22, 2017 Order, along with the parties' briefs underlying that Order, and enter an order that (1) holds that the Court has discretion whether to allow the Government to proceed *ex parte* under CIPA § 4 for each attempted submission; (2) requires the Government to seek leave before proceeding *ex parte* for each submission; (3) requires that the Government justify its desire to proceed *ex parte* for each submission; and (4) allows the defense to respond to the Government's stated reasons for proceeding *ex parte* in each instance.  Finally, the Defendant requests a hearing on this Objection.

**I.      Introduction**

Section 4 of the Classified Information Protection Act ("CIPA") sets forth the procedure governing the Government's production of classified documents to the defense in the course of discovery.  In accommodating the need of the Government to protect classified information, and

1

the Defendant's need for such information to mount a defense, the statute provides that, "upon a sufficient showing," the Court may authorize the Government to delete classified information, substitute a summary of classified information, or substitute a statement admitting relevant facts that the classified information would tend to prove, in the course of discovery.  18 U.S.C. App. III § 4.  It further provides that "[t]he court *may permit* the United States to make a request for such authorization in the form of a written statement to be inspected by the court alone."  *Id.* (emphasis added).

In this case, the Government has filed CIPA § 4 submissions *ex parte*, as a matter of course, without justification and without seeking leave from the Court [Doc. Nos. 62, 102].  As set forth in the Defendant's Objection to the Government Proceeding *Ex Parte* [Doc. No. 82], the Defendant objects to the Government proceeding *ex parte* under CIPA § 4 without providing the Defendant an opportunity to respond, and unless and until the Government demonstrates justification for doing so.  Allowing the Defendant to participate in an adversary proceeding on the record challenging the alleged necessity for the Government to proceed *ex parte* is not only in accord with the general disfavor toward *ex parte* proceedings, but necessary in this criminal action to protect the Defendant's constitutional rights.

The Defendant acknowledges that Magistrate Judge Epps did not deny her relief entirely; rather, he granted her alternative request.  Specifically, Magistrate Judge Epps, while denying the Defendant's request to require the Government to justify any *ex parte* filing, nonetheless granted the Defendant an opportunity to file an *ex parte* submission of her theories of defense in response to the Government's *ex parte* CIPA § 4 motion [Doc. No. 94], so that the Court may evaluate the discovery the Government may be seeking to withhold in light of the Defendant's theories of the

case [*See* Doc. No. 94 p. 3].[1] While the Defendant does not appeal that aspect of the Magistrate Judge's order, the Defendant respectfully appeals the Magistrate Judge's order allowing the Government to proceed *ex parte* because (a) it appears that Magistrate Judge Epps determined that CIPA affords the Court no discretion in whether to allow the Government to proceed *ex parte* under Section 4; and (b) Magistrate Judge Epps seemed to construe the Defendant's position as making the sole argument that the Government should not be allowed to submit its CIPA § 4 motion *ex parte* because defense counsel have clearance—but that was not the Defendant's sole argument. Moreover, the Magistrate Judge failed to consider the Defendant's arguments that, in accordance with applicable case law, (c) the Government should have to justify the need to proceed *ex parte*, especially given that defense counsel possess security clearances; and (d) the Defendant should be given the opportunity to challenge the Government's alleged justification to proceed *ex parte*. All of this constitutes clear error and jeopardizes the Defendant's constitutional rights.

## II.     Standard of Review

Pursuant to Rule 59(a) of the Federal Rules of Criminal Procedure, a "district judge must consider timely objections and modify or set aside any part of [an] order [of a magistrate judge] that is contrary to law or clearly erroneous." FED. R. CRIM. P. 59(a). It is clearly erroneous for a magistrate judge to fail to consider an argument raised by a party. *See Thaxton-Brooks v. Baker*, No. 1:13-cv-1180-MHS, 2015 WL 12868228, at *11 (N.D. Ga. Mar. 2, 2015) (finding that the magistrate judge "erred by failing to address" an argument raised in the defendant's motion for summary judgment); *see also United States v. Snow*, No. 13-cr-20766, 2016 WL 7033744, at *1

---

[1] In an abundance of caution, despite the instant objection to Magistrate Judge Epps's September 22, 2017 ruling, the Defendant complied with the portion of the ruling that permits her to file briefs relating to the elements of the offense and why the Defendant's served discovery requests are pertinent to those elements [Doc. Nos. 112, 117].

(E.D. Mich. Dec. 2, 2016) (sustaining the defendant's objection because "the magistrate judge erred in failing to address" the defendant's arguments). Interpretations of CIPA are reviewed *de novo* on appeal. *United States v. Campa*, 529 F.3d 980, 992 (11th Cir. 2008); *see also United States v. Amawi*, 695 F.3d 457, 470 (6th Cir. 2012) ("[W]hether the district court *can* conduct *ex parte* hearings is a question of law reviewed *de novo*.") (citation omitted).

**III.   Procedural History**

On August 25, 2017, the Government filed notice of its filing of a document entitled "Government's *Ex Parte*, *In Camera*, Under Seal Motion and Memorandum of Law for a Protective Order Pursuant to CIPA § 4 and Fed. R. Crim. P. 16(d)(1)" [Doc. No. 62]. On September 8, 2017, through the Classified Information Security Officer (the "CISO"), the Defendant filed an objection to the Government proceeding *ex parte* [Doc. No. 80]. The objection was filed on the public record on September 12, 2017 [Doc. No. 82].

The Defendant's objection to the Government proceeding *ex parte* raised various issues for the Court to consider regarding *ex parte* proceedings: (1) that nothing in § 4 of CIPA entitles the Government to proceed *ex parte* in seeking to restrict production of classified information to the Defendant; (2) that the Government should have sought leave to proceed *ex parte* under § 4 of CIPA so that the Defendant could have an opportunity to challenge *ex parte* proceedings; (3) that the Government should have to justify the need to proceed *ex parte* by satisfying the standard articulated in *United States v. Libby*, 429 F. Supp. 2d 18 (D.D.C. 2006), *reconsidered in part by United States v. Libby*, 429 F. Supp. 2d 46 (D.D.C. 2006); and (4) that the Defendant should have the opportunity to contest that asserted justification [Doc. No. 82]. The Defendant also requested, in the alternative, that to the extent the Court decided to permit the Government

4

to proceed *ex parte*, the Defendant be permitted to file her own *ex parte*, *in camera* submission regarding defense theories and the elements of the charge against her [Doc. No. 82].

Magistrate Judge Epps set the matter for a hearing on September 14, 2017 [Doc. No. 83], and heard argument from both parties [Doc. No. 89].  During the hearing, Magistrate Judge Epps opined that the Government has an absolute right to proceed *ex parte* under CIPA § 4.  While Magistrate Judge Epps expressed reservations regarding such *ex parte* proceedings, he appears to have believed that the statute afforded the Court no discretion to deny the Government the ability to proceed *ex parte*:

> THE COURT: In terms of the ex-parte part, you're right; we do everything we can here to avoid ex-parte proceedings, *but at the same time we do everything we can to follow the directions and instructions from Congress and that's my primary concern here* is that we provide a full and fair opportunity for both sides to always present arguments and counter arguments to the court and only go into an ex-parte proceeding when absolutely necessary and *when instructed by the case law or Congress, and so that's my concern.  I think Section 4 is pretty clear in that regard*.

[Tr. of Proceedings, Sept. 14, 2017, at 27:11-20 (emphases added) (attached as Exhibit A)]. Magistrate Judge Epps later added that while he agreed with the Defendant's position that proceedings should be adversarial where possible, he was concerned about "violating the statute -- controlling statute," were he to allow adversarial proceedings under CIPA § 4 [*Id.* at 38:2-3]. At the conclusion of the hearing, Magistrate Judge Epps took the issues raised in the Defendant's objection under advisement.  Eight days later, on September 22, 2017, Magistrate Judge Epps issued a three-page written order [Doc. No. 94].  In his written order, the Magistrate Judge allowed the Government to proceed *ex parte* but denied the CIPA § 4 motion without prejudice, granting leave for the Government to re-file [*Id.*].[2]

---

[2] Magistrate Judge Epps found that the Government's CIPA § 4 Motion made requests that fell outside the scope of that provision, as the Government "request[ed] judicial findings that general categories of information are not discoverable" under Rule 16 of the Federal Rules of Criminal Procedure [Doc. No. 94].

5

Since the Magistrate Judge's ruling, the Government re-filed its CIPA § 4 Motion *ex parte*, without leave and without justification [Doc. No. 102]; accordingly, the problem has recurred.

IV.     Argument

    A.     **CIPA § 4 Affords Discretion Whether To Proceed *Ex Parte*.**

Magistrate Judge Epps erred in making any determination that CIPA § 4 does not afford courts discretion in whether to allow the Government to proceed *ex parte* in seeking to withhold information from the defense. The plain text of CIPA § 4 states "[t]he court may permit" the Government to make *ex parte* submissions for *in camera* review. 18 U.S.C. App. III § 4. Courts have recognized that, under this language, "holding [*ex parte*] proceedings is within the discretion of the court." *United States v. Hanna*, 661 F.3d 271, 294 (6th Cir. 2011) (in context of Rule 16); *see also United States v. Mejia*, 448 F.3d 436, 455 (D.C. Cir. 2006) (CIPA was intended to clarify court's existing powers under Rule 16). Yet, respectfully, Magistrate Judge Epps read this discretion out of the statute and incorrectly assumed that the Government is *entitled*, as a matter of right, to proceed *ex parte*. Had Congress intended to mandate *ex parte* proceedings under CIPA § 4, it knew how to do so—but it did not. *See, e.g.*, 50 U.S.C. § 1806(f) (mandating *ex parte* and *in camera* procedures with respect to FISA materials). To ignore Congress's use of the word "may" with respect to *ex parte* proceedings ignores the statutory text. *See Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564, 570 (1982) ("Our task is to give effect to the will of Congress, and where its will has been expressed in reasonably plain terms, 'that language must ordinarily be regarded as conclusive.'" (citation omitted)).

Moreover, *United States v. Campa*, 529 F.3d 980 (11th Cir. 2008), the case cited by Magistrate Judge Epps, is distinguishable. In *Campa*, the Eleventh Circuit Court of Appeals

reviewed the district court's decision to hold an *ex parte* hearing under CIPA for abuse of discretion. While the Eleventh Circuit found that the district court did not abuse its discretion by holding an *ex parte* hearing, the Eleventh Circuit did not hold that <u>all</u> proceedings under CIPA § 4 must exclude the Defendant and her counsel from participation. 529 F.3d at 994–96. Indeed, the Eleventh Circuit's review under an abuse of discretion standard confirms that allowing *ex parte* hearings under CIPA § 4 is within the court's discretion. The Defendant respectfully requests that this Court remand to the Magistrate Judge with an order that the Court has discretion whether to allow the Government to proceed *ex parte* for each attempted CIPA § 4 submission.

      **B.**    **The Court Should Require The Government To Justify In Each Instance Why It Proposes To Proceed *Ex Parte*.**

The Defendant also requested that the Magistrate Judge require a showing by the Government -- in each instance -- where it proposes to proceed *ex parte* under CIPA § 4. Defendant modeled this proposal on the procedure followed by the district court in *Libby*. The district court in *Libby* explained that "[w]here defense counsel has obtained security clearances, as here, courts have determined that the Government must 'justify, as part of any *ex parte* filing pursuant to Section 4, that an *ex parte* filing is *necessary*'" [Doc. No. 82 at p. 5 (citing *Libby*, 429 F. Supp. 2d at 25 (emphasis added)]. The district court in *Libby* required the Government to submit a "declaration or affidavit, executed by an intelligence community official with the requisite classification review authority" that explains: (1) "the reasons for the classification of the information at issue"; (2) "the potential harm to national security that could result from its disclosure"; and (3) "why the defense, based upon appropriate classification guidelines, does not have a 'need-to-know the information' in its unaltered form." *Libby*, 429 F. Supp. 2d at 25.

7

The Government therefore must show both that the national security would be harmed by allowing defense counsel who hold the requisite security clearances to view the relevant information, and that defense counsel who hold the requisite clearances do not "need-to-know" the information for purposes of advocating for their client in the case. *See id.* For instance, if the Government seeks to redact information classified at the "TOP SECRET" level, the Government must (among other things) explain both how the national security would be harmed by allowing defense counsel -- who hold TOP SECRET security clearances -- to view that information and why cleared counsel does not have a "need-to-know" the information in defense of their client. Given its disfavor in the law and the need to protect the Defendant's constitutional rights, requiring the Government to justify proceeding *ex parte* in each instance is of paramount import. *See United States v. Brown*, 5:14-CR-58, 2014 WL 1572553, at *3-4 (W.D.N.C. Apr. 18, 2014) (noting that courts must be diligent to ensure that the benefits of the traditional adversary process are not entirely foregone through CIPA, which can be aided by requiring that the government justify the necessity of proceeding *ex parte*).

While Magistrate Judge Epps rejected the argument that the possession of security clearances by defense counsel permits defense counsel the opportunity to participate in CIPA § 4 proceedings [Doc. No. 94 p. 2 (characterizing the Defendant's position as "argu[ing] the government should not be allowed to submit is § 4 motion *ex parte* because her counsel have security clearances or are in the process of obtaining them")], respectfully, Magistrate Judge Epps did not address the Defendant's argument that <u>some</u> justification should be necessary for the Government to proceed *ex parte*, especially when defense counsel have clearances [*See* Doc. No. 82 pp. 5–7]; *see also Brown*, 2014 WL 1572553, at *5 (noting that court would consider whether to require the government to file a brief justifying the need for proceeding *ex parte*

8

under CIPA). Indeed, this concept comports with the general notion that *ex parte* proceedings are disfavored. *See, e.g.*, *In re Paradyne Corp.*, 803 F.2d 604, 612 (11th Cir. 1986) ("*Ex parte* communications generally are disfavored because they conflict with a fundamental precept of our system of justice: a fair hearing requires a reasonable opportunity to know the claims of the opposing party and to meet them." (citation omitted)); *see also* FED. R. CRIM. P. 16, advisory committee notes (explaining that courts should "bear[] in mind that ex parte proceedings are disfavored and not to be encouraged"). The Defendant respectfully requests that this Court remand to the Magistrate Judge with an order requiring that the Government make a showing of necessity each time it desires to proceed *ex parte* under CIPA § 4.

      **C.     The Court Should Permit The Defense An Opportunity To Respond To The Government's Alleged Reasons For Proceeding *Ex Parte*.**

Magistrate Judge Epps also did not address whether the defense should have an opportunity to respond in some manner to the Government's assertion for why *ex parte* proceedings are justified. As explained in the Defendant's objection, the Defendant should have such an opportunity because *only the Defendant* can know what is helpful and relevant to the defense of the case [*See, e.g.*, Doc. No. 82 p. 6]; *United States v. Ahmad*, No. 3:04-CR-301, 2013 WL 1899792, at *1 (D. Conn. May 1, 2013) (ruling under Section 4 of CIPA and noting that the defendant was permitted to file opposition to government's motion to proceed *ex parte*); *see also Brown*, 2014 WL 1572553, at *5 (noting court would consider whether government brief to proceed *ex parte* should be served on defendants, which would allow defendants to challenge the need for *ex parte* proceedings given that the defendant is in the "best position" to know whether information would be helpful to him/her and that a court may not always be fully aware of the factual nuances of a case).

CIPA serves "to harmonize a defendant's right to obtain and present exculpatory material . . . and the government's right to protect classified material." *United States v. Rosen*, 487 F. Supp. 2d 703, 706 (E.D. Va. 2007).  With *ex parte* proceedings, the Defendant is left in the dark and left to rely upon the Government and the Court to protect her constitutional rights when the Court is making all-important determinations about restrictions on discovery.  That the Court found the Government made an improper request under CIPA § 4 here illustrates precisely why *ex parte* proceedings are problematic.  Because they are problematic, the interests of justice are served when the Court reaches a decision after having received briefing from both the Government and the Defendant on whether *ex parte* proceedings are necessary and appropriate.[3]

## V.     Conclusion

For the reasons articulated above, the Defendant requests that the Court consider the Magistrate Judge's September 22, 2017 Order, along with the parties' briefs underlying that Order, and enter an order that (1) holds that the Court has discretion whether to allow the Government to proceed *ex parte* under CIPA § 4 for each attempted submission; (2) requires the Government to seek leave before proceeding *ex parte* for each submission; (3) requires that the Government justify its desire to proceed *ex parte* for each submission; and (4) allows the defense to respond to the Government's stated reasons for proceeding *ex parte* in each instance.  Finally, the Defendant requests a hearing on this Objection, and that the Court grant such additional relief as may be warranted.

---

[3] Moreover, the Magistrate Judge did not consider one of the Defendant's alternative request for relief -- that her cleared counsel be permitted to participate in all CIPA § 4 proceedings, excluding the Defendant herself.  [*See* Doc. No. 83 at p. 6 n.1].

Respectfully submitted,

BY: */s/ Brett A. Switzer*
Joe D. Whitley (Bar No. 756150)
Admitted *Pro Hac Vice*
Brett A. Switzer (Bar No. 554141)
**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.**
3414 Peachtree Rd., NE Suite 1600
Atlanta, GA  30326
(404) 577-6000
JWhitley@bakerdonelson.com
BSwitzer@bakerdonelson.com

John C. Bell, Jr. (Bar No. 048600)
Titus T. Nichols (Bar No. 870662)
**BELL & BRIGHAM**
PO Box 1547
Augusta, GA  30903-1547
(706) 722-2014
John@bellbrigham.com
Titus@bellbrigham.com

Matthew S. Chester (La. Bar No. 36411)
Admitted *Pro Hac Vice*
**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.**
201 St. Charles Ave., Suite 3600
New Orleans, LA  70170
(504) 566-5200
MChester@bakerdonelson.com

Jill E. McCook (Tn. Bar No. 033813)
Admitted *Pro Hac Vice*
**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.**
265 Brookview Centre Way, Suite 600
Knoxville, TN  37919
(865) 549-7129
JMCook@bakerdonelson.com

Thomas H. Barnard (Az. Bar No. 27488)
Admitted *Pro Hac Vice*
**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.**
100 Light Street.

11

Baltimore, MD  21202  
(410) 685-1120  
TBarnard@bakerdonelson.com

**ATTORNEYS FOR DEFENDANT**
**REALITY LEIGH WINNER**

**CERTIFICATE OF SERVICE**

    I hereby certify that on October 6, 2017, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which sent notification of such filing to counsel of record for all parties.

<u>/s/ Brett A. Switzer</u>  
Brett A. Switzer