**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

UNITED STATES OF AMERICA                    :

           v.                            :  **CRIMINAL NO. PJM-05-0235**

KENNETH FORD, Jr.,                          :

      **Defendant**

              **...oooOooo...**

## FINAL JURY INSTRUCTIONS

## JURY INSTRUCTION NO. 1
### (Juror Attentiveness)

Ladies and gentlemen, you are about to enter your final duty, which is to decide the fact issues in the case.

Before you do that, I will instruct you on the law. Please pay close attention. I will go as slowly as I can and be as clear as possible.

I told you at the very start of the trial that your principal function during the taking of testimony would be to listen carefully and observe each witness who testified. It has been obvious to me and to counsel that you have faithfully discharged this duty. Your interest never flagged, and it is evident that you followed the testimony with close attention.

I ask you to give me that same careful attention, as I instruct you on the law.

## JURY INSTRUCTION NO. 2
### (Role of the Court)

You have now heard all of the evidence in the case and very shortly you will hear the final arguments of the lawyers for the parties.

My duty at this point is to instruct you as to the law. It is your duty to accept these instructions of law and apply them to the facts as you determine them, just as it has been my duty to preside over the trial and decide what testimony and evidence is relevant under the law for your consideration.

On these legal matters, you must take the law as I give it to you. If any attorney states a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

You should not single out any instruction as alone stating the law, but you should consider my instructions as a whole when you retire to deliberate in the jury room.

You should not, any of you, be concerned about the wisdom of any rule that I state. Regardless of any opinion that you may have as to what the law may be -- or ought to be -- it would violate your sworn duty to base a verdict upon any other review of the law than that which I give you.

## JURY INSTRUCTION NO. 3
### (Role of the Jury)

Your final role is to pass upon and decide the issues of fact that are in the case. You, the members of the jury, are the sole and exclusive judges of the facts. You pass upon the weight of the evidence; you determine the credibility of the witnesses; you resolve such conflicts as there may be in the testimony, and you draw whatever reasonable inferences you decide to draw from the facts as you have determined them.

I shall later discuss with you how to pass upon the credibility -- or believability -- of the witnesses.

In determining the facts, you must rely upon your own recollection of the evidence. What the lawyers say in their opening statements, in their closing arguments, in their objections, or in their questions is not evidence. In this connection, you should bear in mind that a question put to a witness is never evidence. It is only the answer which is evidence. Nor is anything I may have said during the trial or may say during these instructions with respect to a matter of fact to be taken in substitution for your own independent recollection. What I say is not evidence.

The evidence before you consists of the answers given by witnesses -- the testimony they gave, as you recall it -- and the exhibits that were received in evidence.

The evidence does not include questions. Only the answers are evidence. But you may not consider any answer that I directed you to disregard or that I directed struck from the record. Do not consider such answers.

You may also consider the stipulations of the parties as evidence.

Since you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be. The rulings I have made during the trial are not any

-4-

indication of my views of what your decision should be as to whether or not the guilt of the defendant has been proven beyond a reasonable doubt.

I also ask you to draw no inference from the fact that upon occasion I asked questions of certain witnesses. These questions were only intended for clarification or to expedite matters and certainly were not intended to suggest any opinions on my part as to the verdict you should render or whether any of the witnesses may have been more credible than any other witness. You are expressly to understand that the court has no opinion as to the verdict you should render in this case.

As to the facts, ladies and gentlemen, you are the exclusive judges. You are to perform the duty of finding the facts without bias, prejudice or sympathy as to any party.

## JURY INSTRUCTION NO. 4
### (Juror Obligations)

In determining the facts, the jury is reminded that before each member was accepted and sworn to act as a juror, he or she was asked questions concerning competency, qualifications, fairness and freedom from prejudice and bias.  On the faith of those answers, the juror was accepted by the parties. Therefore, those answers are as binding on each of the jurors now as they were then, and should remain so, until the jury is discharged from consideration of this case.

## JURY INSTRUCTION NO. 5
### (The Government as a Party)

You are to perform the duty of finding the facts without bias or prejudice as to any party. You are to perform your final duty in an attitude of complete fairness and impartiality.

This case is important to the government, for the enforcement of criminal laws is a matter of prime concern to the community. Equally, it is important to the defendant, who is charged with serious crimes.

The fact that the prosecution is brought in the name of the United States of America entitles the government to no greater consideration than that accorded to any other party to a litigation. By the same token, the government is entitled to no less consideration. All parties, whether government or individuals, stand as equals at the bar of justice.

## JURY INSTRUCTION NO. 6
### (Conduct of Counsel)

It is the duty of the attorney for each side of a case to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible.  Counsel also have the right and duty to ask the court to make rulings of law and to request conferences at the side bar out of the hearing of the jury.  All those questions of law must be decided by me, the court.  You should not show any prejudice against an attorney or his client because the attorney objected to the admissibility of evidence, or asked for a conference out of the hearing of the jury or asked the court for a ruling on the law.

As I already indicated, my rulings on the admissibility of evidence do not indicate any opinion about the weight or effect of such evidence.  You are the sole judges of the credibility of all witnesses and the weight and effect of all evidence.

## JURY INSTRUCTION NO. 7
### (Sympathy)

Under your oath as jurors you are not to be swayed by sympathy. You are to be guided solely by the evidence in this case, and the crucial, hard-core question that you must ask yourselves as you sift through the evidence is: Has the government proven the guilt of a defendant beyond a reasonable doubt?

It is for you alone to decide whether the government has proven that a defendant is guilty of the crimes charged solely on the basis of the evidence and subject to the law as I charge you. It must be clear to you that once you let fear or prejudice, or bias or sympathy interfere with your thinking there is a risk that you will not arrive at a true and just verdict.

If you have a reasonable doubt as to the defendant's guilt, you should not hesitate for any reason to find a verdict of acquittal. But on the other hand, if you should find that the government has met its burden of proving the defendant's guilt beyond a reasonable doubt, you should not hesitate because of sympathy or any other reason to render a verdict of guilty.

## JURY INSTRUCTION NO. 8
### (Improper Considerations)

Your verdict must be based solely upon the evidence developed at trial or the lack of evidence.

It would be improper for you to consider, in reaching your decision as to whether the government sustained its burden of proof, any personal feelings you may have about the defendant's race, religion, national origin, sex or age.  All persons are entitled to the presumption of innocence and the government has the burden of proof, as I will discuss in a moment.

It would be equally improper for you to allow any feelings you might have about the nature of the crime charged to interfere with your decision making process.

To repeat, your verdict must be based exclusively upon the evidence or the lack of evidence in the case.

## JURY INSTRUCTION NO. 9
### (Jury to Consider Only This Defendant)

You are about to be asked to decide whether or not the government has proven beyond a reasonable doubt the guilt of this defendant.  You are not being asked whether any other person has been proven guilty.  Your verdict should be based solely upon the evidence or lack of evidence as to this defendant, in accordance with my instructions and without regard to whether the guilt of other people has or has not been proven.

## JURY INSTRUCTION NO. 10
### (Punishment)

The question of possible punishment of the defendant is of no concern to the jury and should not, in any sense, enter into or influence your deliberations. The duty of imposing sentence rests exclusively with the court. Your function is to weigh the evidence in the case and determine whether or not the defendant is guilty beyond a reasonable doubt, solely upon the basis of such evidence. Under your oath as jurors, you cannot allow a consideration of the punishment which may be imposed upon the defendant, if he is convicted, to influence your verdict, in any way, or, in any sense, enter into your deliberations.

## JURY INSTRUCTION NO. 11
### (Your Recollection Prevails)

If any references by the court or by counsel to matters of testimony or exhibits that does not coincide with your own recollection of that evidence, it is your recollection which should control during your deliberations and not the statements of the court or of counsel.

You are the sole judges of the evidence received in this case.

## JURY INSTRUCTION NO. 12
### (Objections and Rulings)

It is the duty of the attorney on each side of a case to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible. You should not be prejudiced against an attorney or his or her client because the attorney has made objections.

Upon allowing testimony or other evidence to be introduced over the objection of an attorney, the court does not, unless expressly stated, indicate any opinion as to the weight or effect of such evidence.

When the court has sustained an objection to a question addressed to a witness, the jury must disregard the question entirely, and may draw no inference from the wording of it, or speculate as to what the witness would have said if he or she had been permitted to answer the question.

## JURY INSTRUCTION NO. 13
### (Testimony, Exhibits and Stipulations)

The evidence in this case consists of the sworn testimony of the witnesses, the exhibits received in evidence and stipulations.

Exhibits which have been marked for identification but not received may not be considered by you as evidence. Only those exhibits received may be considered as evidence.

Similarly, you are to disregard any testimony when I have ordered it to be stricken. As I indicated before, only the witnesses' answers are evidence and you are not to consider questions as evidence. Similarly, statements by counsel are not evidence.

You should consider the evidence in light of your own common sense and experience, and you may draw reasonable inferences from the evidence.

Anything you may have seen or heard about this case outside the courtroom is not evidence and must be entirely disregarded.

## JURY INSTRUCTION NO. 14
### (Multiple Counts -- One Defendant)

The Superseding Indictment consists of a total of two counts.  Each count charges the defendant with a different crime.  You must consider each count separately and return a separate verdict of guilty or not guilty for each.  Whether you find the defendant guilty or not guilty as to one offense should not affect your verdict as to any other offense charged.

## JURY INSTRUCTION NO. 15
### (Variance -- Dates)

You will note the Superseding Indictment charges that the offenses were committed "on or about" a certain date. The proof need not establish with certainty the exact date of the alleged offenses. It is sufficient if the evidence in this case establishes beyond a reasonable doubt that the offenses were committed on a date reasonably near the date alleged.

## JURY INSTRUCTION NO. 16
### (Knowingly)

You have been instructed that in order to sustain its burden of proof, the government must prove that the defendant acted knowingly.   In the course of my instructions, I will be using the term "knowingly" frequently.  When I use the term, I mean the following: a person acts knowingly if he acts intentionally and voluntarily, and not because of ignorance, mistake, accident or carelessness.  Whether the defendant acted knowingly may be proven by the defendant's conduct and by all the facts and circumstances surrounding the case.

## JURY INSTRUCTION NO. 17
### (Willfully)

I instruct you that in order to sustain its burden of proof the government must prove that the defendant acted willfully.  "Willfully" means to act with knowledge that one's conduct is unlawful and with the intent to do something the law forbids, that is to say with the bad purpose to disobey or to disregard the law.

The defendant's conduct was not "willful" if it was due to negligence, inadvertence, or mistake.

## JURY INSTRUCTION NO. 18
### (Presumption of Innocence -- Burden of Proof)

Although the defendant has been indicted, you must remember that an indictment is only an accusation. It is not evidence. The defendant has pled not guilty to that Superseding Indictment.

As a result of the defendant's plea of not guilty the burden is on the prosecution to prove guilt beyond a reasonable doubt. This burden never shifts to a defendant for the simple reason that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witness or producing any evidence.

The law presumes the defendant to be innocent of all the charges against him. I therefore instruct you that the defendant is to be presumed by you to be innocent throughout your deliberations until such time, if ever, you as a jury are satisfied that the government has proven him guilty beyond a reasonable doubt.

The defendant begins the trial here with a clean slate. The presumption of innocence alone is sufficient to acquit a defendant unless you as jurors are unanimously convinced beyond a reasonable doubt of his guilt, after a careful and impartial consideration of all of the evidence in this case. If the government fails to sustain its burden, you must find the defendant not guilty.

The presumption was with the defendant when the trial began and remains with him even now as I speak to you and will continue with the defendant into your deliberations unless and until you are convinced that the government has proven his guilt beyond a reasonable doubt.

### JURY INSTRUCTION NO. 19
**(Number of Witnesses and Uncontradicted Testimony)**

The fact that one party called more witnesses and introduced more evidence than the other does not mean that you should necessarily find the facts in favor of the side offering the most witnesses. By the same token, you do not have to accept the testimony of any witness who has not been contradicted or impeached, if you find the witness not to be credible. You also have to decide which witnesses to believe and which facts are true. To do this you must look at all the evidence. (After examining all the evidence, you may decide that the party calling the most witnesses has not persuaded you because you do not believe its witnesses, or because you believe the fewer witnesses called by the other side).

In a moment, I will discuss the criteria for evaluating credibility; for the moment, however, you should keep in mind that the burden of proof is always on the government and the defendant is not required to call any witnesses or offer any evidence, since he is presumed to be innocent.

## JURY INSTRUCTION NO. 20
### (Specific Investigative Techniques Not Required)

During the trial you have heard testimony of witnesses and argument by counsel that the government did not utilize specific investigative techniques. You may consider these facts in deciding whether the government has met its burden of proof, because as I told you, you should look to all of the evidence or lack of evidence in deciding whether the defendant is guilty. However, you also are instructed that there is no legal requirement that the government use any of these specific investigative techniques to prove its case. Law enforcement *techniques* are not your concern.

Your concern, as I have said, is to determine whether or not, on the evidence or lack of evidence, the defendant's guilt has been proved beyond a reasonable doubt.

## JURY INSTRUCTION NO. 21
### (Direct and Circumstantial Evidence)

There are two types of evidence which you may properly use in deciding whether a defendant is guilty or not guilty.

One type of evidence is called direct evidence. Direct evidence is where a witness testifies to what the witness saw, heard, or observed. In other words, when a witness testifies about what is known to the witness of the witness' own knowledge by virtue of his or her own senses -- what he or she sees, feels, touches or hears -- that is called direct evidence.

Circumstantial evidence is evidence which tends to prove a disputed fact by proof of other facts. There is a simple example of circumstantial evidence which is often used in this courthouse.

Assume that when you came into the courthouse this morning the sun was shining and it was a nice day. Assume that the courtroom blinds were drawn and you could not look outside.

As you were sitting here, someone walked in with an umbrella which was dripping wet. Somebody else then walked in with a raincoat which was also dripping wet.

Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining. So you have no direct evidence of that fact. But, on the combination of facts which I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence. You infer on the basis of reason and experience and common sense from an established fact the existence or the nonexistence of some other fact.

Circumstantial evidence is of no less value than direct evidence; for, it is a general rule that the law makes no distinction between direct and circumstantial evidence, but simply requires that before convicting a defendant, the jury must be satisfied of the defendant's guilt beyond a reasonable doubt from all of the evidence in the case.

## JURY INSTRUCTION NO. 22
### (Stipulation of Facts)

A stipulation is an agreement among the parties that a certain fact is true.  You must regard such

agreed facts as true.

## JURY INSTRUCTION NO. 23
### (Charts and Summaries Admitted as Evidence)

The government has presented exhibits in the form of charts and summaries.  I decided to admit these charts and summaries in place of the underlying documents that they represent in order to save time and avoid unnecessary inconvenience.  You should consider these charts and summaries as you would any other evidence.

### JURY INSTRUCTION NO. 24
#### (Charts and Summaries Not Admitted as Evidence)

The charts and summaries were shown to you in order to make the other evidence more meaningful and to aid you in considering the evidence. They are no better than the testimony or the documents upon which they are based, and are not themselves independent evidence. Therefore, you are to give no greater consideration to these schedules or summaries than you would give to the evidence upon which they are based.

It is for you to decide whether the charts, schedules or summaries correctly present the information contained in the testimony and in the exhibits on which they are based. You are entitled to consider the charts, schedules and summaries if you find that they are of assistance to you in analyzing the evidence and understanding the evidence.

### JURY INSTRUCTION NO. 25
**(Admission of Defendant)**

There has been evidence that the defendant made certain statements in which the government claims he admitted certain facts charged in the Superseding Indictment.

In deciding what weight to give the defendant's statements, you should first examine with great care whether each statement was made and whether, in fact, it was voluntarily and understandingly made.  I instruct you that you are to give the statements such weight as you feel they deserve in light of all of the evidence.

## JURY INSTRUCTION NO. 26
### (Improper Consideration of Defendant's Right Not to Testify)

The defendant did not testify in this case.  Under our Constitution, he has no obligation to testify or to present any other evidence because it is the prosecution's burden to prove the defendant guilty beyond a reasonable doubt.  That burden remains with the prosecution throughout the entire trial and never shifts to the defendant.  The defendant is never required to prove that he is innocent.

You may not attach any significance to the fact that the defendant did not testify.  No adverse inference against him may be drawn by you because he did not take the witness stand.  You may not consider this against the defendant in any way in your deliberations in the jury room.

## JURY INSTRUCTION NO. 27
### (Inference Defined)

I have mentioned that you may draw reasonable inferences from the evidence. An inference is not a suspicion or a guess. It is a reasoned, logical decision to conclude that a disputed fact exists on the basis of another fact which you know exists.

There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence. The government asks you to draw one set of inferences, while the defense asks you to draw another. It is for you, and you alone, to decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a deduction or conclusion which you, the jury, are permitted to draw -- but not required to draw -- from the facts which have been established by either direct or circumstantial evidence. In drawing inferences, you should exercise your common sense.

So, while you are considering the evidence presented to you, you are permitted to draw, from the facts which you find to be proven, such reasonable inferences as would be justified in light of your experience.

Here again, let me remind you that, whether based upon direct or circumstantial evidence, or upon the logical reasonable inferences drawn from such evidence, you must be satisfied of the guilt of the defendant beyond a reasonable doubt before you may convict.

## JURY INSTRUCTION NO. 28
### (Consciousness of Guilt from False Exculpatory Statement)

You have heard testimony that defendant Kenneth Ford made certain statements outside the courtroom in which the defendant claimed that his conduct was consistent with innocence and not with guilt. The government claims that these statements in which he exonerated or exculpated himself are false.

If you find that the defendant gave a false statement in order to divert suspicion from himself, you may, but are not required, to infer that the defendant believed that he was guilty. You may not, however, infer on the basis of this alone, that the defendant is in fact guilty of the crime for which he is charged.

Whether or not the evidence as to defendant's statements shows that the defendant believed that he was guilty and the significance, if any, to be attached to such evidence, are matters for you, the jury, to decide.

## JURY INSTRUCTION NO. 29
### (Knowledge, Willfulness, Intent)

Knowledge, willfulness and intent involve the state of a person's mind. Medical science has not yet devised an instrument which can record what was in one's mind in the distant past. Rarely is direct proof available to establish the state of one's mind. This may be inferred from what he says or does: his words, his actions, and his conduct, as of the time of the occurrence of certain events.

The intent with which an act is done is often more clearly and conclusively shown by the act itself, or by a series of acts, than by words or explanations of the act uttered long after the occurrence. Accordingly, intent, willfulness and knowledge are usually established by surrounding facts and circumstances as of the time the acts in question occurred, or the events took place, and the reasonable inferences to be drawn from them.

## JURY INSTRUCTION NO. 30
### (Proof of Motive Not Required)

Proof of motive is not a necessary element of the crimes with which the defendant is charged.

Proof of motive does not establish guilt, nor does want of proof of motive establish that a defendant is innocent.

If the guilt of a defendant is shown beyond a reasonable doubt, it is immaterial what the motive for the crime may be - or whether any motive be shown, but the presence or absence of motive is a circumstance which you may consider as bearing on the intent of a defendant.

## JURY INSTRUCTION NO. 31
### (Witness Credibility)

You have had an opportunity to observe all of the witnesses.  It is now your job to decide how believable each witness was in his or her testimony.  You are the sole judges of the credibility of each witness and of the importance of his or her testimony.

It must be clear to you by now that you are being called upon to resolve various factual issues under the counts of the Superseding Indictment, in the face of the very different pictures painted by the government and the defense which cannot be reconciled.  You will now have to decide where the truth lies, and an important part of that decision will involve making judgments about the testimony of the witnesses you have listened to and observed.  In making those judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence which may help you to decide the truth and the importance of each witness' testimony.

Your decision whether or not to believe a witness may depend on how the witness impressed you.  Was the witness candid, frank, and forthright?  Or, did the witness seem as if he or she was hiding something, being evasive or suspect in some way?  How did the way the witness testified on direct examination compare with the way the witness testified on cross-examination?  Was the witness consistent in his or her testimony or did the witness contradict himself or herself?  Did the witness appear to know what he or she was talking about and did the witness strike you as someone who was trying to report his or her knowledge accurately?

How much you choose to believe a witness may be influenced by the witness' bias.  Does the witness have a relationship with the government or the defendant which may affect the way he or she testified?  Does the witness have some incentive, loyalty or motive that might cause him or her to shade the truth; or does the witness have some bias, prejudice or hostility that may have caused the witness --

consciously or not -- to give you something other than a completely accurate account of the facts to which he or she testified?

Even if the witness was impartial, you should consider whether the witness had an opportunity to observe the facts he or she testified about and you should also consider the witness' ability to express himself or herself.  Ask yourself whether the witness' recollection of the facts stands up in the light of common experience and all the other evidence.

In other words, what you must try to do in deciding credibility is to size a person up in light of his or her demeanor and explanations given, and in light of all the other evidence in the case, just as you would in any important matter where you are trying to decide if a person is truthful, straightforward and accurate in his or her recollection.  In deciding the question of credibility, remember that you should use your common sense, your good judgment and your experience.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit such testimony.  Two or more persons witnessing an incident or a transaction may see or hear it differently; an innocent misrecollection, like a failure of recollection, is not an uncommon experience.  In weighing the effect of a discrepancy, always ask yourself whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

Sand, <u>Modern Federal Jury Instructions</u>, No. 7-1 (modified)

## JURY INSTRUCTION NO. 32
### (Opinion and Reputation)

The defendant has called witnesses who have testified to his good reputation in the community or to their opinion of his good character. This testimony is not to be taken by you as the witness's opinion as to whether the defendant is guilty or not guilty. That question is for you alone to determine. You should, however, consider this character evidence together with all other facts and all other evidence in the case in determining whether the defendant is guilty or not guilty of the charges.

Such character evidence alone may indicate to you that it is improbable that a person of good reputation would commit the offense charged. Accordingly, if, after considering the question of the defendant's good character, you find that a reasonable doubt has been created, you must acquit him of all the charges.

On the other hand, if, after considering all of the evidence, including that of the defendant's character, you are satisfied beyond a reasonable doubt that the defendant is guilty, you should not acquit the defendant merely because you believe him to be a person of good character.

## JURY INSTRUCTION NO. 33
### (Law Enforcement Witness)

You have heard the testimony of a law enforcement official.  The fact that a witness may be employed by the federal government as a law enforcement official does not mean that his testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

At the same time, it is quite legitimate for defense counsel to try to attack the credibility of a law enforcement witness on the grounds that his testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witness and to give to that testimony whatever weight, if any, you find it deserves.

## JURY INSTRUCTION NO. 34
### (Expert Witness Generally)

You have heard testimony from certain persons who were qualified as expert witnesses. An expert is allowed to express his or her opinion on those matters about which he or she has special knowledge and training. Expert testimony is presented to you on the theory that someone who is experienced in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing the expert's testimony, you may consider the expert's qualifications, his or her opinions, his or her reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness' testimony. You may give the expert testimony whatever weight, if any, you find it deserves in light of all the evidence in this case. You should not, however, accept this witness' testimony merely because he or she is an expert. Nor should you substitute it for your own reason, judgment, and common sense. The determination of the facts in this case rests solely with you.

## JURY INSTRUCTION NO. 35
### (Handwriting Expert)

Some of the evidence you have heard involves a factual issue about whether handwriting in question is that of the defendant. There has been testimony of a witness who claims special qualification in the field of handwriting identification and he was allowed to express his opinion on that issue.

The witness was allowed to express an opinion in order to help you decide whether it is the defendant's handwriting. You may therefore consider the witness' opinion in reaching your independent decision on this issue.

In weighing this opinion testimony, you may consider the witness' qualifications and opinions and his reasons for testifying, in addition to all of the other considerations that apply to ordinary witnesses whose credibility you must determine. You may give the opinion testimony such weight, if any, as you find it deserves in light of all the evidence. You should not permit the witness' testimony to be a substitute for applying your own reason, judgment and common sense. You may accept it or reject it, in whole or in part, as you believe best. The determination of the facts in this case rests solely with you.

## JURY INSTRUCTION NO. 36
### (Search Warrants)

You have also heard testimony in this case regarding evidence seized by the government during the execution of a search warrant.  You are hereby instructed that it is the responsibility of the court alone to determine the validity and legality of that search warrant, and the court has determined that the warrant in this case was valid and legal.  It is up to you to decide what significance, if any, the evidence seized may have in this case.

## JURY INSTRUCTION NO. 37
(Voluntariness of Confession)

A confession must be the expression of free choice.

Whether a confession was voluntary depends upon the totality of the circumstances, including the crucial element of police coercion, the length of the interrogation and its continuity, the defendant's maturity, education, physical condition, and mental health, and the failure of the police to advise the defendant of his rights to remain silent and to have counsel present during the custodial interrogation.

The prosecution bears the burden of providing that a confession to law enforcement authorities was made voluntarily.

## JURY INSTRUCTION NO. 38
### (The Superseding Indictment is Not Evidence)

With these preliminary instructions in mind, let us turn to the charges against the defendant, as contained in the Superseding Indictment. I remind you that an indictment itself is not evidence. It merely describes the charges made against the defendant. It is an accusation. It may not be considered by you as any evidence of the guilt of the defendant.

In reaching your determination of whether the government has proved the defendant guilty beyond a reasonable doubt, you may consider only the evidence introduced or lack of evidence.

The Superseding Indictment in this case contains two counts. You will have the Superseding Indictment with you in the jury room for your deliberations.

## JURY INSTRUCTION NO. 39
### (The Superseding Indictment and the Statute – Count One)

The defendant has been charged in the Superseding Indictment with knowingly and willfully retaining national defense information.

[Read Superseding Indictment]

The relevant statute on this subject is 18 U.S.C. § 793(e).  It provides:

(e)      Whoever having unauthorized possession of ... any document ... relating to the national defense, or information relating to the national defense which information the possessor has reason to believe could be used to the injury of the United States or to the advantage of any foreign nation, willfully communicates, delivers, transmits, or causes to be communicated, delivered, or transmitted, or attempts [thereto] ... the same to any person not entitled to receive it, or willfully retains the same and fails to deliver it to the office or employee of the United States entitled to receive it ...[commits a crime].

## JURY INSTRUCTION NO. 40
### (Purpose of the Statute)

Protection of the military secrets of the United States is crucial to the security of the United States and to its people.  Congress, therefore, has made it a crime to jeopardize the security of the United States by gathering, transmitting, delivering or retaining information pertinent to the national defense.

## JURY INSTRUCTION NO. 41
### (Elements of the Offense)

In order to prove the defendant under consideration guilty of Count One in the Superseding Indictment, the government must prove:

First, that on or about the date set forth in the Superseding Indictment, the defendant had unauthorized possession or control over documents relating to the national defense of the United States;

Second, that the defendant willfully retained the same documents and failed to deliver the documents to an officer and employee of the United States who is entitled to receive them.

## JURY INSTRUCTION NO. 42
### (First Element – Information Related to National Defense)

The first element the government must prove beyond a reasonable doubt is that the defendant had unauthorized possession of information that relates to the national defense.

For the purpose of Count One, the following definitions apply:

(1)    "Unauthorized possession" means possession of classified information by a person who does not hold a security clearance, by a person who holds a security clearance without the need to know, or by a person who holds a security clearance, has a need to know, but removed the classified information from the official premise without authorization.  A person has unauthorized possession of something if he is not entitled to have it.

(2)    "Need to know" means a determination made by an authorized holder of classified information that a prospective recipient requires access to specific classified information in order to perform or assist in a lawful and authorized government function.

(3)    "Possession" is a commonly used and commonly understood word.  Basically, it means the act of having or holding property – in this case, documents – or the detention of property in one's power or command.  Possession may mean actual physical possession or constructive possession.  A person has constructive possession of documents if he knows where it is and can get it at any time he wants, or otherwise can exercise control over it. Possession cannot be found solely on the grounds that the defendant was near or close to the documents.  Nor can it be found simply because the defendant was present at a scene where the documents were discovered, or solely because the defendant associated with a person who did control the documents when they were discovered.  However, these factors may be considered by you, in connection with all other evidence, in making you decision whether the defendant has unauthorized possession of the documents.

-45-

The term "relating to the national defense" is a broad term which refers to United States military and naval establishments and the related activities of national preparedness, and includes all matters that directly or may be reasonably connected with the defense of the United States against its enemies.  The parties have stipulated that that the information contained in the classified documents relates to the national defense.  I therefore instruct you to that this fact has been agreed to and you need not deliberate about it further.

In determining whether material is "closely held," you may consider whether it has been classified by appropriate authorities and whether it remained classified on the date or dates pertinent to the Superseding Indictment.

## JURY INSTRUCTION NO. 43
### (Second Element – Willful Retention)

The second element the government must prove beyond a reasonable doubt is that the defendant willfully retained the documents in question and failed to deliver them to an officer and employee of the United States authorized to receive them.

In deciding whether the defendant willfully retained the documents, you may consider all the evidence introduced at trial, including any evidence concerning the classification status of the documents or testimony concerning limitations on access to the documents or retention of them.

As I have instructed you already, an act is done willfully if it is done voluntarily and intentionally and with the specific intent to do something the law forbids, with a bad purpose either to disobey or disregard the law.

## JURY INSTRUCTION NO. 44
### (The Superseding Indictment and the Statute – Count Two)

The defendant has been charged in the Superseding Indictment with knowingly and willfully making false statements to the United States government.

[Read Superseding Indictment]

The relevant statute on this subject is 18 U.S.C. § 1001.  It provides:

> Whoever, in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully –
>
> (1) falsifies, conceals, or covers up by any trick, scheme or device a material fact; or
>
> (2) makes any materially false, fictitious, or fraudulent statement or representation; [shall be guilty of a crime].

## JURY INSTRUCTION NO. 45
### (Purpose of the Statute)

The purpose of section 1001 is to protect the authorized functions of the various governmental departments from any type of misleading or deceptive practice and from the adverse consequences which might result from such deceptive practices.

To establish a violation of section 1001, it is necessary for the government to prove essential elements – which I will soon describe for you – beyond a reasonable doubt.  However, I want to point out now that it is not necessary for the government to prove that the government agency was, in fact, misled as a result of the defendant's action.  It does not matter that the agency was not misled, or even that it knew of the misleading or deceptive act, should you find the act occurred. These circumstances would not excuse or justify a concealment undertaken, or a false, fictitious or fraudulent statement made, or a false writing or document submitted, willfully and knowingly about a matter within the jurisdiction of the government of the United States.

## JURY INSTRUCTION NO. 46
### (Elements of the Offense)

In order to prove the defendant under consideration guilty of the charges in the Superseding Indictment, the government must prove:

First, that on or about the date set forth in the Superseding Indictment, the defendant made a material statement or representation;

Second, the statement was false, fictitious or fraudulent;

Third, the false, fictitious or fraudulent statement was made knowingly and willfully; and,

Fourth, the statement or representation was made in a matter within the jurisdiction of the government of the United States.

## JURY INSTRUCTION NO. 47
### (First Element -- Statement or Representation)

The first element the government must prove beyond a reasonable doubt is that the defendant made a statement or representation. In this regard, the government need not prove that the defendant physically made or otherwise personally prepared the statement in question. It is sufficient if he caused the statement charged in the Superseding Indictment to have been made. Under this statute, there is no distinction between written and oral statements.

The government must also prove beyond a reasonable doubt that the statement or representation was material. A statement is material if it could have influenced the government agency's decisions or activities. However, proof of actual reliance on the statement by the government is not required.

## JURY INSTRUCTION NO. 48
### (Second Element – False, Fictitious or Fraudulent Statement)

The second element the government must prove beyond a reasonable doubt is that the statement was false, fictitious or fraudulent.  A statement is "false" or "fictitious" if it was untrue when made, and known at the time to be untrue by the person making it or causing it to be made.  A statement or representation is "fraudulent" if it was untrue when made and was made or caused to be made with the intent to deceive the government agency to which it was submitted.

## JURY INSTRUCTION NO. 49
### (Third Element – Knowing and Willful Conduct)

The third element the government must prove beyond a reasonable doubt is that the defendant acted knowingly and willfully.

As I have told you, an act is done knowingly if it is done purposely and voluntarily, as opposed to mistakenly or accidentally.

An act is done willfully if it is done with an intention to do something the law forbids, a bad purpose to disobey the law.

## JURY INSTRUCTION NO. 50
### (Good Faith)

Good faith is an absolute defense to Count Two of the Superseding Indictment. A statement made with a good faith belief in its accuracy does not amount to a false statement and is not a crime. This is so even if the statement is, in fact, erroneous.

The burden of establishing lack of good faith and criminal intent rests upon the prosecution. A defendant is under no burden to prove his good faith, rather, the prosecution must prove bad faith or knowledge of falsity beyond a reasonable doubt.

## JURY INSTRUCTION NO. 51
### (Fourth Element – Matter Within the Jurisdiction of the United States)

The final element the government must prove with respect to Count Two is that the statement or representation be made with regard to a matter within the jurisdiction of the government of the United States. The government here alleges that the defendant made the statement or representation on the Standard Form 86 (SF-86) to Lockheed Martin. The government is not required to prove that that the defendant actually knew that a federal agency was involved or which department the statement or representation would be submitted to, so long as he reasonably should have known this to be the case. In this case, there is evidence that the SF-86 was submitted to the Central Intelligence Agency (CIA), which I charge you is a department of the United States government.

There is no requirement that the document actually have been directed to or given to CIA, although in this case there is evidence that that was done. All that is necessary is that you find that the defendant reasonably should have known that the document was to be utilized in a matter within the jurisdiction of the government of the United States. To be within the jurisdiction of a department or agency of the United States government means that the statement must concern an authorized function of that department or agency.

## JURY INSTRUCTION NO. 52
### (Verdict -- Unanimous -- Duty to Deliberate)

The verdict must represent the considered judgment of each juror.  In order to return a verdict, it is necessary that each juror agree.  Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment.  Each of you must decide the case for himself or himself, but do so only after an impartial consideration of the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are not partisans.  You are judges -- judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

## JURY INSTRUCTION NO. 53
### (Foreperson -- Verdict Forms)

In my courtroom, juror no. 1 has been designated as the foreperson for the jury.  If you need to communicate with me, the foreperson will sign a note to me.

A form of verdict has been prepared for your convenience.  You will take this form to the jury room and, when you have reached unanimous agreement as to your verdict, you will have your foreperson fill it in, and then date and sign the form.  After you have done so, please advise the court, by sending a note through the Marshal, that you have reached a verdict.  When I receive that note, I shall have you return with your verdicts to the courtroom.

## JURY INSTRUCTION NO. 54
### (Communication With the Court)

If it becomes necessary during deliberations to communicate with the court, you may send a note by a Marshal, signed by your foreperson, or by one or more members of the jury. No member of the jury should communicate with the court by any means other than a signed writing, and the court will not communicate with any member of the jury on any subject touching on the merits of the case, otherwise than in writing, or orally here in open court.

You will note from the oath about to be taken by the Marshal that he, too, as well as all other persons, is forbidden to communicate in any way or manner with any member of the jury on any subject touching the merits of the case.

Bear in mind that you may not reveal to any person -- not even to the court -- how the jury stands, numerically or otherwise, on the question of the guilt or innocence of the accused, until after you have reached a unanimous verdict.