IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | *   CR 1:17-34 |
| v. | * |
| | * |
| REALITY LEIGH WINNER, | * |
| | * |
| Defendant. | * |
| | * |
| | * |
| | ******* |

# GOVERNMENT'S RESPONSE TO DEFENDANT'S OBJECTION TO MAGISTRATE JUDGE'S SEPTEMBER 22, 2017 ORDER

## I.    INTRODUCTION

On September 12, 2017, the Defendant filed an objection to the government proceeding *ex parte* under Section 4 of the Classified Information Procedures Act ("CIPA"), 18 U.S.C. App. III (Dkt. No. 82).  On September 14, 2017, Judge Brian K. Epps held a hearing on the Defendant's motion, and on September 22, 2017, Judge Epps, in accordance with well-established precedent, denied the Defendant's objection (Dkt. No. 94) (hereinafter, "the Epps Order").  As Judge Epps explained, allowing defense counsel, even if they hold security clearances, to participate in CIPA Section 4 proceedings would defeat the purpose of CIPA Section 4.  *See* Dkt. No. 94 (citing *United States v. Amawi*, 695 F.3d 457, 474 (6th Cir. 2012); *United States v. Campa*, 529 F.3d 980, 995 (11th Cir. 2008)).  The Defendant has now objected to the Epps Order (Dkt. No. 118).  In doing so, the Defendant has requested that the Court enter an Order that:

> (1) holds that the Court has discretion whether to allow the Government to proceed *ex parte* under CIPA § 4 for each attempted submission; (2) requires

1

>    the Government to seek leave before proceeding *ex parte* for each submission;
>    (3) requires that the Government justify its desire to proceed *ex parte* for each
>    submission; and (4) allows the defense to respond to the Government's stated
>    reasons for proceeding *ex parte* in each instance.

*Id.* at 1.

The Defendant has not cited a single case in which a court has afforded the relief she is seeking. Indeed, the case law—consistent with the plain language of CIPA Section 4—clearly supports the government's ability to proceed *ex parte*. For the reasons stated in the Epps Order, and for the reasons below, this Court should overrule the Defendant's objection.[1]

## II.   DISCUSSION

### A. As Judge Epps Correctly Found, Statutes and Case Law Specifically Provide for *Ex Parte* Proceedings Under CIPA Section 4

Although CIPA does not require the government to proceed *ex parte*, the statute and case law specifically provide for *ex parte* proceedings. Specifically, CIPA Section 4 provides, *inter alia*:

>    The court may permit the United States to make a request for [relief from
>    discovery] in the form of a written statement to be inspected by the *court alone*.
>    If the court enters an order granting relief following such an ex parte showing, the
>    entire text of the statement of the United States shall be sealed and preserved in
>    the records of the court to be made available to the appellate court in the event of
>    an appeal.

18 U.S.C. App. III at § 4 (emphasis added).

---

[1] The Defendant has also filed an objection to the government's Second *Ex Parte*, *In Camera*, Under Seal Motion for a Protective Order Pursuant to CIPA § 4 and Fed. R. Crim. P. 16(d)(1) (Dkt. No. 119). The Defendant's objection to this filing should be overruled for the same reasons.

2

The Defendant quotes selectively from the transcript and from the Epps Order to claim that Judge Epps erroneously found that CIPA Section 4 *required* him to allow the government to proceed *ex parte*. A fair reading of the Court's Order, however, makes it clear that Judge Epps committed no such error, and that he concluded that it would be appropriate for the government, consistent with the statute, to file a narrower CIPA Section 4 motion *ex parte* in *this case*. *See* Dkt. No. 94 at 2 (stating that CIPA "allows," not requires, "the government to make its request [under CIPA Section 4] in an *ex parte* submission to the Court"); *id.* (describing the scope of "*ex parte* filings authorized," rather than required, "by § 4 of CIPA"); *id.* (rejecting Defendant's argument that defense counsel's security clearances undermined the government's ability to proceed *ex parte*).[2]

The Epps Order also is consistent with the purpose of CIPA, which is "to protect classified information from unnecessary disclosure at any stage of a criminal trial." *United States v. O'Hara,* 301 F.3d 563, 568 (7th Cir. 2002). Congress was intent on creating a mechanism in CIPA for the government to move *ex parte* and *in camera* for permission to restrict discovery of classified information. CIPA Section 4 was enacted "'to clarify [] the court's powers under Federal Rule of Criminal Procedure 16(d)(l) . . . because some judges have been reluctant to use their authority under the rule." S. Rep. No. 96-823, at 6 (1980), as reprinted in 1980 U.S.C.C.A.N. 4294, 4299-4300.

CIPA's legislative history makes clear that Congress viewed the *ex parte* nature of the proceeding to be important, and that the relief sought by the Defendant would be completely

---

[2] As the Defendant's brief notes, Judge Epps provided the Defendant an opportunity to file an *ex parte* submission of her theories of the defense. The Defendant did so on October 5, 2017. *See* Dkt. No. 117.

3

contrary to congressional intent.  Specifically, "since the government is seeking to withhold classified information from the defendant, an adversary hearing with defense knowledge would defeat the very purpose of the discovery rules."  H.R. Rep. No. 96-831, at 27 n.22 (1980).  The same is true with respect to Rule 16(d)(l): "it would defeat the purpose of the protective order if the government were required to make its showing in open court.  The problem arises in its most extreme form where matters of national security are involved."  Rule 16 Advisory Committee Notes, 1966 Amendments, Subdivision (e).

Rule 16 similarly contemplates *ex parte*, *in camera* proceedings.  *See United States v. Mejia,* 448 F.3d 436, 455-58 (D.C. Cir. 2006) (conducting an *ex parte*, *in camera* review of classified material under CIPA § 4 and Rule 16(d)).  Federal Rule of Criminal Procedure 16(d)(l) provides that "[a]t any time, the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief," and that "[t]he court may permit a party to show good cause by a written statement that the court will *inspect ex parte*."  Fed. R. Crim. P. 16(d)(l) (emphasis added); *see also United States v. Innamorati*, 996 F.2d 456, 487 (1st Cir. 1993) ("[Rule] 16(d)(l) expressly authorizes the court to deny discovery of information sought by a defendant based on an *ex parte* showing by the government of the need for confidentiality."). According to the Advisory Committee Notes, "[a]mong the considerations to be taken into account" when deciding a motion under Rule 16(d)(1) is "the protection of information vital to the national security."  Rule 16 Advisory Committee Notes, 1966 Amendments, Subdivision (e).

Courts have consistently upheld the submission of *ex parte*, *in camera* motions under Rule 16(d)(l) and CIPA Section 4.  *See Campa*, 529 F.3d at 995; *Amawi*, 695 F.3d at 472 ("[E]very court that has considered this issue has held that CIPA permits ex parte hearings.");

4

*Mejia*, 448 F.3d at 457-58 (approving CIPA Section 4 *ex parte* hearing); *O'Hara*, 301 F.3d at 568-69 (district court properly conducted *ex parte*, *in camera* review to determine whether classified information was discoverable); *United States v. Klimavicius-Viloria*, 144 F.3d 1249, 1261-62 (9th Cir. 1998) ("In a case involving classified documents, however, *ex parte*, in camera hearings in which government counsel participates to the exclusion of defense counsel are part of the process that the district court may use in order to decide the relevancy of the information."); *United States v. Yunis,* 867 F.2d 617, 620 (D.C. Cir. 1989); *United States v. Sarkissian*, 841 F.2d 959, 965 (9th Cir. 1988); *United States v. Pringle*, 751 F.2d 419, 427-28 (1st Cir. 1984), *vacated and remanded on other grounds sub nom. United States v. McAfee*, 479 U.S. 805 (1986); *United States v. Pelton*, 578 F.2d 701, 707 (8th Cir. 1978) (*ex parte*, *in camera* proceedings appropriate under Rule 16(d)(1) where prosecutors were concerned about safety of individuals if certain tapes were disclosed to defense); *United States v. Abu-Jihaad*, 2007 WL 2972623, at *1 (D. Conn. Oct. 11, 2007); *United States v. Rahman*, 870 F. Supp. 47, 49, 53 (S.D.N.Y. 1994); *see also United States v. Daoud*, 755 F.3d 479, 484-85 (7th Cir. 2014) (finding that defense counsel's possession of security clearances did not obviate need to have *ex parte, in camera* review of classified materials to determine whether disclosure would harm national security).

In addition, courts have recognized that although Rule 16(d)(1) and CIPA Section 4 speak only of the government submitting a written statement, "*ex parte, in camera* hearings in which the government counsel participates to the exclusion of defense counsel are part of the process that the district court may use," particularly "if the court has questions about the confidential nature of the information or its relevancy." *Klimavicius-Viloria*, 144 F.3d at 1261; *see also Mejia*, 448 F.3d at 457; *United States v. Libby*, 429 F. Supp. 2d 18, 24-25 (D.D.C. 2006)

(hereinafter, "*Libby I*").  Accordingly, the Epps Order is consistent with well-established precedent.

### B. Contrary to the Defendant's Arguments, the Government Does Not Need To Make Any Particular Showing, Nor Seek Leave of the Court, Before Proceeding *Ex Parte*

The Defendant's arguments that the government must provide justification and seek leave from the Court prior to filing *ex parte* submissions pursuant to CIPA Section 4 are entirely without support.  CIPA Section 4 requires no particular showing by the government before the Court may grant a request to proceed *ex parte* and *in camera*.  *See United States v. Kim*, No. 1:10-cr-225-CKK (D.D.C.), Dkt. No. 92 at 2 (finding no support in Section 4 or case law for the proposition that the government must make a substantial showing to proceed *ex parte* under Section 4 and noting that the same decision was reached in *Libby*); *cf. United States v. Libby*, 429 F. Supp. 2d 46, 48 (D.D.C. 2006) (hereinafter, "*Libby II*") (clarifying court's earlier opinion on *ex parte* filings and holding that "the Court cannot preemptively constrain the government in any manner from making filings it deems appropriate, necessary, and permissible under Section 4"); *United States v. Ahmad*, 2013 WL 1899792, at *2 (D. Conn. May 1, 2013) ("in *United States v. Libby*. . . , the court said explicitly that there is no requirement under CIPA to show exceptional circumstances before proceeding *ex parte*." (citation omitted)).  Nonetheless, the government's *ex parte* filing under CIPA Section 4 contains information supporting the *ex parte* nature of the filing.

The Defendant also argues that because members of the defense team hold security clearances, the government must provide additional justification for proceeding *ex parte*.  Dkt. No. 118 at 8.  This argument is based on a fundamental misunderstanding of the requirements

6

governing dissemination of classified information.  A security clearance does not entitle a person to receive any and all classified information; rather, an individual must also have a "need to know" in order to lawfully possess classified information.  *See* Exec. Order 13526 §§ 4.1(a), 6.1(dd).  In *Daoud*, for example, the Seventh Circuit criticized the district court's misplaced emphasis on defense counsel's security clearances when determining whether information was discoverable:

> She seems to have thought that any concerns about disclosure were dissolved by defense counsel's security clearances.  She said that "the government had no meaningful response to the argument by defense counsel that the supposed national security interest at stake is not implicated where defense counsel has the necessary security clearances"—as if disclosing state secrets to cleared lawyers could not harm national security.  Not true.  Though it is certainly highly unlikely that Daoud's lawyers would, Snowden-like, publicize classified information in violation of federal law, they might in their zeal to defend their client, to whom they owe a duty of candid communication, or misremembering what is classified and what not, inadvertently say things that would provide clues to classified material. . . .
>
> It's also a mistake to think that simple possession of a security clearance automatically entitles its possessor to access to classified information that he is cleared to see.  (The levels of classification differ; someone cleared for Secret information is not entitled to access to Top Secret information.)  There are too many leaks of classified information—too much carelessness and irresponsibility in the handling of such information—to allow automatic access to holders of the applicable security clearances. . . . Like the Fifth Circuit in *United States v. El–Mezain*, 664 F.3d 467, 568 (5th Cir. 2011), "we are unpersuaded by the defendants' argument that the Government's interest [in confidentiality] is diminished because defense counsel possess security clearance to review classified material."
>
> So in addition to having the requisite clearance the seeker must convince the holder of the information of the seeker's need to know it.

755 F.3d at 484; *see also El-Mezain*, 664 F.3d at 568; *United States v. Ott*, 827 F.2d 473, 477 (9th Cir. 1987) ("Congress has a legitimate interest in authorizing the Attorney General to invoke

7

procedures designed to ensure that sensitive security information is not unnecessarily disseminated to *anyone* not involved in the surveillance operation in question, whether or not she happens for unrelated reasons to enjoy security clearance."); *cf. Libby II*, 429 F. Supp. 2d at 48; *Ahmad*, No. 3:04-CR-301, 2013 WL 1899792, at *3 ("[T]he *Libby* court did not create an obligatory test that must be performed whenever a member of the defense team holds a security clearance."). Accordingly, this Court should not require the government to seek leave or provide advance justification prior to filing *ex parte* under CIPA Section 4.

### C. The Defense Is Not Entitled To Review or Respond to the Government's Reasons for Proceeding *Ex Parte*

Despite the clear statutory and precedential basis for *ex parte* review of this specific type of pleading, the Defendant repeatedly argues that the Court should require the government to provide a public justification to support the *ex parte* filing of its CIPA Section 4 motion, and allow the defense an opportunity to respond. The law requires no such public justification or adversarial proceeding to allow the defense to challenge the justification.[3] Indeed, "[i]f the Government's need for an *ex parte* motion under Section 4 is meritorious, it would defeat the purpose of an *ex parte* motion to require the Government to disclose its reasons to the Defendant." *Kim*, No. 1:10-cr-225, Dkt. No. 92 at 2; *see Campa*, 529 F.3d at 995 ("The right that section four confers on the government would be illusory if defense counsel were allowed to participate in section four proceedings because defense counsel would be able to see the

---

[3] The Defendant's arguments about "general disfavor" towards *ex parte* proceedings are unpersuasive. *See* Dkt. No. 118 at 2, 9. The drafters of CIPA were aware of this "general disfavor" when they crafted the language in Section 4 specifically allowing for *ex parte* submissions; otherwise, no such language would be necessary. As set forth above, courts have consistently upheld the submission of *ex parte*, *in camera* filings under Rule 16(d)(l) and CIPA Section 4.

8

information that the government asks the district court to keep from defense counsel's view."); *Sarkissian*, 841 F.2d at 965-66 ("Nowhere does CIPA require the government to file a public claim of privilege before making an *in camera ex parte* submission.").

Moreover, the cases cited by the Defendant—*Libby I*, *Brown*, and *Ahmad*—do not support her argument. Indeed, the court clearly rejected her argument in *Libby I*. 429 F. Supp. 2d at 24 ("The Court declines to adopt the defendant's position that he must first have the opportunity to litigate whether the government has established exceptional circumstances before the government can submit to the Court *ex parte* filings pursuant to Section 4. There is simply no requirement for such a showing in the CIPA, and this Court cannot not [sic] judicially require it."); *Libby II*, 429 F. Supp. 2d at 48 (making clear that the court, itself, would review the *ex parte* filing to determine whether it should be served on the defense); *see also United States v. Brown*, No. 5:14-CR-58 (E.D.N.C.) at Dkt. No. 52 (setting scheduling order providing that the government's CIPA Section 4 motion would be filed *ex parte*, without requiring the government to provide any public justification for proceeding *ex parte*); *Ahmad*, No. 3:04-CR-301, 2013 WL 1899792, at *2 (finding that the government's motion pursuant to CIPA § 4 and Fed. R. Crim. P. 16(d)(1) was properly filed *in camera* and *ex parte*).

Finally, as noted above, in addition to describing the legal authority for proceeding *ex parte* in its public filings, the government has also in its Section 4 filing set forth the case-specific reasons for proceeding *ex parte*. Forcing the government to disclose these case-specific reasons on the public docket or to defense counsel would, as the *Campa* court said, render "illusory" the government's rights under CIPA Section 4. 529 F.3d at 995.

### III.     CONCLUSION

The Defendant has provided no authority whatsoever to support the relief she seeks, whereas the statutory language, legislative history, and case law all firmly support the government's ability to make *ex parte*, *in camera* filings under CIPA Section 4 and Rule 16(d)(1).  For the reasons stated herein, as well as the reasons provided in both the government's CIPA Section 4 motion and the Epps Order, the Court should permit the government's CIPA Section 4 motion to be filed *ex parte* and *in camera*, and the Court should deny the relief sought by the Defendant.

Respectfully submitted,

R. BRIAN TANNER
ACTING UNITED STATES ATTORNEY

*//s// Jennifer G. Solari*

Jennifer G. Solari
Assistant United States Attorney


*//s// David C. Aaron*

David C. Aaron
Trial Attorney
U. S. Department of Justice
National Security Division

*//s// Julie Edelstein*

Julie A. Edelstein
Trial Attorney
U. S. Department of Justice
National Security Division

## **CERTIFICATE OF SERVICE**

This is to certify that I have on this day served all the parties in this case in accordance with the notice of electronic filing ("NEF") which was generated as a result of electronic filing in this Court.

This 13th day of October 2017.

                                        R. BRIAN TANNER
                                        ACTING UNITED STATES ATTORNEY

                                        ***//s// Julie A. Edelstein***

                                        Julie A. Edelstein
                                        Trial Attorney

600 E Street, N.W.
Washington, D.C. 20004
(202) 233-2260