UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| VERSUS | * | NO. 1:17-CR-0034 |
| | * | |
| REALITY LEIGH WINNER | * | |
| | * | |
| * * * * * * * * * * * * * * * * * | * | |

**DEFENDANT'S REPLY BRIEF REGARDING
OBJECTION TO MAGISTRATE JUDGE'S SEPTEMBER 22, 2017 ORDER
[DOC. NO. 94] AND REQUEST FOR A HEARING**

NOW INTO COURT, through undersigned counsel, comes Defendant Reality Leigh Winner ("Ms. Winner" or the "Defendant"), and pursuant to Local Rule 7.6, Federal Rule of Criminal Procedure 59(a), and 18 U.S.C. § 636(b), who respectfully files her reply brief in further support of Defendant's Objection to Magistrate Judge's September 22, 2017 Order [Doc. No. 94] and Request for Hearing [Doc. No. 118] (the "Objection").

**I.     Introduction**

As briefed in Ms. Winner's Objection, the September 22, 2017 order of Magistrate Judge Epps [Doc. 94] is flawed on four separate fronts: (a) the magistrate judge appears to have wrongly concluded he did not have discretion to determine whether the Government may proceed *ex parte* in connection with CIPA discovery issues; (b) the magistrate judge did not, apparently, require the Government to make *any* showing to justify its extraordinary request to proceed *ex parte*; (c) the magistrate judge made no determination that the showing the Government claims to have made in proceeding *ex parte* was sufficient to proceed with that extraordinary request; and (d) the magistrate judge failed to require the Government to make a justification to proceed *ex parte* for each submission (but instead, appears to have allowed the

1

Government to proceed *ex parte* in a collective fashion). Any one of these four grounds are sufficient to reconsider and modify or set aside the magistrate judge's September 22, 2017 order.

In response to Ms. Winner's Objection, the Government asserts that (a) the magistrate judge *did* understand he had discretion to determine whether to permit the Government to proceed *ex parte*; (b) the Government is *not* required to make *any* showing for its extraordinary request; and (c) in any event, the Government here has made a showing justifying its request to proceed *ex parte*. As set forth in more detail below, based on the language of Magistrate Judge Epps's September 22, 2017 order, and the transcript of the September 14, 2017 hearing, the Government is simply incorrect. Accordingly, as set forth in the Objection, Ms. Winner requests that the Court consider her timely objection and modify or set aside certain parts of the order entered by Magistrate Judge Epps. Ms. Winner also requests a hearing in connection with this appeal.

## II.     Argument and Authorities

### A.     Magistrate Judge Epps Held That the Court Has No Discretion In Determining Whether The Government Is Permitted To Proceed *Ex Parte*.

As set forth in the Objection, the plain text of CIPA § 4 is permissive, <u>not</u> mandatory [Doc. No. 118 Part IV.A.]. Specifically, CIPA § 4 ("Discovery of Classified Information by Defendants") provides:

> The court, **upon a sufficient showing**, **may authorize** the United States to delete specified items of classified information from documents to be made available to the defendant through discovery under the Federal Rules of Criminal Procedure, to substitute a summary of the information for such classified documents, or to substitute a statement admitting relevant facts that the classified information would tend to prove. The court **may permit** the United States to make a request for such authorization in the form of a written statement to be inspected by the court alone. **If the court enters an order granting relief following such an *ex parte* showing**, the entire text of the statement of the United States shall be sealed and preserved in the records of the court to be made available to the appellate court in the event of an appeal.

18 U.S.C. App. III at § 4 (emphasis added). In other words, the plain language of the statute gives the Court discretion to determine whether the Government *may* proceed *ex parte*.

Based on the language of the September 22, 2017 order, and the transcript of proceedings from September 14, 2017, it appears that Magistrate Judge Epps held that the Court had no discretion to determine whether the Government may proceed *ex parte*. To explain, at the September 14, 2017, Magistrate Judge Epps expressed his belief that CIPA did not afford the Court discretion to deny the Government the ability to proceed *ex parte* [Doc. 118 p. 5 (citing Tr. of Proceedings, Sept. 14, 2017, at 27:11–20 (stating that, while "we do everything we can here to avoid ex-parte proceedings," the Court also does "everything we can to follow the directions and instructions from Congress and that's my primary concern here . . . . I think Section 4 is pretty clear in that regard."))]. What Magistrate Judge Epps apparently thought was "pretty clear" was that he had *no* discretion in determining whether the Government may proceed *ex parte* because, in the September 22, 2017 Order, there is *no mention* of the Court exercising its discretion to permit the Government to proceed with its extraordinary request. [*See* Doc. 94]. Indeed, the word "discretion" appears nowhere in the September 22, 2017 order. Magistrate Judge Epps simply states that CIPA "allows the government to make its [CIPA § 4] request in an *ex parte* submission to the Court" [*Id.* at 2]. While the Government argues the use of the word "allows" in the aforementioned quote by Magistrate Judge Epps indicates he did understand the discretionary nature of CIPA [Doc. 123 p. 3], such an argument is unconvincing in light of his statements at the September 14, 2017 hearing (including the one noted above), and his lack of the use of the word "discretion" in the September 22, 2017 order. Moreover, the singular word "allows" is just as consistent with the wrong view the Government is *entitled* to proceed *ex parte* (as opposed to the statutory language reflecting that the Government *may* proceed *ex parte*).

For this reason alone, Ms. Winner respectfully requests that the Court reconsider the magistrate judge's order and articulate the appropriate standard, which is discretionary under the plain language of the statute and interpreting case law [S*ee* Doc. 118 at Part IV.A. (citing *United States v. Hanna*, 661 F.3d 271, 294 (6th Cir. 2011); *United States v. Mejia*, 448 F.3d 436, 455 (D.C. Cir. 2006)].

### B. The Court Should Exercise Its Discretion to Require The Government To Justify Its Request To Proceed *Ex Parte*.

There is no ambiguity that Magistrate Judge Epps's September 22, 2017 order fails address the Ms. Winner's argument that the Government should be required to justify its extraordinary request to proceed *ex parte*. While the Government argues that no such showing is necessary [Doc. 123 pp. 6–8], to the contrary, such a showing is consistent with well-established case law holding that *ex parte* proceedings are heavily disfavored [Doc. 118 p. 9 (citing *In re Paradyne Corp.*, 803 F.2d 604, 612 (11th Cir. 1986) & Fed. R. Crim. P. 16, advisory committee notes)], and prior Espionage Act authority, which require *some* justification be made before allowing the Government to proceed *ex parte*. While the Government may be correct in asserting that the statutory language of CIPA § 4 does not explicitly define the showing the Government must make in order to proceed *ex parte* or to obtain CIPA § 4 relief, *see* 18 U.S.C. App. III § 4, as previously briefed in the Objection, the plain language of the statute and the interpreting case law make clear that proper justification is of paramount import [*See id.* at 8 (*citing United States v. Brown*, 5:14-CR-58, 2014 WL 1572553 (E.D.N.C. Apr. 18, 2014); *United States v. Libby*, 429 F. Supp. 2d 18 (D.D.C. 2006))]. Magistrate Judge Epps's order failed to articulate *any* standard or set forth *any* showing the Government must make to proceed *ex parte*. Accordingly, the magistrate judge's order should be revised to articulate the threshold

justification the Court will require before determining whether the Government is permitted to proceed *ex parte*.

Further, and more particularly, Ms. Winner submits that the Court should exercise its discretion to adopt an approach supported by applicable authority. A good example of such discretion is the approach adopted by the District Court for the District of Columbia in *Libby*. *See Libby*, 429 F. Supp. 2d at 25. In that case, the court "require[d] the government to justify, as part of any *ex parte* filing pursuant Section 4, that an *ex parte* filing is necessary." *Id.* The court explained:

> This submission must necessarily include a declaration or affidavit, executed by an intelligence community official with the requisite classification review authority, which (1) describes the reasons for the classification of the information at issue, (2) sets forth the potential harm to national security that could result from its disclosure, and (3) explains why the defense, based upon appropriate classification guidelines, does not have a 'need-to-know the information' in its unaltered form. This showing must detail why the classified documents the government is producing *ex parte* are of a nature and quality distinguishable from the classified documents already produced to the defendant. Upon receipt of such a filing, the Court will review it and determine whether the filing should remain *ex parte*, or whether all or some portion of it should be provided to the defendant.

*Id.* (internal citations and footnote omitted). This approach—or one like it—is supported by the plain language of the statute and the case law interpreting it and should, therefore, be adopted by this Court to the extent it exercises its discretion in permitting the Government's extraordinary request to proceed *ex parte*.

### C.   The Court Should Require That The Government's Showing Be Sufficient To Justify Its Request To Proceed *Ex Parte*.

Separate and apart from the requiring that *some* showing must be made by the Government to proceed *ex parte*, the Court should also require that the showing by the Government be sufficient to justify its extraordinary request. In other words, given the disfavor toward *ex parte* proceedings, it is not enough that the Court require some showing by the

Government to proceed *ex parte*; rather, whatever evidence is proffered by the Government must be so compelling and particularized to the document at issue that it warrants Ms. Winner's exclusion—as the Government has requested—from viewing the totality of that document. Because Magistrate Judge Epps apparently held that *no* showing by the Government was required to proceed *ex parte*, the September 22, 2017 order did not lay out the parameters of *type* of showing required.[1]

In this regard, as previously briefed, the Court should (and has the discretion to) consider less-restrictive alternatives in connection with the Government's request to proceed *ex parte*, such as permitting the participation, in some fashion, by Ms. Winner or her counsel in such proceedings. *See, e.g.*, *Brown,* 2014 WL 1572553, at *3–4 (opining that "the court's decision-making . . . may be enhanced if cleared defense counsel are involved in some adversary proceeding with the government"). While the Government erroneously asserts that Ms. Winner seeks to "require the government to provide a *public* justification to support the *ex parte* filing of its CIPA Section 4 motion," [Doc. 123 p. 8 (emphasis added)], Ms. Winner seeks no such thing. Ms. Winner requests only that there be *adversarial* proceedings, not that those proceedings be public or that the Government be required to make a public filing stating its justification. Such an approach is supported by the case law. *See, e.g.*, *Brown*, 2014 WL 1572553, at *3–4 (noting that Courts must be diligent to ensure that the benefits of a traditional adversarial process are not entirely foregone through CIPA). Moreover, the defense's participation only makes sense because, as courts have held, *only* the defendant can know what is helpful and relevant to the

---

[1] While the Government asserts that it did lay out "case-specific reasons for proceeding *ex parte*" in connection with its CIPA Section 4 request [Doc. 123 p. 9], the defense—who have multiple counsel with security clearances and who are in the best position to protect the Defendant's rights—was not made privy to such this alleged showing. In any event, even if the Government made a showing to justify its request on that occasion, the September 22, 2017 order did not reflect any weighing by the Court of that showing (against the rights of the Defendant) in exercising the Court's discretion as to whether that showing was sufficient to justify the Government's request.

defense of her case. *See United States v. Ahmad*, No. 3:04-CR-301, 2013 WL 1899792, at *1 (D. Conn. May 1, 2013); *see also Brown*, 2014 WL 1572553, at *5.

CIPA's legislative history explains that "the defendant should not stand in a worse position, because of the fact that classified information is involved, than [s]he would without [CIPA,]" and further, that any "substitution of a statement admitting relevant facts or of a summary or portion of the specific classified information is crafted so that the Government obtains no unfair advantage in the trial." *See* S. Rep. No. 96-823, p. 9 (1980). Accordingly, an adversarial approach supports the important interests of justice by enabling the Court to make appropriately and fully informed decisions with the interests of all parties in mind (i.e., not just the Government). For example, if Ms. Winner's interests are not heard (at a minimum through counsel outside her presence), it will be nearly impossible for the Court to understand all of the potential implications of any potential CIPA § 4 ruling on Ms. Winner's constitutionally protected rights in this extremely complicated litigation involving "undoubtedly the most confusing and complex of all the federal espionage statutes." *See* Harold Edgar & Benno C. Schmidt, Jr., *The Espionage Statutes & Pub. of Def. Info.*, 73 Colum. L. Rev. 929, 998 (1973) (providing a comprehensive analysis of various issues undermining the law); *see also United States v. Rosen*, 445 F. Supp. 2d 602 (E.D. Va. 2006).[2] At a minimum, and while Ms. Winner

---

[2] Consider, for example, the tension between what constitutes "classified information" under CIPA and what constitutes "national defense information"—an element of the charged offense [*See* Doc. 112 at Part II.A]. As explained more fully in Defendant's briefing regarding the elements of the offense, the Government cannot meet its burden on this essential element of 18 U.S.C. § 793(e) simply by asserting that information is classified [*Id.* at 5 (citing *United States v. Morison*, 844 F.2d 1057, 1086 (4th Cir. 1988) (Phillips, J., specially concurring); *United States v. Truong Dinh Hung*, 629 F.2d 908, 928 (4th Cir. 1980)]. It must prove, among other elements, that information is closely held by the government (i.e., not publicly available) and potentially harmful to the national security of the United States if disclosed [*Id.*]. In other words, there are critical issues beneath the surface level of any "classified" stamp that may have a bearing on innocence in this case and implicate Ms. Winner's constitutional rights [*Id.*]. Ms. Winner is,

appreciates the magistrate judge affording Ms. Winner the opportunity to file an *ex parte* submission with respect to CIPA § 4 filing underlying this objection, Ms. Winner submits that the magistrate judge's order should be clarified so as not to preclude the possibility of further *ex parte* submissions from Ms. Winner, either voluntarily or upon request by the Court.

### D.     The Government Must Justify Each Submission Under CIPA § 4.

The Government fails to respond to (and Magistrate Judge Epps's order fails to address) Ms. Winner's argument that each time the Government seeks to proceed *ex parte*—that is, for each submission (i.e., each classified document at issue)—it should be required to make the necessary showing that the particular document that is the subject of the submission is so secretive and so sensitive that it cannot be shared with Ms. Winner—or, at the very least, her cleared counsel. Such a showing is not only advisable, but it is necessary to protect Ms. Winner's constitutional rights in connection with all-important discovery issues.

## III.    Conclusion

In sum, there are multiple grounds upon which this Court may rely to reconsider and modify or set aside the magistrate judge's September 22, 2017 order: (a) he appears to have wrongly concluded he did not have discretion to determine whether the Government may proceed *ex parte* in connection with CIPA discovery issues; (b) he did not, apparently, require the Government to make *any* showing to justify its extraordinary request to proceed *ex parte*; (c) he made no determination that the showing the Government claims to have made in proceeding

---

therefore, entitled to substantial discovery on this point, as set forth in her discovery requests submitted to the Government. *See, e.g.*, *Brady v. Maryland*, 373 U.S. 83 (1963); *Giglio v. United States*, 405 U.S. 150 (1972); *Kyles v. Whitley*, 514 U.S. 419, 432–33 (1995). The Court's review of any submission under CIPA § 4 must contemplate every possible scintilla of evidence that could helpful to the defense in order to ensure that no relevant materials are redacted or that Ms. Winner receives an adequate substitute for any such redacted information. This is no simple task.

*ex parte* was sufficient to proceed with that extraordinary request; and (d) he failed to require the Government to make justification to proceed *ex parte* for each submission (but instead, appears to have allowed the Government to proceed *ex parte* in a collective fashion).

Accordingly, for all the reasons articulated above, in Ms. Winner's Objection, and before the magistrate judge, Ms. Winner requests that the Court reconsider Magistrate Judge Epps's September 22, 2017 order, along with all the relevant briefing, and enter an order that (1) holds that the Court has discretion whether to allow the Government to proceed *ex parte* under CIPA § 4 for each attempted submission; (2) requires the Government to seek leave before proceeding *ex parte* for each submission; (3) requires that the Government justify its desire to proceed *ex parte* for each submission; (4) requires the Court to ensure that the stated showing is sufficient to justify the Government's *ex parte* request in each instance; and (5) allows the defense to respond to the Government's stated reasons for proceeding *ex parte* in each instance.  Finally, Ms. Winner requests a hearing on this Objection, and that the Court grant such additional relief as may be warranted.

Respectfully submitted,

/s/ Joe D. Whitley

| | |
|---|---|
| Joe D. Whitley (Bar No. 756150)<br>Admitted *Pro Hac Vice*<br>Brett A. Switzer (Bar No. 554141)<br>**BAKER, DONELSON, BEARMAN,**<br>   **CALDWELL & BERKOWITZ, P.C.**<br>3414 Peachtree Rd., NE Suite 1600<br>Atlanta, GA  30326<br>(404) 577-6000<br>JWhitley@bakerdonelson.com<br>BSwitzer@bakerdonelson.com | John C. Bell, Jr. (Bar No. 048600)<br>Titus T. Nichols (Bar No. 870662)<br>**BELL & BRIGHAM**<br>PO Box 1547<br>Augusta, GA  30903-1547<br>(706) 722-2014<br>John@bellbrigham.com<br>Titus@bellbrigham.com |
| Matthew S. Chester (La. Bar No. 36411)<br>Admitted *Pro Hac Vice*<br>**BAKER, DONELSON, BEARMAN,**<br>   **CALDWELL & BERKOWITZ, P.C.**<br>201 St. Charles Ave., Suite 3600<br>New Orleans, LA  70170<br>(504) 566-5200<br>MChester@bakerdonelson.com | Thomas H. Barnard (Az. Bar No. 27488)<br>Admitted *Pro Hac Vice*<br>**BAKER, DONELSON, BEARMAN,**<br>   **CALDWELL & BERKOWITZ, P.C.**<br>100 Light Street.<br>Baltimore, MD  21202<br>(410) 685-1120<br>TBarnard@bakerdonelson.com |

Jill E. McCook (Tn. Bar No. 033813)
Admitted *Pro Hac Vice*
**BAKER, DONELSON, BEARMAN,**
   **CALDWELL & BERKOWITZ, P.C.**
265 Brookview Centre Way, Suite 600
Knoxville, TN  37919
(865) 549-7129
JMCook@bakerdonelson.com


**ATTORNEYS FOR DEFENDANT**
**REALITY LEIGH WINNER**

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 27, 2017, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which sent notification of such filing to counsel of record for all parties.

/s/ Joe D. Whitley
Joe D. Whitley, Esq.
