**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**AUGUSTA DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| | * | |
| **v.** | * | **NO. 1:17-CR-00034** |
| | * | |
| **REALITY LEIGH WINNER** | * | |
| | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## DEFENDANT'S STATUS UPDATE AND MOTION FOR CLARIFICATION AND A HEARING

NOW INTO COURT, through undersigned counsel, comes Defendant Reality Leigh Winner ("Ms. Winner" or the "Defendant"), who respectfully provides the following status update and requests clarification on the deadlines contained in the Court's Third Amended Scheduling Order [Doc. 126].  As set forth in more detail below, the Court entered the Third Amended Scheduling Order, which contemplates Ms. Winner and her counsel would have a minimum of thirty days with all classified discovery in this case to file all pretrial motions and submit any notice pursuant to Section 5 of the Classified Information Procedures Act ("CIPA").  However, the Government's discovery practices have prevented Ms. Winner from complying with the original schedule.  Ms. Winner *will* comply with the deadlines set forth in the Third Amended Scheduling Order for the little more than 800 pages of classified discovery produced by the Government as of October 5, 2017, which Ms. Winner has had a minimum of thirty days to review.  But it is, of course, impossible for Ms. Winner to make her CIPA § 5 designations or file pretrial motions with respect to discovery or other materials that the defense has not yet received, or has received less than two weeks before the November 13, 2017 deadline to file such documents.  Among other issues, there are dozens of document requests as to which the

1

Government has refused to provide responsive materials or has yet to even answer, and Ms. Winner has submitted new rounds of discovery requests, based in part on materials that the Government belatedly provided in response to earlier requests.  While the defense understands that the Government has responded to some of these requests within the last twenty-four hours, the defense will have less than two weeks to digest the material before the November 13, 2017 deadline to comply with the deadlines in the scheduling order (including making CIPA designations and/or filing pretrial motions) for discovery not yet received or discovery not yet answered from the Government.

In addition, Ms. Winner has been handcuffed in preparing her CIPA § 5 notice due to limitations on how the defense may electronically search for information necessary to determine whether the alleged disclosure was "closely held," and that Ms. Winner acted with certain *mens rea*.  Without rectifying these restrictions, Ms. Winner cannot make her CIPA § 5 designations and thereby comply with the scheduling order.

Accordingly, Ms. Winner provides the Court this status update and moves for clarification that she will have a minimum of thirty days to make CIPA § 5 designations and file pretrial motions from the date of any discovery produced by the Government and from the clarification regarding the Government's restrictions on the defense's research.  In addition, Ms. Winner requests a hearing on this motion.

I.    **Procedural History**

On June 30, 2017, the Court issued its first Scheduling Order, setting deadlines governing this case, including deadlines for pretrial motions and deadlines for various filings under the CIPA [*See* Doc. 33].  Several weeks later, on August 30, 2017, this Court held a hearing, and the Court discussed that Scheduling Order.  At that hearing, the Court required the parties to set

2

specific deadlines and, the following day, on August 31, 2017, this Court issued another scheduling order, the Amended Scheduling Order, setting the following deadlines:

| Event | Deadline |
|---|---|
| Later of November 1, 2017 or 30 days after clearances issued for Messrs. Chester and Whitley | Defense deadline for filing all pretrial motions and any notice pursuant to § 5 of CIPA |
| Three weeks from deadline for defense motions and CIPA § 5 notice | Deadline for government response to defense pretrial motions |
| Five weeks from deadline for defense motions and CIPA § 5 notice | Deadline for government filing of CIPA § 6(a) motion<br><br>Deadline for defense reply in support of pretrial motions |
| Three weeks from filing of CIPA § 6(a) motion | Deadline for defense response to CIPA § 6(a) motion |
| Five weeks from filing of CIPA § 6(a) motion | Deadline for government reply in support of CIPA § 6(a) motion |
| Seven weeks from filing of CIPA § 6(a) motion | CIPA § 6(a) Hearing |
| March 19, 2018 | Trial |

[*See* Doc. 66; *see also* Doc. 116 (Second Amended Scheduling Order)]. A Third Amended Scheduling Order, presumably entered to clarify a specific date for the first deadline after two members of Ms. Winner's team received their interim clearances, was issued by the Court on October 17, 2017:

| Event | Deadline |
|---|---|
| November 13, 2017 | Defense deadline for filing all pretrial motions and any notice pursuant to § 5 of CIPA |
| December 4, 2017 | Deadline for government response to defense pretrial motions |
| December 18, 2017 | Deadline for government filing of CIPA § 6(a) motion<br>Deadline for defense reply in support of pretrial motions |
| January 8, 2018 | Deadline for defense response to CIPA § 6(a) motion |
| January 22, 2018 | Deadline for government reply in support of CIPA § 6(a) motion |
| February 5, 2018 | CIPA § 6(a) Hearing |
| March 19, 2018 | Trial |

[*See* Doc. 126].

## II.  Status Update and Argument

### A.  The Defense Has Been Extremely Diligent.

In the approximately sixty days since the August 30, 2017 hearing addressing the Third Scheduling Order, the defense has been extremely diligent in moving this case forward on multiple fronts.  Among many other things, the defense has:

- Made nearly weekly trips to the various SCIFs (which, in some cases, has necessitated substantial travel by counsel), to review the classified information produced by the Government thus far, prepare classified filings in this case, and discuss classified information with Ms. Winner;

- Filed over a dozen pleadings in this case addressing a variety of issues, including:
  - CIPA procedural and scheduling issues;
  - Discovery issues;
  - Suppression issues;
  - Public and *ex parte* briefs on the elements of the offense;
  - Pretrial detention; and
  - Multiple appeals, as appropriate, of the above-listed motions;

- Drafted and served on the Government three substantial sets of discovery requests directed to a myriad of issues in this case;

- Begun preparing Rule 17(c) subpoenas directed to a variety of federal, state, and local agencies seeking dozens of documents—all done given the Government's recent advisement that it would not be answering discovery or accepting service of subpoenas for materials sought from these agencies; and

- Engaged several consultants and experts who will assist with pertinent issues in this case.

In short, in the last sixty days, the defense team has worked many hundreds of hours in an effort to progress this case. But as set forth below, delays in discovery beyond Ms. Winner's control have made compliance with the first deadline in the current scheduling order—filing all pretrial motions and filing a complete CIPA § 5 notice—impossible. Given that this Court indicated that Ms. Winner would have a minimum of thirty days with all classified discovery [Doc. 66 (providing thirty days from the date of receiving security clearances to review classified materials and file pretrial motions and submit CIPA § 5 filing)], Ms. Winner files the instant motion to clarify that she will be permitted additional time to comply with the Court's deadlines.

**B.    The Government Has Failed To Comply With Its Discovery Obligations, Making Compliance With the Scheduling Order Impossible.**

**1.    The Government Has Failed To Produce All Necessary Documents.**

At the August 30, 2017 hearing, the Government represented to the Court that the entirety of the classified discovery constituted 400 pages of materials [*See, e.g.*, Tr. of Proceedings, dated Aug. 30, 2017, at 16:9-10 ("It's only 400 pages we're talking about that's classified.")]. As of October 5, 2017, the Government more than doubled its production, having produced just over 800 pages of materials, which Ms. Winner has been reviewing. Yet, Ms. Winner believes this amount is not the entirety of all discovery to which she is entitled.

In late August, Ms. Winner propounded her first set of discovery requests on the Government. Over two weeks later, at a September 14, 2017 hearing, the Government represented it would respond to those requests in "approximately one week." [Tr. of Proceedings,

Sept. 14, 2017 at 9:2-7].  In fact, it took the Government an additional three weeks from that hearing—which was a month after service of the discovery requests—to actually respond to these requests, and the Government objected to providing any information for the vast majority of those requests.  This necessitated the filing of a motion to compel, which Ms. Winner filed on October 19, 2017 [Doc. 129].  The motion to compel remains pending, and the Court set a hearing for November 3, 2017 [*See* Doc. 137].

As set forth in the motion to compel, Ms. Winner believes she is entitled to many more records and much more information (classified and unclassified) pertinent to this case than the Government has thus far produced.  Indeed, this was a point raised at the August 30, 2017 hearing because, even at that time, the defense anticipated the Government would not produce the entirety of all relevant discovery without being ordered to do so:

> THE COURT: Well, I assume, Mr. Chester, when we talked about criminal pretrial motions the same thoughts would probably be expressed by you in terms of the deadline for that Section Five CIPA motion; right?
>
> ***
>
> MR. CHESTER:  The only caveat is if we think there should be additional things and we ask the government and the government says no, we have to come before Your Honor on a discovery dispute, that might change the deadline.
>
> THE COURT:  Okay.

[Doc. 84 at 34:2-17; *see also* Doc. 79 p. 2 (noting that the defense's review of discovery would likely generate additional discovery requests)].

Ms. Winner seeks to clarify that she will have a minimum of thirty days to make CIPA § 5 designations and file appropriate pretrial motions from the date she receives any discovery produced in response to Ms. Winner's motion to compel (and any future motion to compel that arises from any failure by the Government to respond to Ms. Winner's second and third

discovery requests as discussed below), as well as any materials produced in response to any Rule 17(c) subpoenas.

### 2.    The Government Has Failed To Fully Answer Discovery Requests.

On or about October 5, 2017, Ms. Winner served a second set of discovery requests on the Government.  As with the first set of requests, each of these requests were narrowly-tailored, and particularized to a specific issue, element, or defense pertinent in this case.  Separately, based on information newly provided by the Government, on October 26, 2017, Ms. Winner propounded a third set of discovery requests.

On November 1, 2017, the defense received notification that the Government would be responding to a discovery request on that same day, and providing additional discovery materials.  While the defense has not been able to review those materials, the defense believes that the Government may object to providing the vast majority of information requested in the second and third discovery requests, which will, of course, necessitate more discovery litigation. Until those motions are adjudicated, Ms. Winner will not have all necessary discovery (classified and unclassified), as the Court assumed when setting the Third Amended Scheduling Order.

### 3.    More Discovery Is Necessary Based on the Government's Refusal To Search For Documents Held By Various Governmental  Components.

On October 19, 2017, the Government advised defense counsel that it has taken the position that the following agencies are "beyond the scope of [the Government's] discovery obligations": the Central Intelligence Agency, the Department of Homeland Security, the Department of Defense (other than the National Security Agency and the U.S. Air Force), the National Security Council, the National Archives and Records Administration, and the White House Office [*See* Exhibit A (Oct. 19, 2017 Email from Jenna Solari, Esq.)].  The Government

further stated that it would *not* accept service of Rule 17(c) subpoenas on these governmental components [*See id.*].  That refusal will only further delay the proceedings.

C.     **The Government's Restrictions on Defendant's Counsel and Her Experts Have Made Her CIPA Section 5 Filing Impossible.**

Separately, as will be discussed in more detail in a forthcoming filing, Ms. Winner's counsel and cleared experts have been prohibited from engaging in certain electronic searches (for example, stringing or combining together information related to the alleged disclosure). These searches are necessary to determine whether the alleged disclosure was "closely held," a key element of the offense,[1] and whether Ms. Winner acted with the requisite *mens rea* [*See* Doc. 112].   Only cleared counsel and cleared experts can undertake the research and searches described above relating to the alleged disclosure.   In addition, there have been certain prohibitions on counsel and experts from engaging in research even if they do not knowingly rely on classified information.  Accordingly, Ms. Winner will be separately seeking this Court's intervention for accommodations to complete this critical search related to the undisputed "closely held" element of the alleged offense.

Relevant to this motion, it is possible that, once those searches are conducted, Ms. Winner will need to notice information uncovered through those searches in her CIPA § 5 notice. Thus, Ms. Winner seeks clarification regarding the search restrictions as well as additional time to file notice under CIPA § 5 once the restrictions are clarified.

III.    **Conclusion**

In short, Ms. Winner cannot designate materials she does not yet have, and therefore, she is in no position to identify every classified record she may reasonably expect to disclose at the

---

[1] While the Government disputes many of the elements Ms. Winner asserts it must prove to convict her of violating 18 U.S.C. § 793(e), it does not dispute that it must prove the information at issue was closely held [*See* Doc. 122 p. 6].

upcoming trial.    Nor can Ms. Winner file pretrial motions with respect to materials she has not yet received.    Accordingly, Ms. Winner provides this status update and moves for clarification that the Third Amended Scheduling Order allows for a minimum of thirty days to file pretrial motions and notice pursuant to § 5 of CIPA upon receipt of (a) any newly-provided discovery and (b) the resolution of the limitations discussed above.    In addition, Ms. Winner requests a hearing on this matter and that the Court grant such additional relief as may be warranted.

Respectfully submitted,


*/s/ Joe D. Whitley*

Joe D. Whitley (Bar No. 756150)
Admitted *Pro Hac Vice*
Brett A. Switzer (Bar No. 554141)
**BAKER, DONELSON, BEARMAN,**
    **CALDWELL & BERKOWITZ, P.C.**
3414 Peachtree Rd., NE Suite 1600
Atlanta, GA  30326
(404) 577-6000
JWhitley@bakerdonelson.com
BSwitzer@bakerdonelson.com

John C. Bell, Jr. (Bar No. 048600)
Titus T. Nichols (Bar No. 870662)
**BELL & BRIGHAM**
PO Box 1547
Augusta, GA  30903-1547
(706) 722-2014
John@bellbrigham.com
Titus@bellbrigham.com

Matthew S. Chester (La. Bar No. 36411)
Admitted *Pro Hac Vice*
**BAKER, DONELSON, BEARMAN,**
    **CALDWELL & BERKOWITZ, P.C.**
201 St. Charles Ave., Suite 3600
New Orleans, LA  70170
(504) 566-5200
MChester@bakerdonelson.com

Thomas H. Barnard (Az. Bar No. 020982)
Admitted *Pro Hac Vice*
**BAKER, DONELSON, BEARMAN,**
    **CALDWELL & BERKOWITZ, P.C.**
100 Light Street.
Baltimore, MD  21202
(410) 685-1120
TBarnard@bakerdonelson.com

Jill E. McCook (Tn. Bar No. 033813)
Admitted *Pro Hac Vice*
**BAKER, DONELSON, BEARMAN,**
    **CALDWELL & BERKOWITZ, P.C.**
265 Brookview Centre Way, Suite 600
Knoxville, TN  37919
(865) 549-7129
JMCook@bakerdonelson.com


**ATTORNEYS FOR DEFENDANT**
**REALITY LEIGH WINNER**

## CERTIFICATE OF SERVICE

I hereby certify that on November 2, 2017, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which sent notification of such filing to counsel of record for all parties.

*/s/ Joe D. Whitley*
JOE D. WHITLEY