IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | |
| v. | * | CR 117-034 |
| | * | |
| REALITY LEIGH WINNER. | * | |

**O R D E R**

Presently before the Court is Defendant's appeal (doc. 118) of an Order entered by the United States Magistrate Judge on September 22, 2017 (doc. 94). In her appeal, Defendant challenges the Magistrate Judge's interpretation and implementation of Section 4 of the Classified Information Procedures Act ("CIPA"). 18 U.S.C. App. 3. After reviewing Section 4 of CIPA, the Court finds that the Magistrate Judge did not err in his interpretation or implementation of CIPA, and the Court **AFFIRMS** the Magistrate Judge's Order.

### I. CIPA Background

CIPA was "'enacted by Congress in an effort to combat the growing problem of graymail, a practice whereby a criminal defendant threatens to reveal classified information during the course of his trial in the hope of forcing the government to drop the charge against him . . . .'" United States v. Abu Ali,

528 F.3d 210, 245 (4th Cir. 2008) (quoting United States v. Smith, 780 F.2d 1102, 1105 (4th Cir. 1985)). "Prior to CIPA, the government had no method of evaluating such disclosure claims before trial actually began and oftentimes would abandon prosecution rather than risk possible disclosure of classified information." Id. (internal quotations and citations omitted). "CIPA provides procedures for protecting classified information without running afoul of a defendant's right to a fair trial." United States v. Moussaoui, 591 F.3d 263, 281 (4th Cir. 2010).

CIPA is organized sequentially so that each section corresponds to a specific phase of criminal litigation. See United States v. Amawi, 695 F.3d 457, 468 (6th Cir. 2012). In every criminal case, a critical phase of litigation is discovery. In discovery, the defendant may request certain information from the government. Fed. R. Crim. P. 16. The government must provide the requested information absent a protective order issued by the court. Id. at (d)(1). If the government fails to provide the requested information or obtain a protective order, the court may prohibit the government from using the information at trial or impose other sanctions it deems appropriate. Id. at (d)(2).

The section of CIPA that corresponds to discovery is Section 4. See Mousaoui, 591 F.3d at 281. Section 4 allows

the government to request, ex parte,[1] permission to "delete specified items of classified information" that it believes are discoverable by the defendant. CIPA, § 4. The Court may grant this request "upon a sufficient showing." Id.

## II. Procedural Background

On August 25, 2017, the Government filed an ex parte request under Section 4 to exclude or redact certain discovery materials it believed must be turned over to Defendant pursuant to Federal Rule of Criminal Procedure 16. (Doc. 62.) On September 12, 2017, Defendant objected to "the Government unilaterally proceeding ex parte." (Doc. 82 at 1.) Defendant argued that "[n]othing in § 4 of CIPA entitles the [G]overnment to file a motion ex parte without leave," and she requested the opportunity to challenge the propriety of any request for an ex parte filing under Section 4. (Id. at 2.) In the alternative, Defendant requested the Magistrate Judge "defer ruling on the Government's motion until the [Magistrate Judge] receive[d] an ex parte, in camera[2] submission from the Defendant describing her Defense." (Id. at 1.) Defendant argued that such an ex parte, in camera submission would help the Magistrate Judge to better determine the relevancy and materiality of the information the Government sought to withhold. (Id. at 10.)

---

[1] Outside the presence of, or without notice to, the opposing party. See Ex Parte, Black's Law Dictionary (10th ed. 2014).
[2] To be reviewed by the judge in private. See In Camera, Black's Law Dictionary (10th ed. 2014).

On September 22, 2017, the Magistrate Judge entered an Order responding to the Government's motion and Defendant's objection. (Doc. 94.) The Order, for reasons not relevant to this appeal, denied without prejudice the Government's Section 4 motion and granted the Government permission to file a new Section 4 motion. (Id.) It also rejected Defendant's argument that the Government must ask permission prior to filing an ex parte motion under Section 4 but granted Defendant's request to file an ex parte, in camera theory of her defense. (Id.)

On October 6, 2017, Defendant appealed the Magistrate Judge's Order to this Court. (Doc. 118.) Defendant's appeal requests the Court enter an order that: "(1) holds that the Court has discretion whether to allow the Government to proceed ex parte under CIPA § 4 for each attempted submission; (2) requires the Government to seek leave before proceeding ex parte for each submission; (3) requires that the Government justify its desire to proceed ex parte for each submission; and (4) allows the defense to respond to the Government's stated reasons for proceeding ex parte in each instance." (Id. at 1.)

### III. Discussion

The Court begins with the text of Section 4. See BP Am. Prod. Co. v. Burton, 549 U.S. 84, 91 (2006) ("We start, of course, with the statutory text."). Section 4, entitled "Discovery of classified information by defendants," states that:

4

>     The court, upon a sufficient showing, may authorize the United States to delete specified items of classified information from documents to be made available to the defendant through discovery under the Federal Rules of Criminal Procedure, to substitute a summary of the information for such classified documents, or to substitute a statement admitting relevant facts that the classified information would tend to prove. The court may permit the United States to make a request for such authorization in the form of a written statement to be inspected by the court alone. If the court enters an order granting relief following such an ex parte showing, the entire text of the statement of the United States shall be sealed and preserved in the records of the court to be made available to the appellate court in the event of an appeal.

CIPA, § 4.

Defendant's first argument asserts that the Magistrate Judge has discretion to allow or not allow the Government to file a Section 4 motion <u>ex parte</u>. The Court agrees (and the record reflects that the Magistrate Judge does as well). Section 4 states that the Court "<u>may permit</u>" the Government to request deletion of "specified items of classified information" by submitting a "written statement to be inspected by the court alone." CIPA, § 4 (emphasis added). The language "may permit" and "inspected by the court alone" makes clear that courts have the discretion to allow or not allow the Government to proceed <u>ex parte</u> when requesting permission to delete classified information that would otherwise be discoverable by a defendant. <u>United States v. Libby</u>, 429 F. Supp. 2d 18, 22 (D.D.C. 2006) ("It is clear from the plain text of Section 4, however, that

the Court has discretion in deciding whether to accept ex parte filings under Section 4.").

Defendant's second, third, and fourth arguments collectively assert that she should be able to litigate the propriety of filing any Section 4 motion ex parte. Section 4, however, says only that the Court "may permit" the Government to make an ex parte request for deletion. It says nothing about the procedures a court must follow prior to allowing the Government to make its request ex parte. Whether a court permits ex parte motions under Section 4 and what procedures it uses to decide whether to permit an ex parte motion is entirely in the court's discretion. See United States v. Brown, No. 5:14-CR-58, 2014 WL 1572553, at *5 (E.D.N.C. Apr. 18, 2014) ("The court will consider whether prior to accepting any ex parte filing from the government regarding CIPA issues, it will require the government to file a brief justifying the need for the filing to be made ex parte, and mandate that this brief, either in whole or in redacted format, also be served on defendants, allowing defendants to challenge the need for ex parte proceedings." (emphasis added)). Thus, this Court finds that the Magistrate Judge did not err when he permitted the Government to file an ex parte motion without requiring a justification by the Government or allowing an objection by Defendant. See United States v. Sarkissian, 841 F.2d 959, 965-66 (9th Cir. 1988) (declining defendant's request for a public

6

claim of privilege prior to submitting an <u>ex parte</u> Section 4 motion because "[n]owhere does CIPA require the government to file a public claim of privilege before making an in camera ex parte submission"); <u>Libby</u>, 429 F. Supp. 2d at 18 (declining defendant's request to litigate whether government should be able to submit an <u>ex parte</u> Section 4 motion only upon showing of "exceptional circumstances" because "[t]here is simply no requirement for such a showing in CIPA"); <u>United States v. Ahmad</u>, No. 3:04-CR-301, 2013 WL 1899792, at *2 (D. Conn. May 1, 2013) (declining to require the government to show "exceptional circumstances" prior to allowing it to submit a Section 4 motion <u>ex parte</u>).

### IV. Conclusion

Defendant's argument can be boiled down to the following proposition: The Magistrate Judge has the discretion to, and indeed should, require the Government to obtain its approval prior to filing a CIPA Section 4 motion <u>ex parte</u>, <u>and</u> the Magistrate Judge should only grant approval after the Government offers justification for filing <u>ex parte</u> and Defendant has an opportunity to respond. After examining the text of Section 4, the Court finds that although the Magistrate Judge could have adopted the procedures proposed by Defendant, Section 4 did not require him to do so. Thus, this Court finds no basis for interfering with the Magistrate Judge's procedural mechanisms.

The Court **DENIES** Defendant's appeal (doc. 118) and **AFFIRMS** the Magistrate Judge's Order dated September 22, 2017 (doc. 94).

**ORDER ENTERED** at Augusta, Georgia, this 6th day of November, 2017.

```
_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
```