UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | NO. 1:17-CR-0034 |
| | * | |
| REALITY LEIGH WINNER | * | |
| | * | |
| * * * * * * * * * * * * * * * * | * | |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO LIFT UNCONSTITUTIONAL LIMITATIONS AND MOTION TO ENFORCE RELEVANT PROVISIONS OF THE PROTECTIVE ORDER; AND REQUEST FOR A HEARING**

Defendant Reality Leigh Winner (the "Defendant" or "Ms. Winner") submits this memorandum in support of her Motion to Lift Unconstitutional Limitations Imposed by the Government and Motion to Enforce Relevant Provisions of the Protective Order. The Defendant also requests a hearing on the instant Motion. The defense respects the legitimate security concerns surrounding the handling of any classified or potentially classified information in this case and the need for appropriate protocols to address those concerns. However, a number of limitations and concerns have arisen that present a serious obstacle to the defense's ability to gather evidence and prepare its case, and that are contrary to the Constitution and the presumption of openness in federal courts. Specifically, the defense is limited in its ability to (1) conduct research necessary to gather evidence on elements of the offense and (2) communicate with one another in a timely and efficient manner, and the defense requests that the Court afford Ms. Winner relief on these issues as set forth below. Also, the defense requests that the Court enforce and clarify provisions of the Protective Order, including placing redacted copies of filings on the public docket. With respect to the latter point, despite a significant amount of time passing since the submission of several pleadings and filings containing classified or potentially

1

classified information in this case, the Government has failed to provide redacted copies of such filings for filing on the public docket, even though the Protective Order requires such. Accordingly, Ms. Winner respectfully requests the Court grant the relief requested below.

I.  ARGUMENT AND CITATION OF AUTHORITIES

    A.  Limitations on Electronic Research

As the Court noted at the November 3, 2017 hearing, Ms. Winner has been limited in how members of her defense team who have received U.S. Government security clearances may electronically search for information to support her argument that the Government cannot establish key elements of the offense, including, for example, that the alleged classified intelligence reporting contained information relating to the national defense (i.e., that the information could actually threaten the national security of the United States if disclosed, and that the information was closely held), and that Ms. Winner acted with the requisite *mens rea* [*See* Doc. 112]. This limitation is extremely injurious to Ms. Winner's ability to prepare and present her defense under 18 U.S.C. § 793(e).

"[A] criminal defendant has a right protected by the Fifth and Sixth Amendments to look for material evidence." *United States v. Carmichael*, 326 F. Supp. 2d 1267, 1298 (M.D. Ala. 2004). The Fifth Amendment affords defendant a due process right to gather "evidence that is material to [her] guilt or innocence." *Id.* at 1297. And under the Sixth Amendment, a defendant has a right to have her attorneys "investigate the case and prepare a defense for trial." *Michigan v. Harvey*, 494 U.S. 344, 348 (1990). The limitations on cleared defense counsel's ability to search the internet inhibit counsel's ability to gather evidence on elements of the offense, and therefore abridge both of these rights. *See, e.g.*, *Milton v. Morris*, 767 F.2d 1443, 1445 (9th Cir.

1985) (finding that the government's "materially impeding use of . . . tools for defense preparation" violated defendant's due process rights).

At the November 3, 2017 hearing, the Court indicated that the defense should be allowed to conduct searches relating to the above-listed elements in an "unrestricted" manner. This has not yet happened. The continued delay has prejudiced the defense's ability to prepare Ms. Winner's case. Accordingly, Ms. Winner respectfully requests that the Court order appropriate procedures that will allow her counsel to gather evidence critical to her defense.

**B.     Limitations on Correspondence and Lack of Classified Email and Phone Lines**

The defense has raised this concern before and does so again given the difficulties that defense counsel have encountered as this case has progressed. Defense counsel who hold security clearances must have certain conversations -- including conversations involving nearly *anything* of substantive consequence (discussion regarding the document at issue, discussion regarding publicly-available news articles, discussion regarding defensive strategies relating to the evidence and elements, etc.) in this case -- in one of the two currently-operative SCIFs, and they may communicate with Ms. Winner on those topics only in one of those SCIFs.[1] The Government has defined the scope of communications that must take place in a SCIF extremely broadly, substantially constraining defense counsel. This limitation imposes a particularly significant burden on cleared defense counsel given that they located in Atlanta, Georgia; New Orleans, Louisiana; Baltimore, Maryland; Knoxville, Tennessee; and Augusta, Georgia, especially considering that the Government has not given defense counsel access to classified email in the SCIFs so that they can communicate without all physically being located in a SCIF

---

[1] The one exception is that one of the defense counsel may have communications via secure phone in the city of that counsel's location.

3

at the same time.[2]  And the limitations are particularly unfair because the Government *does* have access to classified email and does not face these limitations.  As trial approaches, the burden imposed by these limitations will only increase, and defense counsel therefore respectfully requests that this Court address these issues now by requiring the Government to provide defense counsel additional secure phone lines or classified email capabilities.

C. **Failure to Post Redacted Copies of Filings Containing Classified Information.**

The Government has failed to redact classified filings and place the unredacted portions on the public docket and/or provide unredacted portions of these pleadings to the Defendant to place on the public docket.[3]  The Protective Order [Doc. 58] requires that, for any defense filing that contains classified information, the Government must mark "the classified portions of the document, and only those portions, . . . with appropriate classification markings," and "all portions" of the document "that do not contain classified information shall be *immediately* unsealed by the Classified Information Security Officer and placed in the public record" [Doc. 58 ¶ 15 (emphasis added)].[4]  This has not yet happened for the defense's October 19, 2017 filing. And while the Protective Order does not speak one way or the other to the posting of Government filings that contain classified information [*See id.* ¶ 16], the "presumption of openness" for all judicial filings dictates that the Court should follow the same process for classified Government filings.  *United States v. Ochoa-Vasquez*, 428 F.3d 1015, 1030–31 (11th

---

[2] Defense counsel does have the ability to use secure facsimile in the SCIFs, but there seem to be some limitations on how much information may be transmitted in that manner.

[3] The defense understands that, ultimately, it is the responsibility of the intelligence community to redact the classified filings (not the responsibility of the prosecution team or the CISO).

[4] Importantly, the Government's decision to mark portions of a filing as classified is a separate question from whether information in the filing should remain under seal on the Court's docket.  Any time a party wishes to keep a filing under seal, it must overcome the "presumption of openness" that applies to court filings and demonstrate a compelling interest in keeping the information under seal.  *United States v. Ochoa-Vasquez*, 428 F.3d 1015, 1030–31 (11th Cir. 2005).

Cir. 2005). The Order of the District Court for the District of Columbia attached as Exhibit A provides a potential exemplar for this Court's consideration. *United States v. Kim*, No. 1:10-cr-00225-CKK, ECF No. 174 (D.D.C. Oct. 18, 2013). The district court required that for "any" filing that potentially contained classified information, whether by the Government or the defense, the intelligence community had to "complete their review, make any required redactions, and provide the Court with a redacted version for filing on the public docket within ten (10) business days" of the original filing of the document under seal with the court. The defense requests that this Court adopt and enforce a similar process.

## II.     CONCLUSION

For the reasons stated above, Ms. Winner respectfully requests that that Court grant the Motion to Lift Unconstitutional Limitations Imposed by the Government and to Enforce Relevant Provisions of the Protective Order. In particular, Ms. Winner requests (a) that the Court order that the defense and its experts may engage in "unrestricted" searches (electronic and otherwise) in connection with gathering evidence relating to the element of the offense; (b) that the Court consider additional procedures (including additional classified phone lines and/or classified email) to lessen the burden on defense counsel in connection with its preparation in this case (burdens not imposed on the Government); and (c) that the Court enter an order requiring, for any classified filing or submission, that the Government provide redacted versions of such filings for filing on the public docket within ten (10) days of filing. In addition, Ms. Winner requests a hearing on this matter and that the Court grant such additional relief as may be warranted.

Respectfully submitted,

*/s/* Joe D. Whitley
Joe D. Whitley (Bar No. 756150)
Admitted *Pro Hac Vice*
Brett A. Switzer (Bar No. 554141)
**BAKER, DONELSON, BEARMAN,
    CALDWELL & BERKOWITZ, P.C.**
3414 Peachtree Rd., NE Suite 1600
Atlanta, GA  30326
(404) 577-6000
JWhitley@bakerdonelson.com
BSwitzer@bakerdonelson.com

John C. Bell, Jr. (Bar No. 048600)
Titus T. Nichols (Bar No. 870662)
**BELL & BRIGHAM**
PO Box 1547
Augusta, GA  30903-1547
(706) 722-2014
John@bellbrigham.com
Titus@bellbrigham.com

Matthew S. Chester (La. Bar No. 36411)
Admitted *Pro Hac Vice*
**BAKER, DONELSON, BEARMAN,
    CALDWELL & BERKOWITZ, P.C.**
201 St. Charles Ave., Suite 3600
New Orleans, LA  70170
(504) 566-5200
MChester@bakerdonelson.com

Thomas H. Barnard (Az. Bar No. 27488)
Admitted *Pro Hac Vice*
**BAKER, DONELSON, BEARMAN,
    CALDWELL & BERKOWITZ, P.C.**
100 Light Street.
Baltimore, MD  21202
(410) 685-1120
TBarnard@bakerdonelson.com

Jill E. McCook (Tn. Bar No. 033813)
Admitted *Pro Hac Vice*
**BAKER, DONELSON, BEARMAN,
    CALDWELL & BERKOWITZ, P.C.**
265 Brookview Centre Way, Suite 600
Knoxville, TN  37919
(865) 549-7129
JMCook@bakerdonelson.com

**ATTORNEYS FOR DEFENDANT
REALITY LEIGH WINNER**

## CERTIFICATE OF SERVICE

    I hereby certify that on November 27, 2017, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which sent notification of such filing to counsel of record for all parties.

                                                           */s/* Joe D. Whitley
                                                           JOE D. WHITLEY