UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| V. | * | NO. 1:17-CR-0034 |
| | * | |
| REALITY LEIGH WINNER | * | |
| | * | |
| * * * * * * * * * * * * * * * * | * | |

**DEFENDANT'S MOTION FOR LEAVE TO FILE
MOTION FOR BILL OF PARTICULARS**

NOW INTO COURT, through undersigned counsel, comes Defendant Reality Leigh Winner ("Ms. Winner" or the "Defendant"), who respectfully moves pursuant to FED. R. CRIM. P. 7(f) for leave from this Court to file a Motion for Bill of Particulars in the form attached hereto as **Exhibit 1**. The facts and legal arguments supporting this motion for leave (the "Motion for Leave") are set forth below (with additional factual and legal support for the ultimate relief sought attached hereto as **Exhibit 1**).

**I.     INTRODUCTION**

Arraignment on the original Indictment in this case took place on June 8, 2017 [*See* Doc. Nos. 13, 26]. The Government did not provide any classified discovery in this case until on or about August 25, 2017. Thereafter, as soon as reasonably practicable, and after obtaining required security clearances, Ms. Winner's defense counsel reviewed the classified discovery production and determined that the Government's production omitted potentially exculpatory materials and other materials relevant to Ms. Winner's defense, including documents relevant to the "national defense information" element of the charged offense.

On or around October 5, 2017, Ms. Winner served on the Government a discovery letter, in which Ms. Winner specifically requested, among other items to which she is entitled through

1

discovery, a Bill of Particulars pursuant to Rule 7(f). Approximately four (4) weeks later, on or around November 1, 2017, Ms. Winner received the Government's response to these requests, which did not provide the requested information.

Ms. Winner was prepared to file an immediate motion for leave under Rule 7(f), but after a November 3, 2017 hearing on pending discovery motions, the parties agreed to an extension of certain deadlines to allow additional time to attempt to resolve pending discovery disputes [*See* Doc. No. 155]. Additional attempts at "good faith" discovery conferences over the past three weeks have not resolved Ms. Winner's request for a Bill of Particulars, thereby necessitating this Motion for Leave (in addition to other discovery motions filed with this Court).

## II.     ARGUMENT

Pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure, the Court may direct the Government to file a Bill of Particulars.  FED. R. CRIM. P. 7(f).   Rule 7(f) provides as follows:

> The court may direct the government to file a bill of particulars. The defendant may move for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits. The government may amend a bill of particulars subject to such conditions as justice requires.

Generally, federal courts have broad discretion in ruling upon requests for bills of particulars. *See Will v. United States*, 389 U.S. 90 (1967). Notably, the rule was amended in 1966 to eliminate any requirement for the defendant to show cause in seeking a bill of particulars to encourage a more liberal approach to bills of particulars. *See United States v. Smith*, 65 F.R.D. 464, 468 (N.D. Ga. 1974).   Further, "Rule 7(f) does not require the moving party to demonstrate 'good cause' or 'excusable neglect' before a motion outside the [14]-day period may be entertained by the court." *See, e.g.*, *United States v. Raue*, No. 07-30100-02, 2008 WL 4876152, at *5 (D.S.D. Nov. 12, 2008).  Such requests fall within the Court's broad discretion.

Here, Ms. Winner's Motion for Leave to file the attached Motion for Bill of Particulars is being made as soon as reasonably practicable given the circumstances of this case. First, Ms. Winner had not even received any classified discovery when the original 14-day period contemplated by Rule 7(f) passed. The Defendant was not, accordingly, in a position to determine whether a Bill of Particulars was even necessary until such discovery was reviewed. Furthermore, prior to filing the instant Motion for Leave, Ms. Winner attempted to confer in good faith with the Government to obtain a Bill of Particulars without burdening the Court with motion practice and, it was only very recently that the Government advised it would not provide the Bill of Particulars requested by Ms. Winner. Ms. Winner has been diligent and reasonable with this request, limiting the request to one important element of the charged offense (i.e., the "national defense information" element), and only resorting to intervention by this Court after recent discovery conferences have confirmed that the Government is intent on opposing Ms. Winner's request.

Accordingly, and in light of this Court's Fourth Amended Scheduling Order [Doc. No. 155] and the upcoming hearing on discovery disputes currently scheduled for November 30, 2017, Ms. Winner hereby respectfully seeks leave from this Court to file an accompanying Motion for Bill of Particulars in the form attached hereto as **Exhibit 1**. This Motion for Leave is filed for good cause and not to interpose delay or undue burden on the Government. The trial in this matter is currently scheduled for approximately four (4) months from the date of this Motion for Leave, and the Bill of Particulars that Ms. Winner is ultimately seeking pertains to only one document at issue in this case and will only serve to simplify and streamline the issues for this Court to decide in discovery and for the jury to decide at trial.

### III. CONCLUSION

For the foregoing reasons, Ms. Winner respectfully requests that the Court grant this Motion for Leave and enter an order allowing and directing the Clerk of Court or Ms. Winner to file a Motion for Bill of Particulars in the form attached hereto as **Exhibit 1**, and such other and additional relief as the court deems just and proper.

Respectfully submitted,

| | |
|---|---|
| */s/ Joe D. Whitley* | |
| Joe D. Whitley (Bar No. 756150) | John C. Bell, Jr. (Bar No. 048600) |
| Admitted *Pro Hac Vice* | Titus T. Nichols (Bar No. 870662) |
| Brett A. Switzer (Bar No. 554141) | **BELL & BRIGHAM** |
| **BAKER, DONELSON, BEARMAN,** | PO Box 1547 |
| **CALDWELL & BERKOWITZ, P.C.** | Augusta, GA  30903-1547 |
| 3414 Peachtree Rd., NE Suite 1600 | (706) 722-2014 |
| Atlanta, GA  30326 | John@bellbrigham.com |
| (404) 577-6000 | Titus@bellbrigham.com |
| JWhitley@bakerdonelson.com | |
| BSwitzer@bakerdonelson.com | |
| | |
| Matthew S. Chester (La. Bar No. 36411) | Thomas H. Barnard (Az. Bar No. 020982) |
| Admitted *Pro Hac Vice* | Admitted *Pro Hac Vice* |
| **BAKER, DONELSON, BEARMAN,** | **BAKER, DONELSON, BEARMAN,** |
| **CALDWELL & BERKOWITZ, P.C.** | **CALDWELL & BERKOWITZ, P.C.** |
| 201 St. Charles Ave., Suite 3600 | 100 Light Street. |
| New Orleans, LA  70170 | Baltimore, MD  21202 |
| (504) 566-5200 | (410) 685-1120 |
| MChester@bakerdonelson.com | TBarnard@bakerdonelson.com |

Jill E. McCook (Tn. Bar No. 033813)
Admitted *Pro Hac Vice*
**BAKER, DONELSON, BEARMAN,**
  **CALDWELL & BERKOWITZ, P.C.**
265 Brookview Centre Way, Suite 600
Knoxville, TN  37919
(865) 549-7129
JMCook@bakerdonelson.com

**ATTORNEYS FOR DEFENDANT**
**REALITY LEIGH WINNER**

4

## CERTIFICATE OF SERVICE

      I hereby certify that on November 27, 2017, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which sent notification of such filing to counsel of record for all parties.

                                              */s/ Joe D. Whitley*
                                              JOE D. WHITLEY