UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| V. | * | NO. 1:17-CR-0034 |
| | * | |
| REALITY LEIGH WINNER | * | |
| | * | |
| * * * * * * * * * * * * * * * * * | * | |

**DEFENDANT'S MOTION FOR BILL OF PARTICULARS**

NOW INTO COURT, through undersigned counsel, comes Defendant Reality Leigh Winner ("Ms. Winner" or the "Defendant"), who respectfully moves pursuant to FED. R. CRIM. P. 7(f) for a Bill of Particulars with regard to one particular element of the charged offense. Specifically, Ms. Winner respectfully requests that the Government be required to inform the Defendant which portions of the classified intelligence reporting described in the Superseding Indictment it contends are "national defense information" under the charged statute with sufficient precision to allow Ms. Winner to prepare her defense and to minimize surprise at trial. The facts and legal arguments supporting this motion (the "Motion") are set forth below.

**I.   INTRODUCTION**

Ms. Winner stands accused under 18 U.S.C. § 793(e) [Doc. No. 72 (the "Superseding Indictment")]. In the Superseding Indictment, the Government alleges a single charge of willful retention and transmission of "national defense information" under § 793(e) [*Id.* ¶¶ 20-21]. The single charge is predicated on the alleged printing, physical removal, and mailing to an unauthorized recipient of a single document [*Id.* ¶¶ 11, 13, 20-21].

To meet its burden of proof, § 793(e) requires that the Government prove that the alleged document "relat[es] to the national defense." [*See generally* Doc. Nos. 112, 117, 132, 133 (the

1

"Elements Briefing")].[1] As articulated more completely in the Elements Briefing, it is well settled that the Government must establish two sub-elements to show that information constitutes "national defense information" for purposes of § 793: (1) that the alleged classified intelligence reporting "could threaten the national security of the United States" if disclosed; and (2) that the information contained in the alleged classified intelligence reporting was "closely held by the government." *United States v. Rosen*, 445 F. Supp. 2d 602, 622 (E.D. Va. 2006).

On or around October 5, 2017, Ms. Winner served on the Government a discovery letter, in which Ms. Winner specifically requested, among other things to which she is entitled through discovery, a Bill of Particulars pursuant to Rule 7(f). Approximately four (4) weeks later, on or around November 1, 2017, Ms. Winner received the Government's response to these requests, which did not provide the requested information.

## II.   ARGUMENT

Pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure, the Court may direct the Government to file a Bill of Particulars. FED. R. CRIM. P. 7(f). Rule 7(f) provides as follows:

> The court may direct the government to file a bill of particulars. The defendant may move for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits. The government may amend a bill of particulars subject to such conditions as justice requires.

The purpose of a bill of particulars is to inform the defendant of the charge against the defendant with sufficient precision to allow him or her to prepare a defense, to minimize surprise at trial, and to enable the defendant to plead double jeopardy in the event of a later prosecution for the same offense. *United States v. Warren*, 772 F.2d 827 (11th Cir. 1985). It is not necessary

---

[1] Ms. Winner hereby incorporates by reference all of her arguments asserted in the Elements Briefing as though set forth fully herein, including, but not limited, to all briefing regarding the Government's burden of proof related to the "national defense information" element.

2

for an indictment to allege in detail the factual proof that will be relied upon to support the charges.  That information, however, if essential to the defense, can be obtained by a motion for bill of particulars.  *United States v. Sharpe*, 438 F.3d 1257, 1263–64 n.3 (11th Cir. 2006).

Federal courts have broad discretion in ruling upon requests for bills of particulars.  *See Will v. United States*, 389 U.S. 90 (1967). In fact, the rule was amended in 1966 to eliminate any requirement for the defendant to show cause in seeking a bill of particulars to encourage a more liberal approach to bills of particulars. *See United States v. Smith*, 65 F.R.D. 464, 468 (N.D. Ga. 1974).

In this case, the Court should require the Government to provide Ms. Winner a Bill of Particulars setting forth precisely which portions of the document at issue the Government contends are "national defense information."  The parties agree that the Government must prove that the document at issue was "closely held" (i.e., not already in the public domain), one requirement to proving that the information qualified as "national defense information."  [Doc. No. 122 at 6].  Separately, as referenced at the November 3, 2017 hearing, consistent with overwhelming precedent, the Government must prove that the document must also have been "potentially damaging to the United States" in order to qualify as national defense information under the statute [*See generally* Doc. 132 at 3–16].

This case (and the issues to be decided by this Court) can be simplified drastically by requiring the Government to provide Ms. Winner a Bill of Particulars identifying which portions of the classified intelligence reporting described in the Superseding Indictment it contends are "national defense information" under the charged statute. As explained to the Government, the relief requested by Ms. Winner will streamline and potentially significantly narrow the discovery that the defense seeks in preparation for trial. It will also greatly facilitate the efficient

preparation of the parties for trial. Absent such an order, Ms. Winner is forced to conduct discovery and prepare for trial on the assumption that virtually every sentence, line, and word of the document at issue are alleged "national defense information," which imposes an unnecessary and undue burden on Ms. Winner and this Court. On the other hand, the burden on the Government of affording such relief is minimal—there is only one alleged document at issue.

**III. CONCLUSION**

For the foregoing reasons, the Court should grant Ms. Winner's instant Motion for a Bill of Particulars, enter an order requiring the Government to provide Ms. Winner a Bill of Particulars setting forth precisely which portions of the document at issue the Government contends are "national defense information," and enter such other and additional relief as the court deems just and proper.

Respectfully submitted,

/s/ Joe D. Whitley
Joe D. Whitley (Bar No. 756150)
Admitted *Pro Hac Vice*
Brett A. Switzer (Bar No. 554141)
**BAKER, DONELSON, BEARMAN,**
    **CALDWELL & BERKOWITZ, P.C.**
3414 Peachtree Rd., NE Suite 1600
Atlanta, GA 30326
(404) 577-6000
JWhitley@bakerdonelson.com
BSwitzer@bakerdonelson.com

John C. Bell, Jr. (Bar No. 048600)
Titus T. Nichols (Bar No. 870662)
**BELL & BRIGHAM**
PO Box 1547
Augusta, GA 30903-1547
(706) 722-2014
John@bellbrigham.com
Titus@bellbrigham.com

Matthew S. Chester (La. Bar No. 36411)
Admitted *Pro Hac Vice*
**BAKER, DONELSON, BEARMAN,**
    **CALDWELL & BERKOWITZ, P.C.**
201 St. Charles Ave., Suite 3600
New Orleans, LA 70170
(504) 566-5200
MChester@bakerdonelson.com

Thomas H. Barnard (Az. Bar No. 020982)
Admitted *Pro Hac Vice*
**BAKER, DONELSON, BEARMAN,**
    **CALDWELL & BERKOWITZ, P.C.**
100 Light Street.
Baltimore, MD 21202
(410) 685-1120
TBarnard@bakerdonelson.com

Jill E. McCook (Tn. Bar No. 033813)

4

Admitted *Pro Hac Vice*
**BAKER, DONELSON, BEARMAN,
     CALDWELL & BERKOWITZ, P.C.**
265 Brookview Centre Way, Suite 600
Knoxville, TN  37919
(865) 549-7129
JMCook@bakerdonelson.com


**ATTORNEYS FOR DEFENDANT
REALITY LEIGH WINNER**


## CERTIFICATE OF SERVICE

    I hereby certify that on November 27, 2017, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which sent notification of such filing to counsel of record for all parties.

                                          */s/ Joe D. Whitley*
                                          JOE D. WHITLEY