UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| v. | * CR 1:17-34 |
| Reality Leigh Winner | * |
| Defendant | * |

## ORDER

(U) This matter is before the Court on the Government's Second *Ex Parte, In Camera*, Under Seal Motion and Memorandum of Law for a Protective Order Pursuant to CIPA § 4 and Fed. R. Crim. P. 16(d)(1) (hereinafter "government's motion"). By its motion, the government requested that the Court, pursuant to Section 4 of the Classified Information Procedures Act ("CIPA"), Federal Rule of Criminal Procedure 16(d)(1), and the applicable law: (1) conduct an *in camera* and *ex parte* review of the government's motion, related memorandum of points and authorities, and the accompanying declarations and exhibits; (2) authorize the government to withhold from discovery certain classified information; and (3) order that the entire text of the government's motion, memorandum of points and authorities, and the accompanying declarations and exhibits shall not be disclosed to the defense and shall be sealed and preserved in the records of the Court to be made available for all future review of these proceedings.

(U) The Court has considered the government's motion, its memorandum of law in support of the motion, and the declarations and exhibits filed therewith. Based on its consideration, the Court GRANTS the government's motion in its entirety.

(U) The Court finds that the government's motion was properly filed *ex parte, in camera*, and under seal for this Court's review, pursuant to CIPA § 4 and Fed. R. Crim. P.

16(d)(1). The Court has conducted an *ex parte, in camera* review of the government's motion, memorandum of points and authorities, and the declarations and exhibits attached to or filed in conjunction with the government's motion.

(U) On the basis of the Court's independent review of the information and the arguments set forth in the government's motion and related documents, the Court finds that the classified information referenced in the government's motion implicates the government's national security and classified information privilege. The Court also finds that the government has met the "relevant and helpful" standard articulated in *United States v. Roviaro*, 353 U.S. 53 (1957), and *United States v. Yunis*, 867 F.2d 617 (D.C. Cir. 1989), as it applies to the discoverability of classified information where, as here, the government has properly invoked the national security and classified information privilege. To this end, the Court finds that in applying the *Roviaro/Yunis* standard, the classified information referenced in the government's motion is not relevant and helpful to the defense. In addition, for the reasons set forth in the government's motion and related documents, the government has shown "good cause" for why this material should be withheld from discovery. *See* 18 U.S.C. App. III § 4; Fed. R. Crim. P. 16(d)(1).

(U) Accordingly, IT IS ORDERED that the government is authorized to withhold from discovery to the defense the classified information specified in its motion.

(U) IT IS FURTHER ORDERED that the entire text of the government's motion, memorandum of points and authorities, and the accompanying declarations and exhibits shall not be disclosed to the defense, and shall be sealed and maintained in a facility for the storage of such classified information by the Classified Information Security Officer as the designee of the clerk of the Court, in accordance with established security procedures, for any future review, until further order of this Court.

                                                                                                 _____
                                                                                                 HON. BRIAN K. EPPS
                                                                                                 UNITED STATES MAGISTRATE JUDGE

__12/6/17__
Date