**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**AUGUSTA DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| **v.** | * | **NO. 1:17-CR-0034** |
| | * | |
| **REALITY LEIGH WINNER** | * | |
| | * | |
| * * * * * * * * * * * * * * * * * * | * | |

**DEFENDANT'S UNOPPOSED MOTION FOR WRITTEN ORDER AND ADDITIONAL TIME**

NOW INTO COURT, through undersigned counsel, comes Defendant Reality Leigh Winner ("Ms. Winner" or the "Defendant"), who, pursuant to Federal 59 of the Federal Rules of Criminal Procedure, Rule 45 of the Federal Rules of Criminal Procedure, and 18 U.S.C. § 636(b), respectfully files this Unopposed Motion for Written Order and Additional Time. As set forth below, the Defendant requests:

(1) that Magistrate Judge Epps issue a more thorough written order regarding all discovery requests identified in the Joint Status Report consistent with the oral rulings he made during the hearing on November 30 through December 1, 2017 [*See* Doc. 172];

(2) that the Court extend the time for the Defendant to appeal the order of Magistrate Judge Brian K. Epps regarding discovery disputes issued during the hearing on November 30 through December 1, 2017 [*See* Doc. 171]; and

(3) that the Court extend the time for the Defendant to file reformulated Rule 17 subpoenas incorporating the Court's rulings on the document requests made on November 30 through December 1, 2017 [*See* Doc. 172].

## I. Procedural History

On October 19, 2017, the Defendant filed, through the Classified Information Security Officer, an Expedited Motion to Compel Response to Discovery Requests Dated August 29, 2017 and Request for a Hearing [Doc. 129]. On October 27, 2017, the Court set that motion for hearing on November 3, 2017 [Doc. 137], and on November 1, 2017, the Government filed its *In Camera*, Under Seal Opposition to the Defendant's Expedited Motion to Compel Response to Discovery Requests Dated August 29, 2017 [Doc. 142].

On November 3, 2017, because the parties had not had an opportunity to discuss their positions set forth in the motion to compel and response prior to the hearing, the Court ordered the parties to discuss the discovery disputes outside of the Court's presence in an attempt to resolve issues [Doc. 146]. The parties engaged in that discussion and "agreed defense counsel [would] submit revised discovery requests for the government's review and hopeful approval" [Doc. 148]. The Court therefore ordered the parties to confer and submit a joint status report concerning "(1) the discovery requests itemized in the Expedited Motion to Compel and related briefs; and (2) all other outstanding defense discovery requests" [*Id.*]. The Court also set a classified hearing for November 30, 2017, to "discuss and rule on all discovery disputes itemized in the joint status report" [*Id.*; Doc. 155]. The parties submitted a Joint Status Report on November 27, 2017, which itemized all then-outstanding discovery disputes (including approximately one hundred document requests) [Doc. 162], and the Court heard argument and made oral rulings on all items in the Joint Status Report on November 30 and December 1, 2017 [Doc. 171].

Separately, on November 21, 2017, the Defendant filed an *Ex Parte* Motion for Issuance of Subpoenas Pursuant to Rule 17 of the Federal Rules of Criminal Procedure [Doc. 159]. The

subpoenas essentially sought the same documents as those that the Defendant sought from the "prosecution team," as set forth in the Joint Status Report, from various governmental agencies the prosecution contended was not within the "prosecution team." The Court also set that motion for a hearing on November 30, 2017 [Doc. 161], and heard that motion during the course of the November 30 through December 1, 2017 hearing [*See* Docs. 170, 171, 172]. On December 5, 2017, the Court ordered the Defendant to file reformulated subpoenas incorporating the Court's rulings on the document requests made on November 30 through December 1, 2017 "concerning the scope of discovery" by noon on December 18, 2017 [Doc. 172].

During the hearing on November 30 through December 1, 2017, the parties engaged in a lengthy, complicated back-and-forth argument regarding the Expedited Motion to Compel Response to Discovery Requests Dated August 29, 2017 and Request for a Hearing [Doc. 129] and the approximately one hundred discovery requests identified as being in dispute in the Joint Status Report [Doc. 162]. Given the nature of the requests at issue, the hearing on November 30 through December 1 included lengthy arguments and discussion about the elements of the offense. The magistrate judge took up each outstanding discovery request, and ruled on each one. In so doing, the magistrate judge understandably explored the issues at play with the particular discovery request and their place in the case at large. That exploration involved considerable back-and-forth between the parties and the Court addressing, among other things, the elements of the offense; whether the particular discovery request was relevant and helpful to the Defendant; whether a particular discovery request was pertinent to an element of the offense or pertinent to evidence the Government had noticed; and to what extent the request should be granted (such as what level of classification of documents should be disclosed; what "use" within particular classifications were allowed [e.g., "For Official Use Only"], etc.).

While the magistrate judge denied many of the Defendant's discovery requests, the magistrate judge granted others in part, and in doing so, he specifically tailored each ruling. For example, for some related requests for documents, the magistrate judge ordered production of certain documents in specific classification levels, involving discrete topical areas, and he limited production of documents by date ranges that varied depending upon the nature of the request. As further example, the magistrate judge ordered the Government to take action to locate specific types of documents, and he gave detailed instruction about how the Government should engage in that action. And while the magistrate judge indicated during the hearing that he would not be issuing a written order, he did issue a two-page order on December 5, 2017, which granted in part and denied in part the Defendant's motion to compel, citing the "reasons stated on the record" [Doc. 172].

**II. Argument**

As explained below, the Defendant requests that (1) Magistrate Judge Epps issue a more thorough written order regarding all discovery requests identified in the Joint Status Report consistent with the oral rulings he made during the hearing on November 30 through December 1, 2017; (2) the Court grant twenty-eight (28) days from the later of the date the transcript of the November 30 through December 1, 2017 hearing is released to the parties or the date upon which a more thorough written order regarding the discovery requests identified in the Joint Status Report is entered for the Defendant to appeal the oral rulings of Magistrate Judge Brian K. Epps regarding numerous discovery disputes issued during the hearing on November 30 through December 1, 2017; and (3) the Court grant an extension of twenty-eight (28) days from the later of the date the transcript of the November 30 through December 1, 2017 hearing is released to the parties or the date upon which a written order regarding the discovery requests identified in

the Joint Status Report is entered for the Defendant to submit her reformulated Rule 17 subpoenas.

**A. Request For A Written Ruling**

As explained above, the hearing held on November 30 through December 1, 2017 regarding the Defendant's discovery requests spanned two days and involved considerable discussion between the magistrate judge and the parties about the approximately one hundred discovery requests in dispute, and the magistrate judge made a ruling on each request. A more thorough written order from Magistrate Judge Epps, which would memorialize his rulings on the approximately one hundred discovery requests, would promote clarity about what Magistrate Judge Epps ruled and what the Government is required to produce in discovery, and correspondingly, promote judicial efficiency, as the possibility for dispute between the parties about the magistrate judge's rulings absent a more thorough written order is undeniably great. *See, e.g.*, *United States v. Womack*, 86 F. App'x 586, 587 (4th Cir. 2004) (remanding case "to the district court for the court to enter a written order reflecting its disposition of the issues considered during the . . . evidentiary hearing" because of discrepancies on the docket and because the transcript did "not clearly reflect the district court's ruling"). A more through written order would also provide guidance for the Defendant to consider an appeal to the district judge.[1] Moreover, given that the Defendant's request for Rule 17 subpoenas encompassed very similar document requests, the Court has ordered the Defendant to reformulate her Rule 17 subpoenas, and a more through written order will aid in the efficient reformulation of those subpoenas [*See* Doc. 172].

[1] The Defendant waived her right to be present at the hearing. While defense counsel may explain the Court's rulings to her in the appropriate environment, a written order would provide defense counsel an effective means for communicating the substance of the Court's rulings to the Defendant so that the Defendant may determine whether to appeal the order.

Counsel for the Defendant has consulted with the Government, and the Government has indicated to defense counsel that it does not object to this request. Accordingly, the Defendant requests that Magistrate Judge Epps enter a more through written order memorializing his oral rulings on November 30 through December 1, 2017. To aid in this process, the defense is willing to confer with the Government and prepare a joint proposed judgment covering the numerous rulings made by Magistrate Judge Epps, and the defense requests that the parties be afforded fourteen (14) days from the date the transcript is released to meet and confer for that purpose.

**B. Request For Additional Time to Appeal**

Pursuant to Rule 59(a) of the Federal Rules of Criminal Procedure, "[a] party may serve and file objections to [an] order [that does not dispose of a charge or defense] within 14 days after being served with a copy of a written order or after the oral order is stated on the record, or at some other time the court sets." *See also* 28 U.S.C. § 636(b). A court may grant an extension of time to so object upon a showing of good cause. *See* Fed. R. Crim. P. 45(b); *United States v. Glenn*, No. 5:14-cr-50115-JLV, 2017 WL 318791, at *3 (D.S.D. Jan. 23, 2017).

Good cause exists for additional time to prepare any appeal of the magistrate judge's oral rulings on November 30 through December 1, 2017. First, because the magistrate judge took up approximately one hundred discovery requests and addressed numerous complex legal issues (including issues related to the elements of the offense) during the course of the two-day hearing, additional time is needed to thoroughly examine the magistrate judge's rulings and consider whether the Defendant should appeal them, in whole or in part. Indeed, because the Defendant asserted that a majority of the requests related to elements of the offense, it will take time to consider how the magistrate judge's rulings impact the Defendant's theory of the case. Second,

defense counsel has been advised by the court reporter that a transcript of the proceedings will not be available until approximately fourteen (14) days after the hearing (the same time for filing an appeal); if Magistrate Judge Epps does not issue a more thorough written order (as requested by the instant Motion), then it will be that transcript that serves as the written record of rulings made during that two-day hearing and, accordingly, the transcript will be required in considering whether to appeal and, if an appeal is taken, preparing that appeal. Third, the Defendant continues to be detained pre-trial and that appropriate arrangements must be made for defense counsel to discuss with the Defendant the Court's rulings and the merits of an appeal. Granting a twenty-eight (28) day extension from the later of Defendant's receipt of the transcript or the magistrate judge's more thorough written ruling, *see supra* Part II.A., should allow sufficient time—especially considering the upcoming holidays—to make the necessary arrangements to consult with the Defendant about the merits of an appeal, and then prepare any appeal.

Counsel for the Defendant has consulted with the Government, and the Government has indicated to defense counsel that it does not object to this request for relief. The Defendant therefore requests that the Court find good cause exists for an extension to file any appeal of the magistrate judge's rulings pronounced on November 30 through December 1, 2017.

**C. Request for Extension of Time to File Reformulated Rule 17(c) Subpoenas**

Pursuant to Rule 45(b) of the Federal Rules of Criminal Procedure, "[w]hen an act must or may be done within a specified period, the court on its own may extend the time, or for good cause may do so on a party's motion made[] before the originally prescribed or previously extended time expires[.]" Fed. R. Crim. P. 45(a)(1)(A).

On December 1, 2017, the Court addressed the Defendant's *Ex Parte* Motion for Issuance of Subpoenas Pursuant to Rule 17 of the Federal Rules of Criminal Procedure (the "Rule 17

Motion") [Doc. 159]. As indicated in the Court's December 5, 2017 order, the Court ordered the Defendant to reformulate the subpoenas that are the subject of the Rule 17 Motion so as to be consistent with the Court's oral rulings on the document requests made on November 30 through December 1, 2017 [Doc. 172]. The Court subsequently imposed a deadline for the reformulated subpoenas of noon on December 18, 2017 [*Id.*].

Given the numerous discovery requests and numerous rulings on complex issues addressed during the course of the November 30 through December 1, 2017 hearing (as set forth in detail above), the fact that a transcript of the hearing will not be available until approximately fourteen (14) days after the hearing, and the logistics of traveling to a secure location to reformulate the Rule 17 subpoenas, the Defendant asserts that good cause exists for additional time to reformulate the Rule 17 subpoenas. Granting a twenty-eight (28) day extension from the later of Defendant's receipt of the transcript of the November 30 through December 1, 2017 hearing or the magistrate judge's written ruling, *see supra* Part II.A., should allow sufficient time to make the necessary arrangements to review the transcript or written order and then prepare the reformulations.

Counsel for the Defendant has consulted with the Government, and the Government has indicated to defense counsel that it does not object to this request for relief. The Defendant therefore requests that the Court find good cause exists for an extension to submit her reformulated Rule 17 subpoenas.

## III. Conclusion

For the reasons articulated above, and because the Government does not have an objection, good cause exists for:

(1) Magistrate Judge Epps to issue a more thorough written ruling regarding all discovery requests identified in the Joint Status Report consistent with the oral rulings he made during the course of the hearing that spanned November 30 through December 1, 2017;

(2) the Court to grant an extension of twenty-eight (28) days from the later of the date the transcript of the November 30 through December 1, 2017 hearing is released to the parties or the date upon which a written order regarding the discovery requests identified in the Joint Status Report is entered for the Defendant to appeal the order of Magistrate Judge Brian K. Epps regarding discovery disputes that he issued on November 30 through December 1, 2017; and

(3) the Court to grant an extension of twenty-eight (28) days from the later of the date the transcript of the November 30 through December 1, 2017 hearing is released to the parties or the date upon which a written order regarding the discovery requests identified in the Joint Status Report is entered for the Defendant to submit her reformulated Rule 17 subpoenas.

The Defendant also seeks any additional relief the Court deems appropriate.

Respectfully submitted,

*/s/Joe D. Whitley*

Joe D. Whitley (Bar No. 756150)
Admitted *Pro Hac Vice*
Brett A. Switzer (Bar No. 554141)
**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.**
3414 Peachtree Rd., NE Suite 1600
Atlanta, GA 30326
(404) 577-6000
JWhitley@bakerdonelson.com
BSwitzer@bakerdonelson.com

John C. Bell, Jr. (Bar No. 048600)
Titus T. Nichols (Bar No. 870662)
**BELL & BRIGHAM**
PO Box 1547
Augusta, GA 30903-1547
(706) 722-2014
John@bellbrigham.com
Titus@bellbrigham.com

Matthew S. Chester (La. Bar No. 36411)
Admitted *Pro Hac Vice*
**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.**
201 St. Charles Ave., Suite 3600
New Orleans, LA 70170
(504) 566-5200
MChester@bakerdonelson.com

Thomas H. Barnard (Az. Bar No. 27488)
Admitted *Pro Hac Vice*
**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.**
100 Light Street.
Baltimore, MD 21202
(410) 685-1120
TBarnard@bakerdonelson.com

Jill E. McCook (Tn. Bar No. 033813)
Admitted *Pro Hac Vice*
**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.**
265 Brookview Centre Way, Suite 600
Knoxville, TN 37919
(865) 549-7129
JMCook@bakerdonelson.com

**ATTORNEYS FOR DEFENDANT REALITY LEIGH WINNER**

## CERTIFICATE OF SERVICE

I hereby certify that on December 7, 2017, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which sent notification of such filing to counsel of record for all parties.

*/s/Joe D. Whitley*
JOE D. WHITLEY, ESQ.