UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| v. | * | NO. 1:17-CR-0034 |
| | * | |
| **REALITY LEIGH WINNER** | * | |
| | * | |
| * * * * * * * * * * * * * * * * | * | |

## DEFENDANT'S MOTION TO CONTINUE DECEMBER 19, 2017 HEARING REGARDING CIPA NOTICES

NOW INTO COURT, through undersigned counsel, comes Defendant Reality Leigh Winner ("Ms. Winner" or the "Defendant"), who respectfully requests that the Court continue the hearing currently set for December 19, 2017, relating to Defendant's First and Second CIPA § 5 Notices [Doc. 172].[1]  As set forth in more detail below, despite the extreme diligence exhibited by the defense in the past several weeks and months, the Defendant is simply not in a position to address the specificity in, or amend, her CIPA § 5 notices at the present juncture. Among many other things, the defense is in the process of engaging all relevant and appropriate experts and/or the Defendant's currently-engaged experts are in the process of obtaining security clearances (which, counsel understands, may not be completed until early February for one expert)—both of which are prerequisites to having those experts assist the defense in its

---

[1] The Court also set December 19, 2017 as the hearing date for Defendant's Motion to Conduct Certain Internet Searches [Docs. 164-1, 172].  The defense still desires a hearing relating to the requested Internet searches (although, as noted at the recent two-day hearing held on November 30, 2017 through December 1, 2017, the Defendant is hopeful, depending on the guidance from various federal agencies, that such a hearing is not necessary and that the defense will be permitted to conduct unrestricted Internet searches in accordance with the Court's stated preference).

As for the Defendant's request for Rule 17(c) subpoenas, the Defendant filed a separate motion [Doc. 176] seeking extra time to prepare the "reformulated" subpoenas in accordance with the Court's orders on her motion to compel and the discovery disputes outlined in the Joint Status Report [Doc. 172], and the Court recently ruled that a new Motion containing the "reformulated" subpoenas are due twenty-one days from the completion of the transcript of the hearing on Defendant's motion to compel [Doc. 177].  Thus, the Defendant understands that her request for Rule 17 subpoenas will not be heard at the December 19, 2017 hearing.

1

preparation for trial, including providing advice and assistance on her CIPA § 5 notices, which are set for hearing on December 19. Without the assistance of these experts, the Defendant cannot adequately identify what classified information (or portions of classified documents) she would designate for trial or any pretrial proceeding, as required under CIPA. Separately, even if the defense could be more specific at the current juncture with respect to CIPA § 5 notices (which it cannot), the Court recently ordered the Government to file a brief, by December 18, 2017 at 12:00 p.m., detailing its view on which particular portions of the Defendant's CIPA § 5 notices it deemed to be insufficient. For the reasons stated at the hearing held with the Court on November 30 through December 1, 2017, such time is insufficient for the defense to receive that filing, which may be classified, and prepare for a hearing only hours later. Accordingly, as set forth below, the Defendant requests that the Court continue the December 19, 2017 hearing until such time as she has engaged all appropriate experts, obtained security clearances from those experts, and has had sufficient time to work with those experts so that they may assist counsel in identifying the classified information (or portions of classified documents) for revised and/or supplemental CIPA § 5 notices. The Defendant further requests, in accordance with the local rules, sufficient time with any Government brief detailing any alleged deficiencies in connection with her CIPA § 5 notices to review such pleading and prepare for any hearing ordered by the Court.

## I.   Procedural History

On November 21, 2017, the Defendant filed, through the Classified Information Security Officer, her First CIPA § 5 Notice [Doc. 158]. On December 1, 2017, the Defendant filed her Second CIPA § 5 Notice [Doc. 168]. On that same day, and the day before, the Court heard a separate motion to compel filed by Ms. Winner [Doc. 129]. At that hearing, the Government

expressed concerns about the level of specificity in the Defendant's CIPA § 5 notices. It was defense counsel's understanding that the Court orally requested that the Government file a "skeleton" brief setting forth its view of the appropriate legal standard governing CIPA § 5 notices on or before noon December 11, 2017. Later, though, the Court issued a written order requiring the Government to file a "brief specifying the portions of Defendant's § 5 filings deemed to be insufficient" on or before noon December 18, 2017 [Doc. 172]. The Court also set a hearing for December 19, 2017, in part to address the Defendant's CIPA § 5 notices [*Id.*].

## II.     Argument

As stated on the record at the November 30 through December 1, 2017 hearing, the Government's concerns regarding the Defendant's CIPA § 5 notices are based on the notion that the Defendant has not been specific enough in identifying information or documents (and/or portions of documents) to be used at trial in this case. As an initial matter, the Defendant is of the view that much of her CIPA § 5 notices satisfy the appropriate legal standard; however, even if the Court were to disagree, at this early juncture, the Defendant is simply not in a position to be more specific about what classified information she reasonably expects to disclose at any pretrial proceeding or at trial.

As noted above, the Court has ordered the Government to file a brief challenging the Defendant's CIPA § 5 notices less than twenty-four hours before the hearing set for December 19, 2017. While counsel for the Defendant will aim to do so, it is unlikely that counsel will have adequate time to review and formulate any verbal or written response to that brief within such a short time frame. Indeed, the Defendant's CIPA § 5 notices notice approximately two hundred items of classified information, and given the Government's characterization of the Defendant's First CIPA § 5 Notice during the most recent hearing before the Court, the Defendant anticipates

more than a few hours will be needed to analyze the Government's brief and formulate an appropriate response. Indeed, the Local Rules for the Southern District of Georgia contemplate parties having at least fourteen (14) days to receive, review, and respond to pleadings filed by opposing counsel [LCrR 12.1]. The Defendant requests this amount of time in connection with any Governmental brief relating to CIPA § 5 (or any brief whatsoever in connection with this case)—especially given the logistical challenges imposed on the Defendant, which have been detailed for the Court in prior filings and hearings. For this reason alone, the Court should continue the hearing scheduled on December 19, 2017 regarding Defendant's First and Second CIPA § 5 Notices.

But there is additional reason for continuance. Defense counsel has been working diligently over the course of the last several weeks and months. Among many other things, the defense team has:

- Made nearly weekly trips to the various SCIFs (which, in many cases, necessitated substantial travel by counsel) to review classified information produced by the Government thus far, prepare multiple classified filings in this case, and discuss classified information amongst counsel and/or with the Defendant;

- Filed over a dozen pleadings in his case addressing a variety of issues, including:

    - CIPA procedural and scheduling issues;
    - Discovery issues;
    - Suppression issues;
    - Public and *ex parte* briefs on the elements of the offense;
    - Pretrial detention; and
    - Multiple appeals, as appropriate, of the above-listed motions;

- Drafted and served on the Government four substantial sets of discovery requests, totaling approximately 100 separate document requests, directed to a myriad of issues in this case;

- Prepared a lengthy Motion for the Issuance of Rule 17(c) Subpoenas directed to numerous federal agencies seeking multiple dozens of documents;

- Participated in numerous hearings ordered by the Court, including hearings addressing logistical issues, discovery issues, and pretrial detention issues; and

- Engaged several consultants and experts who are assisting with pertinent issues in this case.

Yet, the Defendant's pretrial preparations are far from over.

As the Court is aware, one of the purposes of CIPA § 5 is for the Defendant to notice all classified information he/she plans to use at trial or any pretrial proceeding. To accomplish this, the Defendant must engage experts to assist her in preparing her case-in-chief (including designating which evidence, or portions of evidence, the Defendant wishes to use at trial for her case-in-chief), as well as impeachment. While, at present, the defense has engaged a number of experts to assist her in preparing her defense, despite diligence by her counsel, she has not yet completed the process of formally engaging all necessary experts, nor have the experts she has engaged obtained needed security clearances. Without the assistance of all engaged or cleared experts, the defense is not—and cannot be—in a position to fully prepare its case-in-chief, including assisting in preparing her CIPA § 5 notices.

For example, the Defendant has engaged certain experts and is in the process of engaging other experts to advise on what information needs to presented in support of her defense that the information contained in the document at issue is not "national defense information." Experts are needed on this issue because, given the nature of the information, counsel are (understandably) ill-equipped to make any such determination; indeed, there may even be information that exists relating to this element that counsel may not even understand would be relevant but for the assistance of the expertise engaged and cleared experts can provide. As another illustration, the Defendant anticipates certain experts will provide assistance to defense counsel in engaging in relevant Internet searches to demonstrate that the information contained

in the document at issue was already in the public domain. Those experts, who will need to be cleared so that they may view the document at issue for purposes of formulating appropriate searches, will then need to opine on whether the information in the public domain is similar and/or identical to the information contained in the document at issue—a point that, if demonstrated, could raise a reasonable doubt in a juror's mind about whether the Defendant is guilty of the charged offense. Without those cleared experts, the defense cannot even accumulate all the public domain information that might be relevant to trial—let alone identify which portions of those documents are required to be noticed under CIPA § 5.

While the defense has done its best to prepare CIPA § 5 notices without the engagement of all necessary experts (or without security clearances for those experts she has engaged), amending her CIPA § 5 notices to be more specific will necessarily require consultation with experts after they are cleared as she begins preparations for trial. The Defendant, accordingly, requests additional time to formally engage all such experts (and/or obtain security clearances for those experts)[2] so that she will be a position to discuss with the Court and the Government the extent to which she can provide more specific CIPA § 5 notices, and then make any necessary amendments or file a supplement.

## III. Conclusion

For the reasons articulated above, good cause exists for a continuance of the hearing scheduled on December 19, 2017 regarding Defendant's First and Second CIPA § 5 Notices. Accordingly, the Defendant requests that the Court (a) grant her request to continue the December 19, 2017 hearing until such time as all her experts are formally engaged, receive security clearances, and can begin the process of assisting in her defense; (b) order that any brief

---

[2] This process has already begun. For example, one expert is currently awaiting clearance, and the Classified Information Security Officer has advised the defense team that clearance may not be finalized until early February.

filed by the Government in connection with its view of insufficient CIPA § 5 notices be filed at least fourteen (14) days in advance of any hearing so that the defense may have adequate time to review such pleading and prepare for any hearing; and (c) grant such additional relief as it deems appropriate.

Respectfully submitted,

*/s/* Joe. D. Whitley

| | |
|---|---|
| Joe D. Whitley (Bar No. 756150) | John C. Bell, Jr. (Bar No. 048600) |
| Admitted *Pro Hac Vice* | Titus T. Nichols (Bar No. 870662) |
| Brett A. Switzer (Bar No. 554141) | **BELL & BRIGHAM** |
| **BAKER, DONELSON, BEARMAN,** | PO Box 1547 |
| **CALDWELL & BERKOWITZ, P.C.** | Augusta, GA  30903-1547 |
| 3414 Peachtree Rd., NE Suite 1600 | (706) 722-2014 |
| Atlanta, GA  30326 | John@bellbrigham.com |
| (404) 577-6000 | Titus@bellbrigham.com |
| JWhitley@bakerdonelson.com | |
| BSwitzer@bakerdonelson.com | |
| | |
| Matthew S. Chester (La. Bar No. 36411) | Thomas H. Barnard (Az. Bar No. 27488) |
| Admitted *Pro Hac Vice* | Admitted *Pro Hac Vice* |
| **BAKER, DONELSON, BEARMAN,** | **BAKER, DONELSON, BEARMAN,** |
| **CALDWELL & BERKOWITZ, P.C.** | **CALDWELL & BERKOWITZ, P.C.** |
| 201 St. Charles Ave., Suite 3600 | 100 Light Street. |
| New Orleans, LA  70170 | Baltimore, MD  21202 |
| (504) 566-5200 | (410) 685-1120 |
| MChester@bakerdonelson.com | TBarnard@bakerdonelson.com |

Jill E. McCook (Tn. Bar No. 033813)
Admitted *Pro Hac Vice*
**BAKER, DONELSON, BEARMAN,**
    **CALDWELL & BERKOWITZ, P.C.**
265 Brookview Centre Way, Suite 600
Knoxville, TN  37919
(865) 549-7129
JMcCook@bakerdonelson.com

**ATTORNEYS FOR DEFENDANT
REALITY LEIGH WINNER**

7

## **CERTIFICATE OF SERVICE**

    I hereby certify that on December 12, 2017, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which sent notification of such filing to counsel of record for all parties.

                                                                */s/* Joe D. Whitley
                                                                JOE D. WHITLEY