**UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION**

|  |  |  |
|---|---|---|
| | * | |
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| **v.** | * | **CR 1:17-34** |
| | * | |
| **Reality Leigh Winner** | * | |
| | * | |
| **Defendant** | * | |
| | ************* | |

## <u>GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR BILL OF PARTICULARS</u>

**I.     INTRODUCTION**

On November 27, 2017, the Defendant filed a motion for leave to file her motion for a bill of particulars, and attached her motion for a bill of particulars (Dkt. Nos. 165 and 165-1). The Defendant's motion itself is without merit.  The indictment and other information provided to the Defendant are more than adequate to allow her to prepare her defense, to minimize surprise at trial, and to enable her to plead double jeopardy in the event of a later prosecution for the same offense.  *United States v. Anderson*, 799 F.2d 1438, 1441 (11th Cir. 1986). Accordingly, this Court should deny the Defendant's motion for a bill of particulars.

**II.     LEGAL STANDARD**

Pursuant to Federal Rule of Criminal Procedure 7(f), a "court may direct the government to file a bill of particulars."  A defendant, however, is not entitled to a bill of particulars as a matter of right. *Wong Tai v. United States*, 273 U.S. 77, 82 (1927).  The purpose of a bill of

particulars has been described as "threefold: 'to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense, to minimize surprise at trial, and to enable him to plead double jeopardy in the event of a later prosecution for the same offense.'" *Anderson*, 799 F.2d at 1441 (quoting *United States v. Cole*, 755 F.2d 748, 760 (11th Cir. 1985)); *see also United States v. Colson*, 662 F.2d 1389, 1391 (11th Cir. 1981) ("The purpose of a bill of particulars is to inform the defendant of the charge in sufficient detail to enable adequate defense preparation and to minimize surprise at trial."). If an indictment is insufficient, a bill of particulars may "supplement" the indictment "by providing the defendant with information *necessary* for trial preparation." *Anderson*, 799 F.2d at 1441.

In accordance with the standard above, an indictment is sufficient, and a bill of particulars unnecessary, if the indictment provides information that allows the defendant to prepare a defense, avoid surprise, and plead double jeopardy. Moreover, it is well recognized that "[g]eneralized discovery" is not a proper purpose for seeking a bill of particulars, *United States v. Warren*, 772 F.2d 827, 837 (11th Cir. 1985), and that "[t]he purpose is not to provide detailed disclosure before trial of the Government's evidence." *United States v. Sherriff*, 546 F.2d 604, 606 (5th Cir. 1977); *see also Colson,* 662 F.2d at 1391; *United States v. Davis*, 582 F.2d 947, 951 (5th Cir. 1978).[1]

---

[1] *See Bonner v. City of Prichard,* 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc) (adopting for the Eleventh Circuit as binding precedent all decisions rendered by the United States Court of Appeals for the Fifth Circuit prior to September 30, 1981).

### III.   ARGUMENT

Because the indictment in this case provides the Defendant with sufficient information to prepare her defense, avoid surprise, and plead double jeopardy—and particularly in light of the government's notice filed pursuant to Section 10 of the Classified Information Procedures Act (CIPA), 18 U.S.C. App. III—the Court should deny the Defendant's request for a bill of particulars.

On June 7, 2017, a federal grand jury empaneled in the United States District Court for the Southern District of Georgia returned a one-count indictment against the Defendant (Dkt. No. 13). On September 6, 2017, the Defendant was charged in a superseding indictment that did not differ substantively from the original indictment (Dkt. No. 72; hereinafter, "Superseding Indictment"). The Superseding Indictment charges the Defendant with the Willful Retention and Transmission of National Defense Information, in violation of Title 18, United States Code, Section 793(e). Section 793(e) provides as follows:

> Whoever having unauthorized possession of, access to, or control over any document, writing, code book, signal book, sketch, photograph, photographic negative, blueprint, plan, map, model, instrument, appliance, or note relating to the national defense, or information relating to the national defense which information the possessor has reason to believe could be used to the injury of the United States or to the advantage of any foreign nation, willfully communicates, delivers, transmits or causes to be communicated, delivered, or transmitted, or attempts to communicate, deliver, transmit or cause to be communicated, delivered, or transmitted the same to any person not entitled to receive it, or willfully retains the same and fails to deliver it to the officer or employee of the United States entitled to receive it
>
> . . .
>
> [s]hall be fined under this title or imprisoned not more than ten years, or both.

3

18 U.S.C. § 793(e).  Accordingly, to convict a defendant of violating 18 U.S.C. § 793(e) for communicating, delivering, or transmitting, or for retaining, a "document," the government is required to prove beyond a reasonable doubt that: (1) the defendant had unauthorized possession of a document; (2) the document related to the national defense; and (3) the defendant willfully communicated, delivered, or transmitted the document to a person not entitled to receive it, or willfully retained the document and failed to deliver it to the officer or employee of the United States entitled to receive it.  *Id.*; *see also* Dkt. No. 122 at 2-3.

The Superseding Indictment alleges that on or about May 9, 2017, the Defendant printed and improperly removed classified intelligence reporting, which contained information relating to the national defense that was closely held by the government—specifically, intelligence reporting dated on or about May 5, 2017, marked TOP SECRET//SENSITIVE COMPARTMENTED INFORMATION (SCI), that describes intelligence activities by a foreign government directed at targets within the United States.  The Superseding Indictment further alleges the Defendant unlawfully transmitted the intelligence reporting to an online news outlet, which was not entitled to receive or possess the intelligence reporting.

The Superseding Indictment therefore both tracks the language of 18 U.S.C. § 793(e), and provides specific information about the charges pending against the Defendant, including the date of the offense.  *See Cole*, 755 F.2d at 760 ("The superseding indictment in this case tracked the language of the statutes involved and adequately informed appellants of the charges pending against them." (citing *Wong Tai*, 273 U.S. 77)).  Moreover, the government has identified and

provided to the Defendant in classified discovery the intelligence reporting described in the Superseding Indictment.  *See United States v. Urban*, 404 F.3d 754, 772 (3d Cir. 2005) (explaining that access to discovery "weakens" the case for a bill of particulars).

Furthermore, the specific relief that the Defendant requests in her motion for a bill of particulars is for the government to "be required to inform the Defendant which portions of the classified intelligence reporting described in the Superseding Indictment it contends are 'national defense information' under the charged statute with sufficient precision to allow Ms. Winner to prepare her defense and to minimize surprise at trial."  Dkt. No. 165-1 at 1; *see also id.* at 3, 4. Pursuant to Section 10 of CIPA, the government is required to notify the Defendant of "the portions of the material that it reasonably expects to rely upon to establish the national defense or classified information element of the offense."  18 U.S.C. App. III § 10.  On December 14, 2017, the government, in a classified filing, provided such information to the Defendant.  *See* Dkt. No. 182.  To the extent the government has provided the requested information through its CIPA Section 10 Notice, the Court should deny the Defendant's motion as moot.  *Cf. United States v. Gowadia*, No. 1:05-cr-486-SOM-KSC, at Dkt. No. 265 (D. Haw. Jan. 22, 2009) (denying the defendant's motion for a bill of particulars in part based on the government's CIPA Section 10 notice).  To the extent that she is requesting other information, she is not entitled to it for the reasons explained herein.

## IV.    CONCLUSION

As set forth above, the government has provided to the Defendant more than sufficient information to allow the Defendant to prepare her defense, minimize surprise at trial, and to

enable her to plead double jeopardy in the event of a future prosecution.  Accordingly, this Court should deny the Defendant's motion for a bill of particulars.

Respectfully submitted,

BOBBY L. CHRISTINE
UNITED STATES ATTORNEY

*//s// Jennifer G. Solari*

Jennifer G. Solari
Assistant United States Attorney

*//s// David C. Aaron*

David C. Aaron
Trial Attorney
U. S. Department of Justice
National Security Division

*//s// Julie Edelstein*

Julie A. Edelstein
Trial Attorney
U. S. Department of Justice
National Security Division

6

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have on this day served all the parties in this case in accordance with the notice of electronic filing ("NEF") which was generated as a result of electronic filing in this Court.

This 18th day of December 2017.

BOBBY L. CHRISTINE
UNITED STATES ATTORNEY

*//s// Julie A. Edelstein*

Julie A. Edelstein
Trial Attorney

600 E Street, N.W.
Washington, D.C. 20004
(202) 233-2260