█████████████████

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | **Criminal No.: 1:17-34 (JRH-BKE)** |
| | ) | |
| **v.** | ) | **Filed *In Camera* and** |
| | ) | **Under Seal with the Classified** |
| **REALITY LEIGH WINNER** | ) | **Information Security Officer** |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

### GOVERNMENT'S NOTICE REGARDING ADEQUACY OF
### DEFENDANT'S FIRST AND SECOND CIPA SECTION 5 NOTICES

(U//~~FOUO~~)  The Defendant's first and second notices under Section 5 of the Classified

Information Procedures Act, 18 U.S.C. App. III ("CIPA") ("First CIPA Section 5 Notice" and

"Second CIPA Section 5 Notice," respectively, or "Notices," collectively) contain 173 and 6

categories, respectively—for a total of **179** categories—relating to classified information that the

Defendant seeks to disclose at trial.  In all, the Defendant has noticed approximately **782** of the

**803** pages the government has provided to the Defendant in classified discovery, and has noted

that in every instance, she is noticing "the entire content of the document."[1]  *See* First CIPA



[1]

Classified By: █████
Derived From: █████
Dated: █████
Declassify On: █████

████████████████

███████████████████████████████

Section 5 Notice at 3 n.2; Second CIPA Section 5 Notice at 1 n.2.  That the Defendant

reasonably expects to disclose at trial the entire content of all 782 of these pages itself should

demonstrate the insufficiency of the Defendant's Notices.  Moreover, of the 179 categories of

classified information the Defendant has noticed, 125 categories are not linked to any document

produced by the government.

      (U)  Although some of the Defendant's descriptions of classified information in the

Notices allow the government to identify the classified information at issue,[2] many categories

lack the specificity required at this stage of CIPA proceedings.  Accordingly, for these remaining

vague descriptions of classified information, the government is unable to identify the classified

information at issue, let alone argue its use, relevance, or admissibility under CIPA Section 6(a).

_____

████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████

---

[2] (U)  Certain items allow the government to identify the classified information at issue:  (1) In
the First CIPA Section 5 Notice, Item Numbers 1, 2, 5, 6, 7, 8, 9, 10, 12, 13, 17, 18, 23, 27, 28,
29, 30, 31, 33, 34, 35, 36, 37, 38, 39, 40, 41, 54, 55, 56, 59, 62, and 167; and (2) in the Second
CIPA Section 5 Notice, Item Numbers 174, 175, 176, 177, and 179.  Nonetheless, the
government respectfully requests that the Court order the Defendant, when she submits revised
notices, to limit the notices to information she *actually* reasonably expects to disclose at trial.
*See United States v. Kim*, Criminal No. 10-225 (CKK), Dkt. No. 271, at 8 (D.D.C. Dec. 9, 2013)
("The Court has no desire to consider all of the classified information in these documents based
on Defendant's current representations, only to have this chore prove irrelevant when Defendant
decides on more careful reflection that he *actually* only reasonably expects to disclose a narrow
subset of the information."); *United States v. North*, 708 F. Supp. 389, 395 (D.D.C. 1988) (noting
that the defendant's CIPA Section 5 notice, which sought "disclosure of masses of classified
material which under no conceivable version of a defense could have any utility whatsoever,"
would have an "immense" effect on the efficiency of pretrial proceedings).  It is doubtful that the
Defendant reasonably expects to disclose all of the classified information in these documents.
The noticed documents include, for example, an email exchange about technical difficulties the
Defendant was experiencing (Item 34), advice the Defendant received on how to translate
documents (Item 35), and an email merely stating that the Defendant is attaching a transcript
(Item 36).

████████████████████████████████

████████████████████████

Similarly, the Court will not be in a position to make the required determinations under CIPA Section 6(a) concerning the use, relevance, and admissibility of *each category* of the noticed classified information.

(U)  Before proceeding to CIPA Section 6, the Court therefore should order the Defendant to provide a particularized notice specifying the classified information that she expects to disclose at trial.  If the Defendant does not sufficiently revise her CIPA Section 5 Notices, the Court should preclude the disclosure of any classified information for which the Defendant has failed to provide the requisite particularity and specificity.  *See* 18 U.S.C. App. III § 5(b).  The government sets forth below the standard for noticing information under CIPA Section 5, as well as the specific items that do not satisfy the standard.

## I.      (U)  CIPA Section 5 Requires a Particularized Notice of the Specific Classified Information the Defendant Seeks To Disclose Publicly

(U)  "CIPA was enacted by Congress in an effort to combat the growing problem of graymail, a practice whereby a criminal defendant threatens to reveal classified information during the course of his trial in the hope of forcing the government to drop the criminal charge against him."  *United States v. Smith*, 780 F.2d 1102, 1105 (4th Cir. 1985) (*en banc*).  By requiring a defendant to "specifically set out the classified information the defendant believes he will rely upon in his defense," and requiring the court to make pretrial rulings regarding its admissibility, CIPA is designed to eliminate the risk that the government will be surprised at trial, unable to evaluate disclosure claims, and instead simply "abandon prosecution rather than risk possible disclosure of classified information."  *Id.*

████████████████████████

████████████████████

(U)  Thus, CIPA establishes procedures by which courts rule on pretrial matters concerning the discovery, use, relevance, and admissibility of classified information in criminal cases.  A defendant's CIPA Section 5 notice of the classified information that she reasonably expects to disclose is "the central document" in that CIPA process.  *United States v. Collins*, 720 F.2d 1195, 1199-1200 (11th Cir. 1983).  Critically, through that notice, CIPA "requires that the defendant be forthcoming, before trial, as to anticipated evidence" and establish "what classified information will actually be—as opposed to vaguely threatened to be—made public if the case proceeds."  *Id.* at 1199.

(U)  CIPA Section 5 sets forth the requirements for the notice.  It mandates that a defendant provide timely written notice to the Court and the government, describing any classified information that the defendant reasonably expects to disclose at trial or in any pre-trial proceeding.  18 U.S.C. App. III § 5(a).  Where no notice is given, the Court may preclude the disclosure of such information.  *Id.* § 5(b).  Following the defendant's notice, the government may request a hearing under CIPA Section 6(a) on the use, relevance, or admissibility of any classified information described in the notice.  *Id.* § 6(a).  After such a hearing, the Court must "set forth in writing the basis for its determination" on use, relevance, and admissibility "[a]s to each item of classified information."  *Id.*

(U)  Courts have consistently held that, although the description of the classified information in the defendant's notice may be brief, it must nonetheless be particularized and set forth the specific classified information that the defendant reasonably believes she will disclose to the public at trial.  "[T]he objective of CIPA is to provide the government with both notice of the defendant's intent to introduce sensitive information at trial, *and a particularized description*

████████████████████

████████████████████████████

*of the classified information prior to trial*." *United States v. Badia*, 827 F.2d 1458, 1465 (11th Cir. 1987) (emphasis in original). Indeed, "[t]he notice must specifically set out the classified information the defendant believes he will rely upon in his defense. A general statement of the areas the evidence will cover is insufficient." *Smith*, 780 F.2d at 1105. Where documents produced in discovery are at issue, a CIPA Section 5 notice is adequate if it "informs '[t]he government . . . exactly to which documents [the defendant] was referring, and [to] what information was contained in them.'" *United States v. Rewald*, 889 F.2d 836, 855 (9th Cir. 1989) (quoting *United States v. Miller*, 874 F.2d 1255, 1276 (9th Cir. 1989) (upholding district court order requiring defendant "to specify with greater particularity which documents or portions of documents were relevant")). CIPA Section 6 proceedings cannot proceed without an adequate Section 5 notice because, without it, both the government and the Court would lack an adequate basis to evaluate the specific classified information at issue and any objections or alternatives to its disclosure. *See Badia*, 827 F.2d at 1465 ("Obviously, without a sufficient notice that sets forth with specificity the classified information that the defendant reasonably believes necessary to his defense, the government is unable to weigh the costs of, or consider alternatives to, disclosure.").

(U) The Eleventh Circuit carefully considered the adequacy of a CIPA Section 5 notice in *Collins*. In *Collins*, the defendant provided notice under CIPA Section 5 that at trial he intended to disclose classified information concerning several broadly-worded categories. The trial court sought to narrow the issues, but even at a hearing on the matter, defense counsel would only provide non-exclusive examples of the types of classified information concerning those categories, reserving the right to introduce other specific classified information related to

████████████████████████████

███████████████████████

the noticed categories. 720 F.2d at 1198. After the trial court accepted the Section 5 notice as adequate, the government took an interlocutory appeal, and the Eleventh Circuit reversed and remanded on the ground that the defendant's CIPA Section 5 notice lacked the requisite specificity and particularity. The Eleventh Circuit flatly rejected the defendant's argument that by calling for a "brief description," CIPA Section 5 permits "a mere general statement of the areas about which evidence may be introduced":

> [T]his overlooks that the "brief description" is to be of *the classified information* expected to be disclosed. "A brief description" is not to be translated as "a vague description"; "of the classified information" may not be interpreted as "of the areas of activity concerning which classified information may be revealed."

*Id.* (emphasis in original). As a result, "[a] Section 5(a) notice must be particularized, setting forth specifically the classified information which the defendant reasonably believes to be necessary to his defense." *Id.*

(U) The Eleventh Circuit advised that a trial court "must not countenance a Section 5(a) notice which allows a defendant to cloak his intentions and leave the government subject to surprise at what may be revealed in the defense. To do so would merely require the defendant to reduce 'greymail' to writing." *Id.* at 1199-1200. After all,

> the government should not be surprised at any criminal trial when the defense discloses, or causes to be disclosed, any item of classified information. The court, the government and the defendant should be able to repair to the Section 5(a) notice and determine, reliably, whether the evidence consisting of classified information was contained in it.

*Id.* at 1199.

(U) The *Collins* court further held that the trial court should not have proceeded to a CIPA Section 6(a) hearing unless and until the defendant cured the lack of specificity and particularity in his Section 5 notice. *Collins*, 720 F.2d at 1200 ("[N]o Section 6 hearing should

███████████████████████

███████████████████

be held until the sufficiency of the 5(a) notice, if questioned, has been determined."). "[A] sufficient notice is essential to put into motion the other CIPA procedures," such as the Section 6(a) motion and hearing, *id.* at 1198, because "the defendant's 'asking price,' in revelation of classified information, should be clearly stated before the government starts to negotiate for a better 'price' pursuant to Section 6." *Id.* at 1200.

(U) The requirement that a defendant submit a particularized CIPA Section 5 notice before the government objects under CIPA Section 6 also prevents a defendant from using a vague and overbroad Section 5 notice as a *de facto* discovery request, requiring the government to identify specific information that is both classified and objectionable and which may—or may not—fall under the defendant's broad notice. To do otherwise would result in "suddenly shifting the burden . . . to the government to anticipate and state what it fears from 'greymail'" in the face of an inadequate Section 5 notice. *Id.* Similarly, the government is not required to sift through its own evidence to identify classified information that conceivably falls within an overbroad Section 5 notice. *Id.* at 1199 ("It is of no importance that the government can locate specific data about defendant's knowledge of sensitive information in its own records.")

(U) *Collins* and *Badia* are the controlling precedent in the Eleventh Circuit, and these decisions have also been followed in other circuits. For example, in the Oliver North prosecution in the District of Columbia, the court required a "precise, highly particularized notice" under CIPA Section 5, "to be limited to classified portions [of documents] that North considered relevant and material to his defense." *North*, 708 F. Supp. at 392; *see also id.* at 395 (relying upon *Collins* and *Badia*). The trial court required a specific notice because "CIPA is designed to let the government know, with some precision, what the costs of prosecution would

███████████████████

███████████████████████████

be . . . ." *North*, 708 F. Supp. at 392.  In that case, after the defendant repeatedly failed to

provide a particularized notice under CIPA Section 5, the trial court precluded his use of a broad

range of noticed material.  In the related *Poindexter* prosecution, the court took a consistent

approach, adopting "the standard for specificity of notice set forth in *Collins*," which "shall cover

the documents or other information" the defendant "reasonably expects to disclose in any

manner during trial." *United States v. Poindexter*, 698 F. Supp. 316, 321 (D.D.C. 1988); *see also*

*United States v. Kim*, Dkt. No. 271, at 1-6; *United States v. Drake*, Criminal No. 10-181 (RDB),

2011 WL 2175007, at *1 (D. Md. June 2, 2011) ("A defendant's Section 5 notice must provide

specific detail as to the classified information the defendant anticipates he will rely upon in his

defense.").

## II.       (U)  The Defendant's Notices Lack the Specificity and Particularity Required by CIPA Section 5

(U)  When evaluated in light of these standards, the Defendant's First and Second CIPA

Section 5 Notices are fatally defective.  As noted above, the Defendant has noticed 782 of the

803 pages of classified discovery provided to her, and she has noticed the entire content of each

of these documents. *See* First CIPA Section 5 Notice at 3 n.2; Second CIPA Section 5 Notice at

1 n.2.  Out of the 179 categories of information noticed by the Defendant, 125 do not relate to

any document produced by the government.

████████████████████████████████

████████████████████

## A.  (U)  First CIPA Section 5 Notice

| Item | Description of Item | Affiliated Bates No. |
|---|---|---|
| 3 | | n/a |
| 4 | | n/a |
| 11 | | DOJ-CLASS-00044 through DOJ-CLASS-00109 |
| 14 | (U//FOUO) rlwinne url history | DOJ-CLASS-00112 through DOJ-CLASS-00184 |
| 15 | (U//FOUO) Search History for Reality Winner June 6, 2016 through May 24, 2017 | DOJ-CLASS-00185 through DOJ-CLASS-00191 |
| 19 | (U//FOUO) May 9, 2017 activity for RLWINNE-1 | DOJ-CLASS-00195 through DOJ-CLASS-00201 |
| 20 | (U//FOUO November 9, 2016 activity for RLWINNE-1 | DOJ-CLASS-00202 through DOJ-CLASS-00205 |
| 21 | (U//FOUO) September 21, 2016 activity for RLWINNE-1 | DOJ-CLASS-00206 through DOJ-CLASS-00217 |
| 22 | (U//FOUO) September 22, 2016 activity for RLWINNE-1 | DOJ-CLASS-00218 through DOJ-CLASS-00229 |
| 24 | (U//FOUO) Winner Print Log | DOJ-CLASS-00250 |
| 25 | | DOJ-CLASS-00251 through DOJ-CLASS-00407 |
| 32 | (U//FOUO) Reality Winner's Lync Chats | DOJ-CLASS-00543 through DOJ-CLASS-00735 |

| 42 | (U//FOUO)  FBI 302 and any agent's notes and attachments from a 6-27-2017 interview of Anne ████ C██ | DOJ-CLASS-00420 through DOJ-CLASS-00421 |
| 43 | (U//FOUO)  FBI 302 and any agent's notes and attachments from a 6-27-2017 interview of Gary ████ H██ | DOJ-CLASS-00422 through DOJ-CLASS-00423 |
| 44 | (U//FOUO)  FBI 302 and any agent's notes and attachments from a 6-8-2017 interview of Paul Hignett | DOJ-CLASS-00424 |
| 45 | (U//FOUO)  FBI 302 and any agent's notes and attachments from a 6-27-2017 interview of Bradley █ H████ | DOJ-CLASS-00425 through DOJ-CLASS-00426 |
| 46 | (U//FOUO)  FBI 302 and any agent's notes and attachments from a 6-27-2017 interview of Erice ████ K██ | DOJ-CLASS-00427 |
| 47 | (U//FOUO)  FBI 302 and any agent's notes and attachments from a 6-23-2017 interview of Nathan P████ | DOJ-CLASS-00431 through DOJ-CLASS-432 |
| 48 | (U//FOUO)  FBI 302 and any agent's notes and attachments from a 6-27-2017 interview of Christopher ████ P███ | DOJ-CLASS-00433 |
| 49 | (U//FOUO)  FBI 302 and any agent's notes and attachments from a 6-27-2017 interview of Colleen ███ S████ | DOJ-CLASS-00442 through DOJ-CLASS-00443 |
| 50 | (U//FOUO)  FBI 302 and any agent's notes and attachments from a 7-13-2017 interview of Donald Z████ | DOJ-CLASS-00444 through DOJ-CLASS-00445 |
| 51 | (U//FOUO)  FBI 302 and any agent's notes and attachments from a 6-29-2017 interview of Benjamin ███ R██ | DOJ-CLASS-00529 through DOJ-CLASS-00532 |
| 52 | (U//FOUO)  FBI 302 and any agent's notes and attachments from a 6-20-2017 interview of Jacquelyn D███ | DOJ-CLASS-00533 through DOJ-CLASS-00534 |
| 53 | (U//FOUO)  FBI 302 and any agent's notes and attachments from a 6-2-2017 interview of Paul Hignett | DOJ-CLASS-00535 through DOJ-CLASS-00536 |
| 57 | ████████████████████████ | DOJ-CLASS-00811 through DOJ-CLASS-00826 |
| 58 | ████████████████████████ | n/a |

| | | |
|---|---|---|
| 60 | | n/a |
| 61 | (U//FOUO) Testimony or information regarding Intelink-TS | n/a |
| 63 | | |
| 64 | | n/a |
| 65 | | n/a |
| 66 | | n/a |
| 67 | | n/a |
| 68 | | n/a |
| 69 | | n/a |
| 70 | | n/a |

| 71 | (U//FOUO) Testimony or information related to the Defendant's job duties and responsibilities with Pluribus International Corporation. | n/a |
| 72 | (U//FOUO) Any classified information contained in Ms. Winner's papers or electronic devices collection from her home and workstation. | n/a |
| 73 | | n/a |
| 74 | | n/a |
| 75 | | n/a |

---

[4] (U)  The Defendant notes that items 73 through 168 are descriptions of discovery requested by the Defendant.  These descriptions are wholly lacking for notice purposes under CIPA Section 5. The government understands that the Defendant may need to submit an additional notice pursuant to CIPA Section 5 for discovery produced after December 1, 2017 (the date of its Second CIPA Section 5 Notice).  Items 73 through 166 and 168 (as well as the other items listed in the charts) should be struck, however, because they are insufficiently particular.

[5]



| | | n/a |
|---|---|---|
| 76 | | n/a |
| 77 | | n/a |
| 78 | | n/a |
| 79 | | n/a |
| 80 | | n/a |
| 81 | | n/a |
| 82 | | n/a |
| 83 | | n/a |
| 84 | | n/a |



| | | |
|---|---|---|
| 85 | | n/a |
| 86 | | n/a |
| 87 | | n/a |
| 88 | | n/a |
| 89 | | n/a |
| 90 | | n/a |
| 91 | | n/a |



| 92 | | n/a |
| 93 | | n/a |
| 94 | | n/a |
| 95 | | n/a |
| 96 | | n/a |



| | | |
|---|---|---|
| 97 | | n/a |
| 98 | | n/a |
| 99 | | n/a |
| 100 | | n/a |
| 101 | | n/a |



| 102 | n/a |
| 103 | n/a |
| 104 | n/a |





Case 1:17-cr-00034-JRH-BKE   Document 190-1   Filed 12/19/17   Page 20 of 29



| | | n/a |
|---|---|---|
| 112 | | n/a |
| 113 | | n/a |
| 114 | | n/a |
| 115 | | n/a |
| 116 | | n/a |

| | | |
|---|---|---|
| 117 | | n/a |
| 118 | | n/a |
| 119 | | n/a |
| 120 | | n/a |
| 121 | | n/a |
| 122 | | n/a |
| 123 | | n/a |
| 124 | | n/a |



| | | n/a |
|---|---|---|
| 125 | | n/a |
| 126 | | n/a |
| 127 | | n/a |
| 128 | | n/a |
| 129 | | n/a |
| 130 | | n/a |
| 131 | | n/a |
| 132 | | n/a |

| | | |
|---|---|---|
| 133 | | n/a |
| 134 | | n/a |
| 135 | | n/a |
| 136 | | n/a |
| 137 | | n/a |
| 138 | (U//FOUO) Any documents, communications supporting, undergirding, relating to, or involving the allegations of harm as set forth on page 4 of the Government's October 5, 2017 response. | n/a |
| 139 | | n/a |
| 140 | | n/a |

| | | |
|---|---|---|
| 141 | | n/a |
| 142 | | n/a |
| 143 | | n/a |
| 144 | (U//FOUO) Testimony or information regarding the number of individuals who currently hold a TOP SECRET clearance, SECRET clearance, and CONFIDENTIAL clearance. | n/a |
| 145 | | n/a |
| 146 | | n/a |
| 147 | | n/a |
| 148 | | n/a |

| 149 | (U) The Facebook conversation dated February 14, 2017 (as reference in the Government's November 6, 2017 amended 404(b) letter). | n/a |
| 150 | | n/a |
| 151 | | n/a |
| 152 | (U) Testimony or information regarding the incident referenced in the Government's November 6, 2017 amended 404(b) letter relating to the Defendant's alleged "mishandling of classified information" in or about February 2017. | n/a |
| 153 | | n/a |
| 154 | | n/a |
| 155 | | n/a |
| 156 | (U) The number of authorized users of JWICS. | n/a |
| 157 | | n/a |
| 158 | (U//FOUO) The total number of authorized users of TESTFLIGHT, Library of National Intelligence, NEXT GENERATION TRIDENT, and DISCOVERY. | n/a |
| 159 | (U//FOUO) Testimony or information related to the "classified overarching intelligence assessment" identified on | n/a |

| | page 3 of the Government's October 5, 2017 discovery response. | |
|---|---|---|
| 160 | | n/a |
| 161 | | n/a |
| 162 | | n/a |
| 163 | | n/a |
| 164 | | n/a |
| 165 | | n/a |
| 166 | | n/a |
| 168 | | n/a |
| 169 | | n/a |
| 170 | | n/a |

| | | ██████████████████ |
|---|---|---|
| 171 | (U) Any information gathered in response to Rule 17 subpoenas issued to non-governmental organizations (e.g., Pluribus International). | n/a |
| 172 | (U) Any information gathered in response to state government FOIA requests. | n/a |
| 173 | (U) Any news article provided to the Government in connection with a discovery request or referenced in a discovery request. | n/a |

### B.  (U)  Second CIPA Section 5 Notice

| Item | Description of Item | Affiliated Bates No. |
|---|---|---|
| 178 | █████████████████████████████████ | DOJ-CLASS-00827 through DOJ-CLASS-00845 |

### III.     (U)  Conclusion

(U)  For all of the foregoing reasons, prior to proceeding to CIPA Section 6, the Court should order the Defendant to file a new Section 5 Notice setting forth with specificity and particularity the classified information that she reasonably expects to disclose or cause to be disclosed in connection with any trial or pretrial proceeding. *Collins*, 720 F.2d at 1200 ("[N]o Section 6 hearing should be held until the sufficiency of the 5(a) notice . . . has been determined.").  If the Defendant fails to provide the requisite Section 5 Notice, the Court should preclude the disclosure of any classified information falling into the objectionable categories in the Defendant's Notices.

Respectfully submitted,

BOBBY L. CHRISTINE
UNITED STATES ATTORNEY

By:     */s/ Jennifer G. Solari*
        Jennifer G. Solari
        Assistant United States Attorney
        Southern District of Georgia

        */s/ Julie A. Edelstein*
        Julie A. Edelstein
        */s/ David C. Aaron*
        David C. Aaron
        Trial Attorneys
        U.S. Department of Justice
        National Security Division

## CERTIFICATE OF SERVICE

I hereby certify that on December 19th, 2017, I delivered the foregoing to the CISO, and will send notification of such filing to counsel of record for all parties.

BOBBY L. CHRISTINE
UNITED STATES ATTORNEY

*/s/ Julie A. Edelstein*

Julie A. Edelstein
Trial Attorney

600 E Street, N.W.
Washington, D.C. 20004
(202) 233-2260