UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| v. | * | NO. 1:17-CR-0034 |
| | * | |
| **REALITY LEIGH WINNER** | * | |
| | * | |
| * * * * * * * * * * * * * * * * | * | |

### DEFENDANT'S CORRECTED UNOPPOSED MOTION
### TO EXCEED THE PAGE LIMITATION

NOW INTO COURT, through undersigned counsel, comes Defendant Reality Leigh Winner ("Ms. Winner" or the "Defendant"), who, with no opposition from the Government, respectfully files this Corrected Motion to Exceed the Page Limitation contained in Local Civil Rule 7.1(a) (incorporated by reference in Local Criminal Rule 1.1)[1] in connection with the Defendant's Appeal of her Motion to Compel (the "Appeal") which is due no later than January 23, 2018 [Doc. No. 192].[2] As set forth below, given the volume of requests at issue and the accompanying analyses necessary to demonstrate the relevancy of those requests, good cause exists to exceed the page limitation in connection with the Defendant's Appeal on her Motion to Compel (the "Appeal").

1.

As has been briefed before, this is not a simple case. 18 U.S.C. § 793(e) -- the charged offense here -- is a notoriously complicated statute that has numerous elements the Government must prove, including but not limited to that the classified intelligence reporting referenced in the

---

[1] *See* L.R. 7.1(a); L. Cr. R. 1.1.
[2] Magistrate Judge Epps ordered that the appeal on the motion to compel be filed within twenty-one days of the date the transcript of the hearings held before him on the Motion to Compel is made available to the parties. Here, the transcript was made available on January 2, 2018. Accordingly, the Defendant's Appeal on the Motion to Compel is due on January 23, 2018.

1

Superseding Indictment (hereinafter, the "Document") constitutes "national defense information" (meaning the Document could actually threaten the national security of the United States if disclosed, and that the information in the classified intelligence reporting was "closely held") and that the Defendant *knew* the Document contained this type of information.[3]

2.

In the late fall of 2016 and into the winter, the Defendant served over 100 document requests on the Government, seeking pertinent information for her to gather evidence to mount numerous defenses in this case. Many of these document requests sought information closely and/or directly tied to the information contained in the Document itself, which touches on a number of broad topics. While the Government has produced approximately 800 pages of classified information and several thousand pages of unclassified information, it has not produced documents responsive to many, if not all, of the Defendant's document requests, necessitating the motion to compel.

3.

On November 30, 2017 and December 1, 2017, the magistrate judge held a two-day hearing on the Defendant's Motion to Compel, including the 100-plus document requests. At the conclusion of the two-day hearing, Magistrate Judge Epps denied the vast majority of the Defendant's document requests, finding them not "relevant and helpful" to the defense.

---

[3] Ms. Winner's complete position on the elements of the alleged offense is set forth in various submissions to the Court including, but not limited to, the following: (i) Defendant's Brief Regarding the Elements of the Offense Under 18 U.S.C. § 793(e) as They Relate to the Government's Ex Parte Withholding of Discovery Under CIPA § 4 [Doc. No. 112]; (ii) Defendant's Ex Parte, In Camera Brief Regarding the Elements of the Offense Under 18 U.S.C. § 793(e), Defense Theories, and Relevance of Discovery Requests as They Relate to the Government's Ex Parte Withholding of Discovery Under CIPA § 4 [Doc. No. 117]; (iii) Defendant's Reply Brief Regarding the Elements of the Offense Under 18 U.S.C. § 793(e) as they Relate to the Government's Ex Parte Withholding of Discovery Under CIPA § 4 [Doc. No. 132]; and (iv) Defendant's Ex Parte Supplement to Her Reply Regarding the Elements of the Offense Under 18 U.S.C. § 793(e) as They Relate to the Government's Ex Parte Withholding of Discovery Under CIPA § 4 [See Doc. No. 133].

4.

The Appeal at issue seeks a review of the many rulings made by the magistrate judge in connection with the Motion to Compel.  Though the defense will do its best to be concise, the Appeal will nonetheless be voluminous.  Among other things, the Appeal addresses the approximately 105 document requests; makes affirmative (and in some cases, multiple) arguments for the relevancy of these requests; and buttresses these arguments and analyses (in some cases) with (a) real-world examples demonstrating their helpfulness and/or (b) evidence, in the form of a declaration, proving their utility in connection with the charged offense and the Defendant's defenses in this case.  While the defense has done its best to treat the Appeal, and all document requests, in a condensed fashion (including by grouping and categorizing the 100-plus document requests into document categories, and providing a chart for the convenience of the Court to review and rule on the requests), to adequately brief the legal principles at play, apply those principles to the 100-plus document requests, and set forth pertinent arguments and analyses, the Defendant respectfully requests to exceed the page limitation of twenty-six pages contained in the limitation in Local Rule 7.1(a).

5.

The Government has been consulted regarding the instant Motion to Exceed Page Limitations and has no objection to the relief requested.

WHEREFORE, for the reasons stated above, the Defendant, Reality Winner, respectfully requests that this Court (a) grant her request to exceed the page limitation in connection with her Appeal on the Motion to Compel (as contained in Local Rule 7.1(a), incorporated by Local

Criminal Rule 1.1); and (b) grant such additional relief as the Court deems warranted on the premises hereof.

Respectfully submitted,

*/s/* Joe D. Whitley
_____

| | |
|---|---|
| Joe D. Whitley (Bar No. 756150) | John C. Bell, Jr. (Bar No. 048600) |
| Admitted *Pro Hac Vice* | Titus T. Nichols (Bar No. 870662) |
| Brett A. Switzer (Bar No. 554141) | **BELL & BRIGHAM** |
| **BAKER, DONELSON, BEARMAN,** | PO Box 1547 |
| **  CALDWELL & BERKOWITZ, P.C.** | Augusta, GA  30903-1547 |
| 3414 Peachtree Rd., NE Suite 1600 | (706) 722-2014 |
| Atlanta, GA  30326 | John@bellbrigham.com |
| (404) 577-6000 | Titus@bellbrigham.com |
| JWhitley@bakerdonelson.com | |
| BSwitzer@bakerdonelson.com | |
| | |
| Matthew S. Chester (La. Bar No. 36411) | Thomas H. Barnard (Az. Bar No. 27488) |
| Admitted *Pro Hac Vice* | Admitted *Pro Hac Vice* |
| **BAKER, DONELSON, BEARMAN,** | **BAKER, DONELSON, BEARMAN,** |
| **  CALDWELL & BERKOWITZ, P.C.** | **  CALDWELL & BERKOWITZ, P.C.** |
| 201 St. Charles Ave., Suite 3600 | 100 Light Street. |
| New Orleans, LA  70170 | Baltimore, MD  21202 |
| (504) 566-5200 | (410) 685-1120 |
| MChester@bakerdonelson.com | TBarnard@bakerdonelson.com |

Jill E. McCook (Tn. Bar No. 033813)
Admitted *Pro Hac Vice*
**BAKER, DONELSON, BEARMAN,**
**  CALDWELL & BERKOWITZ, P.C.**
265 Brookview Centre Way, Suite 600
Knoxville, TN  37919
(865) 549-7129
JMCook@bakerdonelson.com

**ATTORNEYS FOR DEFENDANT**
**REALITY LEIGH WINNER**

## **CERTIFICATE OF SERVICE**

     I hereby certify that on January 17, 2018, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which sent notification of such filing to counsel of record for all parties.

                                            */s/* Joe D. Whitley
                                            JOE D. WHITLEY