UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| V. | * | NO. 1:17-CR-0034 |
| | * | |
| REALITY LEIGH WINNER | * | |
| | * | |
| * * * * * * * * * * * * * * * * * | * | |

## DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR BILL OF PARTICULARS

NOW INTO COURT, through undersigned counsel, comes Defendant Reality Leigh Winner ("Ms. Winner" or the "Defendant"), who respectfully files this reply brief in further support of Defendant's Motion For Bill of Particulars [Doc. No. 165-1] filed pursuant to Fed. R. Crim. P. 7(f), which seeks additional clarity with regard to one particular element of the charged offense (hereinafter, the "Motion").

### I.   INTRODUCTION

Simply put, the instant Motion seeks that the Government be required to state with particularity which specific portions of the classified intelligence reporting described in the Superseding Indictment [Doc. No. 72] it contends are "national defense information" ("NDI") under the charged statute with sufficient precision to allow Ms. Winner to prepare her defense and to minimize surprise at trial. Instead of providing this very straightforward information -- information the Court attempted to obtain from the Government on more than one occasion -- the Government seeks to continue its obfuscation, vaguely stating that the document at issue is NDI without delineating whether the *entirety* of the document constitutes NDI or whether only certain *portions* of the document fit within that category. This information is critically important to the

1

defendant's right to fair notice to adequately prepare for this case. If, for example, the Government's position is that the *entirety* of the document is NDI, that requires much more exhaustive pretrial preparation work. Among other things, it would require the defense to search for every word, line, and phrase in the document to determine whether such words, lines, and phrases are "closely held" and whether the disclosure of each word, line, or phrase would potentially harm the national security of the United States. Conversely, if the Government advises that only certain *portions* of the document are NDI, the defense can limit its pretrial preparation on the NDI element to those particular words, lines, and phrases. In other words, without this information, the defendant must prepare for this trial by assuming that the *entirety* of the document at issue is NDI -- thus placing an enormous (and unfair) burden on the defendant to rebut facts and circumstances about an essential element of the charged offense that the Government does not allege.

For the reasons set forth in the Motion and this Reply, the requested relief is well within the discretion of the Court. The Defendant recognizes that significant progress made in this effort at the November 30 and December 1 hearings before this court, and subsequent CIPA § 10 filing by the Government. However, there continues to be significant ambiguity about the specifics of the allegation Defendant is responding to. The Government should be required to specifically state what, exactly, it contends is NDI in the document at issue. The Government still has not done this. Anything less violates Ms. Winner's right to fair notice to adequately prepare for this trial.

## II.   ARGUMENT

As a threshold matter, it appears the parties agree about the applicable law -- they simply disagree as to how it applies to the specific facts and circumstances of this case. The apparent

2

disconnect stems from the Government apparent misunderstanding of the function of a bill of particulars and/or why Ms. Winner is requesting one in this case. In Part A below, this brief will address these threshold issues and why a bill of particulars is appropriate in this case. Then, in Part B, the brief will articulate why the Government's CIPA § 10 submission *does not* obviate the need for a bill of particulars.

A.  **This case requires a bill of particulars.**

"A bill of particulars is a formal written statement by the prosecutor providing details of the charges against the defendant. Its functions are to give the defendant notice of the essential facts supporting the crimes alleged in the indictment [ ]...and also to avoid prejudicial surprise to the defense at trial." *See United States v. Raue*, 2008 U.S. Dist. LEXIS 91827 at *3 (D.S.D. Nov. 12, 2008) (*citing* Charles A. Wright and Andrew D. Leipold, *Fed. Practice & Procedure: Criminal*, § 129, 656 (4th ed. 2008) (other citations omitted); *see also United States v. Sherriff*, 546 F.2d 604 (5th Cir. 1977).[1]

Ms. Winner is requesting a bill of particulars because the Superseding Indictment does not provide enough specificity (particularly with regard to the "national defense information" element of the charged offense) for Ms. Winner to meet the accusations against her. It is unclear which portions of the "classified intelligence reporting" at issue the Government contends are "national defense information." And, when pressed at various hearings, the Government has taken inconsistent and vague positions regarding the same. The *status quo* will undoubtedly cause surprise and inefficiency at trial. Notably, this is an essential element of the charge against her.

---

[1] *See Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc) (adopting for the Eleventh Circuit as binding precedent all decisions rendered by the United States Court of Appeals for the Fifth Circuit prior to September 30, 1981).

3

Courts analyzing requests for bills of particulars consider a number of factors (in no particular order): (i) the complexity of the case; (ii) the specificity of the indictment as to essential elements; (iii) how much (relevant) discovery has been provided in the case; and (iv) the availability of other sources through which a defendant can avail herself of the specific nature of the Government's case against her. *See Raue*, 2008 U.S. Dist. LEXIS 91827 at *3 (*citing* 1 *Fed. Practice & Procedure: Criminal*, § 129 at 658). As set forth more particularly below, all of these factors weighs in favor of a bill of particulars in this case.

**(i) Complexity of the Case.** Ms. Winner has briefed this Court previously about the complexity of this case, and in particular, the "national defense information" element of the charged offense. Indeed, the leading authority on the Espionage Act explains that the provision under which Ms. Winner is charged, § 793(e), is "undoubtedly the most confusing and complex of all the federal espionage statutes." *See* Harold Edgar & Benno C. Schmidt, Jr., The Espionage Statutes & Pub. of Def. Info., 73 Colum. L. Rev. 929, 998 (1973). Moreover, this Court has acknowledged the complexity of this case on one or more occasions. *See e.g.,* Transcript of October 30, 2017 [sic] and December 1, 2017 Hearing ("Tr. of November 30, 2017 Hrg.") at 69:13-15; *see also* Doc. No. 28 ("Order Designating this Case as Complex").

Precisely because of the complexity of the statute, to avoid unconstitutional vagueness issues, Courts have had to develop various interpretive requirements under §793(e), in an attempt to cabin its reach. *See id*; *see also* Doc. Nos. 112, 117, 132, 133 (the "Elements Briefing"). That said, as set forth in the Motion and the Elements Briefing, it is well settled that the Government must establish (at least) two sub-elements to show that information constitutes "national defense information" for purposes of § 793: (1) that the alleged classified intelligence reporting "could threaten the national security of the United States" if disclosed; and (2) that the information

4

contained in the alleged classified intelligence reporting was "closely held by the government." *See* Doc. No. 165, Part I, p. 1-2 (citing *United States v. Rosen*, 445 F. Supp. 2d 602, 622 (E.D. Va. 2006)); *see also* Elements Briefing, generally.

Ms. Winner's instant Motion merely requests that the Government be required to state with particularity which portions of the classified intelligence reporting described in the Superseding Indictment it contends are "national defense information" under this extremely complex charging statute.

**(ii) Specificity (or lack thereof) of the Indictment.** The Superseding Indictment is extremely vague with regard to an essential element of the charged offense inasmuch as what constitutes "national defense information." The exact language related to this essential element of the charged offense states as follows:

> On or about May 9, 2017, WINNER printed and improperly removed classified intelligence reporting, which contained classified National Defense Information and was dated on or about May 5, 2017 (the "intelligence reporting") from and Intelligence Community Agency (the "U.S. Government Agency") and unlawfully retained it. The intelligence reporting describes intelligence activities for a foreign government directed at targets within the United States.

Doc. No. 72 at ¶ 11. Nowhere in the Superseding Indictment does the Government explain with any more specificity what portions of the "classified intelligence reporting" it contends are "national defense information" under the charged statute.

Notably, outside of Paragraph 11 (referenced above), the Superseding Indictment never describes with any greater specificity which portions of the "classified intelligence" reporting at issue in the Superseding Indictment constitute "national defense information." It never describes which portions of the "classified intelligence" reporting at issue it contends were "closely held by the government" or "could threaten the national security of the United States" if disclosed." In

fact, the Superseding Indictment generally provides no specific facts or circumstances relevant to this essential element of the alleged offense, but, instead, merely tracks the statutory language.

When "the indictment tracks the language of the statute, it must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which [s]he is charged." *United States v. Sharpe*, 438 F.3d 1257, 1263 (11th Cir. 2006). Absent such a clarifying statement, the Superseding Indictment is not sufficiently framed to apprise Ms. Winner with certainty of the nature of the accusation against her and may be grounds for dismissal. *Id.*; *see also United States v. Bobo*, 344 F.3d 1076, 1083 (11th Cir. 2003). Ms. Winner is seeking the least extreme relief possible under the circumstances.

**(iii) Inability to Obtain Relevant Information Through Discovery.** As this Court is well aware, the Government has refused to provide in discovery over one hundred different categories of documents and information that Ms. Winner contends are necessary to prepare her defense in this case, which necessitated Defendant's Expedited Motion to Compel Response to Discovery Requests Dated August 29, 2017 and Request for a Hearing. *See* Doc. No. 129 ("Motion to Compel"). This is the topic of Ms. Winner's Appeal of Rulings on Motion to Compel (the "Appeal") filed January 23, 2018.

Unless Ms. Winner is successful on her Appeal, this Court has already ruled that Ms. Winner will not receive in discovery over one hundred categories of documents – including documents that would include analysis regarding what portions of the document the Government considers "NDI" and documents that reference specific facts, circumstances, words, and phrases that are referenced in the document at issue. *See* Tr. of November 30, 2017 Hrg., generally; *see also*, Appeal, *generally*. In other words, Ms. Winner cannot expect to receive anything in

6

discovery that will address the specific issue raised in the instant Motion as to which portions of the "classified intelligence reporting" it contends are "national defense information."

Notably, the Government cites a line of cases that stands for the proposition that a bill of particulars is not a substitute for appropriate use of federal discovery rules. *See e.g., United States v. Anderson*, 799 F.2d 1438, 1441 (11th Cir. 1986). Of course, Ms. Winner's request is readily distinguishable -- Ms. Winner is seeking a bill of particulars *not* as a generalized discovery request (i.e., she has and will continue to seek discovery in this case through all possible avenues allowed under the federal rules) *but instead* to ascertain clarity about the charge that is *necessary* for Ms. Winner to prepare her defense for trial. *See Id.* Stated differently, this is not an attempt to streamline a bill of particulars into a "wholesale discovery device." *Id.* at 1442. On the contrary, the clarification of the Superseding Indictment sought by Ms. Winner is necessary to inform her of the charge against her with sufficient precision to allow her to prepare her defense and minimize surprise at trial and preclude the government from essentially "moving the ball" as to the allegations that Defendant must respond to. *Id.* at 1441; *see also* discussion Part II.A.ii. *supra*.

Such a clarification is particularly appropriate given the conflicting and inconsistent positions taken by the Government on this issue throughout this case. Indeed, after a two-day hearing in which the Court attempted to frame the "national defense information" element of the offense, just when the Court thought progress had been made, *see* Tr. of November 30, 2017 Hrg. at 215:23 - 216:6 ("Mr. Chester, you just heard from her own lips that the only thing they're going to contend is NDI at trial will be the three things they've provided you."), the Government, several hours into the discussion, interjected with qualifications and limitations that render the entire discussion practically useless, *see id.* at 216:7-8 ("I do have to say, of course, this is still

7

subject to approval after the appropriate coordination."). No further clarification has been forthcoming with the exception of the CIPA § 10 disclosure, which is addressed below.

Importantly, Ms. Winner is entitled to clarity regardless of the outcome of the Appeal. That said, the fact that there appear to be no other avenues to obtain this important information, including through discovery in this case, certainly weighs heavily in favor of granting Ms. Winner's request for a bill of particulars. Moreover, there will be no harm to the Government (and the Government has not claimed otherwise) if they are ultimately ordered to produce additional documents and information in discovery.

**(iv) Unavailability of other sources.** The pertinent facts and circumstances (i.e., what specific portions of the document establish the predicate for the charge) are within the purview of the Government -- and the Government only.[2] She literally has no other way to get the information she is requesting. First, the Government is the entity that has brought the charge against Ms. Winner, and they are required do so in a manner that provides fair notice and due process.

Second, by its very definition, "classification" of information related to "national security" or the "national defense" is a Government function. *See e.g.,* Robert Timothy Reagan, *Keeping Government Secrets: A Pocket Guide on the State-Secrets Privilege, the Classified Information Procedures Act, and Classified Information Security Officers*, Federal Judicial

---

[2] Ms. Winner is entitled to present any evidence that is exculpatory or impeaching and expressly reserves the right to do so through presentation of expert testimony, *Brady* material, Rule 16 discovery, or otherwise. Along these lines, Ms. Winner will continue to pursue any materials within or beyond the possession of the Government that may call into question the classification of the document at issue or any claim that any portion of the document constitutes "national defense information." Nothing in her Motion or this Reply is intended to nor shall it constitute a waiver of any such rights.

Center, 2d. ed. (2013) (*citing* Exec. Order No. 13,526, 75 Fed. Reg. 707 (2010)). Indeed, CIPA defines "classified information" (in relevant part) as

> information or material **that has been determined by the United States Government** pursuant to an Executive order, statute, or regulation, to require protection against unauthorized disclosure for reasons of national security...

Pub. L. No. 96-456, 94 Stat. 2025, *as amended*, 18 U.S.C. app. 3 § 1(a) 2011.

In short, only the Government (more specifically, the Government agencies and officials who made the designations) can articulate why they believed (or did not believe) any particular portion of a "classified intelligence reporting" to be potentially damaging to national security and/or closely held at the time the document at issue was classified, at the time it was allegedly disclosed, and at the time Ms. Winner was charged.[3]

In order to meet the accusations against her and prepare her defense, Ms. Winner is ultimately entitled to know the basis for any such determinations, including who made them and on what basis, and she must be provided any other documents and information that would be potentially impeaching or exculpatory, which are topics that are addressed more completely in the Appeal. But more fundamentally, for the instant purposes, Ms. Winner must know, *at a minimum*, which specific portions of the "classified intelligence reporting" at issue in this case -- the very document described in the Superseding Indictment against Ms. Winner – the Government will contend at trial constitutes "national defense information."

---

[3] As set forth more fully in the Elements Briefing, whether the prosecution will be able to prove beyond a reasonable doubt that the alleged "classified intelligence reporting" at issue meets the requirements for "national defense information" is a question of fact to be determined by the jury. *See e.g.,* Doc. No. 112 at ¶II.A., pg. 4-5. Nothing in Ms. Winner's Motion or this Reply is intended to nor shall it constitute a waiver of any such rights or any right to confront her accusers. *See also*, FN2, *supra*.

Without a bill of particulars in this case, Ms. Winner is left only two options: (1) guess; or (2) prepare her defense based on the (admittedly) inappropriate assumption that every paragraph, sentence, line, and word of the document at issue is "national defense information." Either option offends the fundamental principles of fairness that underlie Ms. Winner's due process rights and will necessarily lead to inefficiency and surprise at trial. Moreover, by proceeding under the assumption that the entirety of the document at issue is NDI, the Government effectively shifts an enormous burden on the defense to prepare for trial which will, of course, take substantially more time than may be necessary if the Government was ordered to comply with the instant Motion. Simply, Ms. Winner should not be required to prepare defenses to crimes the Government does not contend she has committed.

### B. The Government's CIPA §10 Notice Does Not Affect the Analysis.

The Government suggests in their Response that they have somehow obviated the need for a bill of particulars in this case through the filing of their CIPA § 10 Notice. *See* Doc. No. 182, ¶III, pg. 5; *see also* Doc. No. 182; 18 U.S.C. App. III § 10. However, even the most cursory review of the Government's CIPA § 10 Notice confirms that it does not address the problem at hand -- the Government has not articulated with any more specificity which portions of the "classified intelligence reporting" at issue they contend are "national defense information." Stated differently, the Government's ambiguous position taken throughout this case is simply repeated in and made worse by its CIPA § 10 submission.

In fact, Ms. Winner has raised this issue on numerous occasions, including countless times during the hearing on Ms. Winner's Motion to Compel, *see e.g.,* Tr. of November 30, 2017 Hrg. at 213:8 – 214:13, and the Government has refused to articulate its position in a way that would help clarify the charge against Ms. Winner in any meaningful way, *see e.g.,* id. at 214:21 -

▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄

216:8, although the Court tailored discovery as if the Government has done so, *see* id. at 247:20 – 249:10. As we sit here today, the Government *still* has not clearly articulated to Ms. Winner what it contends constitutes "national defense information."

Instead of responding to Ms. Winner's requests for written clarification, the Government came up with ▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄ and has actually led to additional complications, questions, and concerns related to this prosecution.[4] This vague, unclear, and unhelpful ▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄ in the Government's CIPA § 10 Notice that was not provided in the (as explained above) extremely generalized Superseding Indictment.

Truly, the Government's CIPA § 10 Notice creates more questions than answers, and provides no further specificity regarding the important facts and circumstances of the case. Indeed, upon receipt of ▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄ Ms. Winner immediately requested additional clarity regarding some of the most fundamental elements of ▄▄▄▄▄▄▄▄▄▄▄▄ To date, even the most fundamental questions remain unanswered. For example, the Government ▄▄▄▄▄▄▄ ▄▄▄▄▄▄▄▄▄▄▄▄▄, *see* Tr. of November 30, 2017 Hrg. at 119:6-22, and claims that ▄▄▄▄▄▄▄ ▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄ *id.* at 116:6 – 117:15. Only two things about the Government's ▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄ Given these major issues, it is unclear how the

---

[4] Many concerns related to ▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄ are beyond the scope of the instant Motion, but will be addressed in other contexts, including the Appeal.

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

Government can contend that ▬▬▬▬▬▬▬ provides any clarity about the specific facts and circumstances that supported the charge against her.

The Government seems to suggest ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬ As articulated above, ▬▬▬▬▬▬ actually creates more questions than answers. It is overly vague and extremely generalized. ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬ Moreover, ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ To qualify as "national defense information," the Government must prove beyond a reasonable doubt that the alleged classified intelligence reporting could actually threaten the national security of the United States if disclosed, <u>and</u> that the information in the alleged classified intelligence reporting was closely held. In other words, the ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

In summary, the Government's CIPA § 10 Notice does not provide any additional clarity. It merely re-states the incredibly vague language in the Superseding Indictment and the unclear, unhelpful, undocumented, and unsubstantiated ▬▬▬▬▬▬ that has already caused and will continue to cause additional questions and concerns as this matter proceeds towards trial. Indeed, the CIPA § 10 Notice does not clarify which portions of the "classified intelligence reporting" at issue are "national defense information." To the contrary, it explicitly states as follows: ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ *See* Doc. No. 182 (emphasis added). The CIPA § 10 Notice is not a clarifying statement – it is a reservation of rights to use

12

the entire document and, as feared, preserves the ability to essentially "move the ball" at trial. It confirms precisely why a bill of particulars is needed. Of course, the Government ▮▮ ▮▮▮▮▮▮▮ in the Notice, but not in any way that provides any meaningful clarification.

For all of these reasons, the CIPA § 10 Notice does not meet the requirements of CIPA § 10, and it does not clarify which portions of the "classified intelligence reporting" at issue the Government contends constitute "national defense information."

### III. CONCLUSION

Absent a bill of particulars, Ms. Winner is left in the dark as to which portions of the document at issue are NDI. This places an enormously unfair burden on the defense. As set forth above, absent guidance through the instant Motion, Ms. Winner will be unfairly forced prepare for trial based on the (potentially false) premise that every paragraph, sentence, line, and word in the alleged "classified intelligence reporting" at issue constitutes "national defense information." Ms. Winner has a Constitutional right to understand what facts and circumstances support the charge against her. In this case, that means the Government must identify the "national defense information" that supports the charge. The Government has failed to do so.

For the foregoing reasons, the Court should grant Ms. Winner's motion for a bill of particulars, enter an order requiring the government to provide Ms. Winner a bill of particulars setting forth precisely which portions of the document at issue the government contends are "national defense information," and enter such other and additional relief as the court deems just and proper.

13

Respectfully submitted,

*/s/* Brett A. Switzer

| | |
|---|---|
| Joe D. Whitley (Bar No. 756150)<br>Admitted *Pro Hac Vice*<br>Brett A. Switzer (Bar No. 554141)<br>**BAKER, DONELSON, BEARMAN,**<br>  **CALDWELL & BERKOWITZ, P.C.**<br>3414 Peachtree Rd., NE Suite 1600<br>Atlanta, GA 30326<br>(404) 577-6000<br>JWhitley@bakerdonelson.com<br>BSwitzer@bakerdonelson.com | John C. Bell, Jr. (Bar No. 048600)<br>Titus T. Nichols (Bar No. 870662)<br>**BELL & BRIGHAM**<br>PO Box 1547<br>Augusta, GA 30903-1547<br>(706) 722-2014<br>John@bellbrigham.com<br>Titus@bellbrigham.com |
| Matthew S. Chester (La. Bar No. 36411)<br>Admitted *Pro Hac Vice*<br>**BAKER, DONELSON, BEARMAN,**<br>  **CALDWELL & BERKOWITZ, P.C.**<br>201 St. Charles Ave., Suite 3600<br>New Orleans, LA 70170<br>(504) 566-5200<br>MChester@bakerdonelson.com | Thomas H. Barnard (Az. Bar No. 020982)<br>Admitted *Pro Hac Vice*<br>**BAKER, DONELSON, BEARMAN,**<br>  **CALDWELL & BERKOWITZ, P.C.**<br>100 Light Street.<br>Baltimore, MD 21202<br>(410) 685-1120<br>TBarnard@bakerdonelson.com |

**COUNSEL FOR DEFENDANT**
**REALITY LEIGH WINNER**

### CERTIFICATE OF SERVICE

I hereby certify that on January 23, 2018, I filed 8 paper copies and 1 CD disk copy of the foregoing by delivery to the Court Information Security Officer, as follows: 1 original and 3 copies for the Court; 3 copies for defense counsel; and 1 paper copy and 1 CD disk copy for the Government.

*/s/* Brett A. Switzer
BRETT A. SWITZER