UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| v. | * | NO. 1:17-CR-0034 |
| | * | |
| **REALITY LEIGH WINNER** | * | |
| | * | |
| * * * * * * * * * * * * * * * * | * | |

**DEFENDANT'S MOTION TO ADOPT REDACTION PROCEDURES FOR TRANSCRIPTS AND MOTION TO ENFORCE REDACTION PROCEDURES FOR OTHER FILINGS AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT**

Defendant Reality Leigh Winner (the "Defendant" or "Ms. Winner") respectfully submits this Motion to Adopt Redaction Procedures for Transcripts and Motion to Enforce Redaction Procedures for Other Filings and Incorporated Memorandum of Law in Support (the "Renewed Motion"). For the reasons that follow, Ms. Winner hereby respectfully requests that the Court (a) enforce its December 5, 2017 Order, including the deadlines imposed upon the appropriate government agencies to file redacted copies of classified filings; and (b) enter an order clarifying and confirming that the same procedures and protocols apply to classified hearing transcripts, such that redacted copies of classified hearing transcripts must be filed on the public docket within twenty-one (21) days of their being made available to the parties by the CISO and/or court reporter.

**I.    INTRODUCTION**

On November 27, 2017, Ms. Winner filed Defendant's Motion to Lift Unconstitutional Limitations and Motion to Enforce Relevant Provisions of the Protective Order; and Request for a Hearing [Doc. No. 164] (the "Original Motion"), which sought (in relevant part) that the Court enforce and clarify certain provisions of a certain Protective Order [Doc. No. 58], including the

1

provisions thereof requiring the Government to provide redacted copies of classified filings on the public docket.  *See* e.g., Doc. No. 58 at ¶15.  The Court resolved the Original Motion by entering an Order [Doc. No. 172] requiring (in relevant part) that "appropriate government agencies shall file redacted versions of classified filings on the public docket within twenty-one days of submission to the CISO for defense filings and within fourteen days of submission for government filings."  *See* Doc. No. 172 at pg. 1.

As of the filing of this Renewed Motion, redacted versions of classified filings are routinely being filed well outside the deadlines proscribed by the Court.  Furthermore, the defense understands that the various governmental agencies do not presently intend to file redacted copies of classified hearing transcripts on the public docket, as hearing transcripts (in the Government's estimation) are beyond the scope of the Court's existing orders.  This Renewed Motion is filed to address these issues and seeks relief consistent with this Court's prior orders.

## II.     ARGUMENT AND CITATION OF AUTHORITIES

The Protective Order [Doc. No. 58] requires that, for any defense filing that contains classified information, the Government must mark "the classified portions of the document, and only those portions, . . . with appropriate classification markings," and "all portions" of the document "that do not contain classified information shall be *immediately* unsealed by the Classified Information Security Officer and placed in the public record"  *See* Doc. 58 at ¶ 15 (emphasis added). The December 5, 2017 Order [Doc. No. 172] requires that "appropriate government agencies shall file redacted versions of classified filings on the public docket within twenty-one days of submission to the CISO for defense filings and within fourteen days of submission for government filings."  *See* Doc. No. 172 at pg. 1.  Despite these clear orders, many

classified filings have not been redacted and placed on the public docket as proscribed by the Court.[1]

By way of one example only (not as an exhaustive list), the Government still has not filed a redacted version of Defendant's Motion and Memorandum of Law in Support of Her Motion *In Limine* and Response to the Government's Notice of Evidence Under 404(b), which was filed on November 27, 2017.  *See* Doc. No. 166.  The twenty-one day deadline elapsed on December 18, 2017 (or twenty-one days from the date the Court entered the order requiring these redacted pleadings to be placed on the docket -- December 26, 2017).  Another example is Defendant's Expedited Motion to Compel Response to Discovery Requests Dated August 29, 2017 and Request for a Hearing, which was filed on October 19, 2017.  *See* Doc. No. 129.  The twenty-one day deadline for placing this redacted pleading on the docket also elapsed on December 26, 2017 (twenty-one days from the Order by the Court requiring these pleadings to be placed on the docket).

Separately, Ms. Winner understands that the Government does not presently intend to file redacted copies of classified hearing transcripts on the public docket. There is no reason why classified transcripts, with appropriate redactions, should not be made public under pertinent case authorities set forth below. Accordingly, Ms. Winner requests that the Court enter an order requiring the redaction of classified transcripts within twenty-one (21) days of those transcripts being made available by the CISO and/or court reporter.

As set forth in Ms. Winner's Original Motion, and consistent with this Court's orders, there is a "presumption of openness" inherent in all judicial proceedings, including this one.  *See e.g,*, *United States v. Ochoa-Vasquez*, 428 F.3d 1015, 1030–31 (11th Cir. 2005).  If a party

---

[1] The defense understands that, ultimately, it is the responsibility of the intelligence community to redact the classified filings (not the responsibility of the prosecution team or the CISO).

wishes to keep a filing under seal, it must overcome the "presumption of openness" and demonstrate a compelling interest in keeping the information under seal. *Id.* The Government has done neither with regard to any unclassified portions of filings and hearing transcripts in this case. Therefore, any such unclassified portions of filings and hearing transcripts should be made available of record on the public docket.

As previously briefed, courts confronted with this issue in the context of classified filings have required that for "any" filing that contained classified information, whether by the Government or the defense, the intelligence community had to "complete their review, make any required redactions, and provide the Court with a redacted version for filing on the public docket within ten (10) business days" of the original filing of the document under seal with the court. *See United States v. Kim*, No. 1:10-cr-00225-CKK, ECF No. 174 (D.D.C. Oct. 18, 2013) (attached to Original Motion as Exhibit A). Likewise, this Court has already adopted similar procedures in its December 5, 2017 Order, which explicitly requires that "appropriate government agencies shall file redacted versions of classified filings on the public docket within twenty-one days of submission to the CISO for defense filings and within fourteen days of submission for government filings." *See* Doc. No. 172 at pg. 1.

By filing this Renewed Motion, Ms. Winner is merely requesting that the Court enforce its existing orders and clarify and confirm that the provisions thereof are applicable to hearing transcripts and filings alike.

### III. CONCLUSION

For all the reasons set forth in her Original Motion and herein, Ms. Winner respectfully requests that the Court (a) enforce the Court's December 5, 2017 Order, including the deadlines imposed upon the appropriate government agencies to file redacted copies of classified filings;

and (b) enter an order clarifying and confirming that the same procedures and protocols apply to classified hearing transcripts, such that redacted copies of classified hearing transcripts must be filed on the public docket within twenty-one (21) days of their being made available to the parties by the CISO and/or court reporter.

Respectfully submitted,

*/s/* Joe D. Whitley

| | |
|---|---|
| Joe D. Whitley (Bar No. 756150) | John C. Bell, Jr. (Bar No. 048600) |
| Admitted *Pro Hac Vice* | Titus T. Nichols (Bar No. 870662) |
| Brett A. Switzer (Bar No. 554141) | **BELL & BRIGHAM** |
| **BAKER, DONELSON, BEARMAN,** | PO Box 1547 |
| **   CALDWELL & BERKOWITZ, P.C.** | Augusta, GA  30903-1547 |
| 3414 Peachtree Rd., NE Suite 1600 | (706) 722-2014 |
| Atlanta, GA  30326 | John@bellbrigham.com |
| (404) 577-6000 | Titus@bellbrigham.com |
| JWhitley@bakerdonelson.com | |
| BSwitzer@bakerdonelson.com | |
| | |
| Matthew S. Chester (La. Bar No. 36411) | Thomas H. Barnard (Az. Bar No. 020982) |
| Admitted *Pro Hac Vice* | Admitted *Pro Hac Vice* |
| **BAKER, DONELSON, BEARMAN,** | **BAKER, DONELSON, BEARMAN,** |
| **   CALDWELL & BERKOWITZ, P.C.** | **   CALDWELL & BERKOWITZ, P.C.** |
| 201 St. Charles Ave., Suite 3600 | 100 Light Street. |
| New Orleans, LA  70170 | Baltimore, MD  21202 |
| (504) 566-5200 | (410) 685-1120 |
| MChester@bakerdonelson.com | TBarnard@bakerdonelson.com |

**COUNSEL FOR DEFENDANT**
**REALITY LEIGH WINNER**

## **CERTIFICATE OF SERVICE**

    I hereby certify that on January 31, 2018, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which sent notification of such filing to counsel of record for all parties.

                                          */s/* Joe D. Whitley
                                          JOE D. WHITLEY