IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

```
UNITED STATES OF AMERICA        *
                                *
         v.                     *
                                *       CR 117-034
REALITY LEIGH WINNER            *
```

**O R D E R**

Before the Court is "Defendant's Objections and Appeal of Magistrate's Decision Granting in Part and Denying in Part Defendant's Motion to Compel Discovery Requests." (Doc. 214.) Therein, Defendant appeals numerous discovery rulings made from the bench by the United States Magistrate Judge during an extensive hearing conducted over a two-day period on November 30 and December 1, 2017.

### I. Standard of Review

This Court reviews the Magistrate Judge's rulings to assure that they were not "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Crim. P. 59(a).

> The clearly erroneous or contrary to law standard is exceedingly deferential. A ruling is clearly erroneous where either the magistrate judge abused his discretion or the district court, after reviewing the entirety of the record, is left with a definite and firm conviction that a mistake has been made. A decision by the magistrate judge is contrary to law where it either fails to follow or misapplies the applicable law.

Jones Creek Inv'rs, LLC v. Columbia Cty., Ga., 98 F. Supp. 3d 1279, 1287 (S.D. Ga. 2015) (internal quotations and citations omitted).

## II. Discovery Standards

The Court's decision is guided by three discovery standards. The first is Federal Rule of Criminal Procedure 16(a)(1)(E):

> Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and:
>
>    (i) the item is material to preparing the defense;
>
>    (ii) the government intends to use the item in its case-in-chief at trial; or
>
>    (iii) the item was obtained from or belongs to the defendant.

Rule 16(a)(1)(E) has two elements pertinent to this case: (1) whether the disputed information is "within the government's possession, custody, or control" and (2) whether the disputed information is "material to preparing the defense." An item is "within the government's possession" for purposes of Rule 16 when it is "in the hands of a governmental investigatory agency closely connected to the prosecutor." United States v. Jordan, 316 F.3d 1215, 1249 (11th Cir. 2003) (citing United States v. Scruggs, 583 F.2d 238, 242 (5th Cir. 1978)). An item is "material to preparing the defense" when it is "helpful to the

2

defense." Id. at 1250. "Helpful" means there is "some indication that the pretrial disclosure of the item would . . . enable the defendant significantly to alter the quantum of proof in his favor." Id. at 1251 (quotations and citations omitted).

The second discovery standard is the Government's obligation to produce evidence under Brady v. Maryland, 373 U.S. 83 (1963), and its progeny. Brady held that "the suppression by the prosecution of evidence favorable to an accused upon request violate[s] due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." Id. at 87. In Giglio v. United States, 405 U.S. 150, 154 (1972), the Court expanded its ruling in Brady and held that "when the reliability of a given witness may well be determinative of guilt or innocence, nondisclosure of evidence affecting credibility falls within [Brady]." (quotations and citations omitted). Thus, "impeachment evidence [] as well as exculpatory evidence falls within the Brady rule." United States v. Bagley, 473 U.S. 667, 676 (1985).

"[E]vidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A 'reasonable probability' is a probability sufficient to undermine confidence in the outcome." Id. at 682. "[T]he individual prosecutor has a duty to learn of any favorable

3

evidence known to the others acting on the government's behalf in the case, including the police." Kyles v. Whitley, 514 U.S. 419, 437 (1995). A party is "acting on the government's behalf" if he is part of the "'prosecution team,' which includes both investigative and prosecutorial personnel." United States v. Meros, 866 F.2d 1304, 1309 (11th Cir. 1989).

The final discovery standard concerns the government's obligation to release classified information a defendant is otherwise entitled to in pretrial discovery. This standard is governed by United States v. Yunis, 924 F.2d 1086 (D.C. Cir. 1991). Yunis held:

> To prevail on a discovery request for classified information, a defendant must make a threshold showing that the requested material is relevant to his case. If this "low hurdle" is successfully jumped, the court must determine whether or not the government has asserted a "colorable" claim to privilege. If the government has asserted such a claim, the defendant must show that the information would be helpful to his defense.

Id. at 1095. Thus, if the Government establishes that the information sought is classified, the Court must determine whether that information is both relevant and helpful to the defense.

### III. Elements of the Offense

In determining whether the discovery sought is relevant, material, or helpful to the defense, the Court must consider the elements of the offense. Defendant has been charged under

4

Section 793(e) of Title 18, United States Code, which provides in relevant part:

> Whoever having unauthorized possession of, access to, or control over any document . . . relating to the national defense . . . willfully communicates, delivers, transmits or . . . attempts to communicate, deliver, transmits . . . the same to any person not entitled to receive it . . . [s]hall be fined under this title or imprisoned not more than ten years, or both.

18 U.S.C. § 793(e). Defendant's offense thus consists of four elements: (1) "unauthorized possession of, access to, or control over"; (2) "any document . . . relating to the national defense"; (3) "willfully communicates, delivers, transmits"; and (4) "to any person not entitled to receive it."

When reviewing the Magistrate Judge's rulings, the Court has been guided by the following interpretation of the above elements:

> (1) "**'Unauthorized possession'** means possession of classified information by a person who does not hold a security clearance, by a person who holds a security clearance without the need to know, or by a person who holds a security clearance, has a need to know, but removed the classified information from the official premise without authorization. A person has unauthorized possession of something if he is not entitled to have it." United States v. Kenneth Ford, Jr., 8:05-CR-00235-PJM, Jury Instructions, at 45 (D. Md. 2005); see United States

5

v. Rafia Davila, 2:03-CR-00021, Jury Instructions, Doc. 334, at 12 (E.D. Wash. 2006).

(2) "'**Relating to the national defense**' refers to the military and naval establishments and the related activities of national preparedness, and includes all matters that directly or may reasonably be connected with the defense of the United States against its enemies. To establish that the document in question relates to national defense, the Government must prove:

    (a)   the disclosure of [the document] would be

        (i)   potentially damaging to the national defense; or

        (ii)  might be useful to an enemy of the United States; <u>and</u>

    (b)   [the document was] closely held in that [it] had not been lawfully made public [by the United States Government] and [was] not available to the general public.

Information about weapons, munitions of war and intelligence which has been made public by the United States Government and is found in sources lawfully available to the general public does not relate to the national defense. Similarly, where the sources of information are lawfully available to the public, and the United States Government has made no effort to guard such information, the information itself does not relate to the

6

national defense." United States v. Rafia Davila, 2:03-CR-00021, Jury Instructions, Doc. 334, at 11 (E.D. Wash. 2006); see United States v. Squillacote, 221 F.3d 542, 577-80 (4th Cir. 2000); United States v. Morrison, 844 F.2d 1057, 1071-72 (4th Cir. 1988); United States v. Dadeyan, 584 F.2d 36, 39-40 (4th Cir. 1978); United States v. Abu-Jihaad, 600 F. Supp. 2d 362, 387 (D. Conn. 2009) (found also in: United States v. Hassan Abujihaad, 3:07-CR-57-MRK, Trial Transcript of Jury Instructions, Doc. 285, at 135-36 (D. Conn. 2008)); United States v. Gowadia, 1:05-CR-00486-SOM-KSC, Jury Instructions, Doc. 782, at 46 (D. Hi. 2009); United States v. Kenneth Ford, Jr., 8:05-CR-00235-PJM, Jury Instructions, at 46 (D. Md. 2005).

(3) "**'Willfully'** means that the act was committed voluntarily and purposely, with the intent to do something the law forbids; that is, with the bad purpose to disobey or disregard the law. While a person must have acted with the intent to do something the law forbids before you can find that the person acted 'willfully,' the person need not be aware of the specific law or rule that her conduct may be violating." 2016 Eleventh Circuit Pattern Jury Instructions, B9.1A, at 32-34; see United States v. Hassan Abujihaad, 3:07-CR-57-MRK, Trial Transcript of Jury Instructions, Doc. 285, at 136-37 (D. Conn. 2008).

(4) **"Not entitled to receive"** means the person who received the information did not have an appropriate security clearance, or had an appropriate security clearance but had no need to know the information. <u>United States v. Hassan Abujihaad</u>, 3:07-CR-57-MRK, Trial Transcript of Jury Instructions, Doc. 285, at 138 (D. Conn. 2008).

### IV. The Government's CIPA Section 10 Notice

Finally, when determining whether requested information is material, relevant, or helpful, the Court has relied upon the Government's § 10 Notice. Section 10 of the Classified Information Procedures Act ("CIPA") states that:

> In any prosecution in which the United States must establish that material relates to the national defense or constitutes classified information, the United States shall notify the defendant, within the time before trial specified by the court, of the portions of the material that it reasonably expects to rely upon to establish the national defense or classified information element of the offense.

18 U.S.C. App. 3. The § 10 Notice narrows the focus of the trial and greatly shapes the scope and extent of discovery. Thus, it is a critical document.

The Government's § 10 Notice stated three specific pieces of information that it contends are the "National Defense Information" ("NDI") it expects to rely upon at trial ("3 NDI Points"). Defendant objects to the Government's § 10 Notice because she believes it does not limit the Government to only

8

the 3 NDI Points specifically listed, but insists that it keeps the door open for the Government to rely upon any and all information in the document at issue (the "Document") at trial. Defendant fears that if she prepares for trial and makes discovery requests on the assumption that the Government will rely upon only the 3 NDI points to prove the national defense element of its case, she will be unprepared and unable to adequately rebut the Government's case if it subsequently relies upon the entire Document. The Court, however, interprets the Government's notice to state that while it will rely upon the entire Document to establish context, it "reasonably expects to rely upon" <u>only</u> the 3 NDI Points "to establish the national defense" element of the crime. 18 U.S.C. App. 3. Thus, the Government's § 10 Notice restricts the Government to rely only upon the 3 NDI points to establish the national defense element of the offense. The Court views the § 10 Notice in the nature of a stipulation to that effect and will govern this case accordingly.

### V. Discussion

Keeping in mind the discovery standards discussed above and the applicable standard of review, the Court has carefully reviewed each and every discovery request, the hearing transcript containing the arguments of counsel and the

Magistrate Judge's corresponding rulings,[1] the parties' briefs on appeal, and the relevant law. After careful consideration, the Court **AFFIRMS** all the Magistrate Judge's rulings with the exceptions discussed below.

First, the Court **GRANTS** Defendant's discovery requests 19, 102, and 103 as numbered in Defendant's Exhibit A.[2] All of these requests relate to the national defense element of the crime. Request 19 seeks documents relating to the decision to classify the Document. Request 102 seeks documentation detailing the sources and methods used to compile the information in the Document. And Request 103 seeks documentation supporting an assertion the Government made in its CIPA § 10 Notice.

The above requests were denied or granted in part because they were deemed not relevant or helpful. Contrarily, this Court finds that the information sought by Defendant is relevant and helpful to determine whether the Government can prove the information in the Document was closely held and potentially harmful to the United States. Accordingly, Requests 19 and 103 are **GRANTED** in their entirety, and Request 102 is **GRANTED** to the extent that any documentation reflects that non-classified

---

[1] The Court appreciates defense counsel's preparation of Exhibit A on appeal, which lists the 105 discovery requests in an orderly and comprehensible fashion.
[2] Defendant appealed the Magistrate Judge's rulings on requests 104 and 105, presumably on the basis that she believed her requests were not granted. This Court's review of the hearing transcript, however, indicates that the Magistrate Judge <u>granted</u> Defendant's requests 104 and 105. Accordingly, the Court **AFFIRMS** those rulings.

sources and methods were relied upon to gather the information in the Document.

Second, the Court will permit discovery of documents that are labeled "For Official Use Only" ("FOUO"). The rulings excluding such documents from discovery were made on the understanding — based upon the Government's arguments at the hearing — that FOUO documents were akin to classified documents in that they could not be publicly shared. Because of this understanding of FOUO, many FOUO documents were found not to be relevant to whether certain information was closely held or potentially damaging, and thus, not helpful to the defense.

This Court, however, has the benefit of Defendant's expert witness report, which was not available to the Magistrate Judge at the discovery hearing but is attached to Defendant's Objections and Appeal. (Doc. 214-1, Ex. B.) Defendant's expert, William Leonard, the former Director of the Information Security Oversight Office, stated that "the FOUO marking is not a security classification" and that "governmental actors regularly label otherwise unclassified documents FOUO." (Id. ¶ 20.) Furthermore, Mr. Leonard attests:

> [I]t is my belief that many pertinent records critical to the issues in this case — such as law enforcement alerts regarding the topics at issue here, bulletins by governmental agencies warning actors about the threat posed by information in the Document, and the like — would be, at a minimum, marked FOUO, regardless of their classification level. As with the records mentioned above (which reflect the disclosure of such information and/or analyses regarding that information or disclosure), these

11

> FOUO records would likewise be relevant and helpful to adequately conduct an analysis of whether the information in the Document constitutes [NDI].

(Id.)

Upon consideration of Mr. Leonard's testimony and with more time for reflection, this Court finds that documents marked FOUO might provide the Defendant with evidence that the NDI she allegedly leaked was neither closely held nor potentially damaging. Accordingly, the Court will not prohibit disclosure of any documents because they are marked FOUO.

Upon the foregoing, Defendant's appeal is **GRANTED IN PART** and **DENIED IN PART**. (Doc. 214.)

**ORDER ENTERED** at Augusta, Georgia, this 28th day of February, 2018.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA