## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF GEORGIA

## AUGUSTA DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | **CR 117-34** |
| | ) | |
| **REALITY LEIGH WINNER,** | ) | |
| | ) | |
| Defendant. | ) | |

## GOVERNMENT'S MOTION REGARDING RULE 17(c) SUBPOENAS

COMES NOW the United States of America, by and through Bobby L. Christine, United States Attorney for the Southern District of Georgia, and files its motion asking the Court to require the parties to request leave of court prior to issuing any pretrial subpoenas duces tecum under Fed. R. Crim. P. 17(c). The government further asks that the Court conduct an inquiry pursuant to *United States v. Nixon*, 418 U.S. 683, 698 (1974), prior to approving the issuance of any such subpoena.

### I.  BACKGROUND

On November 21, 2017, the defendant filed a Notice of Filing of *Ex Parte* Motion for Issuance of Subpoenas Pursuant to Rule 17 and Brief in Support Thereof. Doc. 159.  The proposed subpoenas duces tecum purported to request, from a variety of government agencies, "essentially. . . the same documents as those that the Defendant sought from the 'prosecution team[.]'"  Doc. 176 at 3.  The Court held a

hearing on November 30-December 1, 2017, to address the defendant's discovery requests.   Doc. 171.   On December 5, 2017, the Court ordered the defendant to modify her proposed Rule 17 subpoenas to incorporate the Court's rulings on her Rule 16 discovery requests and submit the revised subpoenas to the Court not later than noon on December 18, 2017.   Doc. 172.   On December 7, 2017, the defendant moved the Court to extend the deadline for submission of Rule 17 subpoenas until 28 days from the issuance of the November 30-December 1, 2017, hearing transcript.   Doc. 176.   The Court granted the defendant's request in part, ordering her to resubmit her Rule 17 subpoenas within 21 days of completion of the discovery hearing transcript.   Doc. 177 at 1.   Subsequently, the Court tolled the deadline pending the District Court's review of the Magistrate's rulings on the defendant's discovery requests.

Following the District Court's ruling on the defendant's Objections and Appeal of Magistrate's Decision Granting in Part and Denying in Part Defendant's Motion to Compel Discovery Requests (*see* doc. 214), the parties engaged in telephonic status conferences with the Court to discuss the scheduling of remaining proceedings. Docs. 238-39.   During those calls, defense counsel reiterated its desire to utilize Rule 17(c) subpoenas for pretrial document production.   Moreover, defense counsel stated it intended to request from third parties that which the Court had ruled discoverable thus far pursuant to Rule 16, *Brady*, and *Giglio*.   The government stated it would not object to the production of documents prior to trial by order of the Court, but suggested the Court should require the defendant to file a substantive motion setting

2

forth the relevance, admissibility, and specificity of the documents she intended to request so the Court could apply the *Nixon* test to all proposed Rule 17(c) subpoenas prior to their issuance.   The Court invited the government to brief the issue, and the government submits the following for the Court's consideration.

## II. FEDERAL RULE OF CRIMINAL PROCEDURE 17

As Federal Rule of Criminal Procedure 17 is not a discovery tool, its use must be limited by the Court to instances in which the proponent can demonstrate a need for specific evidence in the hands of a third party that is relevant to a fact at issue and will be admitted at trial or at a specified pretrial proceeding.   The Court has discretion to review a Rule 17(c) subpoena before it is served upon a third party; it need not wait for a motion to quash or modify.   Indeed, waiting for such a motion may, in cases such as this one, cause undue delay and complexity in the proceedings.

### A.   A Party May Not Use Rule 17 To Conduct Discovery

Discovery in criminal cases is governed, primarily, by Federal Rule of Criminal Procedure 16.   Rule 17 serves a different purpose.   *Bowman Dairy Co. v. United States*, 341 U.S. 214, 220 (1951) (Rule 17(c) was designed as a time-saving mechanism and was "not intended to provide an additional means of discovery."). By providing the means by which a criminal defendant may subpoena witnesses and documents for trial or a hearing, Rule 17 implements a defendant's Sixth Amendment right to have "compulsory process" for obtaining evidence in her favor. *United States v. Caro*, 597 F.3d 608, 619-20 (4th Cir. 2010).   The subpoena carries with it the imprimatur of the court, and a person who defies it can be held in

contempt.   Fed. R. Crim. P. 17(g); *see* AO Form 89B ("YOU ARE COMMANDED to produce at the time, date, and place set forth below the following books, papers, documents, data, or other objects . . ." (capitalization in original)).[1]

It is well settled that Rule 17(c) is meant to facilitate compulsory process for a formal hearing or proceeding, not to provide an additional way to secure pretrial discovery.   *See United States v. Nixon*, 418 U.S. at 698 (a "fundamental characteristic" of a Rule 17(c) subpoena is that "it was not intended to provide a means of discovery for criminal cases"); *Bowman Dairy*, 341 U.S. at 220 ("It was not intended by Rule 16 to give a limited right of discovery, and then by Rule 17 to give a right of discovery in the broadest terms").[2]   Instead, Rule 17(c) allows only for the gathering of specifically identified documents that a defendant knows to contain admissible evidence relevant to an issue at trial.   *Tokash*, 282 F.3d at 971.   As the Supreme Court has recognized, the "chief innovation" worked by this provision is to "expedite the trial by providing a time and place before trial for the inspection of the subpoenaed materials."   *Bowman Dairy*, 341 U.S. at 220; *see also United States v. Ferguson*, 37 F.R.D. 6, 7-8 (D.D.C. 1965) (Rule's purpose is "to prevent delays during the trial when documents are produced in response to a subpoena duces

---

[1]   Notably, the standard AO form advises parties that, "before requesting and serving a subpoena pursuant to Fed. R. Crim. P. 17(c)," counsel should determine whether any local rules, orders or practices may "require prior judicial approval for the issuance of the subpoena, either on notice or ex parte."

[2]   *See also United States v. Marcello*, 423 F.2d 993, 1006 (5th Cir. 1970) (Rule 17(c) is not a discovery device) (citations omitted); *United States v. Tokash*, 282 F.3d 962, 971 (7th Cir. 2002) ("Rule 17(c) is not a discovery device to allow criminal defendants to blindly comb through government records in a futile effort to find a defense to a criminal charge"); *United States v. Cuthbertson*, 630 F.2d 139, 146 (3d Cir. 1980) ("Courts must be careful that Rule 17(c) is not turned into a broad discovery device, thereby undercutting the strict limitation of discovery in criminal cases found in [Rule] 16.").

tecum and are offered in evidence.   [Otherwise,] [o]pposing counsel have to inspect and read them as they are introduced, thereby consuming a great deal of time.").

B.   <u>A Party Seeking to Issue a Subpoena Under Rule 17(c) Should Only Be Permitted To Do So Following Judicial Review</u>

The judicial review of a Rule 17(c) subpoena is imperative, but its timing lies in the sound discretion of the Court.   The Court has the authority to require a motion from the moving party prior to the issuance of a Rule 17(c) subpoena duces tecum, as well as the power to quash or modify a requested subpoena prior to its issuance.   Early judicial review of Rule 17(c) subpoenas in the instant case is advisable because it will forestall unduly complex litigation and delay.   *Cf. Beckford*, 964 F.Supp.2d at 1021 ("Courts and commentators which have addressed the issue nearly unanimously have recognized that, although the rule does not clearly require it, the use of a *motion* as the procedural means for invoking the court's discretion in advance of issuance of a pre-trial subpoena duces tecum is an orderly and desirable procedure and one frequently followed") (internal quotations and footnote omitted, emphasis in original).

Although the recipient of a subpoena may move to quash a party's demand, "the Court has an independent duty to review the propriety of the subpoena." *United States v. Vasquez*, 258 F.R.D. 68, 72 (E.D.N.Y. 2009).   Rule 17 requires "the trial judge to weigh numerous factors, including materiality, relevancy, and competency, in deciding whether to grant the request for a subpoena."   *United States v. Robinson*, 445 F. App'x 238, 244 (11th Cir. 2011) (internal citation and quotation marks omitted).   In performing its gatekeeping function, *"the burden is*

*on the court* to see that the subpoena is good in its entirety and it is not upon the

[subpoenaed party] to cull the good from the bad." *Bowman Dairy,* 341 U.S. at 221

(emphasis added).   As the district court explained in *United States v. Ferguson,*

> [t]he burden should not be shifted to the [subpoenaed party] to move to
> vacate the subpoena.   The Court has an interest in preserving the
> proper procedure prescribed by the Rules of Criminal Procedure,
> irrespective of the desires of the parties.

37 F.R.D. at 8; *see also United States v. Mendinueta-Ibarro*, 956 F. Supp. 2d 511,

513 (S.D.N.Y 2013).   Indeed, "regardless of whether the government has standing

[to file a motion to quash or modify a subpoena], the Court is obligated under Rule

17 to assess each subpoena for compliance with the *Nixon* factors."   *See United*

*States v. Richardson*, 2014 WL 6475344 at *2 (E.D. La. Nov. 18, 2014) (unpublished)

(citing *Bowman Dairy*, 341 U.S. at 221); *see also United States v. Binh Tang Vo*, 78

F. Supp. 3d 171, 176 (D.D.C. 2015) (listing cases).

Although some judges have elected to defer the exercise of their supervisory

obligations pending receipt of a motion to quash, *see, e.g., United States v. Smith*,

245 F.R.D. 605, 610 (N.D. Ohio 2007), both the Rule's text – the court "may direct"

pretrial production of subpoenaed evidence and "may permit" inspection by the

parties – and its purpose – *i.e.*, to ensure the subpoena is used to secure specific,

admissible evidence – commend the majority view: that a party seeking a pretrial

document production must first satisfy the court that the *Nixon* standard has been

met.   *See, e.g.*, *United States v. Finn*, 919 F. Supp. 1305, 1329 (D. Minn. 1995)

("Clearly, we would be forfeiting our obligation . . . of assuring that Rule 17(c)

subpoenas were being utilized to gather specific evidence that would be both

relevant and admissible, were we to authorize the defendant to issue such a subpoena without Court intercession."); *accord United States v. Treis*, 2012 WL 2375863, at *3 (D.Nev. 2012); *United States v. Sellers*, 275 F.R.D. 620, 623 (D.Nev. 2011); *United States v. Wecht*, 2007 WL 4563516, at *2 (W.D.Pa. 2007); *United States v. W.R. Grace*, 434 F.Supp.2d 869, 871 (D. Mont. 2006); *United States v. Neely*, 2002 WL 32302114, at *3 (W.D.Va. 2002); *United States v. Gonzalez*, 2002 WL31641109, at *1 (S.D.N.Y. 2002); *United States v. Weissman*, 2002 WL 1467845, at *1 (S.D.N.Y. 2002); *United States v. Clark*, 2001 WL 759895, at *1 (W.D.Va. 2001); *United States v. King*, 194 F.R.D. 569, 573 (E.D.Va. 2000); *United States v. Noriega*, 764 F. Supp. 1480, 1493 (S.D.Fla. 1991); *United States v. Beckford*, 964 F. Supp. 1010, 1021-23 & n.11 (E.D.Va. 1997); *United States v. Jenkins*, 895 F.Supp. 1389, 1395 (D.Haw. 1995); *see also United States v. Medley*, 130 Fed.Appx. 248, 249-50 (10th Cir. 2005) (district court did not abuse its discretion in quashing unauthorized Rule 17(c) subpoena).

By its plain language, Rule 17(c) contemplates judicial involvement in an early-production subpoena, as it facilitates the exercise of the court's discretion to direct pretrial production and to decide what, if any, portions of produced documents may be inspected by the parties.   *See Nixon*, 418 U.S. at 702 ("Enforcement of a pretrial subpoena duces tecum must necessarily be committed to the sound discretion of the trial court since the necessity for the subpoena most often turns upon a determination of factual issues."); *see also United States v. Reyes*, 239 F.R.D. 591, 597 (N.D. Cal. 2006) (Rule 17(c) "allows a district court to direct the

subpoenaed parties to produce the requested items for the court's own review, after which the court may permit" inspection by the parties).   At a minimum, *Nixon* requires the movant to show that the requested documents are relevant, admissible, and requested with sufficient specificity.[3]   *United States v. Ruggiero*, 2013 WL 2712918, at *2 (M.D. Fla. June 11, 2013) (granting motion for issuance of pretrial subpoena upon finding that requested documents were "sufficiently specific in nature, relevant, and may prove to be admissible at trial").   Only once the requisite showing is made, "the court may permit the parties and their attorneys to inspect all or part of [the documents]."   Fed. R. Crim. P. 17(c)(1).

Allowing the defendant's subpoenas to issue without examination by the Court in the case at bar will lead to undesirable results for at least three reasons:

*First*, the subpoenas are likely to put third parties to the task of gathering reams of information that the Court may ultimately deem

---

[3]   A party seeking a subpoena *duces tecum* under Rule 17(c) must establish:

> (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general 'fishing expedition.'

*Nixon*, 418 U.S. at 699-700.   In order to carry this burden, the moving party must clear three hurdles: (1) relevancy; (2) admissibility; (3) specificity.   *Id.* at 700.   The "specificity" and "relevancy" requirements "are somewhat heightened in that they 'require more than the title of a document and conjecture as to its contents.'"   *United States v. Brown*, No. 11-60285, 2013 WL 1624205, at *4 (S.D. Fla. Apr. 15, 2013) (quoting *United States v. Arditti*, 955 F.2d 331, 345 (5th Cir. 1992).   Indeed, "[i]f the moving party cannot reasonably specify the information contained or believed to be contained in the documents sought, but merely hopes that something useful will turn up, this is a sure sign that the subpoena is being misused."   *United States v. Carriles*, 263 F.R.D. 400, 402 (W.D. Tex. 2009); *see also United States v. Mendinueta-Ibarro,* 956 F. Supp. 2d 511, 513 (S.D.N.Y. 2013) (same); <u>Arditti</u>, 955 F.2d at 346 (absent detailed information about the documents sought in a Rule 17(c) subpoena, a court is only left "to speculate as to the specific nature of their contents and its relevance").

irrelevant, inadmissible, impermissibly imprecise, or otherwise inappropriate for production pursuant to *Nixon*.   In communications with the Court and the undersigned, defense counsel has indicated a desire to subpoena numerous federal agencies for a wide array of generally described material; such an unchecked fishing expedition would constitute an oppressive and frivolous waste of government resources.

*Second*, unvetted subpoenas are likely to prompt motions to quash or modify from numerous government agencies, each of which will be entitled to be heard on its motion.   Pre-issuance litigation of the subpoenas would benefit the parties and the Court by avoiding – or at least minimizing – unneeded multi-party litigation in advance of the fast-approaching October 15, 2018 trial date.

*Third*, allowing the subpoenas to issue without judicial review will cause multiple third parties to produce to the Court, for *in camera* inspection, heaps of information that will not be disclosed to the parties until after application of the *Nixon* standard, if at all.   *See United States v. Hastie*, 2015 WL 13310085, at *2 (S.D. Ala. Apr. 21, 2015) (quashing, *sua sponte*, pretrial subpoena that magistrate judge "improvidently" allowed to issue without addressing satisfaction of *Nixon* standard; impounding subpoenaed records until such time as defendant made *Nixon*-compliant request).

The best and perhaps most effective way for the Court to conduct the required inquiry required by *Nixon* is to require all parties to seek leave of court

prior to the issuance of any early-return subpoenas duces tecum.   Any such request should identify not only the specific information sought,[4] but also explain the item's relevance, the grounds upon which would be admissible at trial (or at a specified pretrial hearing), why the defendant is unable – as in the case of information publicly disclosed by the government – to obtain the information prior to trial through her own due diligence, and why pretrial production of the information is necessary to properly prepare for trial and prevent delay.

WHEREFORE, the Government prays that the Court require all parties to move for leave of court prior to issuing a subpoena duces tecum under Rule 17(c). The Government further asks that the Court require such motion to include sufficient detail for review pursuant to *U.S. v. Nixon*, and that the Court conduct a *Nixon* review prior to authorizing the issuance of any Rule 17(c) subpoena.


This 21st day of March, 2018.

Respectfully submitted,

BOBBY L. CHRISTINE
UNITED STATES ATTORNEY

*//s// Jennifer G. Solari*

Jennifer G. Solari
Assistant United States Attorney

*//s// David C. Aaron*

---

[4]    The Court should ordinarily not permit a party to require production of "all" or an unspecified range of documents, nor a general category of information, as the "specificity and relevance elements require more than the title of a document and conjecture as to its contents."   *Arditti*, 955 F.2d at 345 (citing *Nixon*, 94 S.Ct. at 3103).

David C. Aaron
Trial Attorney
U. S. Department of Justice
National Security Division

*//s// Julie Edelstein*

Julie Edelstein
Deputy Chief for Counterintelligence
U. S. Department of Justice
National Security Division

*//s// Amy Larson*

Amy Larson
Trial Attorney
U. S. Department of Justice
National Security Division

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have on this day served all the parties in this case in accordance with the notice of electronic filing ("NEF") which was generated as a result of electronic filing in this Court.

Submitted this 21st day of March, 2018.

BOBBY L. CHRISTINE
UNITED STATES ATTORNEY

*//s// Jennifer G. Solari*

Jennifer G. Solari
Assistant United States Attorney

Post Office Box 8970
Savannah, Georgia 31412
Telephone: (912) 201-2561
Facsimile: (912) 652-4388
E-mail: jennifer.solari@usdoj.gov