**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**AUGUSTA DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| **Plaintiffs,** | * | |
| | * | |
| **v.** | * | **1:17-CR-0034 (BKE)** |
| | * | |
| **REALITY LEIGH WINNER** | * | |
| | * | |
| **Defendant.** | * | |
| | * | |
| * * * * * * * * * * * * * * * * | * | |

**DEFENDANT'S RESPONSE TO THE**
**GOVERNMENT'S MOTION REGARDING RULE 17(C) SUBPOENAS**

NOW INTO COURT, through undersigned counsel, comes Defendant Reality Leigh Winner ("Ms. Winner" or the "Defendant"), who files this Response to the Government's Motion Regarding Rule 17(c) Subpoenas [Doc. No. 242] (the "Motion").  The Government's Motion is an improper effort to interfere with Ms. Winner's rights to gather evidence from third parties.  It is black-letter law that parties in federal court cannot assert the legal rights of third parties, and overwhelming precedent confirms that the Government, in this case, enjoys no exception to this general rule.  Nor does the Government get to act as a friend-of-the-court to assist it in legal analysis, where its own rights are not at stake.  Any objections to the proposed Rule 17(c) subpoenas can and will be raised by the recipients; and, to the extent this Court is inclined to conduct advanced screening of the subpoenas, that should and must be conducted on an *ex parte* basis.  The Government, in short, does not get a seat at the table to assert the rights of third parties, and deviating from that principle would cause substantial and irreparable harm to Ms. Winner, as it would require the defense to reveal its trial strategy.  The Government will get its

turn to object when the evidence is offered at trial, or if it moves *in limine* before or during trial with respect to a specific piece of evidence.

As set forth below, Ms. Winner respectfully requests that this Court deny the Motion and its request for an "up-front" review of Ms. Winner's requested subpoenas pursuant to Rule 17(c) and issue the Rule 17(c) subpoenas forthwith.  Alternatively, and only if the Court determines "up-front" review of the subpoenas is necessary, Ms. Winner strongly urges the Court to conduct any such proceedings *ex parte*, in accordance with applicable precedent.  More specifically, if the Court requires additional screening of the requested subpoenas, Ms. Winner respectfully requests an opportunity to submit an *ex parte* application setting forth the relevant standards to apply, why her subpoenas meet any such standards, and why she must be entitled to proceed *ex parte*.

The Court has once before exercised its discretion regarding *ex parte* procedures, allowing the Government to proceed *ex parte* under the Classification Information Procedures Act (CIPA) to present sensitive documents for redaction, substitution or deletion without the defense being present despite case law permitting counsel to be present.[1]   Ms. Winner respectfully suggests that similar sensitivity concerns inure in her favor here and, accordingly, to the extent any further proceedings are required before the issuance of the subpoenas, the defense requests that any such proceedings, including any briefing and/or hearings, likewise be conducted *ex parte*.

## I.     INTRODUCTION AND SUMMARY OF ARGUMENT

There are several reasons why the Government's Motion should be denied in full and the Rule 17(c) subpoenas should be issued without delay, or, alternatively, if the Court does decide

---

[1] *See* Doc. No. 94; *see also* Doc. No. 82.

to conduct additional proceedings on the "front-end" to further "vet" the subpoenas, all such "vetting" must be done *ex parte* without the Government's participation.

*First*, the Government does not have standing to challenge Ms. Winner's subpoenas to third parties, <u>particularly</u> entities that are not part of the federal government.[2]  The Government lacks standing now, will lack standing during any "vetting" of these subpoenas, and the Government will continue to lack standing after issuance of the subpoenas.  And allowing the Government to pre-emptively challenge the subpoenas now will almost certainly lead to redundant and highly inefficient multiple rounds of briefing over the exact same subpoenas -- the third parties will have a legal right to file their own motions to quash after receiving the subpoenas.  The Government thus not only lacks standing, but its request will only cause unnecessary delay and jeopardize the efficacy of an already ambitious Scheduling Order.

*Second*, despite the Government's misleading arguments to the contrary, this Court has no clear obligation or duty under the statute or the interpreting case law to "vet" Ms. Winner's Rule 17(c) subpoenas prior to issuance.  The standard is purely discretionary, and a review of cases (including those cited by the Government) suggests that many courts do not conduct such reviews unless/until a motion to quash is filed -- when there is an actual live dispute over the terms of the subpoena brought by the receiving party.

---

[2] As set forth in greater detail below, all of the Rule 17(c) subpoenas are addressed to third parties that are not federal governmental entities or, in some cases, to federal government entities for whom the Government has refused to accept service and/or characterized as outside of the "prosecution team."  Although it is unclear whether the Government has fully complied with Ms. Winner's separately pending discovery requests, Ms. Winner presumes for purposes of this pleading that any additional responsive documents from the "prosecution team" will be forthcoming, independent of any issues related to any third party subpoenas and in accordance with this Court's prior orders, but hereby reserves her rights related to any documents from the "prosecution team" that are not forthcoming.

Alternatively, in the event the Court determines a hearing is necessary to review the subpoenas before their issuance, Ms. Winner requests an *ex parte* hearing to demonstrate the necessity of the subpoenas and their requests. The *ex parte* nature of such a hearing is justified on several grounds. *First,* as set forth above, the Government simply has no standing or justiciable interest to be present and assert objections to subpoenas that are directed at third parties, particularly state and private actors. *Second*, permitting the Government's participation would require Ms. Winner to improperly divulge intricate details of her trial strategy. Among many other things, the attorney work product developed by the defense -- in determining *why* to subpoena the recipients at issue here; *why* counsel believes these entities have documents pertinent to her defense; *how* those documents fit into her overall strategy at a trial in this matter; *why* those documents are admissible; and *whose* testimony will support those theories -- would all improperly reveal important defense strategy and otherwise privileged materials that the prosecution is not entitled to discover at this point in the proceedings.

Ms. Winner has a constitutionally guaranteed right to put on a well-recognized and potentially complete defense to the alleged offense, for example, as it pertains to the "national defense information" element thereof. In order to effectively prepare for her October 15, 2018 scheduled trial, the Court should allow Ms. Winner to continue the Rule 17(c) process without any additional delay or, if it must, allow the defense an *ex parte* opportunity to present its justifications for the subpoenas at issue.

## II.      RELEVANT PROCEDURAL HISTORY

The Government would have to acknowledge that it has waited until the eve of Ms. Winner's Rule 17(c) deadlines to file what amounts to a general procedural motion that could

have been brought at any point since Ms. Winner first raised the prospect of Rule 17(c) subpoenas months ago (or frankly sooner).

Ms. Winner has frequently and routinely reminded the Court and the Government[3] of her intention to utilize the Rule 17(c) process to compel pre-trial production of documents from third parties in support of her defenses -- namely with regard to the "closely held" and "potentially dangerous" prongs of the "national defense information" element of the charged offense, which the Court has now held are elements the Government will have to prove at trial.[4]  For example, on November 20, 2017 (over four months ago), Ms. Winner filed an Ex Parte Motion for Issuance of Subpoenas Pursuant to Rule 17 of the Federal Rules of Criminal Procedure and Memorandum of Law in Support Thereof (the "Ex Parte Motion").[5]   Thereafter, status conferences and scheduling hearings have routinely contemplated that Ms. Winner would formulate Rule 17(c) subpoenas to be issued to third parties based on rulings that would be forthcoming from the Court regarding the relevance of certain categories of documents requested from the Government.[6]   In other words, the deadlines and procedures adopted by this Court should come as no surprise to the Government.

---

[3] Nothing in this brief is intended to nor shall it waive any rights Ms. Winner has to keep from the Government any specifics related to her defenses or trial strategy or to waive any privilege with regard to same. Ms. Winner hereby respectfully reserves all rights to maintain as secret and privileged her defenses and trial strategy and any related communications with counsel, notwithstanding any instances in the record, if any, where she has been required to disclose any such details to support her positions in this case, for example, with regard to scheduling. Moreover, and for many of the same reasons, this is not intended as an exhaustive list of applicable defenses.

[4] *See* Doc. No. 229.

[5] *See* Doc. No. 159.

[6] *See e.g.*, Tr. of Proceedings, Dec. 19, 2017, attached hereto as Exhibit A ("Tr. of Dec. 19, 2017 proceedings"); *see also* Doc. No. 194.

As expected, the Scheduling Order entered March 15, 2018[7] includes a deadline for issuance of Rule 17(c) subpoenas, which has been discussed at all of the various proceedings in the interim.  Moreover, the Court has already considered the issues raised in the Motion and advised Ms. Winner (*e.g.*, during March 12, 2018 and/or March 15, 2018 telephonic status conferences that have not yet been transcribed) that an additional or separate motion seeking leave to serve Rule 17(c) subpoenas will not be necessary/appropriate prior to issuance.[8]  That should have ended the matter; the Court has already ruled on this issue twice before and the Government cites no circumstances requiring the reversal of those rulings.

And there was ample basis for those prior rulings.  For example, while the Court had previously determined that Rule 17(c) subpoenas would be premature due to unanswered questions regarding the elements, defenses, and related scope of relevance,[9] those issues have now been resolved.  Judge Hall has ruled upon the requirements to establish that the document contained "national defense information," and has clarified the categories of information relevant to whether these requirements are met in this case.[10]  Based on these rulings, Ms. Winner was expected to be (and was) ready to issue her Rule 17(c) subpoenas on or before March 30, 2018.

However, in light of the telephonic status conference with the Court held on March 29, 2018, Ms. Winner understands that, on the basis of the Government's 11th hour motion, the Court may have reconsidered its previously stated position.  If the Court now decides it must conduct additional scrutiny over the subpoenas, Ms. Winner has substantial and justifiable

---

[7] Doc. No. 240 (the "Scheduling Order").

[8] *See* Doc. Nos. 237, 238, 239 (transcripts unavailable).

[9] *See* Tr. of Proceedings, Dec. 19, 2017, at 4:20-5:3.

[10] *See* Doc. No. 229.

concerns about any involvement by the Government in this process, and respectfully requests that any further proceedings be conducted *ex parte* in accordance with a multitude of legal precedent addressed below in order both to safeguard her constitutional rights and also to expedite her preparation and trial, consistent with the intended purpose of Rule 17.

## III.   ARGUMENT AND AUTHORITIES

### A.   The Court Should Deny The Government's Request For A Hearing To Screen The Rule 17 Subpoenas.

#### 1.   The Government lacks standing to challenge the Rule 17(c) Subpoenas.

By raising concerns associated with, for example, the relevancy of desired records or specificity of requests, the Government is effectively seeking to quash the Rule 17(c) subpoenas before their issuance.   "[T]he government… has the burden of demonstrating that it has standing"[11] to quash a subpoena, and it cannot meet that burden here.

"The general rule is that a party lacks standing to challenge a subpoena issued to a third-party witness absent a claim of privilege or a proprietary interest in the subpoenaed matter."[12] The Government enjoys no exception to this principle: "courts have routinely found that the Government does not have the ability to stand in another's shoes and move to quash a subpoena."[13]   Accordingly, as numerous courts have held, the Government has no right to litigate Rule 17(c) subpoenas issued to third parties, unless it can show that the subpoena implicates

---

[11] *United States v. Tomison*, 969 F. Supp. 587, 596 (E.D. Cal. 1997) (citations omitted).

[12] *United States v. Marabini*, No. 06-80021, 2006 U.S. Dist. LEXIS 101131, at *17 (S.D. Fla. Dec. 27, 2006) (internal quotations omitted) (*quoting United States v. Nachamie*, 91 F. Supp. 2d 552, 558-61 (S.D.N.Y 2000); *accord Carter Bros. Mfg. Co., Inc. v. Lumbermen's Underwriting All.*, No. 2:11-CV-251, 2011 WL 13217849, at *2 (M.D. Ala. Nov. 23, 2011).

[13] *United States v. McClure*, No. 10-028, 2010 U.S. Dist. LEXIS 98337, at *9 (E.D. La. Sept. 1, 2010).

some privilege or proprietary interest.[14]  Here, the Government claims no privilege or proprietary interest in the subpoenaed documents.  Nor could it make such a claim, particularly with respect to documents held by third parties that are not even part of the federal government.  Rather, as the Government's reference to "relevance" in its filing makes clear, it is merely trying to insert itself into the substantive evaluation of information the defense is seeking from third parties.  And, to the extent the Government seeks to assist the Court in evaluating the propriety of the subpoenas, that is not a proper role for the Government or any other party in a federal court proceeding.  "There is no reason to suppose that the government's participation is required to ensure that the court performs its duty in determining that the requisites for issuing the subpoena have been demonstrated…"[15]

Moreover, precisely because the Government lacks standing, granting the requested relief (allowing an "up-front" hearing to review the subpoenas prior to issuance) will produce enormous inefficiencies and jeopardize the schedule the Court has put into place.  Recipients of

---

[14] *See, e.g. McClure*, 2010 U.S. Dist. LEXIS 98337, at *9 ("The Government cannot undertake to act as counsel to its witnesses.") (citations omitted); *United States v. Ortiz*, No. C 12-00119 SI, 2013 U.S. Dist. LEXIS 181420 at *8 (N.D. Cal. Dec. 27, 2013) ("[T]he government merely asserts that it has a legitimate interest in policing the defendant's compliance with the rules governing criminal discovery.  This argument finds no support in the law, and it therefore must fail."); *United States v. Johnson*, No. 14-cr-00412-TEH, 2014 U.S. Dist. LEXIS 159788 at *8 (N.D. Cal. Nov. 13, 2014) ("[E]nsuring that a defendant properly complies with Federal Rule of Criminal Procedure 17(c) is not a legitimate interest that would confer standing upon the government."); *United States v. Williams*, No. CR 07-35, 2007 U.S. Dist. LEXIS 57824 at *6 (E.D. La. Aug. 8, 2007) ("In stark contrast, the facts in this case are not at all analogous [to] *Giampa* or *Raineri* and this subpoena compromises none of the interests in those cases.  The Government has not demonstrated that the subpoena, arguably returnable before trial, will delay the trial.") (citations omitted); *Nachamie*, 91 F. Supp. 2d at 558-61 (concluding the government lacked standing to move to quash non-party subpoenas); *Tomison*, 969 F. Supp. at 596 (rejecting the government's argument that it had standing "because it is in the best position to assist the court in ensure that Rule 17(c)" was being properly followed.).

[15] *Tomison*, 969 F. Supp. at 594 (citations omitted); *see also id.* at 595-96 (compiling relevant cases).

third party subpoenas have their own legal right to file motions to quash.  That means that, were the instant request by the Government granted, the Court will almost certainly face multiple rounds of briefing over the same subpoenas -- first by the Defendant (assuming the Court requests further justifications from Ms. Winner), second by the Government (who has sought to inject itself into any such proceedings, as evidenced by its Motion, even though it lacks standing to do so), and then, third upon a motion to quash filed by the subpoena recipient -- all prior to any objections raised by the Government *in limine* or at trial.  The inefficiencies of such a prospect are obvious.  It instead makes far more sense, and is in accord with oft-cited and well-reasoned precedent, to allow the subpoenas to be served, await a motion to quash (if one is filed), and resolve any issues then, if and when the subpoena recipients present a specific, live dispute over the subpoena's terms.[16]

### 2.     The Court is not required to conduct a review prior to issuance.

Regardless of whether the Government has standing to participate in these proceedings, the Court should deny the request for a hearing to review the subpoenas prior to issuance because this Court has no obligation to "vet" Ms. Winner's subpoenas by applying Rule 17 legal standards prior to the issuance of subpoenas.  The standard is purely discretionary:

> Enforcement of a pretrial subpoena duces tecum must necessarily be committed to the sound discretion of the trial court since the necessity for the subpoena most often turns upon a determination of factual issues.  Without a determination of arbitrariness or that the trial court finding was without record support, an

---

[16] Likewise, the arguments raised by the Government over the concern of handling classified attachments to the subpoena are similarly without merit and do not confer standing on it to participate in a Rule 17 inquiry.  The Department of Justice has an office created, outside the prosecution team, to protect these interests and that team is heavily involved in this case, regularly coordinating with the defense on the proper handling of security issues.  The prosecution, of course, is well aware of this, and its attempting to insert itself into this process under the guise of security concerns is nothing but a clear attempt to hinder the defense's ability to prepare its case.

appellate court will not ordinarily disturb a finding that the applicant for a subpoena complied with Rule 17(c).[17]

The Government's arguments to the contrary are misleading.

Many courts, including the Supreme Court, have held that district courts may appropriately exercise their discretion to control the use of Rule 17(c) on motions to quash or modify. Indeed, "[a] subpoena for documents may be quashed if their production would be unreasonable or oppressive, **but not otherwise**."[18]  There is nothing in the statutory language[19] or any relevant precedent that would require otherwise.

In fact, review of relevant case law confirms that, as a practical matter, trial courts frequently reserve scrutiny under Rule 17(c) until there is a motion to compel filed by the defendant or a motion to quash or modify filed by an appropriate party with standing to challenge the Rule 17(c) subpoena (i.e., if and when there is an actual controversy).[20]  That procedure is consistent with the text of the Rule itself, which does not require the use of a motion

---

[17] *United States v. Nixon*, 418 U.S. 683, 702 (1974).

[18] *Id.* at 698 (*citing Bowman Dairy Co. v. United States*, 341 U.S. 214, 220 (1951); *see also United States v. Beckford*, 964 F. Supp. 1010, 1023 (E.D. Va. 1997) (compiling cases addressing the question) (*citing* 2 Wright, Federal Practice and Procedure: Criminal 2d § 274 at 155; 25 Moore's Federal Practice §§ 617.08[3][a], [b]; *Bowman*, 341 U.S. at 220) (other citations omitted).

[19] Rule 17(c) ("Producing Documents and Objects") provides (in relevant part): "(1) In General. A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates.  The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence.  When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them."  Fed. R. Crim. P. 17.

[20] *See e.g., United States v. Wecht*, 2007 WL 4563516, at *2 (W.D.Pa. 2007); *United States v. King*, 194 F.R.D. 569, 571 (E.D. Va. 2000); *Beckford*, 964 F. Supp. at 1012; *United States v. Jenkins*, 895 F. Supp. 1389, 1391 (D. Haw. 1995) (all cited by Government in Motion at Part II.B., pg. 7).

to secure issuance of a subpoena duces tecum for pre-trial production.[21]  While some courts have exercised their discretion to screen Rule 17(c) subpoenas in advance, it is certainly not required, and there are strong reasons not to do so in this case.  Indeed, granting the relief requested by the Government will belie one of the most critical functions of Rule 17(c) -- to expedite the trial.[22]

If this Court were to conduct advanced screening of the subpoenas, and further briefing must occur, Ms. Winner has significant concerns about her ability to prepare her defenses in advance of her scheduled trial date in October 2018.  There is simply no time for additional and unnecessary litigation built into the condensed (and ambitious) Scheduling Order.  Any valid objections by the recipients of the subpoenas can and will be effectively resolved in the meet-and-confer process or through motions to quash/compel.  And, importantly, foregoing an "up-front" screening of the subpoenas will not leave the Government without a remedy; to the contrary, the Government will always have the ability, through motions *in limine* or objections at trial, to interpose its view as to whether certain documents are relevant and/or admissible.  Thus, almost certainly, these issues will be raised on the "back end" after issuance, which will undoubtedly require multiple rounds of briefing and argument, and potential appeals.  There is no additional time to allow these issues to also be litigated on the "front end," particularly given that the Government has repeatedly indicated that it "does not have a dog" in this particular fight.

**B.** **If The Court Determines Additional Proceedings To Screen The Rule 17(c) Subpoenas Are Required, Such Proceedings Must Be Held *Ex Parte*.**

If the Court determines scrutiny is required of the requested subpoenas at this procedural stage, it must be in an *ex parte* setting.  The Government simply does not get a seat at the table to

---

[21] *See e.g., United States v. Gonzalez*, No. 94 CR. 134 (WK), 2002 WL 31641109, at *1 (S.D.N.Y. Nov. 13, 2002) (citations omitted).

[22] *See Nixon*, 418 U.S. at 698-99; *Bowman*, 341 U.S. at 220.

litigate subpoenas directed at third parties.  It enjoys no right to act as both a party and a putative

friend-of-the-court.  Respectfully, this Court should reject the Government's request to afford it

special status that surely would not be accorded the defense if the roles were reversed.

>    **1.    The Government has no standing to present arguments regarding subpoenas that are directed to non-parties.**

For all of the reasons set forth in Part III.A.1., *supra*, the Government lacks standing to

challenge Ms. Winner's Rule 17(c) subpoenas.  As set forth above, it is the Government's burden

to demonstrate it has standing.[23]   And absent a claim of privilege or some other proprietary

interest in the subpoenaed records, the Government cannot demonstrate standing.[24]   Here, the

Government has certainly received enough information to put forth why it has standing, and it

has not cited to *anything* to demonstrate it has standing.[25]   Importantly, the Government's lack of

standing bars it from participation irrespective of whether the Court decides to employ an *ex

parte* procedure.[26]

And attempting to be an informal friend-of-the-court also does not confer standing.  Rule

17(c) simply does not contemplate a collaborative process: "in reviewing applications for

---

[23] *See* discussion Part III.A.1. & n.11, *supra*.

[24] *See* discussion Part III.A.1. & n.12, *supra*.

[25] *See Beckford*, 964 F.Supp. at 1028 & n. 26 (emphasis added) ("At most, then, a pre-issuance application made upon notice to an adverse party would provide that party with knowledge and opportunity to assert its standing to challenge the subpoena before the court.") (*citing Jenkins*, 895 F. Supp. at 1393 ("The question whether a defendant seeking a pre-trial subpoena duces tecum must notify the Government does not decide the question whether, once issued, the Government may move to quash the subpoena issue to a third-party.")

[26] *See Beckford*, 964 F. Supp. at 1028 & n. 26 ("For, independent of whether ex parte procedure is employed, an adverse party lacks standing to challenge a subpoena absent a claim of privilege, a proprietary interest in the subpoenaed material, or other legitimate interest.") (*discussing United States v. Reyes*, 162 F.R.D. 468, 469-470 (S.D.N.Y. 1995); *accord Tomison*, 969 F. Supp. at 596 (compiling relevant cases).

subpoenas duces tecum, a court needs no assistance [from the opposing party] in applying [Rule 17 legal] standard[s]."[27]   Rather, the issuing party proposes its subpoenas and, if a review of the subpoenas is had, the Court is fully capable of applying the appropriate standards without any assistance from the other party.[28]   As the Supreme Court has explained, it is the responsibility of the court, not the opposing party, to ensure that a subpoena secured under Rule 17(c) is for a proper purpose.[29]

### 2.   The Government's involvement in any further proceedings would require the improper divulging of sensitive trial strategy.

The fact that a criminal defendant has both a right to the pre-trial production of evidence and a right to protect his trial strategy strongly cautions against any practice requiring disclosure to the Government of a defendant's theory of the case as a precondition to obtaining subpoenas duces tecum under Rule 17(c).[30]   If the Court requires Ms. Winner to make a pre-issuance demonstration of relevancy, admissibility and specificity, then "…requiring that [she] share the showing with the [G]overnment would effectively force [her] to reveal [ ] her theory of the case."[31]   Indeed, in order to make such a showing with regard to the approximately 40 subpoenas she expects to issue, Ms. Winner expects she may need to (i) call on various experts she has engaged (but is not obligated to disclose at the present time) to support her requests; (ii) advance

---

[27] *Jenkins*, 895 F. Supp. at 1397.

[28] *Tomison*, 969 F. Supp. at 594 ("…there is no reason to suppose that the government's participation is required to ensure that the court performs its duty in determining that the requisites for issuing the subpoena have been demonstrated…") (*citing Jenkins*, 895 F. Supp. at 1397; *Beckford*, 964 F.Supp. at 1028-29; *Reyes*, 162 F.R.D. at 471).

[29] *Bowman*, 341 U.S. at 221; *Beckford*, 964 F.Supp. at 1025.

[30] *Tomison*, 969 F. Supp. at 593-94.

[31] *Id.* at 594.

attorney work product and other potentially privileged materials, including drafts or versions of demonstrative exhibits intended for use at trial; (iii) advance specific facts and legal theories that support her defenses; and/or (iv) argue some of the very same factual and legal points that she will argue to the jury at her trial scheduled for October 2018.  Of course, this Response is not her attempt to do that, as such an undertaking will require extensive work by the defense team with potentially classified documents and with experts, all of which will add significant time to the process that was not previously contemplated by Ms. Winner or the Court.[32]  But more to the point, allowing the Government to attend or participate in such pre-issuance proceedings would, at a minimum, divulge trial strategy, witness lists, and attorney work-product and undermine fundamental constitutional interests, which is not permitted.   As Judge Payne observed in *Beckford*, "forcing any defendant to confront the choice between issuing a pre-trial subpoena duces tecum and disclosing his defense to the government places an unconstitutional limitation on the defendant's right to compulsory process."[33]  Given these concerns, it is well-settled that a

---

[32] Since the Court has previously intimated that it will not require Ms. Winner to make any such showing, and since the Court has not yet ruled on the Government's Motion or otherwise required any further showing, this brief is not intended as an exhaustive application for *ex parte* process with regard to the Rule 17(c) subpoenas and Ms. Winner hereby respectfully reserves her rights and requests the opportunity to make such a submission, should the Court determine that any further showing is necessary before Rule 17(c) her subpoenas issue.  To the extent the Court is considering holding a hearing and determining which parties should be present, Ms. Winner would like an opportunity to prepare a fulsome *ex parte* pleading (prior to any substantive "vetting") explaining the relevant standards for the Court to apply, why Ms. Winner's subpoenas meet any such standards, and why *ex parte* proceedings are appropriate given the specific facts of this case, as set forth in *Tomison*, *Beckford*, and their progeny.  This pleading -- as an Opposition to the Government's motion where it has simply sought an "up front" review of the subpoenas -- is not intended as such a pleading or *ex parte* application.

[33] *Tomison*, 969 F. Supp. at 593-94 (*citing Beckford* 964 F. Supp. at 1027) ("If Rule 17(c) were interpreted to force that result, the defendant's Sixth Amendment right to compulsory process for obtaining [favorable evidence] would mean little indeed.  Therefore, the Sixth Amendment supplies justification for interpreting Rule 17(c) to permit *ex parte* procedures respecting the issuance of pre-trial subpoenas duces tecum in the rare instance in which a defendant would be

Court is justified in holding such a hearing *ex parte*,[34] and it is particularly important in this case -- given that, under CIPA, the Defendant is already required to divulge more materials pre-trial than an ordinary criminal proceeding.  Notably, it is of no import whether the Government will ultimately be allowed to see the production.[35]

In sum, if and only to the extent the Court determines that additional proceedings are appropriate prior to issuance, Ms. Winner respectfully requests that the Court grant leave for her to make an appropriate *ex parte* showing (prior to any substantive "vetting") explaining the relevant standards for the Court to apply, why the subpoenas meet any such standards, and why *ex parte* proceedings are appropriate given the specific facts of this case.

Notably, if the Court does seek further justification from Ms. Winner and allows her to proceed *ex parte* in accordance with the authorities cited herein, this would not be the first time this Court had entertained a request for *ex parte* submissions in this case.  Indeed, the Court has already allowed the Government to proceed *ex parte* over Ms. Winner's objection related to

---

required to disclose trial strategy, witness identities or attorney work-product to the Government in his pre-issuance application.") (citations omitted).

[34] *See e.g., United States v. Daniels,* 95 F.Supp.2d 1160, 1162–63 (D.Kan.2000); *Tomison, 969* F.Supp. 587*; Beckford,* 964 F.Supp. 1010; *Jenkins,* 895 F.Supp. at 1396–97; *Reyes,* 162 F.R.D. at 470-71; United States v. McClure, No. CR. 08-100WBS, 2009 WL 937502, at *1 (E.D. Cal. Apr. 7, 2009); *United States v. Hang*, 75 F.3d 1275 (8th Cir. 1996); *United States v. Florack*, 838 F.Supp. 77, 79 (W.D.N.Y.1993); *United States v. Thompson*, 310 F.R.D. 542 (S.D. Fla. 2015).

[35] *See Tomison, 969* F.Supp. at 591 & n.8 ("Moreover, while permitting examination of the subpoenaed documents may provide the government with insight to the defense's strategy, it is not equivalent to providing the government with access to the documents filed by defendant justifying the subpoena in the first place.  The latter documents, because they must demonstrate relevancy, specificity and admissibility inevitably lay out the  defendant's entire case as it stands at the time the subpoenas are sought.  As I explain in the text, these considerations counsel a conclusion that ex-parte motions are appropriate where the defendant makes a showing of the need for confidentiality.") (citations omitted).

CIPA Section 4 submissions and process.[36]  Ms. Winner respectfully respects that this Court give

the same consideration to her request given the particular facts and circumstances of this case.

## IV.    CONCLUSION

It is an unavoidable truth in this case that, like her public domain searches, Ms. Winner

needs documents in the hands of the third parties she proposes to subpoena to adequately prepare

her defense.  The Government is well aware of that fact and is meddling for that very reason -- to

limit the ability of Ms. Winner to prepare for trial.  The Government has intruded in the Rule 17

process under the guise of simply "helping" the Court in an informal friend-of-court role when

such a role is not authorized and actually serves to undermine the adversarial process.  CIPA

allows for many deviations from the standard rules of federal procedure, but the application of

Rule 17 is not one of them.  Ms. Winner is entitled to the full power of Rule 17(c) to build her

defenses and defend the charge against her. The Court should afford her these constitutionally

guaranteed rights and deny the Government's Motion.

Given the time compression associated with the instant trial schedule, permitting the

Government's request for a hearing to screen the subpoenas -- a request it has no standing to

make, and one for relief not required under the Rule -- will only serve to delay matters,

jeopardize the Scheduling Order, and require multiple rounds of briefing regarding the same

subpoenas.   Valid objections, by parties with standing, can be made after receiving those

subpoenas via the meet-and-confer process or through motions to compel/quash.  There is no

need to further delay that process.

However, and in all events, even if the Court determines a hearing (or any additional or

different proceeding) is necessary, the defense requests that it be permitted, in an *ex parte*

---

[36] *See* Doc. No. 94; *see also* Doc. No. 82.

setting, to demonstrate why such a proceeding should be held without the Government.  As noted above, the Government simply has no justiciable interest in being present and raising concerns associated with subpoenas directed to non-parties.  The Court does not need Government counsel to determine whether the subpoenas comply with Rule 17, and requiring defense counsel to justify each subpoena request will undoubtedly reveal critical portions of her trial strategy and impinge on her constitutional rights -- reasons that routinely justify proceeding on an *ex parte* basis (and reasons that Ms. Winner may fully explain in a separate, *ex parte* pleading if the Court is amenable and so desires).

WHEREFORE, for the reasons stated above, the Defendant Reality Winner respectfully requests that this Court (a) deny the Government's Motion and issue the Rule 17(c) subpoenas forthwith; or, alternatively, (b) permit any further proceedings regarding the efficacy of Rule 17(c) subpoenas be held solely on an *ex parte* basis.  Finally, Ms. Winner requests that this Court grant such additional relief as the Court deems warranted on the premises.

Respectfully submitted,

*/s/ Joe. D. Whitley*

Joe D. Whitley (Bar No. 756150)
Admitted *Pro Hac Vice*
Brett A. Switzer (Bar No. 554141)
**BAKER, DONELSON, BEARMAN,**
   **CALDWELL & BERKOWITZ, P.C.**
3414 Peachtree Rd., NE Suite 1600
Atlanta, GA  30326
(404) 577-6000
JWhitley@bakerdonelson.com
BSwitzer@bakerdonelson.com

John C. Bell, Jr. (Bar No. 048600)
Titus T. Nichols (Bar No. 870662)
**BELL & BRIGHAM**
PO Box 1547
Augusta, GA  30903-1547
(706) 722-2014
John@bellbrigham.com
Titus@bellbrigham.com

Matthew S. Chester (LA Bar No. 36411)
Admitted *Pro Hac Vice*
**BAKER, DONELSON, BEARMAN,**
  **CALDWELL & BERKOWITZ, P.C.**
201 St. Charles Ave., Suite 3600
New Orleans, LA  70170
(504) 566-5200
MChester@bakerdonelson.com

Thomas H. Barnard (AZ Bar No. 020982)
Admitted *Pro Hac Vice*
**BAKER, DONELSON, BEARMAN,**
  **CALDWELL & BERKOWITZ, P.C.**
100 Light Street
Baltimore, MD  21202
(410) 685-1120
TBarnard@bakerdonelson.com

**COUNSEL FOR DEFENDANT**
**REALITY LEIGH WINNER**

<u>**CERTIFICATE OF SERVICE**</u>

     I hereby certify that on April 4, 2018, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which sent notification of such filing to counsel of record for all parties.

                                            */s/ Joe D. Whitley*
                                            Joe D. Whitley