**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**AUGUSTA DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| **Plaintiffs,** | * | |
| | * | |
| **v.** | * | **1:17-CR-0034 (BKE)** |
| | * | |
| **REALITY LEIGH WINNER** | * | |
| | * | |
| **Defendant.** | * | |
| | * | |
| * * * * * * * * * * * * * * * * | * | |

<u>**UNOPPOSED MOTION TO CONTINUE APRIL 23, 2018 HEARING**</u>

NOW INTO COURT, through undersigned counsel, comes Defendant Reality Leigh Winner ("Ms. Winner" or the "Defendant"), who, with no opposition from the Government, respectfully files this Unopposed Motion to Continue the hearing set for April 23, 2018 in connection with the Defendant's requested Rule 17(c) subpoenas.  As set forth below, given the importance of these subpoenas, the Court's desire to have a fulsome hearing for their justification, and other issues associated with the subpoenas, good cause exists for a brief continuance of this hearing.

1.

As the Court is aware, up until very recently, it was contemplated that the Defendant would prepare subpoenas to various entities under Rule 17(c) of the Federal Rules of Criminal Procedure without the need for an application or motion justifying those subpoenas.[1]  As a result

---

[1] *See, e.g.* Doc. Nos. 238 (March 12, 2018 Telephonic Conference not yet transcribed), 239 (March 15, 2018 Telephonic Conference not yet transcribed).

of this guidance, the defense prepared the subpoenas at issue[2] and did not file any pleading laying out its specific justification for each request in each subpoena.

2.

On March 21, 2018, the Government filed a motion requesting that the Court conduct an up-front screening of the subpoenas to determine whether they meet the Rule 17 standards.[3]  On April 4, 2018, the Defendant filed her response, arguing that no advanced screening of the subpoenas was necessary and that, even if the Court desired such a hearing, such proceedings should be held *ex parte.*[4]

3.

On April 10, 2018, the Court issued a Notice of Hearing, setting a hearing for April 23, 2018 (a date previously offered by the parties) regarding the subpoenas.[5]  The Court has advised that the justification for the subpoenas will be litigated at that hearing and that the Government may or may not be permitted to be present during portions of the hearing.

4.

Understanding now that the Court desires a fulsome hearing seeking the defense's specific justification for each request in each subpoena -- which may entail, among other things, legal argument regarding why the subpoenas satisfy the applicable Rule 17 standards and expert evidence to demonstrate the justification for the requests -- Ms. Winner requests an opportunity to submit briefing to the Court, in advance of any hearing, setting forth her specific justification for the subpoenas, potentially including relevant evidence supporting those justifications.  This procedure is utilized in many cases involving requested Rule 17(c) subpoenas, including cases

---

[2] Doc. No. 244 (Notice of Filing Defendant's Rule 17(c) Subpoenas).
[3] Doc. No. 242.
[4] Doc. No. 247.
[5] Doc. No. 250.

from this Circuit and District.[6]  Ms. Winner would then request a hearing with the Court after that briefing is submitted.

5.

This briefing and hearing preparation will necessitate substantial work in a secure environment given the requests at issue, the potential classified nature of the justifications for those requests, the classified nature of any service-related and/or CIPA-related issues associated with the subpoenas, and the subject matter of the expert testimony likely be to developed and proffered at the hearing.  Given that the currently-set hearing is less than two weeks away, the defense does not believe that provides enough time to properly brief the issues at play for the Court and also prepare for such a hearing.  As a result, Ms. Winner is requesting a brief continuance to re-set the April 23rd hearing to enable her sufficient time to prepare for the hearing and submit pertinent briefing.  The Government has no opposition to this request.  After conferring, the parties are available for a re-setting of this hearing on May 8th, if that date is available for the Court.

6.

Separate and apart from providing an opportunity to properly brief the issues relevant for these subpoenas and properly prepare for any hearing regarding them, good cause exists for a brief continuance of the April 23rd hearing for another reason.  The Government's expert disclosures are due on April 30, 2018.[7]  As previously discussed with the Court, those expert disclosures will be helpful to all involved, including the defense and the Court, as (hopefully)

---

[6] *See, e.g. United States v. Nixon*, 418 U.S. 683 (1974) (special prosecutor filed motion for Rule 17(c) subpoena); *United States v. Thompson*, 310 F.R.D. 542 (S.D. Fla. 2015) (defendant filed application for Rule 17 subpoenas) (ECF Nos. 26, 29); *United States v. Robinson*, No. 4:09-CR-142, 2010 WL 11527201 (S.D. Ga. Apr. 2, 2010) (defendant filed motion for Rule 17(c) subpoena) (ECF No. 65); *United States v. Stearns*, No. 1:07-CR-62, 2008 WL 11381487 (N.D. Ga. Mar. 19, 2008) (defendant filed motions for Rule 17(c) subpoenas) (ECF Nos. 26, 30, 49); *United States v. Clason*, No. 05-CR-870, 2007 WL 1259138 (D. Ariz. Apr. 23, 2007) (defendant filed application for Rule 17 subpoenas and filed motion for subpoenas) (ECF Nos. 167, 169).
[7] Doc. No. 240.

they will narrow the issues for trial, including advising the defense what *specific* items the Government will contend at trial constitutes "national defense information." This information will necessarily impact the justification for the subpoenas -- including potentially having an impact on the relevancy of the requests at issue. Thus, a brief continuance of the April 23rd hearing (until after the Government's expert disclosures are due) might eliminate unnecessary work for the parties and conserve resources for all involved. For this reason, too, the hearing should be continued and again, with no objection from the Government, the parties are available to re-set this hearing for May 8th, if that date is available for the Court.

WHEREFORE, for the reasons stated above, the Defendant, Reality Winner, respectfully requests that this Court (a) grant the instant Motion to Continue the April 23rd Hearing; (b) re-set the hearing on the Defendant's proposed Rule 17(c) subpoenas for May 8, 2018 (or another date selected by the Court); and (c) grant such additional relief as the Court deems warranted on the premises hereof.

Respectfully submitted,

*/s/* Joe. D. Whitley

Joe D. Whitley (GA Bar No. 756150)
Admitted *Pro Hac Vice*
Brett A. Switzer (GA Bar No. 554141)
**BAKER, DONELSON, BEARMAN,
   CALDWELL & BERKOWITZ, P.C.**
3414 Peachtree Rd., NE Suite 1600
Atlanta, GA 30326
(404) 577-6000
JWhitley@bakerdonelson.com
BSwitzer@bakerdonelson.com

John C. Bell, Jr. (GA Bar No. 048600)
Titus T. Nichols (GA Bar No. 870662)
**BELL & BRIGHAM**
PO Box 1547
Augusta, GA 30903-1547
(706) 722-2014
John@bellbrigham.com
Titus@bellbrigham.com

Matthew S. Chester (LA Bar No. 36411)
Admitted *Pro Hac Vice*
**BAKER, DONELSON, BEARMAN,**
  **CALDWELL & BERKOWITZ, P.C.**
201 St. Charles Ave., Suite 3600
New Orleans, LA  70170
(504) 566-5200
MChester@bakerdonelson.com

Thomas H. Barnard (AZ Bar No. 020982)
Admitted *Pro Hac Vice*
**BAKER, DONELSON, BEARMAN,**
  **CALDWELL & BERKOWITZ, P.C.**
100 Light Street.
Baltimore, MD  21202
(410) 685-1120
TBarnard@bakerdonelson.com

**COUNSEL FOR DEFENDANT**
**REALITY LEIGH WINNER**

## CERTIFICATE OF SERVICE

I hereby certify that on April 11, 2018, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which sent notification of such filing to counsel of record for all parties.

*/s/ Joe D. Whitley*
Joe. D. Whitley, Esq.