IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR 117-034 |
| | ) | |
| REALITY LEIGH WINNER | ) | |

**ORDER**

The Court is determining prior to issuance whether forty-one subpoenas submitted by Defendant pursuant to Federal Rule of Criminal Procedure 17(c) satisfy United States v. Nixon, 418 U.S. 683 (1974), and its progeny. (See doc. nos. 159, 244, 256.) Defendant concedes the Court has discretion to conduct this inquiry now rather than after issuance and service. (Doc. no. 247, pp. 9-11.) On April 23, 2018, the parties presented arguments concerning the Nixon specificity standard, followed by Defendant explaining *ex parte* the subpoenas' relation to trial strategy. Upon consideration of all arguments and evidence, the Court **REJECTS** forty subpoenas in their entirety as overly broad and **APPROVES AS MODIFIED** the subpoena at docket entry 256.

**I. BACKGROUND**

Defendant filed her Motion for Issuance of Rule 17 Subpoenas on November 21, 2017. (Doc. no. 159.) Following rulings that defined the scope of discovery and narrowed Defendant's Rule 16 requests, Defendant submitted reformulated Rule 17 subpoenas on March 29, 2018. (Doc. no. 244.) To preserve her right of appeal, Defendant submitted a

proffer of additional requests she would have included in the reformulated subpoenas but for the Court's discovery rulings. (Doc. no. 245.)

II. ANALYSIS

### A. Rule 17(c) Narrowly Permits the Subpoena of Documents that Are Specifically Identifiable, Relevant, and Admissible at Trial.

Rule 17(c)(1) provides as follows: "A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence." Rule 17 expedites "the trial by providing a time and place before trial for the inspection of subpoenaed materials . . . ." Nixon, 418 U.S. at 698-99. In order to obtain production prior to trial under Rule 17(c), the moving party must show:

> (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general "fishing expedition."

Id. at 699-700 (footnote omitted). The requesting party must therefore "clear three hurdles: (1) relevancy; (2) admissibility; (3) specificity." Id. at 700.

"Specificity is the hurdle on which many subpoena requests stumble." United States v. Ruedlinger, 172 F.R.D. 453, 456 (D. Kan. 1997). "Courts have noted that the specificity and relevance elements are somewhat heightened in that they 'require more than the title of a document and conjecture as to its contents.'" United States v. Brown, No. 11-60285, 2013 WL 1624205, at *4 (S.D. Fla. Apr. 15, 2013) (Rosenbaum, J.) (citing United States v. Arditti, 955 F.2d 331, 345 (5th Cir. 1992)). "As the Eleventh Circuit has explained, 'the rule

2

only reaches *specifically identified documents* that will be admissible as evidence at trial, provided that the application for the subpoena is made in good faith.'" Id. (citation omitted).

Rule 17 is "not intended to provide an additional means of discovery for any party in criminal cases." United States v. Silverman, 745 F.2d 1386, 1397 (11th Cir. 1984) (citing Bowman Dairy Co. v. United States, 341 U.S. 214, 220 (1951)); see also Arditti, 955 F.2d at 345 (same). Nor can Rule 17 be used "as a means for developing investigative leads which would lead to evidence producible at trial . . . ." United States v. Noriega, 764 F. Supp. 1480, 1492 (S.D. Fla. 1991). "[A] Rule 17(c) subpoena *duces tecum* cannot substitute for the limited discovery otherwise permitted in criminal cases and the hope of obtaining favorable evidence does not justify the issuance of such a subpoena." United States v. Caro, 597 F.3d 608, 620 (4th Cir. 2010) (citation omitted).

Under the Due Process Clause of the Fourteenth Amendment, fundamental fairness requires that a criminal defendant "be afforded a meaningful opportunity to present a complete defense." California v. Trombetta, 467 U.S. 479, 485 (1984). "To safeguard that right, the Court has developed 'what might loosely be called the area of constitutionally guaranteed access to evidence . . . . [T]his group of constitutional privileges delivers exculpatory evidence into the hands of the accused, thereby protecting the innocent from erroneous conviction and ensuring the integrity of the criminal justice system." Id. (citations omitted). Rule 17(c) "implements the Sixth Amendment guarantee that an accused have compulsory process to secure evidence in [her] favor." United States v. Ventola, Crim. No. 15-10356, 2017 WL 2468777, at *3 (D. Mass. June 6, 2017) (citations omitted). Nevertheless, "[t]he right to defend oneself does not extend to using the power of the Court to compel third parties to provide information that may not even be admissible at trial or at a

3

hearing or that is merely 'investigatory.'" Id. (collecting cases); see also United States v. Rand, 835 F.3d 451, 463 (4th Cir. 2016) (same).

## B. Defendant's Subpoenas Fail to Satisfy the Specificity Requirement.

The forty subpoenas proposed by Defendant on March 29, 2018, fall far short of satisfying the specificity requirement. None of the requests specify particular books, papers, documents, data, or other objects to be offered into evidence at trial. Instead, the requests are scattershot, dragnet attempts to discover evidence not presently known to exist. The requests seek "any and all documents and communications" regarding every conceivable subject matter with any direct or indirect relation to the events described in the document Defendant allegedly leaked, and similar events within a broader time period.

The requests are typical of discovery in civil cases under the Federal Rules of Civil Procedure, but Rule 17 is not an additional means of discovery. See Arditti, 955 F.2d at 345. Defendant's subpoenas "cast a wide net that betokens a 'general fishing expedition,' Nixon, 418 U.S. at 700, 94 S. Ct. 3090, and they merely duplicate [Defendant's] discovery motion under Rule 16(a)(1)(E)." Caro, 597 F.3d at 620.[1] Numerous courts have rejected Rule 17 subpoenas that, like Defendant's here, broadly request "any and all" documents. United States v. Wai Lun Ng, No. 5:07-CR-24, 2007 WL 3046215, at *3 (W.D.N.C. Oct. 16, 2007); Kipp, 2016 WL 7209581, at *2.

---

[1] See also United States v. Jackson, 155 F.R.D. 664, 668 (D. Kan. 1994) (finding proposed subpoenas "unquestionably resemble discovery requests" by seeking "entire files, all correspondence, and all related records" which is "more indicia of a fishing expedition."); United States v. Kipp, No. 3:15-CR-244, 2016 WL 7209581, at *2 (W.D.N.C. Dec. 9, 2016) (quashing subpoenas casting "a wide net in what appears to be a quest for pretrial discovery outside of the Rule 16 framework"); United States v. Forbes, No. 3:02-CR-00264, 2005 WL 8146317, at *4 (D. Conn. Nov. 5, 2005) (rejecting Rule 17(c) subpoenas that "were as broad as any request for production in a civil case could be" and finding that, "contrary to the spirit and purpose of Rule 17(c), the defendants' subpoenas were aimed at obtaining discovery").

4

The closest Defendant comes to compliance with the specificity requirement is the first of two requests in a supplemental subpoena found at docket entry 256. The first request appropriately seeks production of a specific spreadsheet known to exist due to publication of snippets. The second request, however, seeks "any and all documents and communications" relating to any information contained in the entire spreadsheet. The capacious scope of this request's wording is compounded by the breadth of events and information described in the published snippets of the spreadsheet, as well as the obvious fact Defendant does not know what events the unpublished portions of this spreadsheet concern. The second request is thus another scattershot, dragnet attempt to discover evidence not presently known to exist. For these reasons, the Court approves issuance of this sole subpoena, but only to the extent the first request seeks production of the spreadsheet itself.

Notably, the government agreed at the April 23, 2018 hearing to expand its Rule 16 discovery obligations to accomplish key objectives of Defendant in serving subpoenas on the designated federal agencies. The government agreed to undertake this inquiry without need for subpoenas, and estimated a return date of approximately six weeks.

SO ORDERED this 27th day of April, 2018, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA