**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**AUGUSTA DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| **Plaintiffs,** | * | |
| | * | |
| **v.** | * | **1:17-CR-0034 (BKE)** |
| | * | |
| **REALITY LEIGH WINNER** | * | |
| | * | |
| **Defendant.** | * | |
| | * | |
| * * * * * * * * * * * * * * * * * | * | |

**SUPPLEMENTAL POST-HEARING BRIEF**
**IN SUPPORT OF  DEFENDANT'S MOTION TO SUPPRESS**

This Supplemental Post-Hearing Brief is submitted in further support of Defendant Reality Winner's ("Ms. Winner" or the "Defendant") Motion to Suppress [Doc. 63], based on the recent discovery of evidence not previously made public and in response to mischaracterizations made by the Government in its Post-Hearing Brief in Opposition to Defendant's Motion to Suppress ("Opposition") [Doc. 266].

**I.  MS. WINNER HAS ADEQUATELY ADDRESSED ALL PERTINENT LEGAL TESTS, WHICH DICTATE A FINDING THAT DEFENDANT WAS SUBJECTED TO "CUSTODIAL INTERROGATION."**

In its Opposition, the Government claims that "[t]he Defendant cites incorrect legal standards" and that "[t]he 'Free-to-Leave' test is not the applicable standard."[1] Instead, the Government suggests a two-part inquiry for the determination of whether an individual is "in custody" for purposes of *Miranda*.[2] While there certainly appears to be some ambiguity in how courts apply the "custodial interrogation" test, the most recent pronouncement by the Eleventh

---

[1] *See* Doc. 266, p. 2.
[2] *Id.* at 3.

1

Circuit, and the better view, is the "free to leave" standard articulated by Ms. Winner. *See United States v. Alvarez*, No. 16-17416, 2018 WL 1905128, at *2 (11th Cir. Apr. 23, 2018).[3]

In any event, Ms. Winner has demonstrated that she was "in custody" even under the Government's proposed test.  Indeed, as the Government has previously conceded, "courts apply similar factors" under either test.[4] Given the police-dominated atmosphere at Ms. Winner's home, the small room used for the interrogation, and that a reasonable person in Ms. Winner's position clearly would not have felt free to leave the premises, Ms. Winner was "in custody" and therefore entitled to *Miranda* warnings regardless of the test that this Court applies.[5]

## II.   THE PRESIDENT'S RECENTLY-DISCOVERED DIRECTIVES TO THEN-FBI DIRECTOR COMEY IN FEBRUARY 2017 REGARDING ALLEGED LEAKERS OF CLASSIFIED INFORMATION ARE FURTHER EVIDENCE THAT MS. WINNER WAS NOT FREE TO LEAVE DURING HER INTERROGATION ON JUNE 3, 2017.

As previously demonstrated, Special Agent Garrick's testimony at the evidentiary hearing on February 27, 2018, that Ms. Winner was free to leave is simply not believable in light of all the facts surrounding the execution of the warrants and Ms. Winner's interrogation.  It is made all the more incredible, however, given the directives of Special Agent Garrick's bosses, the President of the United States and the then-FBI Director James B. Comey.  More particularly, in memorandum dated February 14, 2017 that was recently made public, then-Director Comey

---

[3] *See United States v. Alvarez*, No. 16-17416, 2018 WL 1905128, at *2 (11th Cir. Apr. 23, 2018) ("Courts determine whether an individual was "in custody" based on whether, under the totality of the circumstances, an objectively reasonable person in her position would have felt that her freedom of movement was restrained to such an extent that she would not feel free to leave." (citing *United States v. McDowell*, 250 F.3d 1354, 1362 (11th Cir. 2001))). *See also United States v. Jayyousi*, 657 F.3d 1085, 1109 (11th Cir. 2011) ("An interrogation is custodial when 'under the totality of the circumstances, a reasonable man in [the defendant's] position would feel a restraint on his freedom of movement to such extent that he would not feel free to leave.").
[4] Doc. 189 at p. 21 (citing *United States v. Miller*, 2015 WL 8578649, at *4–5.)
[5] *See* Docs. 63, 215, & 255.

2

describes a conversation where the President several times raised "the issue of finding leakers."[6] Then-Director Comey said that he was "eager to find leakers and would like to nail one to the door as a message."[7] Mr. Comey later added that there would be "value [in] putting a head on a pike as a message."[8] President Trump ordered Mr. Comey to confer with Attorney General Sessions "about being more aggressive" in pursuing leak cases.[9]

Ms. Winner was the first alleged leaker of classified information arrested after the President issued this directive. The directive and other comments between the President and Mr. Comey provide important context to the raid of Ms. Winner's home and her interrogation. With the extraordinary pressure coming from the highest parts of the Executive Branch to aggressively pursue leakers, the FBI was simply never going to allow Ms. Winner to walk out the door.

The Comey memorandum was not previously known by defense counsel and hence, it was not briefed, nor was it utilized in defense counsel's cross-examination of the FBI agents who testified at the evidentiary hearing on February 27, 2018. This Court should consider these directives and comments as one more factor, in the totality of the circumstances test, counseling in favor of a finding that Ms. Winner was not free to leave and therefore *Miranda* warnings were required.

## III.   CONCLUSION

For the reasons stated in the Ms. Winner's original Motion to Suppress [Doc. No. 63], as well as those stated in her Reply Brief in Support of the Motion to Suppress [Doc. No. 215], and in light of the evidence received by the Court at the February 27, 2018 suppression hearing, as

---

[6] *See* https://static01.nyt.com/files/2018/us/politics/20180419-james-comey-memos.pdf, p. 11. *See also* Exhibit A hereto.
[7] *Id.*
[8] *Id.*
[9] *Id.*

well as recently-discovered evidence detailing the directives and comments made by President Trump and then-FBI Director Comey in February 2017 concerning the treatment of alleged leakers of classified information, Ms. Winner respectfully requests that the Court: (a) grant her Motion to Suppress; (b) suppress any statements elicited from Ms. Winner during the encounter with law enforcement at her home on June 3, 2017; (c) suppress any evidence obtained as a result of those statements; and (d) award all such other relief as may be warranted.

Respectfully submitted,

*/s/* Joe. D. Whitley

<table>
<tr><td>

Joe D. Whitley (Bar No. 756150)<br>
Admitted *Pro Hac Vice*<br>
Brett A. Switzer (Bar No. 554141)<br>
**BAKER, DONELSON, BEARMAN,**<br>
  **CALDWELL & BERKOWITZ, P.C.**<br>
3414 Peachtree Rd., NE Suite 1600<br>
Atlanta, GA  30326<br>
(404) 577-6000<br>
JWhitley@bakerdonelson.com<br>
BSwitzer@bakerdonelson.com

</td><td>

John C. Bell, Jr. (Bar No. 048600)<br>
Titus T. Nichols (Bar No. 870662)<br>
**BELL & BRIGHAM**<br>
PO Box 1547<br>
Augusta, GA  30903-1547<br>
(706) 722-2014<br>
John@bellbrigham.com<br>
Titus@bellbrigham.com

</td></tr>
<tr><td>

Matthew S. Chester (La. Bar No. 36411)<br>
Admitted *Pro Hac Vice*<br>
**BAKER, DONELSON, BEARMAN,**<br>
  **CALDWELL & BERKOWITZ, P.C.**<br>
201 St. Charles Ave., Suite 3600<br>
New Orleans, LA  70170<br>
(504) 566-5200<br>
MChester@bakerdonelson.com

</td><td>

Thomas H. Barnard (Az. Bar No. 020982)<br>
Admitted *Pro Hac Vice*<br>
**BAKER, DONELSON, BEARMAN,**<br>
  **CALDWELL & BERKOWITZ, P.C.**<br>
100 Light Street.<br>
Baltimore, MD  21202<br>
(410) 685-1120<br>
TBarnard@bakerdonelson.com

</td></tr>
</table>

**COUNSEL FOR DEFENDANT**
**REALITY LEIGH WINNER**

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on April 27, 2018, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which sent notification of such filing to counsel of record for all parties.

*/s/ Joe D. Whitley*_____
Joe. D. Whitley, Esq.
