UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | 1:17-CR-0034 (BKE) |
| | * | |
| REALITY LEIGH WINNER | * | |
| | * | |
| Defendant. | * | |
| | * | |
| * * * * * * * * * * * * * * * * * | * | |

**MOTION FOR RECONSIDERATION OF ORDER DENYING
UNOPPOSED MOTION TO FIX TIME TO FILE OBJECTIONS/APPEAL TO
MAGISTRATE'S RULING REGARDING DEFENDANT'S RULE 17 SUBPOENAS**

Defendant Reality Leigh Winner ("Ms. Winner" or the "Defendant") respectfully requests reconsideration of the Court's ruling denying Ms. Winner the opportunity to obtain the transcript from the proceedings before the magistrate judge prior to filing her appeal/objections relating to her proposed Rule 17 subpoenas [Doc. No. 279]. The hearing transcript contains the critical testimony of Ms. Winner's expert, Mr. William Leonard, a longtime career Government official and former "Classification Czar" of the United States Government, who Magistrate Judge Epps qualified as an expert. Mr. Leonard spent hours testifying before the magistrate judge, and his testimony provides crucial context and support for Ms. Winner's subpoena requests. The defense also presented documentary evidence in support of its subpoena requests at the hearing, which was the subject of further testimony. To demonstrate precisely *why* the magistrate judge's rulings are erroneous, and *why* the subpoenas meet the specificity requirement under *Nixon* and its progeny, references to the transcript from the April 23, 2018 hearing are imperative. Respectfully, the defense cannot file an effective appeal -- and therefore cannot adequately

represent the interests of Ms. Winner on this issue -- without being able to cite to the lengthy and substantial evidentiary record presented before the magistrate judge. The Defendant respectfully requests that this Court reconsider its decision and grant a short extension of the appeal deadline until after Ms. Winner receives the hearing transcript.[1]

1.

Assuming the *Nixon* standard applies,[2] a party seeking the issuance of Rule 17(c) subpoenas must clear three hurdles: (1) relevancy; (2) admissibility; and (3) specificity.[3] With regard to the specificity requirement -- the limited issue before the magistrate judge at the April 23, 2018 hearing -- *Nixon* instructs that the issuing party need not describe precisely the documents requested (on consideration of the facts and circumstances in *Nixon*, the Supreme Court held it would be impossible do so). Indeed, to require the defense to know and demonstrate the entire contents of a document would render Rule 17(c) a nullity.[4] Instead, *Nixon* requires that the issuing party demonstrate only a "sufficient likelihood" that the documents sought exist and that they contain information pertinent to the charged offenses.[5] On short

---

[1] Notably, since the Court's Order [Doc. No. 274] was entered on April 27, 2018, defense counsel has been in regular contact with the court reporter to request an expedited copy of the April 23, 2018 transcript, both before and after entry of this Court's Order [Doc. No. 279] entered May 2, 2018. As explained in greater detail below, it has now been confirmed that there is no possibility that the defense will receive a transcript of the April 23, 2018 proceeding prior to the existing deadline to appeal/object to the April 27, 2018 Order [Doc. No. 274], a new fact not known when the Court first ruled on Ms. Winner's unopposed motion [Doc. No. 278].

[2] *See* Doc. No. 263 (noting case authorities that hold the *Nixon* standard does not apply in the context of Rule 17 subpoenas).

[3] *See United States v. Nixon*, 418 U.S. 683, 700 (1974).

[4] *See e.g.,United States v. Weisberg*, 2011 WL 1327689 at *7 (E.D. N.Y. April 5, 2011) (citing relevant authorities).

[5] *See Nixon*, 418 U.S. at 700.

notice, and despite significant logistical challenges, Ms. Winner presented voluminous, unrebutted evidence before the magistrate judge to make this showing.

2.

Specifically, on April 23, 2018, the magistrate judge held a day-long hearing on Ms. Winner's 41 proposed subpoenas. The defense submitted numerous pieces of documentary evidence and multiple pieces of testimonial evidence, including live and detailed testimony over approximately three hours, by an impeccably credentialed individual (thirty-four year Government official, former Director of Security Programs for Department of Defense ("DOD") from 1999 through 2002, and one of only three individuals appointed as Director of the Information Oversight Office ("ISOO") a/k/a the "Classification Czar" in the history of the position, a position in which he served from 2002 through 2008) whom Magistrate Judge Epps qualified as an expert. Among other things, the defense's expert, Mr. Leonard, testified as to why each of the subpoenas sought evidence that is both specific and relevant; how, in his experience, the particular requests are specific enough to provide appropriate guidance to the proposed recipients; and why there is a sufficient likelihood that the requested records exist.

3.

Four days later, after the Court had previously informed that the subpoenas would issue without any showing, the magistrate judge issued a five-page order denying 40 of Ms. Winner's 41 proposed subpoenas in their entirety, on the apparent erroneous basis that the subpoenas seek documents not "known to exist." [6] Even if this were the appropriate legal standard (which it is not), this holding (among others) is contradicted by the substantial evidence presented at the

---

[6] *See* Doc. No. 274 at pp. 4-5.

hearing including, and in particular, Mr. Leonard's testimony.  Surprisingly, the magistrate judge's five-page order fails to cite to *any* of the evidence at all and makes no mention of Mr. Leonard or his testimony -- almost as if it never happened.[7]

4.

Ms. Winner now seeks to file her appeal/objections to the magistrate judge's ruling denying 40 of her 41 subpoenas, which will seek application of the appropriate legal standard.[8]  However, to file an effective appeal, Ms. Winner must be able to cite and refer to the actual evidence presented before the magistrate judge.  Indeed, Local Rule 7.1(b) requires factual assertions to be supported with a "citation to the pertinent page in the existing record or in any affidavit, discovery material, or other evidence filed with the motion."[9]  Moreover, the entire purpose of the April 23, 2018 proceeding was for Ms. Winner to make the type of specificity "showing" contemplated by *Nixon* and its progeny.  Without access to the hearing transcript, Ms. Winner cannot effectively direct the Court to the various and substantial evidence that belies the Court's rulings on the Rule 17(c) specificity issue.

5.

On Friday, April 27, 2018, the date of the magistrate judge's order, defense counsel contacted the court reporter to request an expedited copy of the April 23, 2018 transcripts (both the session where the Government was present, as well as the *ex parte* session).  Counsel was advised that the court reporter could not promise an expedited copy of the transcripts given her busy schedule but promised to get them done as soon as possible.  On May 2, 2018, after this

---

[7] *See id.*

[8] FED. R. CRIM. PROC. 72.

[9] L. Civ. R. 7.1(b); L. Crim. R. 1.1 (making certain procedural and administrative matters in the Local Civil Rules applicable to criminal matters).

Court denied Ms. Winner's request for additional time, defense counsel sent a copy of the Court's order to the court reporter, again asking when the transcripts would be available. The court reporter advised that there was "no way possible" to have the transcripts ready by this Court's deadline of May 11, 2018.

6.

In denying Ms. Winner's unopposed request, this Court stated that the evidence the Defendant wishes to cite to was not sufficient to extend the deadline because the evidence at issue "was presented *ex parte* by defense counsel."[10] However, the magistrate judge granted the defense's request to present this evidence *ex parte* (so that she would not be required to divulge trial strategy), and Ms. Winner respectfully submits that this ruling should not be used against her now. The Court also stated that "the relevant exhibits are already part of the court record."[11] While true, and while Ms. Winner will certainly make use of those exhibits, what is *not* currently part of the written court record available for use (at least until it is transcribed) is Mr. Leonard's testimony -- undeniably the most important piece of evidence justifying the subpoenas at issue. It is Mr. Leonard's testimony that confirms -- contrary to the Court's assessment -- that the requested records actually exist, and that Ms. Winner has requested them in the most specific terms possible under the circumstances of this case.

7.

Ms. Winner again reiterates the importance of the subpoenas at issue to her defense efforts. As Ms. Winner has demonstrated through expert testimony and declarations, the subpoenas at issue seek documents that are critical to her constitutionally guaranteed defense.

---

[10] Doc. No. 279 at pp. 1-2.

[11] *Id.* at p. 2.

Through this motion for reconsideration, Ms. Winner merely seeks a reasonable period of time so that she may receive the transcript from the hearing that was largely ignored by the Court's April 27, 2018 Order [Doc. No. 274], so she may cite to record evidence in her appeal.

8.

At a minimum, if the Court is not inclined to grant the requested extension, Ms. Winner respectfully requests that the Court not rule on the appeal for at least one (1) week's time after a transcript is received so Ms. Winner can supplement her appeal with record evidence,[12] or, in the alternative, that the Court hold a new hearing at which Mr. Leonard can testify anew in support of Ms. Winner's *de novo* appeal.

WHEREFORE, for the reasons stated above, as well as in her original unopposed Motion, Ms. Winner respectfully requests that this Court reconsider its prior ruling [Doc. No. 279] and grant a brief continuance in this matter, fixing the time for the Defendant's objections/appeal to the magistrate judge's ruling regarding the Rule 17 subpoenas [Doc. No. 274] as fourteen (14) days from the date the transcript of the April 23, 2018 hearing becomes available. Alternatively, if the Court is not inclined to extend the appeal deadline to allow the defense time to review and make reference to the evidence presented at the hearing, Ms. Winner respectfully requests that the Court withhold any ruling on the appeal for at least one (1) week after a transcript is received so Ms. Winner can supplement her appeal with record evidence, or, in the alternative, hold a new hearing at which Mr. Leonard can testify anew in support of Ms. Winner's *de novo* appeal.

---

[12] The Court's Order entered May 2, 2018 [Doc. No. 279] suggests that the Court may enter an order before a transcript is issued. *See* Doc. No. 279 at p. 2.

Respectfully submitted,

*/s/* Joe. D. Whitley

| | |
|---|---|
| Joe D. Whitley (GA Bar No. 756150) | John C. Bell, Jr. (GA Bar No. 048600) |
| Admitted *Pro Hac Vice* | Titus T. Nichols (GA Bar No. 870662) |
| Brett A. Switzer (GA Bar No. 554141) | **BELL & BRIGHAM** |
| **BAKER, DONELSON, BEARMAN,** | PO Box 1547 |
| **   CALDWELL & BERKOWITZ, P.C.** | Augusta, GA  30903-1547 |
| 3414 Peachtree Rd., NE Suite 1600 | (706) 722-2014 |
| Atlanta, GA  30326 | John@bellbrigham.com |
| (404) 577-6000 | Titus@bellbrigham.com |
| JWhitley@bakerdonelson.com | |
| BSwitzer@bakerdonelson.com | |

| | |
|---|---|
| Matthew S. Chester (LA Bar No. 36411) | Thomas H. Barnard (AZ Bar No. 020982) |
| Admitted *Pro Hac Vice* | Admitted *Pro Hac Vice* |
| **BAKER, DONELSON, BEARMAN,** | **BAKER, DONELSON, BEARMAN,** |
| **   CALDWELL & BERKOWITZ, P.C.** | **   CALDWELL & BERKOWITZ, P.C.** |
| 201 St. Charles Ave., Suite 3600 | 100 Light Street. |
| New Orleans, LA  70170 | Baltimore, MD  21202 |
| (504) 566-5200 | (410) 685-1120 |
| MChester@bakerdonelson.com | TBarnard@bakerdonelson.com |

Katherine C. Mannino (LA Bar No. 35081)
Admitted Pro Hac Vice
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.
450 Laurel Street
Baton Rouge, LA 70825
(225) 381-7027
KCicardo@bakerdonelson.com

**COUNSEL FOR DEFENDANT
REALITY LEIGH WINNER**

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 7, 2018, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which sent notification of such filing to counsel of record for all parties.

*/s/ Joe D. Whitley*
Joe. D. Whitley, Esq.
