**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**AUGUSTA DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| **Plaintiffs,** | * | |
| | * | |
| **v.** | * | **1:17-CR-0034 (BKE)** |
| | * | |
| **REALITY LEIGH WINNER** | * | |
| | * | |
| **Defendant.** | * | |
| | * | |
| * * * * * * * * * * * * * * * * * * | * | |

**MOTION FOR LEAVE TO FILE *EX PARTE* SUPPLEMENT TO OBJECTIONS/APPEAL TO MAGISTRATE JUDGE'S RULINGS ON DEFENDANT'S RULE 17 SUBPOENAS**

NOW INTO COURT, through undersigned counsel, comes Defendant Reality Leigh Winner ("Ms. Winner" or the "Defendant") who, consistent with the magistrate judge's rulings in connection with her proposed Rule 17(c) subpoenas, seeks leave of court to file an *ex parte* supplement to her objections/appeal regarding those same subpoenas. In support thereof, Ms. Winner respectfully shows as follows:

1.

In advance of the April 23, 2018 hearing regarding Ms. Winner's proposed Rule 17(c) subpoenas, the Defendant briefed the Court on the necessity of permitting the defense to proceed *ex parte* to make the proper showing of specificity[1] -- the topic of the April 23rd hearing -- under *Nixon* and its progeny.[2] In particular, the Defendant noted that, assuming the Government had

[1] *See* Doc. No. 247 at pp. 11-16.
[2] *See United States v. Nixon*, 418 U.S. 683, 699-700 (1974).

standing to be present at all,[3] permitting it to be in court while the defense presented evidence justifying the subpoenas would improperly allow the Government obtain the defense's pre-trial strategy. Among other things, the Defendant pointed out that her evidentiary showing would likely involve (i) calling on experts she has engaged (but is not obligated to disclose at the present time) to support the subpoenas; (ii) advancing attorney work product or other potentially privileged matters, including defensive theories pertinent to her experts and the need to obtain the requested documents; and (iii) arguing some of the very same legal and factual points that the defense would be arguing before the jury.[4] As previously briefed, Rule 17(c) thus presents a Hobson's choice for the defense: either present evidence to justify the subpoenas (which, in this case, meant divulging trial strategy) to obtain relevant, admissible, and necessary evidence for the Defendant *or* fail to present any evidence justifying the subpoenas and run the risk of them being denied on that basis.[5] As case authorities hold, such a choice is untenable, as it places an unconstitutional limitation on the Defendant's right to compulsory process.[6] Accordingly, it is well-settled that, in the context of Rule 17(c) subpoenas, courts are justified in holding such proceedings on an *ex parte* basis.[7]

---

[3] As previously briefed and argued, the Defendant maintains that the Government lacks standing to be present and/or challenge Ms. Winner's Rule 17(c) subpoenas at all, given that they are directed to third parties. *See* Doc. No. 247 at pp. 7-9, 12-13.

[4] *See* Doc. No. 247 at pp. 13-14.

[5] *See* Doc. No. 247 at pp. 11-16.

[6] *See United States v. Tomison*, 969 F. Supp. at 593-94 (E.D. Cal. 1997) (citing *United States v. Beckford*, 964 F. Supp. 1010, 1027 (E.D. Va. 1997)).

[7] *See, e.g. United States v. Hang*, 75 F.3d 1275 (8th Cir. 1996); *United States v. Thompson*, 310 F.R.D. 542 (S.D. Fla. 2015); *United States v. McClure*, No. 08-100, 2009 WL 937502, at *1 (E.D. Cal. Apr. 7, 2009); *United States v. Daniels*, 95 F. Supp. 2d 1160, 1162-63 (D. Kan. 2000); *Tomison*, 969 F. Supp. at 593-94; *Beckford*, 964 F. Supp. at 1027 (E.D. Va. 1997); *United States v. Reyes*, 162 F.R.D. 468, 470-71 (S.D.N.Y. 1995); *United States v. Jenkins*, 895 F. Supp. 1389, 1396-97 (D. Haw. 1995); *United States v. Florack*, 838 F. Supp. 77, 79 (W.D.N.Y. 1993).

2.

At the April 23, 2018 hearing, Magistrate Judge Epps properly allowed the defense to proceed *ex parte* as to certain portions of its evidentiary presentation.[8] Those portions -- which including lengthy testimony by a qualified expert, as well as multiple pieces of documentary evidence and the airing out of potentially privileged materials, including defensive theories Ms. Winner intends to use at trial and how those theories justified the subpoenas at issue -- are crucial to understanding precisely why the subpoenas satisfy the *Nixon* standard.

3.

Ultimately, the magistrate judge rejected 40 of the defense's 41 subpoenas on the grounds that they failed to meet the specificity requirement under *Nixon* and its progeny.[9] The defense now seeks to file objections to these rulings and needs to refer to portions of the evidentiary presentation that were presented *ex parte* before the magistrate judge. Additionally, the defense has attached new, revised subpoenas to the objections/appeal, the justifications for which also rely on the evidentiary presentation that was presented *ex parte* before the magistrate judge. The same concerns that applied before Magistrate Judge Epps similarly apply in the present context: "forcing [the Defendant] to confront the choice between issuing a pre-trial subpoena duces tecum and disclosing [her] defense to the government places an unconstitutional limitation on the defendant's right to compulsory process."[10] For those same reasons, as well as all the other reasons previously briefed,[11] and consistent with the procedure Magistrate Judge Epps's employed, Ms. Winner should be permitted to file the attached supplement on an *ex parte* basis.

[8] *See* Doc. No. 271 (minute entry reflecting classified *ex parte* exhibit list entered during classified *ex parte* portion of April 23, 2018 hearing).
[9] *See* Doc. No. 274.
[10] *Tomison*, 969 F. Supp. at 593-94 (citing *Beckford*, 964 F. Supp. at 1027) (alterations not in original).
[11] *See* Doc. No. 247 at pp. 11-16.

WHEREFORE, on the basis of Magistrate Judge Epps's prior ruling, and supported by well-settled authorities permitting a Defendant to supply evidence in an *ex parte* setting before the Court,[12] Ms. Winner respectfully requests that the Court permit her to file the attached, *ex parte* supplement to her objections/appeal to the magistrate judge's rulings on her Rule 17(c) subpoenas.

Respectfully submitted,

*/s/* Joe. D. Whitley


Joe D. Whitley (GA Bar No. 756150)
Admitted *Pro Hac Vice*
Brett A. Switzer (GA Bar No. 554141)
**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.**
3414 Peachtree Rd., NE Suite 1600
Atlanta, GA 30326
(404) 577-6000
JWhitley@bakerdonelson.com
BSwitzer@bakerdonelson.com

John C. Bell, Jr. (GA Bar No. 048600)
Titus T. Nichols (GA Bar No. 870662)
**BELL & BRIGHAM**
PO Box 1547
Augusta, GA 30903-1547
(706) 722-2014
John@bellbrigham.com
Titus@bellbrigham.com

Matthew S. Chester (LA Bar No. 36411)
Admitted *Pro Hac Vice*
**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.**
201 St. Charles Ave., Suite 3600
New Orleans, LA 70170
(504) 566-5200
MChester@bakerdonelson.com

Thomas H. Barnard (AZ Bar No. 020982)
Admitted *Pro Hac Vice*
**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.**
100 Light Street.
Baltimore, MD 21202
(410) 685-1120
TBarnard@bakerdonelson.com

Katherine C. Mannino (LA Bar No. 35081)
Admitted Pro Hac Vice
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.
450 Laurel Street
Baton Rouge, LA 70825
(225) 381-7027
KCicardo@bakerdonelson.com

**COUNSEL FOR DEFENDANT REALITY LEIGH WINNER**


[12] *See id.* (and authorities cited therein).

**CERTIFICATE OF SERVICE**

I hereby certify that on May 11, 2018, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which sent notification of such filing to counsel of record for all parties.

*/s/ Joe D. Whitley*
Joe. D. Whitley, Esq.