UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | 1:17-CR-0034 (BKE) |
| | * | |
| REALITY LEIGH WINNER | * | |
| | * | |
| Defendant. | * | |
| | * | |
| * * * * * * * * * * * * * * * * * | * | |

**DEFENDANT'S OBJECTIONS TO MAGISTRATE JUDGE EPP'S RULING ON
RULE 17(C) REQUESTS AND SUBMISSION OF REVISED SUBPOENAS**

Defendant Reality Winner ("Ms. Winner" or the "Defendant"), requested the issuance of

41 subpoenas for pre-trial production of documents under Rule 17(c) from a number of federal

agencies, state governments, and private entities.  These subpoenas are essential to Defendant's

ability to prepare and present a defense for three reasons:  (1) a core element of the offense in

this case is that the information allegedly disclosed was not already known or disseminated

outside the federal government in an unclassified environment; (2) the subpoenaed entities

indisputably possess records relevant to this issue; and (3) due to a number of circumstances

unique to this CIPA case, Rule 17 would allow the Defendant to get critical information

unavailable to her otherwise.  Without Rule 17(c) subpoenas, the defense will be left with almost

no means of gathering information necessary to rebut the charges against here, even though that

information surely exists.

Against this backdrop, the defense carefully crafted the subpoenas after consultation with

experts, review of prior rulings by the Court on discovery, and investigation and due diligence by

the defense, subject to the many limitations and security restrictions that have been imposed.

1

The Court held a hearing on the proposed subpoenas on April 23, 2018.  At that hearing, the defense presented numerous exhibits, public pieces of evidence, expert testimony by affidavit and proffer, and almost three hours of live expert testimony in support of the issuance of the subpoenas.  As demonstrated at the hearing, the subpoenas each requested unique and identifiable categories of documents directly linked to the specific issues presented and in dispute in this case, narrowly tailored in scope through the use of the attachments.

On April 27, 2018, the Magistrate Judge issued a 5-page opinion wholly denying 40 of the 41 requested subpoenas, and approving the subpoena of a single document (rejecting other requests) in the 41st subpoena.  *See* Doc. 274.

As discussed below, and in a classified, *ex parte* supplement, the Defendant objects to the Magistrate Judge's rulings for several reasons.  First, in making his rulings, Judge Epps applied the wrong legal standard in considering the requests under Rule 17.  Specifically, Judge Epps's opinion reflects the position that a party seeking a third-party subpoena must list the exact document it is seeking.  That view ignores an entire body of case law permitting the Court to take relevant circumstances into account -- and, in this unique case, those circumstances, which, as set forth below, prevent the Defendant from undertaking her own investigation, dictate that her reasonable requests for documents should have been granted.  Second, the Court erred in finding the requests at issue failed to meet the *Nixon* standard.  As set forth below, the magistrate judge failed to address *hours* of testimony and nearly a dozen pieces of documentary evidence, all of which demonstrate that the requested subpoenas satisfy the requirements of Rule 17.  Third, without explanation, the Court failed to address the Defense request to have an opportunity to submit amended requests, despite Defense counsel's request that it do so.  Given the critical import of the materials held by the subpoenaed entities to the Defense's case, leave to

amend to address the purported lack of specificity of the original requests was plainly warranted. Accordingly, in the event the Court affirms the magistrate judge's ruling on the original subpoenas, the Defendant submits the attached thirteen (13) revised, narrowed subpoena requests, which unquestionably meet Rule 17(c)'s specificity and relevance standards,

## I.   PROCEDURAL HISTORY

The deadline to request subpoenas under Rule 17(c) was March 30, 2018.  *See* Doc. No. 240.  In anticipation of this deadline, the parties conducted several telephonic conferences on March 12th and March 15th and Defendant was instructed to request the subpoenas and that no motion would be necessary. *See* Doc. Nos. 238, 239.  This guidance was consistent with the prior pronouncements of the Court, and the prior actions of the parties, as all involved in this case were on notice that Ms. Winner desired to issue subpoenas under Rule 17(c), and that no advanced screening of these subpoenas would be necessary.  *See* Doc. No. 159 (Defendant's Nov. 20, 2017 Motion for Issuance of Rule 17 Subpoenas); Doc. No. 194 (Dec. 19, 2017 Status Conference).

At the eleventh hour, on March 21, 2018, the Government filed its Motion Regarding Rule 17(c) Subpoenas.  *See* Doc. No. 242.  The Defendant filed her request for subpoenas on March 29, 2018.  *See* Doc. No. 244.  The Defendant drafted these subpoenas based on the guidance previously provided by this Court and the magistrate judge.  On March 29, 2018, in light of the Government's recent request that the Court conduct an advanced screening, the Court changed course and requested the availability of the parties for a hearing on the Government's motion.  *See* Doc. No. 246.  The Defendant responded to the Government's Motion Regarding Rule 17(c) Subpoenas filed on April 4, 2018 [Doc. No. 247] (the "Response"), and requested

additional time to fully brief the justification for the subpoenas based on the understanding that the Court was now going to conduct a pre-issuance review of the requests.

Shortly after the Response was filed, the Court scheduled a classified hearing for April 23, 2018 by Notice of Hearing [Doc. No. 250] and informed the parties that Ms. Winner would not be provided additional time to submit the briefing she requested in light of the Court's changed course.  *See* Doc. No. 253.

In a subsequent telephonic hearing on April 16, 2018, the Court informed the parties that the limited focus of the April 23, 2018 hearing would be the specificity of the Rule 17(c) subpoenas under the *Nixon* standard and requested the Defendant to prepare a chart summarizing the various subpoena requests.  *See* Doc. No. 259.   The Defendant complied with the Court's request, submitting a legal brief regarding the specificity standard and the requested legal chart on April 19, 2018.  *See* Doc. No. 263.

The Court conducted a full day hearing on April 23, 2018[1].  *See* Doc. No. 269.  At that hearing, both Defense and Government had the opportunity to argue and present evidence, and, in the later portion of the hearing, the Court granted the Defense request to present evidence from experts *ex parte*, but allowed the government to be present for and question one of the Defense experts for a portion of his testimony.  The Court issued its five-page ruling on April 27, 2018.  *See* Doc. No. 274.[2]

---

[1]This brief and the classified *ex parte* supplement will be devoid of the usual citations to particular assertions in light of the fact that the April 23rd transcript is not available.

[2] The Defense understands that the Court has rejected the Defendant's request to postpone the filing of the instant appeal until after the transcript from the April 23rd hearing is available.  The Defendant respectfully preserves her objection, but in all events, requests that the Court review the transcript and the substantial evidence presented at the hearing contained therein before ruling.

## II.   LEGAL STANDARD

### A.   Review of Magistrate Ruling

Pursuant to Rule 59(a) of the Federal Rules of Criminal Procedure, a "district judge must consider timely objections and modify or set aside any part of [an] order [of a magistrate judge] that is contrary to law or clearly erroneous."  FED. R. CRIM. P. 59(a).

### B.   The Rule 17(c) and the  "Specificity" Requirement

Rule 17(c) reflects the command of the Sixth Amendment that the full power and processes of the courts are available to defendants in criminal cases to help them defend against the charges brought by the government.  And because it was adopted in order to expedite the trial by providing a time and place before trial for the inspection of the subpoenaed materials, Rule 17(c) is more far reaching than testimonial subpoenas.[3]

In *United States v. Nixon*, the Supreme Court of the United States effectively adopted Judge Weinfeld's formulation in *United States v. Iozia*[4] regarding the showing of good cause that must be made by a party seeking to require production prior to trial under Rule 17(c):

[I]n order to require production prior to trial, the moving party must show:

(1)  that the documents are evidentiary and relevant;

(2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence;

(3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and

(4) that the application is made in good faith and is not intended as a general "fishing expedition."[5]

---

[3] *United States v. Beckford*, 964 F. Supp. 1010, 1016 (E.D. Va. 1997) (internal citations and quotations omitted).
[4] *United States v. Iozia*, 13 F.R.D. 335 (S.D.N.Y. 1952).
[5] *See Nixon*, 418 U.S. 683, 699–700 (1974).

Against this background, the Supreme Court held that the Special Prosecutor (in that case) needed to clear three hurdles: (1) relevancy; (2) admissibility; and (3) specificity.  With regard to specificity in particular, the Supreme Court clarified how the specificity requirement must be applied:

> Of course, the contents of the subpoenaed tapes could not at that stage be described fully by the Special Prosecutor, but there was **a sufficient likelihood** that each of the tapes contains conversations **relevant to the offenses charged in the indictment**.[6]

To be sure, *Nixon* instructs that there is no bright line rule regarding the requisite specificity of a subpoena.  Instead, "[e]nforcement of a pretrial subpoena duces tecum must necessarily be committed to the sound discretion of the trial court since the necessity for the subpoena most often turns upon a determination of factual issues."[7]  In describing the requested documents, items sought must be described to the greatest extent possible in light of the circumstances in a particular case.  *See United States v. Thompson*, 310 F.R.D. 542, 546 (S.D. Fla. 2015) (approving requests seeking document "specifically identified to the extent possible by Defendant."); *see also United States v. Forbes*, 2005 WL 8146317, at *2 (D. Conn. Nov. 7, 2005) (noting that the "This requirement of specificity must, of course, be considered in light of the circumstances of the particular case." (quoting *United States v. Ruedlinger*, 172 F.R.D. 453, 456 (D. Kan. 1997) (emphasis added)).

---

[6] *Id*. at 700 (emphasis added).

[7] *Id.* at 702 (concluding the Special Prosecutor made a sufficient showing to justify a subpoena for production before trial where the subpoenaed materials were not available from any other source, and their examination and processing should not await trial in the circumstances shown) (*citing Bowman Dairy*, 341 U.S. 214; *Iozia*, 13 F.R.D. 335).

### III.     Argument

Counsel for Ms. Winner has previously emphasized several overriding points to Magistrate Judge Epps directly pertinent to this appeal.  First, the Defendant emphasized that the review and granting of requests under Rule 17(c) serves an important purpose to a Defendant in being able to prepare her case, and that the scope of the subpoenas is a standard largely left to the discretion of the court to exercise after considering all relevant circumstances in a case.  Counsel also reviewed some of the relevant circumstances and challenges unique to this case, including limits on the activities and investigative ability of counsel and the confines of the CIPA framework, as well as the delay in clearances for key experts in preparing a defense.  Counsel has also pointed out that Rule 17 was one of the last opportunities available to the Defendant to gather information essential to her defense, and that waiting until later in the process to make this information available would likely delay the progress of the case.

As set forth below, Magistrate Judge Epps's ruling should be reversed on at least three separate grounds.  First, the magistrate judge applied the wrong legal standard in reviewing the subpoenas, wrongly indicating that case law limited or restrained his discretion to grant the requests.  To the contrary, the requests, which are specifically-worded and anchored to particular documents and/or subject matters, were supported by expert evidence and pertinent case authorities; that is all that is required.  Second, even if this Court applies the incorrect standard the magistrate judge felt constrained by, the showing presented by the Defendant at the April 23rd hearing unquestionably satisfies any specificity requirement contained in Rule 17.  Indeed, undersigned counsel is unaware of another case where an issuing party proffered evidence of equal volume, depth, and substance to support Rule 17(c) subpoenas.  Third, and in all events, with one exception, the magistrate judge was wrong in wholly rejecting the subpoenas.  Defense

counsel, at the outset of the hearing, asked the Court to consider allowing the Defendant to address whatever concerns the magistrate judge had with the proposed subpoenas -- in the spirit of efficiently addressing any problems identified by the Court and expeditiously preparing these subpoenas for service -- but the magistrate judge nonetheless rejected the subpoenas without addressing the opportunity to amend.  Ms. Winner addresses her revised subpoena requests below and attaches the new subpoenas for the Court's consideration.

A.      The Magistrate Judge Applied The Wrong Legal Standard.

The defense understands that Magistrate Judge Epps considers Rule 17(c) to only allow a pinhole of access to documents and that the rule and associated cased law essentially dictates that he cannot permit requests that do not seek a specific document.  In Judge Epps's ruling in this case, he specifically notes that the requests at issue failed to "specify particular books, papers, documents, data, or other objects to be offered into evidence at trial."  Doc. 274 at 4.

Contrary to the magistrate judge's holding, Rule 17(c) does not require the party issuing the subpoena to specify the exact document—essentially by name or title—that the party is seeking.  "[I]n the context of a subpoena to a third party ..., requiring the defendant to specify precisely the documents he wants without knowing what they are borders on rendering Rule 17 a nullity." *United States v. Rajaratnam*, 2011 WL 507086, at *1 (S.D.N.Y. Feb. 15, 2011).  Rather, the Defendant need only show "a sufficient likelihood" that the requested documents exist and contain relevant information. *Nixon*, 418 U.S. at 700.  The Defendant more than met that burden here.

The magistrate judge also suggested that the phrase "any and all documents and communications" contained in the requests is a talismanic phase indicating that the party is engaged in a "scattershot, dragnet attempt" to find documents on "every conceivable subject

matter with any direct or indirect relation to the events" at issue in this case. *Id.* To support this contention, the magistrate judge cites to certain case authorities holding that using the phrase "any and all" is cause for rejection. *Id.*

However, as the Defendant noted in its prior brief, other courts -- including a district court from within the Eleventh Circuit -- have found that requests for "all documents" may be sufficiently narrow to satisfy the specificity requirement. *See e.g. United States v. Farha*, 2012 U.S. Dist. LEXIS 197670, at *6 (M.D. Fla. Jan. 6, 2012). Indeed, many courts have noted that a subpoena may be directed to a category of documents -- not only specifically identified documents -- as long as that description is sufficiently identifiable. *See, e.g. United States v. Jackson*, 155 F.R.D. 664, 667 (D. Kan. 1995) (citing *United States v. Crosland*, 821 F. Supp. 1123, 1129 (E.D. Va. 1993)); see also *Rajaratnam*, 2011 WL 507086, at *2 (granting request for "[a]ll documents or other communications" made by or between several named parties). And, as other courts have held, the lack of other available sources of information is a factor a court can -- and in this case should -- consider in exercising its discretion to find a request sufficiently specific. *See, e.g. United States v. LaRouche Campaign*, 841 F.2d 1146, 1180 (1st Cir. 1998) (a request for all "video tapes of interviews" and "all outakes" to review in the hope of finding evidence was sufficiently specific as there was no other source of this information). Of course, this was a key factor considered by the Supreme Court in the seminal *Nixon* case. *See Nixon*, 418 U.S. at 702.

Here, the Defendant is extremely limited in the other sources of information that are available in preparing her defense. As has been raised on numerous occasions to the Court, the Defense in this case continues to be severely limited in its ability to prepare a substantive defense for Ms. Winner due to delayed clearances, the classification of documents, limitation on the

ability to even discuss the case with potential experts, guidance on security measures when conducting any kind of public records search, and evolving degrees of specificity in the Government's evidence supporting the charges.

Indeed, with regard to the lack of specificity,  at the time of the Rule 17 hearing as well as at the time of the submission of the subpoenas, the Defendant had *still* not learned the details of the specific NDI points being relied on by the Government to prove the case -- nearly a year after Ms. Winner was originally indicted.    Those purported details were not disclosed until April 30, 2018.  That new disclosure, however, actually raised new questions about which the Defense has submitted new Rule 16 discovery requests to the Government.

Furthermore, none of the cases relied on by the magistrate judge consider the use of Rule 17 in a CIPA case.  The fact that there is no binding case law presented to the Court interpreting Rule 17 in that context reinforces that there was room for discretion in this case. And it is particularly imperative for the Court to exercise its discretion in favor of granting the subpoenas given that a core element of the offense charged here is that the information disclosed was "national defense information" (i.e., closely held and potentially damaging to the national security).  As Ms. Winner has explained in various legal briefs to this Court, and as this Court has already ruled, if the Government disseminated information in an unclassified setting or format (including state governments) or if the information was otherwise publicly available (e.g., in the hands of third parties), then it was not closely held and does not support the charges against Ms. Winner.  *See, e.g.* Doc. Nos. 112, 132.   Without the Rule 17(c) subpoenas, Ms. Winner will be left entirely unable to gather information sitting on the computers of the subpoenaed entities that could prove her innocence.

In short, the Rule 17(c) subpoenas cut to the heart of Ms. Winner's defenses in this case, and while Ms. Winner cannot know precisely what she is seeking in the hands of third parties -- she has narrowly tailored her subpoenas to ensure all responsive documents are relevant to the issues charged in the indictment and admissible in her case.

> B.    Ms. Winner Has Demonstrated Through Evidence at the April 23, 2018 Hearing that Her Rule 17(c) Requests Meet the *Nixon* Standard and Are Necessary in Preparing for and Advancing Her Theory of the Case.

This argument is presented in a Classified, *Ex Parte* Supplement filed with the CISO.

> C.    In the Event the Court Does not Grant Ms. Winner's Subpoena Requests and Adopts the Ruling of the Magistrate Judge, the Defendant Requests the Court Issue the Attached Revised Subpoenas.

The discussion surrounding these subpoenas and relevance to the Defendant's case is discussed in a Classified, *Ex Parte* Supplement filed with the CISO. Copies of the subpoenas themselves will be provided to the Government.

## IV.    CONCLUSION

Defendant Winner is facing a soon-pending trial with a number of limitations, all of which she has raised with the Court, on her ability to prepare her Defense in a manner consistent with due process. The Defendant simply lacks the ability to conduct its own traditional pretrial investigation when all counsel are bound by the strict rules that accompany security clearances and the CIPA process. The nature of this case, and the question of information in the public domain makes this process more complicated, and reinforces the need for assistance through the Court's compulsory process. As set forth above, the Court has the discretion to permit Ms. Winner compulsory process (as the Sixth Amendment demands) and the Defendant accordingly asks the Court to consider the facts and circumstances in this case, the array of substantial and persuasive evidence, including expert testimony, presented on April 23, 2018, and issue her

requests in whole or by exception. In the alternative, the Defendant requests the Court consider her revised requests that will, at a minimum, allow her and her experts some ability to prepare a defense.

Respectfully submitted,

*/s/* Joe. D. Whitley

Joe D. Whitley (Bar No. 756150)
Admitted *Pro Hac Vice*
Brett A. Switzer (Bar No. 554141)
**BAKER, DONELSON, BEARMAN,
    CALDWELL & BERKOWITZ, P.C.**
3414 Peachtree Rd., NE Suite 1600
Atlanta, GA 30326
(404) 577-6000
JWhitley@bakerdonelson.com
BSwitzer@bakerdonelson.com

Matthew S. Chester (La. Bar No. 36411)
Admitted *Pro Hac Vice*
**BAKER, DONELSON, BEARMAN,
    CALDWELL & BERKOWITZ, P.C.**
201 St. Charles Ave., Suite 3600
New Orleans, LA 70170
(504) 566-5200
MChester@bakerdonelson.com

Katherine L. Cicardo (La. Bar No. 35081)
Admitted *Pro Hac Vice*
**BAKER, DONELSON, BEARMAN,
    CALDWELL & BERKOWITZ, P.C.**
Chase North Tower
450 Laurel Street, 20th Floor
Baton Rouge, LA 70801
(225) 381-7027
KCicardo@bakerdonelson.com

**COUNSEL FOR DEFENDANT
REALITY LEIGH WINNER**

John C. Bell, Jr. (Bar No. 048600)
Titus T. Nichols (Bar No. 870662)
**BELL & BRIGHAM**
PO Box 1547
Augusta, GA 30903-1547
(706) 722-2014
John@bellbrigham.com
Titus@bellbrigham.com

Thomas H. Barnard (Az. Bar No. 020982)
Admitted *Pro Hac Vice*
**BAKER, DONELSON, BEARMAN,
    CALDWELL & BERKOWITZ, P.C.**
100 Light Street.
Baltimore, MD 21202
(410) 685-1120
TBarnard@bakerdonelson.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 11, 2018, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which sent notification of such filing to counsel of record for all parties.

/s/ Joe D. Whitley
Joe. D. Whitley, Esq.