UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.   ) | CR 117-34 |
| ) | |
| REALITY LEIGH WINNER,   ) | |
| ) | |
| Defendant.   ) | |

## GOVERNMENT'S RESPONSE TO DEFENDANT'S OBJECTIONS TO RULING ON RULE 17(c) REQUESTS (DOC. 288)

COMES NOW the United States of America, by and through Bobby L. Christine, United States Attorney for the Southern District of Georgia, and files its response to the Defendant's Objections to Ruling on Rule 17(c) Requests (doc. 288) ("Def. Obj."). Judge Epps applied the correct legal standards to the Defendant's broad and vaguely worded proposed early return trial subpoenas *deuces tecum*, and his Order was not contrary to law or clearly erroneous. This Court should not overrule Judge Epps's considered rulings.

The Defendant argues that: (1) Judge Epps applied an incorrect standard in evaluating whether the proposed subpoenas were sufficiently specific; (2) the proposed subpoenas satisfied the applicable standard; and (3) the Defendant should be permitted to submit another round of proposed subpoenas. Def. Obj. at 2-3. The Defendant submitted her arguments regarding her second and third points *ex parte*. Accordingly, this response addresses the Defendant's first point. The Government's arguments in that regard are set forth in detail in the Government's

Motion Regarding Rule 17(c) Subpoenas (doc. 242) ("Government's Motion" or "Gov. Mot."). The Government incorporates that analysis herein.

## I. The Deferential Standard of Review for Magistrate Judge Orders

Pursuant to Federal Rule of Criminal Procedure 59(a), a court may refer to a magistrate judge any matter that does not dispose of a charge or defense. *United States v. Shannon*, No. 1:16-cr-0218, 2017 WL 219393, at *5 (N.D. Ga. Jan. 19, 2017). A party may object to the magistrate judge's determination, but the district court "will *only* modify or set aside the determination if it is contrary to law or clearly erroneous." *Id.* (emphasis added). "This is a deferential standard of review." *United States v. Wimbley*, No. 11-cr-0019, 2011 WL 3204539, at *2 (S.D. Ala. July 27, 2011). A magistrate judge's ruling is not "contrary to law" unless the magistrate judge "misinterpreted or misapplied the applicable law." *Id.*; *see also United States v. Kight*, No. 1:16-cr-0099, 2017 WL 2963033, at *2 (N.D. Ga. July 12, 2017). A magistrate judge's ruling is not "clearly erroneous" unless the district court has a "definite and firm conviction" that a mistake has been made. *United States v. Foster*, 155 F.3d 1329, 1331 (11th Cir. 1998).

## II. Judge Epps Applied the Correct Standard

Judge Epps correctly applied the specificity prong of the *Nixon* test. His ruling was neither "contrary to law" nor clearly erroneous.[1] As discussed in greater detail in the Government's Motion, Federal Rule of Criminal Procedure 17 is not a discovery tool. Rather, trial subpoenas are not appropriate unless the proponent can demonstrate a need for specific

---

[1] Notably, the Defendant concedes that "the scope of subpoenas is a standard largely left to the discretion of the court to exercise after considering all relevant circumstances in a case." Def. Obj. at 7. Judge Epps's decision was entirely appropriate in light of his consideration of such circumstances in their totality.

evidence in the hands of a third party that is relevant to a fact at issue and will be admitted at trial or at a specified pretrial hearing. Gov. Mot. at 3; *see United States v. Nixon*, 418 U.S. 683, 698 (1974); *Bowman Dairy Co. v. United States*, 341 U.S. 214, 220 (1951).[2] Rule 17 thus "only reaches *specifically identified documents* that will be admissible as evidence at trial." *United States v. Silverman*, 745 F.2d 1386, 1397 (11th Cir. 1984) (emphasis added).

A subpoena *deuces tecum* will not be approved or enforced under the *Nixon* standard unless the movant can demonstrate that the requested documents are relevant, admissible, and requested with sufficient specificity. *Nixon*, 418 U.S. at 699-700; *see United States v. Ruggiero*, No. 6:13-cr-0032, 2013 WL 2712918, at *2 (M.D. Fla. June 11, 2013). In particular, "although 'exquisite specificity' is not required, a request for 'any and all' data is simply too broad." *United States v. Hastie*, No. 14-cr-0291, 2015 WL 13310085, at *2 (S.D. Ala. Apr. 21, 2015) (citing *United States v. Libby*, 432 F. Supp. 2d 26, 31 (D.D.C. 2006)). Moreover, "simply hoping to find something useful" is not a sufficient basis for a subpoena under *Nixon*. *Hastie*, 2013 WL 1311085 at *1. Critically, a request for a subpoena demanding "broad categories of documents without providing any indication of what [a defendant] expects to find in them" constitutes "a fishing expedition to determine whether documents even exist" and is therefore "really a discovery request prohibited under Rule 17(c)." *United States v. Brown*, No. 11-60285, 2013 WL 1624205, at *4–5 (S.D. Fla. Apr. 15, 2013).

---

[2] *See also United States v. Marcello*, 423 F.2d 993, 1006 (5th Cir. 1970) (Rule 17(c) is not a discovery device) (citations omitted); *United States v. Tokash*, 282 F.3d 962, 971 (7th Cir. 2002) ("Rule 17(c) is not a discovery device to allow criminal defendants to blindly comb through government records in a futile effort to find a defense to a criminal charge"); *United States v. Cuthbertson*, 630 F.2d 139, 146 (3d Cir. 1980) ("Courts must be careful that Rule 17(c) is not turned into a broad discovery device, thereby undercutting the strict limitation of discovery in criminal cases found in [Rule] 16.").

Judge Epps applied precisely this standard in evaluating the specificity of the Defendant's proposed subpoenas. Doc. 274 at 2 ("The requesting party must therefore 'clear three hurdles: (1) relevancy, (2) admissibility; (3) specificity[,]'" and "the specificity and relevance elements are somewhat heightened in that they 'require more than the title of a document and conjecture as to its contents'") (citations omitted); *id.* at 3 (noting that Rule 17 "only reaches *specifically identified documents* that will be admissible as evidence at trial," is "not intended to provide an additional means of discovery," and cannot be used "as a means for developing investigative leads") (citations omitted) (emphasis in original); *id.* at 4 (observing, *inter alia*, that the Defendant's proposed subpoenas "seek 'any and all documents and communications' regarding every conceivable subject matter with any direct or indirect relation" to the case and that they are "typical of discovery in civil cases").[3] There is thus no misinterpretation or misapplication of law, and no mistake has been made. Defendant's appeal should therefore be denied.

## III.   The Defendant's Remaining Arguments

As stated above, the Defendant has submitted her remaining arguments *ex parte*. Of particular note, however, the Defendant attempts to justify the requested subpoenas on the grounds that they are necessary to determine whether the information in the classified document the Defendant is charged with stealing, retaining and disclosing was already "publicly available." Def. Obj. at 10. As discussed during the adversarial portion of the April 23, 2018 hearing before

---

[3] The Defendant implies that a different standard should apply in what she terms "a CIPA case," Def. Obj. at 10, presumably referring to a case involving classified information. This assertion is unfounded and the Defendant offers no legal support for this claim. The Defendant has made clear that the purpose of the subpoenas is to cast a net for indicia that the classified information she is charged with stealing, retaining, and disclosing was publicly available. *See id.* As noted above, the proposition that compulsory process is necessary to find information available to the public is facially absurd. The involvement of classified information in the case does not change that analysis or loosen the *Nixon* standard.

Judge Epps (including during cross-examination of the Defendant's expert witness), it is unclear why the Defendant would require the Court's authority to compel disclosure of information in order to prove that such information is available to the public. The very fact that compulsory process would be required to obtain such information would contradict any claim that the information was publicly available.

In addition, the Defendant has had ample opportunity to craft appropriately narrow subpoena requests. *See* doc. 242 at 1-2; doc. 274 at 1-2. Instead of submitting targeted requests that might satisfy *Nixon*'s specificity prong, however, the Defendant proposed sending vaguely worded subpoenas with classified attachments to forty recipients including state governments, private-sector companies, and even an online news media outlet. The proposed subpoenas sweep at least as broadly as the Defendant's Rule 16 discovery requests, rather than following the well-established rule that the scope of Rule 17 is narrower than that of Rule 16. Particularly given the Defendant's paradoxical argument—that she must be allowed to compel disclosure of information in order to prove that it is publicly available—this Court should not entertain the Defendant's request to submit another round of demands.

WHEREFORE, this Court should affirm Judge Epps's Order denying forty of the Defendant's proposed Rule 17(c) subpoenas.

This 24th day of May, 2018.

    Respectfully submitted,

    BOBBY L. CHRISTINE
    UNITED STATES ATTORNEY

    *//s// Jennifer G. Solari*
    Jennifer G. Solari
    Assistant United States Attorney

    *//s// Julie Edelstein*
    Julie Edelstein
    Deputy Chief for Counterintelligence
    U. S. Department of Justice
    National Security Division
    Counterintelligence & Export Control Section

    *//s// David C. Aaron*
    David C. Aaron
    Trial Attorney
    U. S. Department of Justice
    National Security Division
    Counterintelligence & Export Control Section

    *//s// Amy Larson*
    Amy Larson
    Trial Attorney
    U. S. Department of Justice
    National Security Division
    Counterintelligence & Export Control Section

**CERTIFICATE OF SERVICE**

This is to certify that I have on this day served all the parties in this case in accordance with the notice of electronic filing ("NEF") which was generated as a result of electronic filing in this Court.

This 24th day of May, 2018.

                                                  Respectfully submitted,

                                                  BOBBY L. CHRISTINE
                                                  UNITED STATES ATTORNEY

                                                  *//s// Jennifer G. Solari*
                                                  Assistant United States Attorney

Post Office Box 8970
Savannah, Georgia 31412
(912) 652-4422