UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| **Plaintiffs,** | * | |
| | * | |
| v. | * | **1:17-CR-0034 (BKE)** |
| | * | |
| **REALITY LEIGH WINNER** | * | Filed with Classified |
| | * | Information Security Officer |
| **Defendant.** | * | CISO _____ |
| | * | Date _____ |
| * * * * * * * * * * * * * * * * * | * | |

### DEFENDANT'S FIRST REVISED CIPA § 5 NOTICE

NOW INTO COURT, through undersigned counsel, comes Defendant Reality Leigh Winner ("Ms. Winner" or the "Defendant"), pursuant to CIPA § 5 and this Court's scheduling orders, including Doc. No. 240, as clarified by Doc. No. 281 (hereinafter, the "Scheduling Orders"), and hereby files Defendant's First Revised CIPA § 5 (the "Notice"), providing notification of the classified information that she reasonably expects to disclose or cause to be disclosed in connection with a pretrial proceeding and/or trial in this prosecution. *See* 18 U.S.C. app. 3 § 5(a) (2011) (hereinafter, "CIPA § 5"). Ms. Winner also hereby reserves her right to supplement or amend this notice, as expressly contemplated by CIPA § 5, whenever she identifies any additional classified information she reasonably expects to be disclosed, or any new uses for previously disclosed information, as she continues to prepare for trial.

### I.    INTRODUCTION

On May 21, 2018, Government counsel provided confirmation to defense counsel that Ms. Winner is not expected to notice through the CIPA § 5 process any documents that are unclassified or FOUO (for official use only) on their faces -- even if such documents have been

produced to Ms. Winner in classified discovery or treated as classified in relation to the above-captioned case – including unclassified materials sourced from the public domain. While Ms. Winner and her defense team will continue to treat all such documents as classified and adhere to applicable security protocols until further notice pending her trial, this Notice – for CIPA § 5 purposes -- focuses primarily on documents that have been produced by the Government with customary classification markings in the header/footer of the document, in reliance on the Government's May 21, 2018 email.[1]  In addition, Ms. Winner hereby provides notice of certain testimony she reasonably expects to disclose classified information, but expects that supplemental notices will need to be filed as additional such instances become reasonably known through continued preparations for trial in accordance with the existing scheduling order (particularly inasmuch as it pertains to witnesses and exhibits yet to be disclosed or made available for inspection or interview).[2]

---

[1] Per Ms. Winner's review, the following documents are, in their entirety, unmarked or marked "unclassified" or "FOUO" on their faces, and therefore it is understood that these documents will not be part of the CIPA §§ 5 and 6 proceedings and that no notice is required to utilize the following documents at trial: (1) the documents produced by the Government in discovery as DOJ-CLASS-00044 through DOJ-CLASS-00051; DOJ-CLASS-00058 through DOJ-CLASS-00109; DOJ-CLASS-00409 through DOJ-CLASS-00417; DOJ-CLASS-00428 through DOJ-CLASS-00430; DOJ-CLASS-00434 through DOJ-CLASS-00441; DOJ-CLASS-00446; DOJ-CLASS-00741 through DOJ-CLASS-00757; DOJ-CLASS-00759 through DOJ-CLASS-00768; DOJ-CLASS-00744 through DOJ-CLASS-00778; DOJ-CLASS-00789 through DOJ-CLASS-00791; DOJ-CLASS-00799 through DOJ-CLASS-00800; DOJ-CLASS-00802 through DOJ-CLASS-00805; DOJ-CLASS-00807; DOJ-CLASS-00864 through DOJ-CLASS-01205; DOJ-CLASS-01213 through DOJ-CLASS-01253; (2) the documents produced to the Government as RW000001 through RW001578; and (3) any other publicly sourced documents that have been relied upon by Ms. Winner in classified filings and proceedings, including a recent 60 Minutes episode and other articles provided to the Government in pleadings or other related proceedings.

[2] *See* Doc. No. 240 (proscribing current deadlines regarding disclosure of witness and exhibit lists); *see also* Doc. No. 281 (clarifying current deadlines regarding defense expert disclosures).

## II.    METHODOLOGY FOR DOCUMENTS

Attached hereto as Exhibit 1 is a chart itemizing documents produced by the Government with customary classification markings in the header/footer of the document, which Ms. Winner reasonably expects may lead to the disclosure of classified information at trial. For many of the entries, which are organized by bates ranges and descriptions, Ms. Winner provides specific detail about the classified information that she reasonably expects may be disclosed at trial, including a description of the potential use at trial, often exceeding the level of detail which is required by law.[3] This is particularly so where Ms. Winner anticipates introducing classified information in her case-in-chief at trial, the Government has provided portion-marked classification designations in accordance with applicable law and regulation, and the document is not rendered useless, illegible, or incomprehensible by excessive redacting. However, even where one or more of these is not the case, or where the Government did not object to specificity in the First CIPA § 5 Notice [Doc. No. 158] (the "Original CIPA § 5 Notice"), Ms. Winner has provided appropriate notice under the circumstances while not burdening the Court with information that is not reasonably in dispute or reasonably ascertained.[4]

---

[3] *See e.g., United States v. Rewald*, 880 F.2d 836 (9th Cir. 1989) ("CIPA section five requires a defendant to provide a 'brief description of the classified information' in his notice…Accordingly, CIPA section five does not require a defendant to provide a detailed argument in support of the relevance of particular noticed documents in the notice itself."; *see also, United States v. Miller*, 874 F.2d 1255, 1276 (9th Cir. 1989) (overruling district court's holding that the defendant's notice must include justifications of relevance and finding notice sufficient where it fully alerted the government as to what classified information the defendant would seek to introduce).

[4] CIPA § 5 provides (in relevant part): "If a defendant reasonably expects to disclose or to cause the disclosure of classified information in any manner in connection with any trial or pretrial proceeding involving the criminal prosecution of such defendant, the defendant shall, within the time specified by the court or, where no time is specified, within thirty days prior to trial, notify the attorney for the United States and the court in writing. Such notice shall include a brief description of the classified information. Whenever a defendant learns of additional classified

### III.   FACTORS AFFECTING SPECIFICITY

Several factor affect the degree of specificity that the Defendant has provided in her CIPA § 5. For reference of the Court, these factors are explained below, and then associated with each disclosure in the chart attached as Exhibit 1. In that chart, these factors are identified where appropriate in the column entitled "Factors Affecting Specificity."

**1.      Anticipated use for impeachment, cross-examination, and/or rebuttal purposes only.** The defense's disclosures make a concerted effort to provide more details for instances where the defense reasonably expects to offer evidence in its case-in-chief, as opposed to instances where the Defendant is merely disclosing information that it may use for impeachment or rebuttal, depending on what the Government introduces into evidence at trial, which the defense cannot reasonably anticipate. Nonetheless, while it is impossible to know the specific portions of such documents that the Defendant *might* use if the Government opens the door to relevant impeachment material, Ms. Winner has described the information that the Government may use to in evaluating whether or not to exercise its security prerogatives and/or electing not to present certain evidence.

**2.      No portion-marked classification designations.** The specificity of the defendant's disclosure is in part dependent on the degree of specificity the classification markings of the documents themselves. Among the documents received in discovery, some are marked for the entire document only, and some include portion markings. In instances with portion markings, the defense is able to discern which portions of such documents the

information he reasonably expects to disclose at any such proceeding, he shall notify the attorney for the United States and the court in writing as soon as possible thereafter and shall include a brief description of the classified information." 18 U.S.C. app. 3 § 5(a) (2011).

Government contends are classified, and at what levels. For these documents, Ms. Winner is able to provide a relatively specific and detailed explanation of the classified information she reasonably expects to disclose in pretrial or trial proceedings.

In documents that have only "entire document" classification, the specificity description of the classified information to be disclosed relies in part on the level of detail of the classification. In some instances, greater specificity will require that these documents be reviewed for classification and either de-classified or reevaluated with portion markings.

3.  **Significant redactions.** Many of the documents produced by the Government in discovery are legible, comprehensible documents with limited, if any, redactions. However, there is a subset of documents that are so heavily redacted that the defense cannot reasonably be expected to discern, describe, and/or disclose what the classified information might be or anything further about how it may reasonably be disclosed at trial.[5] Such documents are so indicated by an entry and/or footnote on **Exhibit 1**. These documents will likely need to be reproduced by the Government in a format that can be effectively utilized at trial and a supplemental notice provided, if appropriate.

4.  **No objection by Government to specificity in original CIPA § 5 Notice.** Finally, there are a handful of documents where the Government did not object to the defense's prior notice regarding such documents (or, in limited instances, the same information, but in a different format, that was previously noticed) in the Original CIPA § 5 Notice. Accordingly, if

---

[5] For ease of reference, per Ms. Winner's review, the following are documents that meet this description: the documents produced in discovery by the Government as DOJ-CLASS-00012 through DOJ-CLASS-00039; DOJ-CLASS-00042; DOJ-CLASS-00230 through DOJ-CLASS-00240; DOJ-CLASS-00537 through DOJ-CLASS-00542; DOJ-CLASS-00792 through DOJ-CLASS-00798; and DOJ-CLASS-00843 through 00845.

the Government did not object previously, the defense assumes the Government assents to the level of notice provided previously for purposes of this Notice.

These factors are identified where applicable in the chart attached as **Exhibit 1** to provide additional context for the parties and the Court to navigate this process. In addition, the chart discloses instances where Ms. Winner is seeking additional discovery or anticipates the need for classified information for or after the resolution of various motions.[6]

### IV.     ADDITIONAL DISCLOSURES

In addition to the documents disclosed in the chart attached hereto as **Exhibit 1**, Ms. Winner makes the following additional disclosures regarding experts and witnesses that she reasonably expects she may disclose classified information during pretrial or trial proceedings in relation to her defense:

**Bill Leonard**. Ms. Winner directs the Government and the Court to the affidavit (attached as an exhibit to Doc. No. 214). Additionally, Ms. Winner directs the Government and the Court to the Defendant's Initial Expert Disclosure, which is to be filed contemporaneously with or shortly after the filing of this Notice. By this reference, Ms. Winner hereby incorporates for purposes of this CIPA § 5 Notice all such prior affidavits and disclosures as part of the brief description required under CIPA § 5 regarding the anticipated expert testimony of Bill Leonard.

**(Potential Testimony of) Defendant.** While Ms. Winner need not disclose to the Government whether she will take the stand as a witness in her own defense, Ms. Winner

---

[6] For example, there are certain types of information, like the Defendant's classified computer activity, where the Government has selected limited portions to share with the defense. As noted in **Exhibit 1**, Ms. Winner may seek to exclude much of this information altogether through motions *in limine*; however, to the extent the Court allows it into evidence, Ms. Winner may seek to introduce the entirety of such computer activity as context, as well as for rebuttal, cross-examination, and impeachment, including to undermine any allegations of espionage-focused intent, plan, motive, scheme, or other activity.

respectfully reserves her constitutional right to take the stand in her own defense and discuss all aspects of the following topics, which may reasonably disclose classified information in this case: (i) the elements of the charged offense, including any circumstances surrounding alleged (1) access; (2) transmission; (3) NDI; and (4) intent or *mens rea*; (ii) the Government's NDI points, as set forth in oral argument and the Government's CIPA § 10 Notice [Doc. No. 182] inasmuch as they pertain to the NDI and intent or *mens rea* elements of the alleged offense; (iii) the Government's April 30, 2018 Disclosures [*see* Doc. No. 276] (hereinafter, the "Government's Classified Expert Disclosures") inasmuch as they pertain to the NDI and intent or *mens rea* elements of the alleged offense; (iv) the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (DOJ-CLASS-00001 through DOJ-CLASS-00011), including all versions thereof produced in discovery, and all decisions related to classification and/or dissemination of the information contained therein, ▮▮▮▮▮▮▮▮▮▮▮▮; (v) information heard in public news reporting and Defendant's understanding of relevant details and circumstances regarding the ▮▮▮▮▮▮ ▮▮▮▮ and other intelligence gathering and reporting; (vi) ▮▮▮▮▮▮▮▮▮▮▮▮

7

**Additional Defense Witness Disclosures To Be Forthcoming.** In addition, Ms. Winner is currently in the process of planning for and preparing additional expert disclosures and witness and exhibits lists in accordance with the Scheduling Orders, and will supplement this Notice to include any additional expert or fact witness testimony reasonably expected to disclose classified information as such information becomes available through witness interviews and other ongoing pretrial and trial preparation. However, for present purposes, Ms. Winner hereby notices the same 12 categories of potentially classified disclosures that she noticed as potential testimony of the Defendant and the following additional topics reasonably expected to be disclosed/explored through expert and/or fact witness testimony: (i) the "Mosaic" theory and how it is used by the Government in intelligence gathering and/or litigation; (ii) over-classification; (iii) coordination and information sharing between and outside of Government agencies; (iv) process, factors, and documents to consider in making and evaluating NDI determinations; (v) common types of errors in classification with examples; (vi) classification processes and trainings received or not received by the Defendant; (vii) that a large amount of classified information is in the public domain; (viii) classified reports may be based on unclassified documents; and (ix) attribution is often the basis for classification, yet FIS can make attribution determinations circumstantially through other means.

██████████████████████████████████

The Government has disclosed the identities of numerous individuals in discovery.  Ms. Winners discloses the following that could reasonably anticipated to be presented at trial from those witnesses: (i) knowledge of the actions by Ms. Winner; (ii) ████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

████████████████████████████ (vi) the release of related information to unclassified environments prior to the date of publication by the ████████████████████████

████████████████████████████ (viii) and the evaluation of potential harm to the United States.  Ms. Winner reasonably anticipates calling these individuals at trial, and will provide a by name list of witnesses in accordance with the Scheduling Order and local rules.

To date the Defendant has not had access to any government employees to interview and develop with specificity the classified information she intends to elicit.  Additionally, security precautions preclude interview of uncleared witnesses about the topics at issue in this case. Accordingly, the Defendant adopts and incorporates any disclosure of classified information that the Government intends to use at trial.    Ms. Winner adopts and incorporates any individuals identified by the government through discovery, including its expert disclosures. This list will be supplemented and additional disclosures will be provided through Ms. Winner's upcoming expert and fact witness disclosures, in accordance with the Scheduling Order.

**Rebuttal/Impeachment/Cross Disclosures.**  As articulated in greater detail above and in the Original CIPA § 5 Notice, the defense is not privy (or has only recently become privy) to certain information that may invoke the right and need to make additional CIPA § 5 (e.g., the Government's Classified Expert Disclosures, designation of witnesses, etc.) Certain witnesses may only be able to be identified with specificity once they are able to be interviewed. For those

███████████████████████████████████

witnesses not made available for interview, or which no contact information has been provided, it is not reasonable to expect to disclose their expected testimony to a greater degree than described above. With regard to documents that have been produced in discovery, the defense has disclosed to the Government to all such documents the defense reasonably expects to use in **Exhibit 1** hereto so the Government may evaluate whether or not to exercise its security prerogatives and electing whether or not to present certain evidence. Additional rebuttal, impeachment, and cross-examination materials may become available through ongoing pretrial and trial preparations. In the event any such materials are reasonably expected to elicit the disclosure of classified materials in any such proceedings, Ms. Winner will file a supplement to this Notice as soon as reasonably possible.

## V.   CONCLUSION

Ms. Winner's submits the attached disclosure (and **Exhibit 1** hereto) to notify the United States of potential classified information that the defense reasonably expects to disclosure at trial or in pretrial proceedings to a degree of specificity consistent with the access of information available to the Defense. Ms. Winner will supplement this disclosure as new information or details become available that require disclosure under CIPA § 5.

██████████████████

Respectfully submitted,

/s/ Joe. D. Whitley

Joe D. Whitley (GA Bar No. 756150)
Admitted *Pro Hac Vice*
Brett A. Switzer (GA Bar No. 554141)
**BAKER, DONELSON, BEARMAN,**
 **CALDWELL & BERKOWITZ, P.C.**
3414 Peachtree Rd., NE Suite 1600
Atlanta, GA 30326
(404) 577-6000
JWhitley@bakerdonelson.com
BSwitzer@bakerdonelson.com

Matthew S. Chester (LA Bar No. 36411)
Admitted *Pro Hac Vice*
**BAKER, DONELSON, BEARMAN,**
 **CALDWELL & BERKOWITZ, P.C.**
201 St. Charles Ave., Suite 3600
New Orleans, LA 70170
(504) 566-5200
MChester@bakerdonelson.com

Katherine C. Mannino (LA Bar No. 35081)
Admitted Pro Hac Vice
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.
450 Laurel Street
Baton Rouge, LA 70825
(225) 381-7027
KCicardo@bakerdonelson.com

**COUNSEL FOR DEFENDANT**
**REALITY LEIGH WINNER**

John C. Bell, Jr. (GA Bar No. 048600)
Titus T. Nichols (GA Bar No. 870662)
**BELL & BRIGHAM**
PO Box 1547
Augusta, GA 30903-1547
(706) 722-2014
John@bellbrigham.com
Titus@bellbrigham.com

Thomas H. Barnard (AZ Bar No. 020982)
Admitted *Pro Hac Vice*
**BAKER, DONELSON, BEARMAN,**
 **CALDWELL & BERKOWITZ, P.C.**
100 Light Street.
Baltimore, MD 21202
(410) 685-1120
TBarnard@bakerdonelson.com

██████████████████

## CERTIFICATE OF SERVICE

I hereby certify that on May 24, 2018, I provided the foregoing to the Court Information

Security Officer, and will send a notice of filing to all parties.

/s/ Joe D. Whitley
Joe. D. Whitley, Esq.

| | EXHIBIT 1 TO DEFENDANT'S FIRST REVISED CIPA § 5 Notice | | | | | |
|---|---|---|---|---|---|---|
| | **BRIEF DESCRIPTION OF CLASSIFIED INFORMATION** | **BATES-RANGE** | **PORTION BEING NOTICED** | **FACTORS AFFECTING SPECIFICITY** | **USE AT TRIAL** | **EXPLANATION RE: USE AT TRIAL** |
| 1 | ██████ | DOJ-CLASS-00001 through DOJ-CLASS-00010 | Entire Document | (4) No objection by Government to specificity in original CIPA § 5 Notice | (1) Case-in-Chief (2) Possible Impeachment, Cross-examination, and/or Rebuttal | Defendant anticipates introducing the noticed portion(s) of the document(s), as well as expert testimony regarding the document(s), to establish the Government cannot meet its burden of proof on the following element(s) of the offense: (1) Access; (3) NDI; and (4) Intent. |
| 2 | ██████ | DOJ-CLASS-00011 | Entire Document | (2) No portion classification designations (4) No objection by Government to specificity in original CIPA § 5 Notice | (1) Case-in-Chief (2) Possible Impeachment, Cross-examination, and/or Rebuttal | Defendant anticipates introducing the noticed portion(s) of the document(s), as well as expert testimony regarding the document(s), to establish the Government cannot meet its burden of proof on the following element(s) of the offense: (1) Access; (3) NDI; and (4) Intent. |
| 3 | ██████ | DOJ-CLASS-00012 through DOJ-CLASS-00039; DOJ-CLASS-00042 | Entire Document | (2) No portion classification designations (3) Significant redactions (4) No objection by | (1) Case-in-Chief (2) Possible Impeachment, Cross-examination, and/or Rebuttal | Defendant anticipates introducing the noticed portion(s) of the document(s) to establish the Government cannot meet its burden of proof on the following element(s) of the offense: (1) Access; and (2) Transmission. |

---

[1] These documents appear to identify users who viewed and/or exported ██████ including information about the "users" and their associated agencies, which has been redacted. Defendant will follow up with a request for a complete, unredacted copy of the referenced documents because, among other reasons, this information is exculpatory and therefore required to be produced under *Brady v. Maryland*, 373 U.S. 83 (1963). Defendant specifically reserves her right to supplement this Notice upon receipt of the unredacted copies of the referenced documents.

███████████

| | | | | Government to specificity in original CIPA § 5 Notice | | |
|---|---|---|---|---|---|---|
| 4 | June 1, 2017 Email from ███████ | DOJ-CLASS-00043.1 | **Entire Document** | (2) No portion classification designations<br><br>(4) No objection by Government to specificity in original CIPA § 5 Notice | (1) Case-in-Chief<br><br>(2) Possible Impeachment, Cross-examination, and/or Rebuttal | Defendant anticipates introducing the noticed portion(s) of the document(s) to establish the Government cannot meet its burden of proof on the following element(s) of the offense:<br>(1) Access; (2) Transmission; and (3) NDI. |
| 5 | Attachment included in email correspondence between ███████ | DOJ-CLASS-00052 through DOJ-CLASS-00057[2] | **Entire Document** | (4) No objection by Government to specificity of same information (i.e., Item #1 *supra*) as it appeared in original CIPA § 5 Notice[3] | (1) Case-in-Chief<br><br>(2) Possible Impeachment, Cross-examination, and/or Rebuttal | Defendant anticipates introducing the noticed portion(s) of the document(s) to establish the Government cannot meet its burden of proof on the following element(s) of the offense:<br>(2) Transmission; and (3) NDI.<br><br>For example, with respect to the NDI element, ███ made determinations, expressed opinions, and took positions about which |

---

[2]     The remaining portions of the email correspondence between ███████████ (DOJ-CLASS-00044 through DOJ-CLASS-00051 and DOJ-CLASS-00058 through DOJ-CLASS-00109) do not contain an overall document classification or portion classification designations. Additionally, all such correspondence were handled through unsecured, unclassified email channels. As such, it is Defendant's position, consistent with the May 21, 2018 email from the Government via Julie Edelstein, that such documents need not be noticed for purposes of CIPA § 5 and thus are not included herein.

[3]     This document was included in Defendant's original CIPA § 5 Notice as part of a larger range (DOJ-CLASS-00044 through DOJ-CLASS-00109), to which the Government did object on specificity grounds. However, this specific document (DOJ-CLASS-00052 through DOJ-CLASS-00057) appears to be the ███████ that was purportedly leaked ███████, as alleged by the Government in the Superseding Indictment [Doc. No. 72], and contains the same information as the ███████ referenced in Item #1 above, to which there was no objection by the Government as to specificity in Defendant's original CIPA § 5 Notice.

███████████

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | | portions of the ▮▮▮ are closely held and/or potentially damaging that are inconsistent with arguments expected to be presented at trial. |
| 6 | August 16, 2017 Memorandum by ▮ | DOJ-CLASS-00110 through DOJ-CLASS-00111 | **Entire Document** | (4) No objection by Government to specificity in original CIPA § 5 Notice | (1) Case-in-Chief (2) Possible Impeachment, Cross-examination, and/or Rebuttal | Defense anticipates introducing the noticed portion(s) of the document(s), as well as expert testimony regarding the document(s), to establish the Government cannot meet its burden of proof on the following element(s) of the offense: (1) Access; and (2) Transmission. For example, with respect to the Access and Transmission elements, this documents describes the investigative steps (or lack thereof) taken by the Government to identify the individual who allegedly leaked the ▮▮▮ |
| 7 | Selected TS Web Logs from approximately February 2017 through June 2017[4] (rlwinne url history) | DOJ-CLASS-00112 through DOJ-CLASS-00184 | **Entire Document** | (1) Anticipated use for impeachment, cross-examination, and/or rebuttal purposes only | (1) Possible Motion(s) *in Limine* (2) Possible Impeachment, | To the extent the Government intends to use this document as part of its case-in-chief at trial, Defendant reserves the right to introduce the entirety of the document for context, as well as for |

---

[4]     These documents appear to identify Defendant's url search history, but the Government has not produced documents reflecting the contents of the urls visited, as reflected in the referenced document. To the extent the Government intends to introduce portions of the referenced document, Defendant submits that the contents of the urls that make up the substance of the log are relevant for purposes of context and intends to request production of same, as defense counsel is prohibited under its current security protocols from attempting to access these urls. However, if the Government does not intend to introduce this document as part of its case-in-chief at trial, Defendant does not reasonably expect that any classified information therein would need to be disclosed or produced.

| | | | | (2) No portion classification designations | Cross-examination, and/or Rebuttal | rebuttal and/or impeachment purposes. |
|---|---|---|---|---|---|---|
| | | | | | | In addition, Defendant anticipates pursuing one or more motion(s) *in limine*, for example, to exclude documents noticed by the Government under Fed. R. Civ. P. 404(b) regarding Defendant's computer activity. However, to the extent these documents are not excluded, and the Government attempts to introduce any of these documents into evidence at trial, Defendant anticipates she may introduce the entirety of such documents and all of Defendant's computer activity for the applicable time period (which has not necessarily been produced by the Government) for purposes of context and to show that a complete review of activity for the relevant time period undermines any allegations of espionage-focused intent, plan, motive, scheme, or activity. |

| 8 | Search History for Defendant from September 6, 2016 through May 24, 2017[5] | DOJ-CLASS-00185 through DOJ-CLASS-00191 | Entire Document | (1) Anticipated use for impeachment, cross-examination, and/or rebuttal purposes only<br><br>(2) No portion classification designations | (1) Possible Motion(s) *in Limine*<br><br>(2) Possible Impeachment, Cross-examination, and/or Rebuttal | To the extent the Government intends to use this document as part of its case-in-chief at trial, Defendant reserves the right to introduce the entirety of the document for context, as well as for rebuttal and/or impeachment purposes.<br><br>In addition, Defendant anticipates pursuing one or more motion(s) *in limine,* for example, to exclude documents noticed by the Government under Fed. R. Civ. P. 404(b) regarding Defendant's computer activity. However, to the extent these documents are not excluded, and the Government attempts to introduce any of these documents into evidence at trial, Defendant anticipates she may introduce the entirety of such documents and all of Defendant's computer activity for the applicable time period (which has not necessarily been produced by the Government) for purposes of context and to show that a complete review |

---

[5]    These documents appear to identify Defendant's search history for the referenced time period, but the Government has not produced documents reflecting the contents of the information accessed via the referenced searches. To the extent the Government intends to introduce portions of the referenced document, Defendant submits that the contents of the information and/or documents accessed via the identified searches are relevant for purposes of context and will follow up with a discovery request for production of same, as defense counsel is prohibited under its current security protocols from attempting to access such information and/or documents, and Defendant specifically reserves her right to supplement this Notice upon receipt of the aforementioned documents. However, if the Government does not intend to introduce this document as part of its case-in-chief at trial, Defendant does not reasonably expect that any classified information therein would need to be disclosed or produced.

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | | of activity for the relevant time period undermines any allegations of espionage-focused intent, plan, motive, scheme, or activity. |
| 9 | Table of RLWINNE-1 Activity ▮▮▮▮ on a single day (March 30, 2017) | DOJ-CLASS-00192 | Entire Document | (1) Anticipated use for impeachment, cross-examination, and/or rebuttal purposes only<br><br>(2) No portion classification designations<br><br>(4) No objection by Government to specificity in original CIPA § 5 Notice | (1) Possible Motion(s) *in Limine*<br><br>(2) Possible Impeachment, Cross-examination and/or Rebuttal | To the extent the Government intends to use this document as part of its case-in-chief at trial, Defendant reserves the right to introduce the entirety of the document for context, as well as for rebuttal and/or impeachment purposes.<br><br>In addition, Defendant anticipates pursuing one or more motion(s) *in limine*, for example, to exclude documents noticed by the Government under Fed. R. Civ. P. 404(b) regarding Defendant's computer activity. However, to the extent these documents are not excluded, and the Government attempts to introduce any of these documents into evidence at trial, Defendant anticipates she may introduce the entirety of such documents and all of Defendant's computer activity for the applicable time period (which has not necessarily been produced by the Government) for purposes of context and to show that a complete review of activity for the relevant time period undermines any allegations of |

| | | | | | | | espionage-focused intent, plan, motive, scheme, or activity. |
|---|---|---|---|---|---|---|---|
| 10 | | DOJ-CLASS-00193 through DOJ-CLASS-00194 | Entire Document | (2) No portion classification designations (4) No objection by Government to specificity in original CIPA § 5 Notice | (1) Case-in-Chief (2) Possible Impeachment, Cross-examination, and/or Rebuttal | | Defendant anticipates introducing the noticed portion(s) of the document(s) to establish the Government cannot meet its burden of proof on the following element(s) of the offense: (1) Access; and (2) Transmission. |
| 11 | Log of Defendant's Computer Activity on May 9, 2017 Activity[6] | DOJ-CLASS-00195 through DOJ-CLASS-00201 | Entire Document | (1) Anticipated use for impeachment, cross-examination, and/or rebuttal purposes only | (1) Possible Motion(s) *in Limine* (2) Possible Impeachment, Cross-examination, and/or Rebuttal | | To the extent the Government intends to use this document as part of its case-in-chief at trial, Defendant reserves the right to introduce the entirety of the document for context, as well as for rebuttal and/or impeachment purposes. In addition, Defendant anticipates pursuing one or more motion(s) *in limine*, for example, to exclude documents noticed by the Government under Fed. R. Civ. P. 404(b) regarding Defendant's computer activity. However, to the extent these documents are not |

---

[6]    These documents appear to identify Defendant's computer activity for the referenced date, but the Government has not produced documents reflecting the contents of the information accessed. To the extent the Government intends to introduce portions of the referenced document, Defendant submits that the contents of the information and/or documents accessed are relevant for purposes of context and requests production of same. However, if the Government does not intend to introduce this document as part of its case-in-chief at trial, Defendant does not reasonably expect that any classified information therein would need to be disclosed or produced.

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | | excluded, and the Government attempts to introduce any of these documents into evidence at trial, Defendant anticipates she may introduce the entirety of such documents and all of Defendant's computer activity for the applicable time period (which has not necessarily been produced by the Government) for purposes of context and to show that a complete review of activity for the relevant time period undermines any allegations of espionage-focused intent, plan, motive, scheme, or activity. |
| 12 | Logs of Defendant's Computer Activity on Three (3) Select Dates (September 21, 2016; September 22, 2016; and November 9, 2016) | DOJ-CLASS-00202 through DOJ-CLASS-00229 | Entire Document | (1) Anticipated use for impeachment, cross-examination, and/or rebuttal purposes only<br><br>(2) No portion classification designations | (1) Possible Motion(s) *in Limine*<br><br>(2) Possible Impeachment, Cross-examination, and/or Rebuttal | To the extent the Government intends to use this document as part of its case-in-chief at trial, Defendant reserves the right to introduce the entirety of the document for context, as well as for rebuttal and/or impeachment purposes.<br><br>In addition, Defendant anticipates pursuing one or more motion(s) *in limine*, for example, to exclude documents noticed by the Government under Fed. R. Civ. P. 404(b) regarding Defendant's computer activity. However, to the extent these documents are not excluded, and the Government attempts to introduce any of these documents into evidence at trial, |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | | Defendant anticipates she may introduce the entirety of such documents and all of Defendant's computer activity for the applicable time period (which has not necessarily been produced by the Government) for purposes of context and to show that a complete review of activity for the relevant time period undermines any allegations of espionage-focused intent, plan, motive, scheme, or activity. |
| 13 | View of Att Results (A5 Agent)[7] | DOJ-CLASS-00230 through DOJ-CLASS-00240 | Entire Document, specifically including the unredacted line appearing on DOJ-CLASS-00236 | (1) Anticipated use for impeachment, cross-examination, and/or rebuttal purposes only<br><br>(2) No portion classification designations<br><br>(3) Significant redactions | Possible Impeachment, Cross-examination, and/or Rebuttal | This document, as produced, is essentially unintelligible, because it is redacted almost in its entirety. However, it was produced in discovery, and presumably relates to the (1) Access and (2) Transmission elements of the charged offense. As such, Defendant reasonably expects that this document, when received in unredacted form, may be disclosed in support of her defense, including possible impeachment, cross-examination, and/or rebuttal, to establish other individuals who may be responsible for the alleged leak. |

[7]    Defendant will follow up with a discovery request seeking a complete, unredacted copy of the aforementioned documents and specifically reserves her right to supplement this Notice upon receipt of the unredacted documents.

| 14 | June 23, 2017 Jail Correspondence from Defendant | DOJ-CLASS-00241 through DOJ-CLASS-00249 | Entire Document | (1) Anticipated use for impeachment, cross-examination, and/or rebuttal purposes only<br><br>(2) No portion classification designations | Possible Impeachment, Cross-examination, and/or Rebuttal | To the extent the Government intends to use this document (or other jail correspondence from Defendant) as part of its case-in-chief at trial, Defendant reserves the right to introduce the entirety of the document for context, as well as for rebuttal and/or impeachment purposes, or pursuant to, among others, the Rule of Completeness. |
| 15 | Winner Print Log[8] | DOJ-CLASS-00250 | Entire Document | (2) No portion classification designations | (1) Case-in-Chief<br><br>(2) Possible Impeachment, Cross-examination, and/or Rebuttal | Defense anticipates introducing the noticed portion(s) of the document(s), as well as expert testimony regarding the document(s), to establish the Government cannot meet its burden of proof on the following element(s) of the offense: (1) Access; (2) Transmission; and (4) Intent.<br><br>For example, this document, which purports to show the Defendant's history with respect to the date, time, |

---

[8]     Defendant will follow up with a discovery request seeking a complete, unredacted copy of the aforementioned documents and specifically reserves her right to supplement this Notice upon receipt of the unredacted documents.

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | | and location of printing documents for the years 2014 through 2017, appears to show that Defendant had a history of printing documents that the Government does not allege were leaked and therefore undermines the charge. |
| 16 | | DOJ-CLASS-00251 Through DOJ-CLASS-00407 | Entire Document | (1) Anticipated use for impeachment, cross-examination, and/or rebuttal purposes only<br><br>(2) No portion classification designations | Possible Impeachment, Cross-examination, and/or Rebuttal | To the extent the Government intends to use this document as part of its case-in-chief at trial, Defendant reserves the right to introduce the entirety of the document for context, as well as for rebuttal and/or impeachment purposes. |

---

[9]   These documents appear to identify Defendant's activity relating to the ████████, but the Government has not produced documents reflecting the contents of the information accessed on ████████. To the extent the Government intends to introduce portions of the referenced document, Defendant submits that the contents of the information and/or documents accessed are relevant for purposes of context and will follow up with a request for production of same. Defendant will follow up with a discovery request seeking a complete, unredacted copy of the aforementioned documents and all attachments explicitly Defendant specifically reserves her right to supplement this Notice upon receipt of the aforementioned documents. However, if the Government does not intend to introduce this document as part of its case-in-chief at trial, Defendant does not reasonably expect that any classified information therein would need to be disclosed or produced.

| | | | | | | |
|---|---|---|---|---|---|---|
| 17 | FBI 302s and attachments[10] | DOJ-CLASS-00418 Through DOJ-CLASS-00427; DOJ-CLASS-00431 through DOJ-CLASS-00433; DOJ-CLASS-00442 through DOJ-CLASS-00445;[11] DOJ- CLASS-00529 through DOJ-CLASS-00536[12] | Entire Document | (1) Anticipated use for impeachment, cross-examination, and/or rebuttal purposes only  (2) No portion classification designations with respect to DOJ-CLASS-00424 and DOJ-CLASS-00533 through DOJ-CLASS-00534[13] | Possible impeachment, Cross-examination, and/or Rebuttal  DOJ-CLASS-0536-Notes suggesting that the document ▓▓▓▓ ▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓ | To the extent the Government intends to use these documents as part of its case-in-chief and/or to call the individual(s) listed therein as witnesses at trial, Defendant reserves the right to introduce the entirety of the documents for context, as well as for rebuttal and/or impeachment purposes.  Other than as expressly stated above, Defendant does not reasonably expect that any classified information contained in these documents would need to be disclosed at trial but does not waive |

[10]    Defendant will follow up with a discovery request seeking a complete, unredacted copy of the aforementioned documents and all attachments explicitly referenced therein (e.g., the downloaded podcast referenced as "1A" in DOJ-CLASS-00413) that were not previously produced by the Government and specifically reserves her right to supplement this Notice upon receipt of the aforementioned documents. However, if the Government does not intend to introduce this document as part of its case-in-chief at trial, Defendant does not reasonably expect that any classified information therein would need to be disclosed or produced.

[11]    Bates numbers DOJ-CLASS-00447-00448 appear to have been skipped during discovery and are not present. In the event there are documents assigned to these numbers, Defendant reserves the right to supplement this disclosure.

[12]    The remaining FBI 302s and attachments (DOJ-CLASS-00441 through DOJ-CLASS-00417; DOJ-CLASS-00428 through DOJ-CLASS-00430;DOJ-CLASS-00434 through DOJ-CLASS-00441; and DOJ-CLASS-00446) are marked as unclassified (U/FOUO) and do not contain portion classification designations. As such, it is Defendant's position, per the May 21, 2018 email from Julie Edelstein, that such documents need not be noticed for purposes of CIPA § 5.

[13]    DOJ-CLASS-00529 through DOJ-CLASS-00534 contain very limited portion classification designations.

| | | | | | information in what was provided | her right to call any interviewees as witnesses and will disclose any such witnesses in accordance with the scheduling order entered in this matter [Doc. No. 240]. |
|---|---|---|---|---|---|---|
| 18 | United States Department of Justice Federal Bureau of Investigation Verbatim Transcript from July 3, 2017 Custodial Interrogation[14] | DOJ-CLASS-00449 through DOJ-CLASS-00528 | Entire Document | (1) Anticipated use for impeachment, cross-examination, and/or rebuttal purposes only<br><br>(2) No portion classification designations<br><br>(4) No objection by Government to specificity in original CIPA § 5 Notice | Possible Impeachment, Cross-examination, and/or Rebuttal | To the extent the Government intends to use this document as part of its case-in-chief at trial, Defendant reserves the right to introduce the entirety of the document for context, as well as for rebuttal and/or impeachment purposes. |
| 19 | | DOJ-CLASS-00537 through DOJ-CLASS-00540; DOJ-CLASS-00541 through DOJ-CLASS-00542 | Entire Document, as it is unclear what, if any, portion of the document is classified, given the unredacted, portion classification markings largely indicate (U), but | (3) Significant redactions<br><br>(4) No objection by Government to specificity in original CIPA § 5 | (1) Case-in-Chief<br><br>(2) Possible Impeachment, Cross-examination, and/or Rebuttal | Defendant anticipates introducing the noticed portion(s) of the document(s), as well as expert testimony regarding the document(s), to establish the Government cannot meet its burden of proof on the following element(s) |

---

[14]     This document is currently the subject of Defendant's Motion to Suppress [Doc. No. 63]. The inclusion of this document in the instant Notice is not intended to waive any of the arguments raised by Defendant in her Motion to Suppress and is provided only in an extreme abundance of caution pending the Court's ruling on Defendant's Motion.

| | | | specifically including:<br><br>(1) Summary Chart regarding classification of different activities) on DOJ-CLASS-00538 | Notice | | of the offense: (3) NDI.<br><br>This document, as produced, is essentially unintelligible, because large portions of the document are redacted. However, it was produced in discovery, and presumably relates to the (3) NDI element of the charged offense. As such, Defendant reasonably expects that this document, when received in unredacted form, may be disclosed in support of her defenses to the NDI element, including as evidence of overclassification by the Government and a lack of potential harm. |
|---|---|---|---|---|---|---|
| 20 | Defendant's Lync Chats | DOJ-CLASS-00543 through DOJ-CLASS-00735 | Entire Document, including, for purposes of Case-in-Chief, all instances that negate elements of the office, including, for example, the (4) Intent element, and specifically including: | (1) Anticipated use for impeachment, cross-examination, and/or rebuttal purposes only<br><br>(2) No portion classification designations | (1) Case-in-Chief as to DOJ-CLASS-00<br><br>(2) Possible Motion(s) *in Limine*<br><br>(3) Possible Impeachment, Cross-examination, and/or Rebuttal | Defendant anticipates introducing the noticed portion(s) of the document(s), as well as expert testimony regarding the document(s), to establish the Government cannot meet its burden of proof on the following element(s) of the offense: (4) Intent.<br><br>In addition, to the extent the Government intends to use this document as part of its case-in-chief and/or to call the individual(s) identified therein as witnesses at |

---

[15]      Defendant will follow up with a discovery request seeking a complete, unredacted copy of the aforementioned document and specifically reserves her right to supplement this Notice upon receipt of the unredacted document.

| | | | | | | trial, Defendant reserves the right to introduce the entirety of the document for context, as well as for rebuttal and/or impeachment purposes.<br><br>Defendant also anticipates pursuing one or more motion(s) *in limine*, for example, to exclude documents noticed by the Government under Fed. R. Civ. P. 404(b) regarding Defendant's computer activity. However, to the extent these documents are not excluded, and the Government attempts to introduce any of these documents into evidence at trial, Defendant anticipates she may introduce the entirety of such documents and all of Defendant's computer activity for the applicable time period (which has not necessarily been produced by the Government) for purposes of context and to show that a complete review of activity for the relevant time period undermines any allegations of espionage-focused intent, plan, motive, scheme, or activity. |
|---|---|---|---|---|---|---|

| | | | | | | |
|---|---|---|---|---|---|---|
| 21 | February 23, 2017; April 11, 2017; and April 12, 2017 email chains between Defendant and ▮▮▮▮ | DOJ-CLASS-00758[16]; DOJ-CLASS-00792 through DOJ-CLASS-00798[17] | Entire Document | (1) Anticipated use for impeachment, cross-examination, and/or rebuttal purposes only<br><br>(2) No portion classification designations<br><br>(3) Significant redactions as to DOJ-CLASS-00792 through DOJ-CLASS-00798<br><br>(4) No objection by Government to specificity in original CIPA § 5 Notice | Possible Impeachment, Cross-examination, and/or Rebuttal | To the extent the Government intends to use this document and/or to call the individual(s) identified therein as witnesses at trial, Defendant reserves the right to introduce the entirety of the document for context, as well as for rebuttal and/or impeachment purposes.<br><br>Other than as expressly stated above, Defendant does not reasonably expect that any classified information contained in this document would need to be disclosed at trial but does not waive her right to call any individual(s) identified therein as witnesses and will disclose any such witnesses in accordance with the scheduling order entered in this matter. |

[16]   Defendant will follow up with a discovery request seeking all attachments explicitly referenced in the aforementioned documents, which attachments were not previously produced by the Government, and specifically reserves her right to supplement this Notice upon receipt of said documents. However, if the Government does not intend to introduce this document as part of its case-in-chief at trial, Defendant does not reasonably expect that any classified information therein would need to be disclosed or produced.

[17]   Defendant will follow up with a discovery request seeking all attachments explicitly referenced in the aforementioned documents, which attachments were not previously produced by the Government, and specifically reserves her right to supplement this Notice upon receipt of said documents. However, if the Government does not intend to introduce this document as part of its case-in-chief at trial, Defendant does not reasonably expect that any classified information therein would need to be disclosed or produced.

| 22 | March 17, 2017 and March 20, 2017 email chains between Defendant and ███████ | DOJ-CLASS-00769 through DOJ-CLASS-00770[18]; DOJ-CLASS-00771 through DOJ-CLASS-00773 | Entire Document | (1) Anticipated use for impeachment, cross-examination, and/or rebuttal purposes only<br><br>(2) No portion classification designations<br><br>(4) No objection by Government to specificity in original CIPA § 5 Notice | Possible Impeachment, Cross-examination, and/or Rebuttal | To the extent the Government intends to use this document as part of its case-in-chief, Defendant reserves the right to introduce the entirety of the document for context, as well as for rebuttal, cross-examination, and/or impeachment purposes.<br><br>Other than as expressly stated above, Defendant does not reasonably expect that any classified information contained in this document would need to be disclosed at trial but does not waive her right to call any individual(s) identified therein as witnesses and will disclose any such witnesses in accordance with the scheduling order entered in this matter. |

---

[18]   Defendant will follow up with a discovery request seeking all attachments explicitly referenced in the aforementioned documents, which attachments were not previously produced by the Government, and specifically reserves her right to supplement this Notice upon receipt of said documents. However, if the Government does not intend to introduce this document as part of its case-in-chief at trial, Defendant does not reasonably expect that any classified information therein would need to be disclosed or produced.

| 23 | April 3, 2017; May 4, 2017; and June 1, 2017 emails between Defendant and ███ | DOJ-CLASS-00784 through DOJ-CLASS-00785; DOJ-CLASS-00801[19]; DOJ-CLASS-00806[20] | | (1) Anticipated use for impeachment, cross-examination, and/or rebuttal purposes only<br><br>(2) No portion classification designations<br><br>(4) No objection by Government to specificity in original CIPA § 5 Notice | Possible Impeachment, Cross-examination, and/or Rebuttal | To the extent the Government intends to use this document as part of its case-in-chief, Defendant reserves the right to introduce the entirety of the document for context, as well as for rebuttal, cross-examination, and/or impeachment purposes.<br><br>Other than as expressly stated above, Defendant does not reasonably expect that any classified information contained in this document would need to be disclosed at trial but does not waive her right to call any individual(s) identified therein as witnesses and will disclose any such witnesses in accordance with the scheduling order entered in this matter. |
| 24 | April 3-4, 2017 emails between Defendant, ███ | DOJ-CLASS-00786 through DOJ-CLASS-00788 | Entire Document, specifically including all portions that explain or confirm appropriate compliance with security protocols | (1) Anticipated use for impeachment, cross-examination, and/or rebuttal purposes only | (1) Case-in-Chief<br><br>(2) Possible Impeachment, Cross-examination, | Defendant anticipates introducing the noticed portion(s) of the document(s), as well as expert testimony regarding the document(s), to establish the Government cannot meet its burden |

---

[19]    Defendant will follow up with a discovery request seeking all attachments explicitly referenced in the aforementioned documents, which attachments were not previously produced by the Government, and specifically reserves her right to supplement this Notice upon receipt of said documents. However, if the Government does not intend to introduce this document as part of its case-in-chief at trial, Defendant does not reasonably expect that any classified information therein would need to be disclosed or produced.

[20]    Defendant will follow up with a discovery request seeking all attachments explicitly referenced in the aforementioned documents, which attachments were not previously produced by the Government, and specifically reserves her right to supplement this Notice upon receipt of said documents. However, if the Government does not intend to introduce this document as part of its case-in-chief at trial, Defendant does not reasonably expect that any classified information therein would need to be disclosed or produced.

| | | | | (2) No portion classification designations | and/or Rebuttal | of proof on the following element(s) of the offense: (2) Transmission; and (4) Intent. |
|---|---|---|---|---|---|---|
| | | | | (4) No objection by Government to specificity in original CIPA § 5 Notice | | In addition, to the extent the Government intends to use this document as part of its case-in-chief, Defendant reserves the right to introduce the entirety of the document for context, as well as for rebuttal, cross-examination, and/or impeachment purposes. |
| 25 | June 1, 2017 Memorandum to Acting Assistant Attorney General, National Security Division, United States Department of Justice Assistant Director, Criminal Investigation Division, Federal Bureau of Investigation | DOJ-CLASS-00808 | Entire Document, including all unmarked/unclassified/ unredacted portions and specifically the following portions marked as classified: | (4) No objection by Government to specificity in original CIPA § 5 Notice | (1) Case-in-Chief (2) Possible Impeachment, Cross-examination, and/or Rebuttal | Defendant anticipates introducing the noticed portion(s) of the document(s), as well as expert testimony regarding the document(s), to establish the Government cannot meet its burden of proof on the following element(s) of the offense: (1) Access; (2) Transmission; and (3) NDI. For example, these documents reflect pre-publication notification to the Department of Justice and may be used by the Defendant to show a lack of potential harm to the United States. |

| 26 | ███████ | DOJ-CLASS-00809 through DOJ-CLASS-00810 | **Entire Document, including all unmarked/unclassified/ unredacted portions and specifically the following portions marked as classified:** ███████ | (4) No objection by Government to specificity in original CIPA § 5 Notice | (1) Case-in-Chief (2) Possible Impeachment, Cross-examination, and/or Rebuttal | Defendant anticipates introducing the noticed portion(s) of the document(s), as well as expert testimony regarding the document(s), to establish the Government cannot meet its burden of proof on the following element(s) of the offense: (1) Access; (2) Transmission; (3) and NDI. |



21

| 27 | ▮ | DOJ-CLASS-00811 through DOJ-CLASS-00826 | Entire Document, including all unmarked/unclassified/ unredacted portions and specifically:<br><br>(1) All portions redacted by ▮<br>▮<br><br>*See* DOJ-CLASS-00811, 00812, 00813, 00815, 00817, and 00823<br><br>(2) The unredacted portions of the article, including specific examples as follows:<br>▮ | (2) No portion classification designations | (1) Case-in-Chief<br><br>(2) Possible Impeachment, Cross-examination, and/or Rebuttal | Defendant anticipates introducing the noticed portion(s) of the document(s), as well as expert testimony regarding the document(s), to establish the Government cannot meet its burden of proof on the following element(s) of the offense:<br>(1) Access; (2) Transmission; (3) NDI; and (4) Intent. |

| 28 | | | | | | |
|---|---|---|---|---|---|---|
| | | | DOJ-CLASS-00816 ▮ DOJ-CLASS-00818 ▮ DOJ-CLASS-00819 ▮ DOJ-CLASS-00820 ▮; DOJ-CLASS-00821 through DOJ-CLASS-00822 | | | |
| 28 | | DOJ-CLASS-00827 through DOJ-CLASS-00829[21] | All portions of document, regardless of classification, that reflect ▮ determinations about classification and NDI, including any implied determinations regarding potential harm related to disclosure, as well as all portions of document that reflect approval and security designation(s), and | (3) Significant redactions | (1) Case-in-Chief (2) Possible Impeachment, Cross-examination and/or Rebuttal | Defendant anticipates introducing the noticed portion(s) of the document(s), as well as expert testimony regarding the document(s), to establish the Government cannot meet its burden of proof on the following element(s) of the offense: (3) NDI |

---

[21]    Defendant will follow up with a discovery request seeking a complete, unredacted copy of the aforementioned documents and specifically reserves her right to supplement this Notice upon receipt of the unredacted document.

specifically including
the following:

DOJ-CLASS-00827

on DOJ-CLASS-
00827

on
DOJ-CLASS-00828

on
DOJ-CLASS-00828

on
DOJ-CLASS-00828

24

| | | | (6) All unclassified portions of document | | | |
|---|---|---|---|---|---|---|

| 29 | ▮ | DOJ-CLASS-00830 through DOJ-CLASS-00831[22] | All portions of document, regardless of classification, that reflect ▮ determinations about classification and NDI, including any implied determinations regarding potential harm related to disclosure, as well as all portions of document that reflect approval and security designation(s), and specifically including the following: ▮ on DOJ-CLASS-00830 ▮ on DOJ-CLASS-00831 | (3) Significant redactions | (1) Case-in-Chief (2) Possible Impeachment, Cross-examination and/or Rebuttal | Defendant anticipates introducing the noticed portion(s) of the document(s), as well as expert testimony regarding the document(s), to establish the Government cannot meet its burden of proof on the following element(s) of the offense: (3) NDI. |

---

[22]    Defendant will follow up with a discovery request seeking a complete, unredacted copy of the aforementioned documents and specifically reserves her right to supplement this Notice upon receipt of the unredacted document.

███████████████████████

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | (3) All unclassified portions of document | | | |
| 30 | ██████████████ | DOJ-CLASS-00832 through DOJ-CLASS-00834[23] | All portions of document, regardless of classification, that reflect decision(s) of ██████ or officials to release at an unclassified level all text marked as (U//FOUO) on DOJ-CLASS-00833-00834, as well as all portions of document that reflect ██████ determinations about classification and NDI, including any implied determinations regarding potential harm related to disclosure, and specifically including the following: ██████████ | (3) Significant redactions | (1) Case-in-Chief (2) Possible Impeachment, Cross-examination and/or Rebuttal | Defendant anticipates introducing the noticed portion(s) of the document(s), as well as expert testimony regarding the document(s), to establish the Government cannot meet its burden of proof on the following element(s) of the offense: (3) NDI. |

---

[23]    Defendant will follow up with a discovery request seeking a complete, unredacted copy of the aforementioned documents and specifically reserves her right to supplement this Notice upon receipt of the unredacted document.

████████████████████████

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | on DOJ-CLASS-00832<br><br>on DOJ-CLASS-00833<br><br>(4) All unclassified portions of document | | | |
| 31 | | DOJ-CLASS-00835 through DOJ-CLASS-00836[24] | All portions of document that reflect decision(s) of or officials to release at an unclassified level all text marked as (U//FOUO) on DOJ-CLASS-00836, as well | (3) Significant redactions | (1) Case-in-Chief<br><br>(2) Possible Impeachment, Cross-examination, and/or Rebuttal | Defendant anticipates introducing the noticed portion(s) of the document(s), as well as expert testimony regarding the document(s), to establish the Government cannot meet its burden of proof on the following element(s) of the offense: (3) NDI. |

---

[24] Defendant will follow up with a discovery request seeking a complete, unredacted copy of the aforementioned documents and specifically reserves her right to supplement this Notice upon receipt of the unredacted document. However, if the Government does not intend to introduce these documents as part of its case-in-chief at trial, Defendant does not reasonably expect that any classified information therein would need to be disclosed or produced.

| | | | as all portions of document, regardless of classification, that reflect ████ determinations about classification and NDI, including any implied determinations regarding potential harm related to disclosure, and specifically including the following:<br><br>████<br><br>on DOJ-CLASS-00835<br><br>████<br><br>on DOJ-CLASS-00835<br><br>(3) All unclassified portions of document | | | |

| 32 | | DOJ-CLASS-00837 through DOJ-CLASS-00838[25] | All portions of document, regardless of classification, that reflec█████ determinations about classification and NDI, including any implied determinations regarding potential harm related to disclosure, as well as any portions of document that reflect approval and security designation(s), and specifically including the following: | (3) Significant redactions (specifically, missing attachment)[26] | (1) Case-in-Chief (2) Possible Impeachment, Cross-examination, and/or Rebuttal | Defendant anticipates introducing the noticed portion(s) of the document(s), as well as expert testimony regarding the document(s), to establish the Government cannot meet its burden of proof on the following element(s) of the offense: (3) NDI. |

[25]    Defendant will follow up with a discovery request seeking a complete, unredacted copy of the aforementioned documents and all attachments explicitly referenced therein that were not previously produced by the Government and specifically reserves her right to supplement this Notice upon receipt of the aforementioned documents.  However, if the Government does not intend to introduce these documents as part of its case-in-chief at trial, Defendant does not reasonably expect that any classified information therein would need to be disclosed or produced.

[26]    Defendant will follow up with a discovery request seeking a complete, unredacted copy of the aforementioned documents and all attachments explicitly referenced therein that were not previously produced by the Government.

| | | | █████ on DOJ-CLASS-00837 | | | |
|---|---|---|---|---|---|---|
| | | | (2) All unclassified portions of document | | | |
| 33 | ███████████ | DOJ-CLASS-00839 through DOJ-CLASS-00842[27] | All portions of document that reflect over-classification and/or that relate to NDI and the specific facts the Government contends are NDI with respect to █████ ██████████ as clarified by the Government's April 30, 2018 expert disclosures, and specifically including the following: ██████ on DOJ-CLASS-00841 | (2) No portion classification designations on DOJ-CLASS-00841 | (1) Case-in-Chief  (2) Possible Impeachment, Cross-examination, and/or Rebuttal | Defendant anticipates introducing the noticed portion(s) of the document(s), as well as expert testimony regarding the document(s), to establish the Government cannot meet its burden of proof on the following element(s) of the offense: (3) NDI. |

[27]   Defendant will follow up with a discovery request seeking a complete, unredacted copy of the aforementioned documents and all attachments explicitly referenced therein that were not previously produced by the Government and specifically reserves her right to supplement this Notice upon receipt of the aforementioned documents.   However, if the Government does not intend to introduce these documents as part of its case-in-chief at trial, Defendant does not reasonably expect that any classified information therein would need to be disclosed or produced.

| 34 | ██████████ | DOJ-CLASS-00843 through DOJ-CL ASS-00845[28] | ██████ on DOJ-CLASS-00842, which appear to relate to information ██████  (3) All unclassified portions of document  All portions of document, regardless of classification, that reflect ██████ determinations about classification and NDI, including any implied determinations regarding potential harm related to disclosure, as well as | (3) Significant redactions | (1) Case-in-Chief  (2) Possible Impeachment, Cross-examination, and/or Rebuttal | Defendant anticipates introducing the noticed portion(s) of the document(s), as well as expert testimony regarding the document(s), to establish the Government cannot meet its burden of proof on the following element(s) of the offense: (3) NDI. |

---

[28]     Defendant will follow up with a discovery request seeking a complete, unredacted copy of the aforementioned documents and all attachments explicitly referenced therein that were not previously produced by the Government and specifically reserves her right to supplement this Notice upon receipt of the aforementioned documents.   However, if the Government does not intend to introduce these documents as part of its case-in-chief at trial, Defendant does not reasonably expect that any classified information therein would need to be disclosed or produced.

| | | | any portions of document that reflect approval, security designation(s), and scope of dissemination, and specifically including the following:<br><br>████████<br>████████<br>████████<br>████ on DOJ-CLASS-00843<br><br>████████<br>████████<br>████████<br>████ on DOJ-CLASS-00844 through DOJ-CLASS-00845<br><br>(3) All unclassified portions of document | | | |

33

| 35 | | DOJ-CLASS-00846 through DOJ-CLASS-00863 | Entire Document | (4) No objection by Government to specificity of same information (i.e., Item #1 *supra*) as it appeared in original CIPA § 5 Notice [29] | (1) Case-in-Chief (2) Possible Impeachment, Cross-examination, and/or Rebuttal | Defendant anticipates introducing the noticed portion(s) of the document(s), as well as expert testimony regarding the document(s), to establish the Government cannot meet its burden of proof on the following element(s) of the offense: (1) Access; (3) NDI; and (4) Intent. For example, the Government has confirmed that these documents reflect additional persons who accessed and/or possibly transmitted ▓▓▓; however, there is no way to determine which, if any, of those individuals printed, exported, and/or emailed ▓▓▓ *See* Government's November 21, 2017 Discovery Letter, Response No. 5, p. 5. |

[29]  These documents were not produced at the time of Defendant's Original CIPA § 5 Notice; however, these documents are alternate ▓▓▓ referenced in Item #1 above, to which there was no objection by the Government as to specificity in Defendant's original CIPA § 5 Notice. *See* Government's November 21, 2017 Discovery Letter, Response No. 5, p. 5.

| 36 | | DOJ-CLASS-01206 through DOJ-CLASS-01212 | All information in document reflecting persons other than Defendant who accessed ■■■ | (2) No portion classification designations | (1) Case-in-Chief (2) Possible Impeachment, Cross-examination and/or Rebuttal | Defendant anticipates introducing the noticed portion(s) of the document(s), as well as expert testimony regarding the document(s), to establish the Government cannot meet its burden of proof on the following element(s) of the offense: (1) Access; and (2) Transmission. |