IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 117-034 |
| | * | |
| REALITY LEIGH WINNER | * | |

**O R D E R**

The captioned case is before the Court *sua sponte*. The Court deems it appropriate to recall the provisions of Local Criminal Rule 53.1, which states in pertinent part:

> (a) It is the duty of the lawyer or law firm not to release or authorize the release of information or opinion which a reasonable person would expect to be disseminated by any means of public communication, in connection with pending or imminent criminal litigation with which a lawyer or law firm is associated, if there is a reasonable likelihood that such dissemination will interfere with a fair trial or otherwise prejudice the due administration of justice.
>
> [...]
>
> (c) From the time of arrest, issuance of an arrest warrant, or the filing of a complaint, information, or indictment in any criminal matter until the commencement of trial or disposition without trial, a lawyer or law firm associated with the prosecution or defense shall not release or authorize the release of any extrajudicial statement which a reasonable person would expect to be disseminated by any means of public communication, relating to that matter and concerning:
>
>> (1) The prior criminal record (including arrests, indictments, or other charges of crime), or the character or reputation of the accused, except

that the lawyer or law firm may make a factual statement of the accused's name, age, residence, occupation, and family status and, if the accused has not been apprehended, a lawyer associated with the prosecution may release any information necessary to aid in his apprehension or to warn the public of any dangers he may present;

(2) the existence or contents of any confession, admission, or statement given by the accused, or the refusal or failure of the accused to make any statement;

(3) The performance of any examinations or tests or the accused's refusal or failure to submit to an examination or test;

(4) The identity, testimony, or credibility of prospective witnesses, except that the lawyer or law firm may announce the identity of the victim if the announcement is not otherwise prohibited by law;

(5) The possibility of a plea of guilty to the offense charged or a lesser offense; and

(6) Any opinion as to the accused's guilt or innocence or as to the merits of the case or the evidence in the case.

The foregoing shall not be construed to preclude the lawyer or law firm during this period, in the proper discharge of his or its official or professional obligations, from announcing the fact and circumstances of arrest (including time and place of arrest, resistance, pursuit, and use of weapons), the identity of the investigating and arresting officer or agency, and the length of the investigation; from making an announcement, at the time of seizure of any physical evidence other than a confession, admission, or statement, which is limited to a description of the evidence seized; from disclosing the nature, substance, or text of the charge, including a brief description of the offense charged; from quoting or referring without comment to public records of the Court in the case; from announcing the scheduling or result of any stage in the judicial process; from requesting assistance in obtaining evidence; or from

> announcing without further comment that the accused denies the charges made against him.
>
> (d) During a jury trial of any criminal matter, including the period of selection of the jury, no lawyer or law firm associated with the prosecution or defense shall give or authorize any extrajudicial statement or interview relating to the trial or the parties or issues in the trial, which a reasonable person would expect to be disseminated by means of public communication if there is a reasonable likelihood that such dissemination will interfere with a fair trial, except that the lawyer or law firm may quote from or refer without comment to public records of the Court in the case.

LCrR 53.1(a), (c), (d), SDGa.; <u>see also</u> GA R BAR Rule 4-102, RPC Rule 3.6(a) ("A lawyer who is participating or has participated in the investigation or litigation of a matter shall not make an extrajudicial statement that a person would reasonably believe to be disseminated by means of public communication if the lawyer knows or reasonably should know that it will have a substantial likelihood of materially prejudicing an adjudicative proceeding in the matter."); <u>Gentile v. State Bar of Nevada</u>, 501 U.S. 1030, 1074 (1991) ("[A]s officers of the court, court personnel and attorneys have a fiduciary responsibility not to engage in public debate that will redound to the detriment of the accused or that will obstruct the fair administration of justice. Because lawyers have special access to information through discovery and client communications, their extrajudicial statements pose a threat to the fairness of a pending proceeding since lawyers' statements are likely to be received as

3

especially authoritative." (internal quotations and citations omitted)).

The Court hereby admonishes all present and prospective attorneys who may be associated with this case that no violations of Local Criminal Rule 53.1 will be tolerated. See Chandler v. Florida, 449 U.S. 560, 574 (1981) ("Any criminal case that generates a great deal of publicity presents some risks that the publicity may compromise the right of the defendant to a fair trial. Trial courts must be especially vigilant to guard against any impairment of the defendant's right to a verdict based solely upon the evidence and the relevant law."). Violation of Local Criminal Rule 53.1 may result in contempt proceedings or other measures.

**ORDER ENTERED** at Augusta, Georgia, this ___7th___ day of June, 2018.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA