UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | 1:17-CR-0034 (BKE) |
| | * | |
| REALITY LEIGH WINNER | * | |
| | * | |
| Defendant. | * | |
| | * | |
| * * * * * * * * * * * * * * * * * | * | |

**DEFENDANT'S REPLY BRIEF IN SUPPORT OF**
**DEFENDANT'S OBJECTIONS TO RULING ON RULE 17(C) REQUESTS**

NOW INTO COURT, through undersigned counsel, comes Defendant Reality Leigh Winner ("Ms. Winner" or the "Defendant"), who files this unclassified reply brief ("Reply")[1] in further support of Defendant's Objections to Magistrate Judge Epps' Ruling on Rule 17(c) Requests and Submission of Revised Subpoenas [Doc. No. 288] (the "Appeal"), which seeks that this Court (a) overrule an order entered by Magistrate Judge Epps on April 27, 2018 [Doc. No. 274] (the "Subpoena Order") and (b) issue the 41 subpoenas at issue therein, or, alternatively, at a minimum, issue the revised subpoenas submitted contemporaneously with the Appeal, for reasons set forth therein and in a classified, *ex parte* supplement also filed on May 11, 2018 [*see* Doc. No. 286] (the "*Ex Parte* Supplement").

**A.    Newly-Discovered Evidence Confirms That The Defendant's Subpoenas Should Be Issued.**

This argument is presented in a Classified, *Ex Parte* Supplement filed with the CISO.

---

[1] This partial unclassified reply brief is being submitted in tandem with a classified, *ex parte* supplement, which provides further support -- including recently-discovered information that directly corroborates the evidentiary showing made by the Defendant at the April 23rd hearing -- for the issuance of the requested subpoenas.

1

**B.     Magistrate Judge Epps Applied An Overly-Restrictive Legal Standard That, If Adopted Here, Would Render Rule 17 A Nullity.**

Both Magistrate Judge Epps's April 27th Order and the Government's Opposition [Doc. No. 292] seek to impose a strict, non-discretionary, bright-line requirement that the Defendant must *know* and *precisely articulate* the *exact* name and contents of the documents sought to be subpoenaed.  *See* Doc. No. 292 at p. 4; Doc. No. 274 at pp. 2-3 (*citing United States v. Brown*, No. 11-60285, 2013 WL 1624205, at *4 (S.D. Fla. Apr. 15, 2013); *United States v. Arditti*, 955 F.2d. 331, 345 (5th Cir. 1992); *United States v. Silverman*, 745 F.2d 1386, 1397 (11th Cir. 1984)).  Such a standard is not supported by *Nixon* and would improperly render Rule 17 a nullity.

As an initial matter, nearly all of the cases cited by the Government in its Opposition (and also relied upon by the magistrate judge) are cases considered in the context of Rule 17 subpoenas **to or from the government**, which is an entirely different situation with entirely different implications.  Indeed, as Ms. Winner has pointed out on several occasions, there is an entire line of cases that questions whether the holdings of *Nixon* are even applicable to subpoenas intended for third parties.  *See e.g. United States v. Nachamie*, 91 F. Supp. 2d 552, 562-63, n.16 (S.D.N.Y 2000); *United States v. Tomison*, 969 F. Supp. 587, 593 & n.14 (E.D. Cal. 1997); *United States v. Farha*, 2012 U.S. Dist. LEXIS 197670 at *6 (M.D. Fla. January 6, 2012) (citations omitted).

But even assuming *Nixon* does apply, the most cursory review of the facts and circumstances at issue in the cases cited by the magistrate judge confirms that they are clearly distinguishable from the facts and circumstances here, where (a) the Government (i.e., the prosecution team) **is not** the intended recipient (and therefore Rule 16 obligations and exclusions are not implicated); (b) the Defendant has made a significant and legally sufficient evidentiary

showing, buttressed by evidence provided from a Court-qualified expert witness, to support each of her requests under *Nixon* and provided specific information as to the contents of the records sought (contrast *Brown*, for example, where the movant failed to provide *any* indication of what he expected to find in the requested documents); and (c) given the evidentiary showing made by the Defendant, certain information unquestionably resides in the hands of third parties that provides a viable defense to the crime charged (compare *Silverman* for example, where the mere potential for impeachment material justified issuance of the subpoena).

More to the point, however, both the Government's Opposition and Magistrate Judge Epps's Order rely on *Silverman,* for example, for the proposition that Rule 17(c) "only reaches **specifically identified documents** that will be admissible at trial." Doc. No. 292 at p. 4; Doc. No. 274 at p. 3 (emphasis added).  Setting aside that the language excerpted by the magistrate judge and the Government is merely *dicta*, *Silverman* does not -- and cannot -- expand the critical holding in *Nixon*, which simply requires that the movant demonstrate a **sufficient likelihood** that the documents will be relevant to the charged offenses and make a showing that permits a **rational inference** that at least part of the document(s) relate to the offense charged.  *See Nixon*, 418 U.S. at 700.  It is *that* legal standard, which should be applied by this Court in its sound discretion, *see id.* at 702, to the facts of this unique case, in light of the lengthy evidentiary record developed here, that compels the issuance of the requested subpoenas.  *See* Doc. No. 288 (unclassified brief & classified, *ex parte* supplement).  Indeed, "requiring the defendant to specify precisely the documents he wants without knowing what they are" -- as the magistrate judge's legal standard requires and the Government seeks to impose -- "borders on rendering Rule 17 a nullity."  *United States v. Rajaratnam*, 2011 WL 507086, at *1 (S.D.N.Y. Feb. 15,

2011).  Magistrate Judge Epps's legal standard is thus overly-restrictive, contradicts the express language in *Nixon*, and should be rejected by this Court.

C. **Unclassified Documents In The Public Domain Are Not Closely Held And The Information They Contain Is Not NDI.**

The Government argues in its Opposition that Ms. Winner's subpoenas should be denied because "the very fact that compulsory process would be required to obtain such information would contradict any claim that the information was publicly available."  Doc. No. 292 at p. 5.  Such a view is belied by not just pertinent legal authorities but common sense.  *See United States v. Heine*, 151 F.2d 813, 815 (2d Cir. 1945).  The mere fact that compulsory process is needed to obtain these documents does not detract from their unclassified nature, nor does it take away from the notion that such information should be discoverable to the Defendant, so that she may present this information to the jury who, after all, is the ultimate arbiter of whether information constitutes NDI.  *See Gorin v. United States*, 312 U.S. 19, 22 (1941).  The Government's apparent view, that "public records," unclassified in nature, in the hands of third parties without security clearances, can somehow constitute national defense information -- *a position for which it cites no case law* -- should be rejected.  Furthermore, the Government's apparent view is inconsistent with this Court's prior ruling on Rule 16 discovery which found "For Official Use Only" documents relevant for determining what information was in the public domain.  *See* Doc. No. 229 at pp. 11-12.  In other words, this Court previously found unclassified documents, pushed out by the prosecution team to third parties without security clearances, as appropriate "public domain" materials that the Defendant was entitled to discover under Rule 16; the result here should be no different.

D. **Ms. Winner's Revised Subpoenas Should Be Issued By The Court.**

This argument is presented in a Classified, *Ex Parte* Supplement filed with the CISO.

WHEREFORE, for the reasons stated above, the Defendant Reality Winner respectfully requests that this Court afford the relief sought in the Appeal and such additional relief as the Court deems warranted on the premises.

Respectfully submitted,

*/s/* Joe. D. Whitley

Joe D. Whitley (Bar No. 756150)
Admitted *Pro Hac Vice*
Brett A. Switzer (Bar No. 554141)
**BAKER, DONELSON, BEARMAN,**
   **CALDWELL & BERKOWITZ, P.C.**
3414 Peachtree Rd., NE Suite 1600
Atlanta, GA  30326
(404) 577-6000
JWhitley@bakerdonelson.com
BSwitzer@bakerdonelson.com

John C. Bell, Jr. (Bar No. 048600)
Titus T. Nichols (Bar No. 870662)
**BELL & BRIGHAM**
PO Box 1547
Augusta, GA  30903-1547
(706) 722-2014
John@bellbrigham.com
Titus@bellbrigham.com

Matthew S. Chester (LA Bar No. 36411)
Admitted *Pro Hac Vice*
**BAKER, DONELSON, BEARMAN,**
   **CALDWELL & BERKOWITZ, P.C.**
201 St. Charles Ave., Suite 3600
New Orleans, LA  70170
(504) 566-5200
MChester@bakerdonelson.com

Thomas H. Barnard (AZ Bar No. 020982)
Admitted *Pro Hac Vice*
**BAKER, DONELSON, BEARMAN,**
    **CALDWELL & BERKOWITZ, P.C.**
100 Light Street.
Baltimore, MD  21202
(410) 685-1120
TBarnard@bakerdonelson.com

Katherine L. Cicardo (LA Bar No. 35081)
Admitted *Pro Hac Vice*
**BAKER, DONELSON, BEARMAN,**
    **CALDWELL & BERKOWITZ, P.C.**
Chase North Tower
450 Laurel Street
20th Floor
Baton Rouge, LA  70801
(225) 381-7027
KCicardo@bakerdonelson.com

**COUNSEL FOR DEFENDANT**
**REALITY LEIGH WINNER**

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 7, 2018, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which sent notification of such filing to counsel of record for all parties.

*/s/ Joe D. Whitley*
Joe. D. Whitley, Esq.
