## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR 117-34 |
| | ) | |
| REALITY LEIGH WINNER | ) | |

## PLEA AGREEMENT

Defendant Reality Leigh Winner, represented by her counsel Joe D. Whitley, Esq., and John C. Bell, Jr., Esq., and the United States of America, represented by Assistant United States Attorney Jennifer G. Solari, Counterintelligence and Export Control Section Deputy Chief Julie A. Edelstein, and Counterintelligence and Export Control Section Trial Attorneys David C. Aaron and Amy Larson, have reached a plea agreement in this case. This plea agreement binds only the Defendant, the United States Attorney's Office for the Southern District of Georgia, and the National Security Division of the United States Department of Justice. This agreement does not bind any other United States Attorney's Office or any other federal or state agency. The terms and conditions of the plea agreement are as follows:

1.  Guilty Plea

Defendant agrees to enter a plea of guilty to Count One of the Indictment, which charges her with unlawful retention and transmission of national defense information, in violation of 18 U.S.C. § 793(e).

2.    Elements and Factual Basis

The elements necessary to prove the offense charged in Count One are (1) that the Defendant had possession of, access to, or control over a document containing information relating to the national defense; (2) that the Defendant was not authorized to possess the document; (3) that the Defendant retained the document and failed to deliver the document to an officer or employee of the United States entitled to receive it, or that the Defendant communicated, delivered, or transmitted the document to a person not entitled to receive it; and (4) that the Defendant acted willfully.

Defendant agrees that she is, in fact, guilty of this offense. She agrees to the accuracy of the following facts, which satisfy the offense's required elements:

    a.    Beginning in or about February 2017 and continuing through in or about June 2017, the Defendant was employed as a contractor with a private corporation and was assigned to a U.S. Government Agency facility in Georgia. In connection with her employment, the Defendant maintained a TOP SECRET//Sensitive Compartmented Information ("SCI") security clearance and had access to national defense and classified information.

    b.    From in or about December 2010 through in or about December 2016, the Defendant was affiliated with the United States Air Force. During various times during this period, the Defendant held a TOP SECRET//SCI security clearance.

    c.    Pursuant to Executive Order 12958 signed on April 17, 1995, as amended by Executive Order 13292 on March 25, 2003, and Executive Order 13526 on December 29, 2009, national security information classified as "TOP SECRET" was information owned by, produced by, produced for, and under the control of the United States government that the unauthorized disclosure of which reasonably could be expected to cause exceptionally grave damage to the national security.

d.    Information classified at any level could only be lawfully accessed by persons determined by an appropriate United States government official to be eligible for access to classified information, who received a security clearance, who had signed an approved non-disclosure agreement, and who had a "need to know" the classified information.    Classified information could only be stored in an approved facility and container.

e.    Classified national security information could be further protected through SCI compartments in order to protect particularly sensitive intelligence sources and methods.  Authorized access to SCI required an appropriate security clearance, non-disclosure agreement, need to know, and additional SCI permissions.  Storage of SCI was only authorized within an approved Sensitive Compartmented Information Facility ("SCIF").

f.    The Defendant received training regarding classified information, including the definitions of classified information, the levels of classification, and SCI as well as the proper handling, marking, transportation, and storage of classified materials.  The Defendant received training on her duty to protect classified materials from unauthorized disclosure, which included complying with handling, transportation, and storage requirements.  The Defendant knew that unauthorized removal of classified materials and transportation and storage of those materials in unauthorized locations risked disclosure and transmission of those materials, and therefore could endanger the national security of the United States and the safety of its citizens.  In particular, the Defendant knew that unauthorized disclosure of TOP SECRET information reasonably could be expected to cause exceptionally grave damage to the national security of the United States, and that violation of rules governing the handling of classified information could result in criminal prosecution.

g.    Because the Defendant held a security clearance and was assigned as a contractor to a U.S. Government Agency, the United States Government entrusted the Defendant with access to sensitive government materials, including information relating to the national defense that was closely held by the government and the disclosure of which would potentially be damaging to the United States or useful to an enemy of the United States ("National Defense Information") and classified documents and materials.

h.    On or about May 9, 2017, the Defendant searched for, identified, and printed a classified intelligence report (the "Intelligence Report") of a U.S. Government Agency dated on or about May 5, 2017, which

3

contained National Defense Information.  The Defendant then removed the Intelligence Report from its authorized location and unlawfully retained it.

i.    The Defendant knew that she was not authorized to remove the Intelligence Report from the U.S. Government Agency or thereafter to retain it.

j.    The Intelligence Report described intelligence activities by a foreign government directed at targets within the United States and revealed the sources and methods used to acquire the information the Intelligence Report contained.  The Intelligence Report bore standard markings indicating that it contained highly classified information of the United States, including TOP SECRET, as well as SCI, information.

k.    The information in the Intelligence Report was National Defense Information, in that it related to the military and national preparedness of the United States.  Disclosure of the information in the Intelligence Report would be potentially damaging to the United States or useful to an enemy of the United States.  Moreover, the information in the Intelligence Report was closely held by the United States Government, in that it had not been made public by the United States Government and was not found in sources lawfully available to the general public.

l.    The Defendant knew that the Intelligence Report was classified TOP SECRET//SCI and that it contained National Defense Information.

m.   On or about May 9, 2017, the Defendant unlawfully transmitted the Intelligence Report to an online news outlet (the "News Outlet") with the intent that the Intelligence Report be published.

n.    As the Defendant knew, the News Outlet was not authorized to receive or possess the Intelligence Report, and the Defendant was not authorized to transmit the Intelligence Report to the News Outlet.

o.    The Defendant engaged in the conduct described above knowingly and willfully and not by accident, mistake, or any other innocent reason.

3.   <u>Maximum Statutory Penalties</u>

The maximum statutory penalties for violation of 18 U.S.C. § 793(e) are:  10 years' imprisonment, 3 years' supervised release, a $250,000 fine, and such

4

restitution as may be ordered by the Court. The Court additionally must impose a $100 special assessment per count of conviction.

4.    Agreed Sentence Pursuant to Fed.R.Crim.P 11(c)(1)(C)

The parties stipulate pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) that a sentence of imprisonment for 63 months followed by a three-year term of supervised release is the appropriate disposition of this case. The parties further agree and stipulate that the defendant shall not be ordered to pay a fine. The parties agree that this sentence is an appropriate and reasonable sentence under the factors enumerated in 18 U.S.C. § 3553, regardless of the applicable United States Sentencing Guidelines calculations. The parties further agree that the Court may impose any other applicable statutory provisions as part of the sentence, including conditions of supervised release.

5.    Agreement Regarding Defendant's Request for Placement Within the Bureau of Prisons

The Government agrees not to object at sentencing to the Defendant's request for placement within the Bureau of Prisons. The parties understand that it is solely within the discretion of the Bureau of Prisons to determine where the Defendant is ultimately designated.

6.    Agreement Regarding Detention

The Defendant agrees that she will not request release pending sentence or appeal in this case, nor will she request voluntary surrender to the Bureau of Prisons following pronouncement of sentence.

7.    Court's Discretion and Defendant's Limited Ability to Withdraw Guilty Plea

The Court may accept or reject this plea agreement.  If the Court accepts the plea agreement, the Court must sentence Defendant in accordance with the disposition provided for in this plea agreement.  If the Court rejects this plea agreement, the Court must allow Defendant the opportunity to withdraw her plea and must advise the Defendant that if she persists in a guilty plea the disposition of the case may be less favorable to Defendant than is contemplated by this plea agreement.

8.    Obstruction or Failure to Accept Personal Responsibility

If the Court finds that the Defendant engaged in obstructive or unlawful behavior post-dating this agreement and/or has failed to acknowledge personal responsibility for the offense conduct set forth herein, neither the Court nor the Government will be bound at sentencing by the specific sentence contained in paragraph four (4) and the Defendant will not be able to withdraw her plea.

9.    Waiver of Pretrial Motions

The Defendant understands and agrees that she has certain rights to file additional pre-trial motions in this case.  As part of this plea agreement, and based upon the concessions of the United States within this plea agreement, the Defendant knowingly, willingly, and voluntarily gives up the right to file additional pre-trial motions in this case and to seek any additional discovery.  Further, the Defendant knowingly, willingly, and voluntarily waives all pending motions and pending requests for discovery.

10.   Court's Use of Sentencing Guidelines

The Court is obligated to use the United States Sentencing Guidelines to calculate the applicable guideline range for Defendant's offense.  The Sentencing Guidelines are advisory; the Court is not required to impose a sentence within the range those Guidelines suggest.  The Court will consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a), in determining the Defendant's sentence.  The Sentencing Guidelines are based on <u>all</u> of Defendant's relevant conduct, pursuant to U.S.S.G. § 1B1.3, not just the conduct underlying the particular Count to which Defendant is pleading guilty.  Nothing in this agreement precludes the government from providing full and accurate information to the Court and U.S. Probation Office for use in calculating the applicable Sentencing Guidelines range.

11.   Agreements Regarding Sentencing Guidelines

a.    Base Offense Level

The parties agree that the base offense level is 29 because the offense involved TOP SECRET documents.  (U.S.S.G. § 2M3.3(a)(1)).

b.    Specific Offense Characteristics

The parties agree that there is a two-level increase because the Defendant abused a position of public trust.  (U.S.S.G. § 3B1.3).

c.    Acceptance of Responsibility

The parties agree that the Defendant shall receive a two-level reduction for acceptance of responsibility.  (U.S.S.G. § 3E1.1).

    d.    <u>Criminal History Category</u>

Based on information available at this time, the parties believe that the defendant's criminal history category is I. This does not constitute a stipulation, but a belief based on an assessment of the information currently known. The Defendant's actual criminal history and related status will be determined by the Court based on the information presented in the Presentence Report and by the parties at the time of sentencing.

    e.    <u>Adjusted Offense Level</u>

The adjusted offense level is 29. If the Defendant's criminal history category is I, the Sentencing Guidelines range is 87 to 108 months of imprisonment.

    f.    <u>Fine Range</u>

The fine range is from \$30,000.00 to \$250,000.00. (U.S.S.G. § 5E1.2(c)(3)).

    g.    <u>Supervised Release</u>

The Sentencing Guidelines call for a term of supervised release of at least one but not more than three years. (U.S.S.G. § 5D1.2(a)(2)).

The parties agree that the stipulations in this paragraph are binding on the parties, but do not bind the Court. The Court will make its own determination regarding the applicable U.S.S.G. provisions and the advisory guideline range.

12.    <u>Abandonment of Property</u>

Defendant waives and abandons her interest in any property that may have been seized in connection with this case, including but not limited to:

    a. a Samsung SM-G900A Cell Phone, S/N: R38F4163JAV;

b.  a Samsung SM-G900T Cell Phone, S/N: R33F40D711B;

c.  a Samsung SM-G900A Cell Phone, S/N: R38F60H6MSF;

d.  an AT&T Palm S Cell Phone, S/N: P8WU098A82VY;

e.  an ASUS Laptop Model 512AM-MMW;

f.  an ASUS Laptop Model X553M;

g.  an Amazon Tablet, S/N: PW98VM;

h.  books and papers seized from the Defendant's residence at 1957 Battle Row, Augusta, Georgia, on June 3, 2017;

i.  books and papers seized from the Defendant's workspace.

13.   <u>Financial Obligations and Agreements</u>

a.   <u>Special Assessment</u>

Defendant agrees to pay a special assessment in the amount of $100.00, payable to the Clerk of the United States District Court, which shall be due immediately at the time of sentencing.

b.   <u>Required Financial Disclosures</u>

By the date that Defendant enters a guilty plea, Defendant shall complete a financial disclosure form listing all her assets and financial interests, whether held directly or indirectly, solely or jointly, in her name or in the name of another. Defendant shall sign the financial disclosure form under penalty of perjury and provide that form to the United States Probation Office. Defendant authorizes the United States to obtain credit reports on Defendant and to share the contents of those reports with the Court and the United States Probation Office. Defendant also

authorizes the United States Attorney's Office to inspect and copy all financial documents and information held by the United States Probation Office.

     c.    <u>Financial Examination</u>

Defendant will submit to an examination under oath on the issue of her financial disclosures and assets if deemed necessary by the United States. Such examination will occur not later than 30 days after the entry of Defendant's guilty plea.

     d.    <u>No Transfer of Assets</u>

Defendant certifies that she has made no transfer of assets in contemplations of this prosecution for the purpose of evading or defeating financial obligations created by this Agreement or that may be imposed upon her by the Court at sentencing. Defendant promises that she will make no such transfers in the future.

     e.    <u>Material Change in Circumstances</u>

Defendant agrees to notify the United States of any material change in circumstances, as described in 18 U.S.C. § 3664(k), that occurs prior to sentencing in this case. Such notification will be made within seven days of the event giving rise to the changed circumstances, and in no event later than the date of sentencing.

     f.    <u>Enforcement</u>

Any payment schedule imposed by the Court is without prejudice to the United States to take all actions and remedies available to it to collect the full amount of the financial obligations imposed by the judgment of the Court in this case. Defendant understands and agrees that the financial obligations imposed by the judgment of the

Court in this case will be placed on the Treasury Offset Program so that any federal payment that Defendant receives may be offset and applied to the judgment debt without regard to or affecting any payment schedule imposed by the Court.

14.   Revocation of Supervised Release

The Defendant understands that if she were to violate any condition of supervised release, she could be sentenced to an additional term of imprisonment up to the length of the original supervised release term, subject to the statutory maximums set forth in 18 U.S.C. § 3583.

15.   Pre-Publication Review Obligations

The Defendant understands and agrees that she shall comply with all obligations to which she is subject for pre-publication review and shall not collaborate on, consult about, or otherwise assist or be involved with any communication of information relating to classified subject areas to which she was exposed while working as an employee of or contractor for the United States Government with any other person, without first obtaining the express written permission of all relevant agencies or components of the United States government. This prohibition includes, but is not limited to, any interviews of the Defendant, or anyone representing or acting on her behalf with her consent, by the media or others. This prohibition also includes any documents or other information created by the Defendant in the past or future, in whole or in part, and any other papers, books, writings, electronic communications, articles, films, or other productions relating to her or her work as an employee of or contractor for the United States Government.

11

16.   <u>Assignment of Compensation</u>

    The Defendant hereby assigns to the United States any compensation, profits, proceeds, fee, honorarium, money, or payment of any kind (collectively "compensation") which she may otherwise be entitled to receive in connection with any publication or dissemination of information relating to her work as an employee of or contractor for the United States Government, and the facts and circumstances of the investigation of her activities, or her prosecution, sentencing, or incarceration in this matter.  This assignment includes, but is not limited to, any compensation provided to the Defendant in connection with any book, writing, electronic communication, article, film, documentary, or other production.  This assignment includes all compensation for the benefit of the Defendant, regardless of whether such compensation is payable to her or others, directly or indirectly, for her benefit, or the benefit of her associates or a current, former, or future member of her family.  The Defendant shall not circumvent this assignment by assigning the rights to her story to an associate or to a current, former, or future member of her family, or to another person or entity who would provide some financial benefit to her, to her associates, or to a current, former, or future member of her family.  Moreover, she shall not circumvent this assignment by communicating with an associate or family member for the purpose of assisting or facilitation their profiting from a public or private dissemination, whether or not such an associate or other family member is personally or directly involved in such dissemination.

12

17.   Return of Discovery

The Defendant understands and agrees that no later than 30 days following her sentencing hearing she will, through her attorneys, return to the United States all discovery provided by the United States in this case.  The Defendant expressly consents to the United States destroying or retaining these items as it sees fit without notice to her.

18.   Waivers

a.   Waiver of Appeal

Defendant entirely waives her right to a direct appeal of her conviction and sentence on any ground (including any argument that the statute to which the defendant is pleading guilty is unconstitutional or that the admitted conduct does not fall within the scope of the statute).  The only exceptions are that the Defendant may file a direct appeal of her sentence if (1) the court enters a sentence above the statutory maximum, or (2) the Government appeals the sentence.  Absent those exceptions, Defendant explicitly and irrevocably instructs her attorney not to file an appeal.

b.   Waiver of Collateral Attack

Defendant entirely waives her right to collaterally attack her conviction and sentence on any ground and by any method, including but not limited to a 28 U.S.C. § 2255 motion.  The only exception is that Defendant may collaterally attack her conviction and sentence based on a claim of ineffective assistance of counsel.

c.   FOIA and Privacy Act Waiver

Defendant waives all rights, whether asserted directly or through a representative, to request or receive from any department or agency of the United States any record pertaining to the investigation or prosecution of this case under the authority of the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, and all subsequent amendments thereto.

      d.     <u>Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410 Waiver</u>

Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence ordinarily limit the admissibility of statements made by a defendant during the course of plea discussions or plea proceedings. Defendant knowingly and voluntarily waives the protections of these rules. If Defendant fails to plead guilty, or her plea of guilty is later withdrawn, all of Defendant's statements in connection with this plea, and any leads derived therefrom, shall be admissible for any and all purposes. This waiver of the protections provided by Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence shall not apply if the Court rejects the plea agreement.

19.    <u>Defendant's Rights</u>

Defendant has the right to be represented by counsel, and if necessary have the court appoint counsel, at trial and at every other critical stage of the proceeding. Defendant possesses a number of rights which she will waive by pleading guilty, including: the right to plead not guilty, or having already so pleaded, to persist in that plea; the right to a jury trial; and the right at trial to confront and cross-examine

adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses.

20.   Satisfaction with Counsel

Defendant has had the benefit of legal counsel in negotiating this agreement. Defendant believes that her attorney has represented her faithfully, skillfully, and diligently, and she is completely satisfied with the legal advice given and the work performed by her attorney.

21.   Breach of Plea Agreement

If Defendant fails to plead guilty, withdraws or attempts to withdraw her guilty plea, commits any new criminal conduct following the execution of this agreement, or otherwise breaches this agreement, the government is released from all of its agreements regarding Defendant's sentence, including any agreements regarding the calculation of Defendant's advisory Sentencing Guidelines and the application of Fed.R.Crim.P. 11(c)(1)(C).  In addition, the government may declare the plea agreement null and void, reinstate any counts that may have been dismissed pursuant to the plea agreement, and/or file new charges against Defendant that might otherwise be barred by this plea agreement.  Defendant waives any statute-of-limitations or speedy trial defense to prosecutions reinstated or commenced under this paragraph.

22.  Entire Agreement

This agreement contains the entire agreement between the government and

Defendant.


JOHN C. DEMERS                          BOBBY L. CHRISTINE
Assistant Attorney General              United States Attorney
For National Security                   Southern District of Georgia




BY:  _____            BY: _____
     JULIE A. EDELSTEIN                      JENNIFER G. SOLARI
     Deputy Chief                            Assistant United States Attorney
     DAVID C. AARON
     AMY LARSON
     Trial Attorneys
     U.S. Department of Justice
     National Security Division
     Counterintelligence & Export
       Control Section

Date:  6/25/18                          Date:  6/21/18


16

I have read and carefully reviewed this agreement with my attorney.  I understand each provision of this agreement, and I voluntarily agree to it.  I hereby stipulate that the factual basis set out therein is true and accurate in every respect.

19 Jun 18
Date

Reality Leigh Winner, Defendant

I have fully explained to Defendant all of her rights, and I have carefully reviewed each and every part of this agreement with her.  I believe that she fully and completely understands it, and that her decision to enter into this agreement is an informed, intelligent, and voluntary one.

Date:   June 19, 2018

JOE D. WHITLEY, Esq.
Counsel for Defendant


JOHN C. BELL, JR., Esq.
Counsel for Defendant

I have read and carefully reviewed this agreement with my attorney.   I understand each provision of this agreement, and I voluntarily agree to it.  I hereby stipulate that the factual basis set out therein is true and accurate in every respect.

_____                    _____
Date                                        Reality Leigh Winner, Defendant

I have fully explained to Defendant all of her rights, and I have carefully reviewed each and every part of this agreement with her.  I believe that she fully and completely understands it, and that her decision to enter into this agreement is an informed, intelligent, and voluntary one.

Date:                                _____
                                             JOE D. WHITLEY, Esq.
                                             Counsel for Defendant

June 21, 2018                    _____
                                             JOHN C. BELL, JR., Esq.
                                             Counsel for Defendant

17

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

UNITED STATES OF AMERICA )
                         )
v.                       )        CR 117-34
                         )
REALITY LEIGH WINNER     )

### ORDER

The aforesaid Plea Agreement, having been considered by the Court in conjunction with the interrogation by the Court of the defendant and the defendant's attorney at a hearing on the defendant's motion to change her plea and the Court finding that the plea of guilty is made freely, voluntarily and knowingly, it is thereupon,

ORDERED that the plea of guilty by defendant be, and it is, hereby accepted and the foregoing Plea Agreement be, and it is, hereby ratified and confirmed.

This 23rd day of ___August___ 2018.

_____
HON. J. RANDAL HALL
CHIEF JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA