[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-11692
_____

D.C. Docket No. 1:17-cr-00034-JRH-BKE-1

UNITED STATES OF AMERICA,

                                                        Plaintiff - Appellee,

versus

REALITY LEIGH WINNER,

                                                        Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(December 7, 2020)

Before MARTIN, LUCK, and BRASHER, Circuit Judges.

MARTIN, Circuit Judge:

Reality Leigh Winner is a federal prisoner now incarcerated at FMC Carswell in Texas. This is her appeal of the District Court's Order denying her Motion for Compassionate Release under 18 U.S.C. § 3582 and Request for Oral Argument ("Motion for Compassionate Release"). Ms. Winner makes three principal arguments in this appeal: (1) the District Court erred as a matter of law when it held that it lacked authority to waive the exhaustion requirement in § 3582(c)(1)(A) and, in any event, Winner has now met that requirement; (2) the District Court was wrong to hold that it could not determine what constitutes "extraordinary and compelling" reasons warranting compassionate release under § 3582(c)(1)(A)(i) independent of United States Sentencing Guideline § 1B1.13; and (3) the District Court abused its discretion when it held that "even if the Court were to conclude that the First Step Act gave it discretion . . . , Winner would not be afforded the relief she seeks." After careful consideration and with the benefit of oral argument, we conclude that the District Court did not abuse its discretion in denying Ms. Winner's motion. Because we resolve her appeal on this basis alone, we need not (and do not) address Ms. Winner's other arguments.

## I.

Ms. Winner is a 29-year-old Air Force veteran and "skilled linguist." During the six years that she served in the military, Ms. Winner consistently received high evaluations and earned a commendation medal for her work on an Afghan Mission. She also continued her study of languages, and today is fluent in Farsi, Dari, and Pashto. After being honorably discharged from the Air Force in 2016, Ms. Winner began work as a contract linguist with Pluribus International Corporation in Augusta, Georgia. She was assigned at the National Security Agency and had a Top Secret/SCI clearance level.

Shortly after beginning her work at Pluribus, Ms. Winner made what she acknowledges was a terrible mistake. She leaked a single document containing national defense information to a news outlet in violation of 18 U.S.C. § 793(e), a section of the Espionage Act. This was Ms. Winner's first and only offense. Ms. Winner pled guilty to the single count with which she was charged, and the parties stipulated to a sentence of 63-months. Ms. Winner is currently incarcerated at FMC Carswell, a medical prison in Fort Worth, Texas.

Around April 8, 2020, Ms. Winner submitted a written request to the Warden of FMC Carswell asking that he petition the BOP for a reduction of her sentence under § 3582(c)(1)(A)(i) in light of the COVID-19 pandemic. About two days later Ms. Winner filed a Motion for Compassionate Release under

§ 3582(c)(1)(A)(i) in the District Court.  She argued that because her underlying health conditions make her especially vulnerable to COVID-19 and it is nearly impossible to adequately protect herself from infection while in prison, she met the criteria for compassionate release.

Ms. Winner's arguments in seeking compassionate release are best understood in light of the arguments she has made throughout her prosecution and punishment for this crime.  After her arrest, she was detained while awaiting her trial.  At her detention hearing, Ms. Winner presented testimony from Justin Garrick, a counterintelligence special agent in the Federal Bureau of Investigation, that he had never encountered another "first offender, American citizen, honorably-discharged veteran with commendations who was denied pretrial release on an espionage charge."  Ms. Winner made a similar argument at her sentencing hearing.  While she advocated for the 63-month sentence she and the government agreed to as a part of their plea negotiations, she argued that a 63-month sentence was higher than "the average sentence for charges under the Espionage Act" and provided the court with a list of others who had been convicted under the same statute, but given lighter sentences.

The additional arguments Ms. Winner makes in support of her compassionate release motion are related to her personal health, so we address them generally and only to the extent we must.  Ms. Winner says she suffers from

4

depression and an eating disorder, both of which affect her ability to "cope[] with stress and uncertainty, such as incarceration and the invasion of a novel disease." For Ms. Winner, her "routines allow her to cope and hold the things she is unable to control together." But as a result of the lockdown of the federal prison system on account of COVID-19, she cannot engage in her regular routine and is left with "no way to exercise any coping mechanism for the stress of her own underlying conditions." The uncertainties associated with the lockdown and worries about COVID-19 have aggravated Ms. Winner's eating disorder in unhealthy and even dangerous ways. She says her resulting "depleted mental and physical states . . . make her particularly susceptible to COVID-19." She also advises that many people with eating disorders are immunocompromised. Ms. Winner says prison is "a particularly dangerous place" for her during the pandemic because of the close living quarters, continual transfer of prisoners in and out, and the lack of supplies such as hand sanitizer.

Ms. Winner filed a Motion for Expedited Briefing and Immediate Hearing, which the District Court denied, saying that "[t]he current global pandemic wrought by COVID-19 has affected all aspects of the judicial system in some capacity" and "a hearing in this matter is not a certainty." The District Court held no evidentiary hearing on Ms. Winner's motion, but issued an Order denying her Motion for Compassionate Release.

The District Court made three conclusions. First, it held that Ms. Winner's failure to properly exhaust under § 3582(c)(1)(A) barred its consideration of her motion. Second, it held that Ms. Winner had not shown extraordinary and compelling grounds for relief as defined by the Sentencing Commission in its commentary to its § 1B1.13 policy statement, which the District Court found to be binding. Third and finally, it held that "even if the Court were to conclude that the First Step Act gave it discretion . . . , Winner would not be afforded the relief she seeks." It reasoned, in full:

> Winner has not carried the burden of demonstrating that her specific medical conditions under the particular conditions of confinement at FMC Carswell place her at a risk substantial enough to justify early release. [FN 4: The Court would be remiss not to point out Winner's incongruous complaint that she is at greater risk because of the preventative measures undertaken by the prison in response to COVID-19.] In fact, the Court is constrained to observe that Winner is in a medical prison, which is presumably better equipped than most to deal with any onset of COVID-19 in its inmates.

This is Ms. Winner's appeal.

## II.

The provision at issue here, 18 U.S.C. § 3582(c)(1)(A), states that a district court "may" reduce a defendant's sentence. Given the permissive language, a district court's decision whether to grant or deny a defendant's request for a sentence reduction is discretionary. We therefore review the District Court's

denial here for abuse of discretion.  See United States v. Jones, 962 F.3d 1290, 1296 (11th Cir. 2020) (explaining the standard of review for a motion for reduction of sentence under an analogous provision of the First Step Act); see also United States v. Webb, 565 F.3d 789, 792 (11th Cir. 2009) (per curiam) (applying the abuse of discretion standard to a court's denial of a reduction under 18 U.S.C. § 3582(c)(2)).  Under this standard, a court abuses its discretion if it "fails to apply the proper legal standard or to follow proper procedures in making its determination."  United States v. Jules, 595 F.3d 1239, 1241–42 (11th Cir. 2010) (quotation marks omitted and alteration adopted).  When reviewing for abuse of discretion, "there will be occasions in which we affirm the district court even though we would have gone the other way had it been our call."  United States v. Drury, 396 F.3d 1303, 1315 (11th Cir. 2005).

### III.

Ms. Winner argues the District Court abused its discretion when it denied her motion because it refused to hold a hearing and did not properly consider her evidence.  It is true that the court ruled, without holding an evidentiary hearing, that Ms. Winner had not shown "that her specific medical conditions under the particular conditions of confinement at FMC Carswell place her at a risk substantial enough to justify early release" and that she "is in a medical prison." This ruling, while succinct, does not constitute a "fail[ure] to apply the proper legal

standard" or a failure "to follow proper procedures in making its determination." Jules, 595 F.3d at 1242 (quotation marks omitted and alteration adopted).  And as this court has held with respect to analogous motions for a reduced sentence under § 3582(c)(1)(B), failure to hold a hearing does not constitute abuse of discretion.  See United States v. Denson, 963 F.3d 1080, 1086–87 (11th Cir. 2020).  Therefore, under this court's precedent, the District Court did not abuse its discretion and we affirm its denial of Ms. Winner's motion for compassionate release.[1]

**AFFIRMED.**

---

[1] In keeping with this ruling, we also deny Ms. Winner's request that we reverse and render judgment in her favor.

**UNITED STATES COURT OF APPEALS**
**FOR THE ELEVENTH CIRCUIT**

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

December 07, 2020

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 20-11692-CC
Case Style: USA v. Reality Winner
District Court Docket No: 1:17-cr-00034-JRH-BKE-1

**This Court requires all counsel to file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause. Non-incarcerated pro se parties are permitted to use the ECF system by registering for an account at www.pacer.gov. Information and training materials related to electronic filing, are available at www.ca11.uscourts.gov.** Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for writ of certiorari (whichever is later) via the eVoucher system. Please contact the CJA Team at (404) 335-6167 or cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

Pursuant to Fed.R.App.P. 39, each party to bear own costs.

For questions concerning the issuance of the decision of this court, please call the number referenced in the signature block below. For all other questions, please call Carol R. Lewis, CC at (404) 335-6179.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Jeff R. Patch
Phone #: 404-335-6151

OPIN-1A Issuance of Opinion With Costs